Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ANG and LYNN STREIT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>Defendant. | Case No. 13 Civ. 1196 (WHO)<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date:  August 28, 2013<br>Time: 2:00 p.m.<br>Department: 2<br>Judge:    Hon. William H. Orrick |

1   Plaintiffs Alex Ang and Lynn Streit (collectively, "Plaintiffs") respectfully submit the following objections to the request for judicial notice (the "Request") in support of the motion of defendant Bimbo Bakeries, USA, Inc. ("Defendant") to dismiss Plaintiffs' amended complaint ("Amended Complaint"). For the reasons set forth herein, pursuant to Fed. R. Evid. 201(e), Plaintiffs respectfully request that the Court decline to take judicial notice of Exhibits 1-22, 30, 32, and portions of Exhibit 28.

**Exhibits 1-22**

Exhibits 1-22 purport to be containers or pictures of containers of food products at issue in this action. There, however, has been no authentication of these exhibits. Defendant submits no sworn statement (or unsworn statement) from a person with personal knowledge regarding these exhibits. With respect to Exhibits 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, and 22, the Request merely states that these exhibits were "provided by the manufacturer." With respect to Exhibits, 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, and 21, the Request says nothing regarding from where these exhibits originate.

While Plaintiffs incorporate certain labels of Defendant's food products in the Amended Complaint by reference, it is entirely unclear if these exhibits accurately reflect the illegal and misbranded labels at issue in this action. Indeed, Defendant concedes that Exhibits 1-4, 9-10, and 13-18 are versions of labels that are *different* than those referenced in the Amended Complaint. *See* Defendant's Memorandum of Law ("Def. Mem.") at 6, 13, & 18. Those different labels do not fall within any exception to Fed. R. Evid. 201.

Even with respect to the other exhibits that purport to be the labels at issue, Defendant has not provided adequate authentication. It is not clear that these exhibits actually are what Defendant purports them to be. Under Fed. R. Evid. 201(b), the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Exhibits 1-22 do not fall within either of these categories. Regardless, under Fed. R. Evid. 201(c)(2), upon the request of a party, the Court must take judicial notice of an exhibit only where it "is supplied with the necessary information."

1  "Thus, a party seeking judicial notice must lay a proper foundation for the document and provide
2  the proper authentication." *Professional Courier & Logistics, Inc. v. NICA, Inc.*, 2012 WL
3  1120675, at *2 (E.D. Cal. 2012). "To satisfy the requirement of authenticating or identifying an
4  item of evidence, the proponent must produce evidence sufficient to support a finding that the item
5  is what the proponent claims it is." Fed. R. Evid. 901(a). Defendant has not produced any
6  evidence sufficient to authenticate Exhibits 1-22. For all these reasons, the Court should decline to
7  take judicial notice of Exhibits 1-22.

**Exhibit 28**

9   Exhibit 28 appears to be a series of different materials from the website of the American
10  Heart Association ("AHA") relating to the AHA's "Heart-Check Mark" program. The Amended
11  Complaint specifically references an AHA brochure that is included as the last two pages of
12  Exhibit 28. *See* Amended Complaint at ¶ 72. For that reason, Plaintiffs do not object to the taking
13  of judicial notice of the existence of those last two pages. The remainder of the materials included
14  in Exhibit 28, however, are not incorporated by reference in the Amended Complaint and do not
15  otherwise satisfy the requirements of Fed. R. Evid. 201. Accordingly, the Court should decline to
16  take judicial notice of those materials. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.
17  2001).

18   Nevertheless, Defendant argues the remainder of Exhibit 28 "is an appropriate subject of
19  judicial notice because the American Heart Association is a reputable and respected organization,
20  whose website plaintiffs relied on in filing the amended complaint, and, thus, the website's
21  accuracy cannot be reasonably disputed." Request at 3. As discussed in the Amended Complaint
22  and Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss, in violation
23  of Sherman Law and FDA requirements, Defendant's products bear this Heart-Check Mark
24  without disclosing that it is a paid endorsement. Amended Complaint at ¶¶ 56-74. The AHA has
25  a significant financial interest in the use of its endorsements by food manufactures. As alleged, the
26  AHA is paid significant amounts because their endorsements drive sales of food products,
27  including those of Defendant. *Id*. Accordingly, as a party with a financial interest in the subject
28  matter of this litigation, the AHA cannot be considered "a reputable and respected organization"

1   that produces materials, the accuracy of which "cannot be reasonably disputed." *See, e.g., Carter*
2   *v. Deutsch Bank Nat. Trust Co.*, 2010 WL 424477, at *1 (N.D. Cal. 2010) (court may not take
3   judicial notice of the truth of the contents of print-outs from the website of the Delaware Secretary
4   of State). To that end, these materials have not been authenticated in any way. *See* Fed. R. Evid.
5   201(c)(2), 901.

6       Further, in support of its motion to dismiss, not only does Defendant ask that the Court take
7   judicial notice of the existence of these AHA materials, but also of the truth of their contents.
8   Defendant asks the Court to dismiss Plaintiffs' claims relating to products bearing the Heart-Check
9   Mark based on the contents of the materials in Exhibit 28. Specifically, Defendant asserts that the
10  Heart-Check Mark is not a paid endorsement. Instead, Defendant argues that the AHA merely
11  receives a fee to cover their certification process and nothing more. Def. Mem. at 16-17. In order
12  to dismiss claims in the Amended Complaint on this basis, the Court would have to accept
13  everything in these materials as true, and make findings of fact by accepting Defendant's
14  interpretation of these materials. This is something the Court simply cannot do on a motion to
15  dismiss. *See* Fed. R. Evid. 201; *In re American Apparel, Inc. Shareholder Litigation*, 855 F. Supp.
16  2d 1043, 1064 (C.D. Cal. 2012). Moreover, at best, these documents are pure hearsay. *See* Fed.
17  R. Evid. 801(c)(2), 802. For all these reasons, the Court should decline to take judicial notice of
18  all but the existence of the last two pages of Exhibit 28.

19  **Exhibits 30 and 32**

20      Exhibits 30 and 32 are materials from the FDA published in the Federal Register.
21  Normally, the Court could take judicial notice of the existence of such documents. Here, however,
22  Defendant has chosen to only include cherry-picked excerpts from these FDA publications.
23  Therefore, as included in the Request, these exhibits are not true and accurate copies of documents
24  of which the Court can take judicial notice. Moreover, to the extent the Court does take judicial
25  notice of these exhibits, they "are judicially noticeable 'only for the purpose of determining what
26  statements are contained therein, not to prove the truth of the contents or any party's assertion of
27  what the contents mean.'" *Coalition for Clean Air v. VWR Intern., LLC*, 2013 WL 486287, at *22
28  n.1 (E.D. Cal. 2013) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 975 (E.D.

Cal. 2004)). For these reasons, the Court should decline to take judicial notice of Exhibits 30 and 32.

Dated:  July 19, 2013               Respectfully submitted,

 /s/ Pierce Gore
Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

Keith M. Fleischman (*pro hac vice*)
Bradley F. Silverman (*pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*