Mark C. Goodman (Bar No. 154692)
Ethan A. Miller (Bar No. 155965)
HOGAN LOVELLS US LLP
3 Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone:  (415) 374-2300
Facsimile:  (415) 374-2499
mark.goodman@hoganlovells.com
ethan.miller@hoganlovells.com

Attorneys for Defendant
BIMBO BAKERIES USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ANG and LYNN STREIT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>Defendant. | Case No. 13 Civ. 1196 (WHO)<br><br>**RESPONSE TO PLAINTIFFS' OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing: August 28, 2013<br><br>Time: 2:00 p.m.<br><br>The Hon. William H. Orrick |

Plaintiffs object to a number of exhibits that Bimbo Bakeries USA, Inc. ("BBUSA") has submitted for judicial notice. Not only are plaintiffs' arguments against these exhibits legally incorrect, they further expose plaintiffs' complete failure to meet their pleading burden as discussed at length in BBUSA's briefing on its motion to dismiss.

**Exhibits 1-22**

Exhibits 1 through 22 are actual product packaging and pictures of that same packaging that BBUSA has identified as the packaging most likely to be at issue in this case based on the vague allegations of plaintiffs' pleading. Plaintiffs object to these exhibits because they question whether the exhibits are what BBUSA, as proponent of the exhibits, claims them to be. More specifically, plaintiffs assert that "it is entirely unclear if these exhibits accurately reflect the illegal and misbranded labels at issue in this action." (Plaintiffs' Objections to Defendant's Request for Judicial Notice at 1.) This brilliantly articulates the entire point of BBUSA's motion to dismiss; if it is "entirely unclear" to plaintiffs what labels are at issue in their own complaint, how can BBUSA possibly be expected to meet the allegations?

In the context of this case, plaintiffs' objection is surprising, to say the least. Based on the bare allegations of the First Amended Complaint ("FAC"), BBUSA identified Exhibits 1 through 22 as some of the packaging *apparently* at issue in this case.[1] This effort was required because plaintiffs certainly have done nothing to identify the labels on which they are suing. There are no specific allegations in the FAC that specify where or when plaintiffs purchased the products about which they complain or what the labels actually say in full. Such allegations are essential for plaintiffs to meet their pleading burden (*see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)) and to provide BBUSA and the Court with notice of what specific packaging forms the basis of plaintiffs' claims. (*See* BBUSA's Opening Brief at 5-7; Reply Brief at 3-6.)

---

[1] BBUSA says "apparently" because, as set forth in its motion to dismiss, it can only speculate as to what labels this action actually challenges due to the lack of specificity in the FAC. Because there are many different labels for the same product that meet the FAC's allegations, BBUSA has no way of knowing precisely which labels are at issue in this case. Indeed, Exhibits 1 through 22 are merely a representation of this problem and likely represent only a fraction of the different labels that may apply to the FAC's minimal allegations regarding both the products plaintiffs actually purchased and those they did not purchase.

Despite BBUSA's effort to try to place before the Court the packaging at issue, plaintiffs assail those exhibits by questioning whether they are actually the packages that they purchased and upon which they base this lawsuit. That is, plaintiffs filed a FAC that does not include allegations sufficient to identify the packaging at issue and, when BBUSA identified some of the packaging *apparently* at issue, plaintiffs assert that they cannot be sure whether the packaging identified by BBUSA is the packaging that they allege was illegal. The absurdity of plaintiffs' position is self-evident. If the FAC contained the specific allegations legally required to state a claim, there could be no debate as to whether the packaging identified by BBUSA is the packaging on which plaintiffs base their claims. The fact that plaintiffs contend that there is even the possibility of a debate as to whether Exhibits 1 through 22 represent the packaging of the very products that they purchased demonstrates their failure to specifically plead the details of the packaging at issue in this case. It is not BBUSA's burden to identify the labeling that plaintiffs claim they relied on in a suit that is entirely about the statements on those labels. That is plaintiffs' burden, a burden that they have woefully failed to meet, as fully demonstrated by their objection to Exhibits 1 through 22.[2]

Plaintiffs cannot have it both ways. If plaintiffs are correct and there is any question as to whether the labels BBUSA has placed before the Court are in fact at issue, the motion to dismiss must be granted because, by plaintiffs' own concession, they have failed to plead the most fundamental facts underlying their case. If those labels are the labels for the products that plaintiffs purchased, then there is no basis to object to the request for judicial notice.

**Exhibit 28**

Exhibit 28 is a series of screenshots from the website of the American Heart Association ("AHA") that relate to the AHA's heart check mark program. Plaintiffs have alleged that certain of BBUSA's products illegally include the heart check mark without disclosing that the mark is a

---

[2] It should be noted that plaintiffs do not object to Exhibit 23. Exhibit 23 contains photographs and artwork from an Entenmann's Soft'ees Family Pack package that BBUSA believes is likely to be packaging that plaintiffs rely on in bringing this suit. No explanation is provided by plaintiffs as to why this exhibit is unobjectionable while Exhibits 1 through 22 should be disregarded.

1 paid endorsement.  (FAC at ¶¶ 56-74.)  As plaintiffs admit in their opposition to BBUSA's
2 Request for Judicial Notice, plaintiffs directly referenced several of the webpages in Exhibit 28 in
3 the FAC.  (*See* FAC at ¶ 72.)  Nonetheless, plaintiffs object to the screenshots of other AHA
4 webpages submitted as part of the same exhibit.

5 Plaintiffs' assertion that the AHA is not a reputable and respected organization and, thus,
6 that its website may not be the subject of judicial notice is not supported.  Plaintiffs base this
7 assertion solely on their unsupported allegations that, because AHA endorsements are bought and
8 paid for, the AHA has a financial interest "in the subject matter of this litigation."  Just because
9 plaintiffs allege it, does not make it so.  Plaintiffs have presented no facts to the Court to call into
10 question the AHA's reputation.  The AHA website is a proper subject for judicial notice.  *See,*
11 *e.g.*, *McDaniel v. GEICO Gen. Ins. Co.*, 2013 WL 1790167, at *8 (E.D. Cal. Apr. 26, 2013).

12 Moreover, plaintiffs admit that the FAC directly references certain webpages from the
13 AHA's website that are included in Exhibit 28 and to which they do not object.  However, to
14 reach the webpages that plaintiffs admit are cited by the FAC and, thus, may be considered by the
15 Court, one must navigate through the other webpages that are provided in Exhibit 28.  For
16 example, the first page of Exhibit 28 is the main webpage of the AHA's heart check program.  To
17 reach the webpages cited by plaintiffs in the FAC, one must navigate through, and view, each of
18 the subsequent pages provided in Exhibit 28 until one reaches the last two pages of Exhibit 28,
19 the pages that plaintiffs admit are referenced by the FAC.  Therefore, the additional pages of
20 Exhibit 28 to which plaintiffs object are not unrelated material but are material that plaintiffs
21 relied on in crafting the allegations of the FAC.  Such material, which "forms the basis of the
22 plaintiff's claim," is considered to be incorporated by reference into a complaint and may be
23 considered by the Court on a motion to dismiss.  *Ecological Rights Foundation v. Pacific Gas*
24 *and Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013) (citations omitted); *see also In re Silicon*
25 *Graphics Secs. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *superseded by statute on other grounds*.

26 Perhaps most importantly, having placed at issue in their FAC, and now admitting to the
27 propriety of, the last two pages of the document (*see* Plaintiffs' Objections to Request for Judicial

28

Notice at 2) plaintiffs cannot challenge the Court's review of the entire document. In the law of evidence, this is known as the "rule of completeness" or, more colloquially, the "entire document rule." Fed. R. Evid. 106. Plaintiffs cannot select the portions of the document they like and prevent the Court's review of the balance.

**Exhibits 30 and 32**

Plaintiffs also object to Exhibits 30 and 32, which are selected excerpts from the Federal Register, namely 58 Fed. Reg. 2302 and 58 Fed. Reg. 2478, cited by BBUSA in its opening brief. Plaintiffs object to these exhibits on the basis that BBUSA did not submit the entirety of each entry in the federal register but, rather, included only the relevant excerpts. Unlike Exhibit 28, no argument is made here that the balance of the exhibit contains relevant information. BBUSA submitted excerpts instead of the full entries as a matter of economy to assist the Court because, when printed, 58 Fed. Reg. 2302 and 58 Fed. Reg. 2478 consist of 260 pages and 122 pages, respectively. BBUSA does not believe it is necessary to burden the Court, other parties or the electronic filing system by submitting hundreds of pages of unrelated material, particularly when the federal register is widely available in full through Google or Westlaw. However, if the Court believes it necessary to receive the hundreds of additional, irrelevant pages that plaintiffs seek, BBUSA will submit those materials to the Court.

Dated: August 2, 2013                                           HOGAN LOVELLS US LLP


By: /s/ Mark C. Goodman
    Mark C. Goodman
    Attorneys for Defendant
    Bimbo Bakeries USA, Inc.