HOGAN LOVELLS US LLP
Mark C. Goodman (Bar No. 154692)
Ethan A. Miller (Bar No. 155965)
3 Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone:   (415) 374-2300
Facsimile:    (415) 374-2499
mark.goodman@hoganlovells.com
ethan.miller@hoganlovells.com

Attorneys for Defendant
BIMBO BAKERIES USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ANG and LYNN STREIT, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>            Defendant. | Case No. 13-CV-1196 (WHO)<br><br>**BBUSA'S SEPARATE STATEMENT REGARDING PLAINTIFFS' RESPONSES TO WRITTEN DISCOVERY** |

## I.  BRIEF SUMMARY OF THE DISPUTE

The plaintiffs' written responses to BBUSA's interrogatories and document requests were due in December 2013 but were served late and contained boilerplate objections that are invalid on their face.  Even more problematic, the plaintiffs did not provide substantive responses to many requests and, despite having had almost 3 months of extra time to provide information and documents, still have not provided full responses.  After numerous meet and confer attempts, the plaintiffs remain unwilling to meet their most basic discovery obligations and, unfortunately, BBUSA requires the Court's assistance to obtain the information to which it is entitled.

## II.  SPECIFIC DEFICIENCIES IN PLAINTIFFS' DISCOVERY RESPONSES[1]

### A.  The Plaintiffs' Untimely Responses Effectively Waived All Objections

It is well-settled that a failure to timely respond or object to discovery responses constitutes a waiver of all objections, even those based on privilege.[2]  The plaintiffs served their discovery responses after the agreed-upon deadline of December 9, 2013 (Ms. Streit's responses were almost 2 weeks late) and all of their objections have been waived and should be withdrawn.  Since the plaintiffs refuse to withdraw their objections, BBUSA requests that they be overruled.

### B.  Information About Plaintiffs' Food Purchasing History Is Relevant

The plaintiffs place at issue their allegedly healthy eating habits, reliance on labels and rationale for food purchases.  Thus, their food purchasing history is clearly relevant, as it may contradict their claims that they "care about the nutritional content of food and seek to maintain a healthy diet" and that their purchasing decisions supposedly depend on the claims on food labels.  (*See, e.g.,* SAC at ¶¶ 167-70.)  Yet, the plaintiffs refuse to provide information relating to products not named in the complaint.[3]  Such information is clearly relevant and discoverable.

---

[1] Copies of the plaintiffs' discovery responses are attached hereto as Exhibits A and B.

[2] *See, e.g., Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection.  This is true even of an objection that the information sought is privileged"); *Guillen v. Bank of America*, 2011 WL 6779310 at *3 (N.D. Cal. Dec. 27, 2011) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection").

[3] *See, e.g.,* Rog. Nos. 5, 7, 8; RFP Nos. 1-5, 7, 8, 16, and 20 to Streit; RFP Nos. 2, 3, 4, 8, and 20 to Ang.

### C. Plaintiffs' Boilerplate Objections Are Meritless

The plaintiffs assert the same objections to each request (*i.e.,* "overly broad," "unduly burdensome," "vague," "ambiguous") but courts routinely reject such boilerplate objections. *Fosselman v. Caropreso*, 2011 WL 999549 (N.D. Cal. Mar. 18, 2011) (must "show specifically [. . .] how each question is overly broad, burdensome or oppressive"); *Shapiro v. Paul Revere Life Ins. Co.*, 1997 WL 601430 (N.D. Cal. Sept. 18, 1997) (must "explain in detail how the requests are vague and ambiguous"). The Court should similarly reject the plaintiffs' objections here, if they are even allowed objections, because it is impossible to determine the supposed basis for the objections and it does not appear that the objections are valid based on the face of the requests.[4]

### D. Other Substantive Deficiencies

Other deficiencies include, but are not limited to, failure to: (i) produce any documents other than a selection of photos taken by the plaintiffs' counsel of product packaging (not even the packaging itself); (ii) specify when and where they purchased specific food items during the Class Period; (iii) produce any evidence of food purchases during the Class Period; and (iv) provide communications regarding BBUSA products. Exhaustive meet and confer efforts have not resolved these issues. Plaintiffs will claim that they have provided everything that they have but they have improperly limited to what they are responding by ignoring any products other than the "Purchased Products" identified in their complaint. Purchases of products not claimed to be at issue by the plaintiffs nonetheless are relevant to test the plaintiffs' alleged healthy lifestyles and their alleged focus on the health claims on labels, which are at the heart of their claims in this suit.

### III. CONCLUSION

BBUSA respectfully requests that the plaintiffs be compelled to immediately serve complete responses to each request, without objections, and to immediately produce all responsive documents in their possession, custody and/or control.[5]

---

[4] *See, e.g.*, Rog. Nos. 6 (Ang), 7, 8, and 9 (Ang); RFP Nos. 1-4, 5, 7-9, 16, 18, 19, 20, and 21.
[5] BBUSA is prepared to submit a more detailed description of this dispute if it would assist the Court.

| | | |
|---|---|---|
| 1 | Dated: March 12, 2014 | HOGAN LOVELLS US LLP |

By:  /s/ Mark C. Goodman
    Mark C. Goodman
    Attorneys for Defendant
    BIMBO BAKERIES USA, INC.