EXHIBIT A – ANG RESPONSES

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ANG and LYNN STREIT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>Defendant. | Case No. 13 Civ. 1196 (WHO)<br><br>**PLAINTIFF ALEX ANG'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

Plaintiff Alex Ang ("Plaintiff"), through his attorneys, objects and responds to the First Set of Interrogatories (the "Interrogatories") from Defendant Bimbo Bakeries USA, Inc. ("Defendant"), as follows:

-1-

## GENERAL OBJECTIONS

Plaintiff asserts the following general objections to the Interrogatories ("General Objections"):

1.      Plaintiff generally objects to the Interrogatories to the extent that they seek, either directly or indirectly, information and/or documents that are privileged by reason of the attorney-client privilege, work product privilege, or any other applicable privileges or protections, or that are otherwise immune from discovery.

2.      Plaintiff generally objects to the Interrogatories to the extent that they seek, either directly or indirectly, information and/or documents that are trade secrets or are proprietary, confidential or sensitive in nature.

3.      Plaintiff generally objects to the Interrogatories to the extent that they seek information and/or documents not within the possession, custody or control of Plaintiff.

4.      Plaintiff generally objects to the Interrogatories to the extent that they seek information and/or documents that Defendant already possess or that are as equally available to Defendant as they are to Plaintiff.

5.      Plaintiff generally objects to the Interrogatories to the extent that they seek information that requires Plaintiff to conduct investigations or acquire information not presently within their possession.

6.      Plaintiff generally objects to the Interrogatories to the extent that they seek documents and/or information that have already been produced to Defendant by any other party.

7.      Plaintiff generally objects to the Interrogatories to the extent they purport to impose duties or obligations which exceed or are different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, Court Order, or other governing authority.

8.      Plaintiff generally objects to the Interrogatories to the extent that they attempt to incorporate definitions or rules of construction beyond the scope of what is permissible pursuant to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, Court Order, or other governing authority.

9.      Plaintiff generally objects to the Interrogatories to the extent that they subject Plaintiff to hardship, undue burden, oppression, or embarrassment.

10.     Plaintiff generally objects to the Interrogatories to the extent that they call for the production of documents that are irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence.

11.     Plaintiff generally objects to the Interrogatories to the extent that they are vague, ambiguous, insufficiently specific, overly broad, harassing, unintelligible, use undefined terms capable of more than one interpretation, or require Plaintiff to speculate as to its meaning or scope.

12.     Plaintiff generally objects to the Interrogatories to the extent that they seek documents created after the filing and/or service of the initial pleadings in the above-captioned action.

13.     Plaintiff generally objects to the Interrogatories to the extent that they utilize words or phrases that:  (1) assume facts not established; (2) constitute, form, imply, require or call for a legal conclusion; or (3) incorporate a characterization based upon a legal conclusion.

14.     Plaintiff generally objects to the Interrogatories to the extent that they contain incomplete, inaccurate or misleading descriptions or characterizations of facts, events, issues, laws, or pleadings underlying or relating to this action.

## TERMS AND CONDITIONS

Plaintiff imposes the following terms and conditions ("Terms and Conditions"):

1.      Any inadvertent production by Plaintiff of privileged, proprietary or confidential documents, documents that are otherwise immune from discovery, or documents subject to stated or reserved objections, shall not constitute a waiver of any applicable privilege, immunity or objection.

2.      Plaintiff reserves the right to supplement. Modify, and/or amend any and all objections, responses, terms, conditions and statements contained herein.

3.      Plaintiff reserves the right to make any motion, seek a protective order, make further objections, or impose further terms and conditions relating to the Request.

-3-

4.      All objections, responses, terms, conditions, and statements contained herein are based upon documents and/or information presently available to Plaintiff and are given without prejudice to Plaintiff's right to supplement, modify, and/or amend any objection, response, term, condition, or statement contained herein.

5.      Failure to make any particular objection herein shall not be construed as a waiver of such objection.

6.      The fact that Plaintiff, in any way, responds to any particular interrogatory within the Interrogatories shall not be interpreted as an admission or implication that any documents responsive to such request are in Plaintiff's possession, control, or custody, or otherwise exist.

7.      Nothing herein shall be construed as an admission that any document reference in any response is in any way admissible into evidence and Plaintiff reserves the right to object to the admissibility of any such documents and/or information.

8.      Nothing contained herein or provided in response to the Interrogatories consists of, or should be construed as, an admission relating to the accuracy, relevance or existence or nonexistence of any alleged facts or legal conclusions implied by or referenced in the Interrogatories.

9.      Each of the foregoing General Objections and Terms and Conditions is incorporated into each and every response below.

## SPECIFIC OBJECTIONS AND RESPONSES TO
## THE INTERROGATORIES

### INTERROGATORY NO.1:

Please provide YOUR residential address (including street number, street name, city and state) for all periods over the last ten years.

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all

these objections and terms and conditions, without waiving same, Plaintiff states that he has

lived at the following addresses:

5723 Sagewell Way, San Jose, CA 95138

2338 Channing Way, Berkeley, CA 94704

2219 Channing Way, Berkeley, CA 94704

2216 Martin Luther King Jr. Way, Berkeley, CA 94704

2046 20th Ave, San Francisco, CA 94116

1755 22nd Ave, San Francisco, CA 94122

**INTERROGATORY NO.2:**

Please IDENTIFY any names by which YOU have been known over the last ten years, including the years during which YOU were known by each name.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff states that his name is Alexander Alvin Ang and often uses the shortened form, "Alex."

**INTERROGATORY NO.3:**

Please IDENTIFY YOUR employers for all periods during the last ten years, including the location of YOUR job and YOUR title and the nature of YOUR duties.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff states that he has worked for the following employers:

Eddible Arrangements, Berkeley, CA, 2006-2007,  Sales

Vaccines for Children Program, California Department of Public Health, Richmond, CA, 2007-2008, Intern

DNV KEMA, Oakland, CA, 2008-Present, Inspector/Program Coordinator

**INTERROGATORY NO.4:**

Please IDENTIFY (by name, age and relation to YOU) all PERSONS who have shared a residence with YOU at any point over the last ten years.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff states that he has shared a residence with the following persons:

Socorro Ang, 61, Mother

Emerson Ang, 58, Father

Sharon Ang, 31, Sister

Nicholas Yap, 28, Friend

Christopher Driscoll, 29, Friend

Charlie Carrier, 29, Roommate

Charles Mcquilkin, Roommate

Eric Su, 27, Friend

Nilam Patel, 26, Friend

Joel Fischer, 30, Friend

Kevin Tse, 27, Freind

**INTERROGATORY NO.5:**

Please IDENTIFY, in rank order of aggregate dollar amount of combined purchases, all ESTABLISHMENTS from which YOU have purchased food items not the subject of this litigation over the last ten years, starting with the ESTABLISHMENT where YOU purchased the most items.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to all these objections and terms and conditions, without waiving same, Plaintiff states that stores in which he has purchased food items include, but are not limited to:

Safeway

Lucky's/Albertsons

Costco

Walgreens

Whole Foods

**INTERROGATORY NO.6:**

Please IDENTIFY, in rank order of aggregate dollar amount of combined purchases, all ESTABLISHMENTS from which YOU have purchased food items that are the subject of this litigation over the last ten years, starting with the ESTABLISHMENT where YOU purchased the most items.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to all these objections and terms and conditions, without waiving same, Plaintiff states that stores in which he has purchased food items referenced in the second amended complaint filed in the above-captioned action include:

Safeway

Lucky's/Albertsons

Walgreens

**INTERROGATORY NO.7:**

For each PURCHASED PRODUCT, please IDENTIFY the ESTABLISHMENT where each item was purchased, when each item was purchased and how much YOU paid for each item.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to all these objections and terms and conditions, without waiving same, Plaintiff states that, upon information and belief, Sara Lee bread products were purchased at Safeway or Lucky's/Albertsons. And Thomas' Bagel Thins were purchased at Safeway.

**INTERROGATORY NO.8:**

Please IDENTIFY (by ESTABLISHMENT name, location and account number) any loyalty, rewards, club or similar recurrent customer cards and/or memberships that YOU have held at any point over the last ten years with any ESTABLISHMENT, including the dates during which YOU held each such card and/or membership.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to all these objections and terms and conditions, without waiving same, Plaintiff states that he has used the following cards or memberships:

Safeway Club Card (#408-281-4751).

Costco Membership (since 2007)

Albertsons Club Card (not used since Albertsons turned into Lucky's)

//

//

//

**INTERROGATORY NO.9:**

Please IDENTIFY any coupon or other food item discount purchase mechanism YOU have used at any point over the last ten years, including where YOU obtained it and the date and ESTABLISHMENT at which YOU redeemed it.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to all these objections and terms and conditions, without waiving same, Plaintiff states that he used the cards or memberships reference above in response to Interrogatory No. 8.

Dated: December 11, 2013

/s/ Pierce Gore
Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES
Case No. CV13-01196-WHO

ANG and STREIT et al v. BIMBO BAKERIES USA, INC.
Case No. 13 Civ. 1196 (WHO)

**VERIFICATION**

I, ALEX ANG, declare:

I am the Plaintiff in this action and am authorized to make this verification for that reason.

I have read **PLAINTIFF ALEX ANG'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**, and know the contents thereof.  The same are true of my own knowledge, except as to those matters which are therein stated on information or belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this _11th_ day of December, 2013 in San Jose, California.

ALEX ANG

PLAINTIFF'S VERIFICATION

1  Ben F. Pierce Gore (SBN 128515)
2  PRATT & ASSOCIATES
   1871 The Alameda, Suite 425
3  San Jose, CA  95126
   Telephone:  (408) 429-6506
4  Fax:  (408) 369-0752
   pgore@prattattorneys.com
5
6  Keith M. Fleischman (admitted *pro hac vice*)
   Bradley F. Silverman (admitted *pro hac vice*)
7  THE FLEISCHMAN LAW FIRM, PLLC
   565 Fifth Avenue, Seventh Floor
8  New York, New York 10017
   Telephone: (212) 880-9571
9  Fax:  (917) 591-5245
   keith@fleischmanlawfirm.com
10 bsilverman@fleischmanlawfirm.com

11 *Attorneys for Plaintiffs*

12           IN THE UNITED STATES DISTRICT COURT

13        FOR THE NORTHERN DISTRICT OF CALIFORNIA

14              SAN FRANCISCO DIVISION

15

16 ALEX ANG and LYNN STREIT,              Case No. 13 Civ. 1196 (WHO)
   individually and on behalf of all others
17 similarly situated,
                                          **PLAINTIFF ALEX ANG'S**
18            Plaintiffs,                  **RESPONSES TO DEFENDANT'S**
                                          **FIRST SET OF REQUESTS FOR**
19        v.                               **PRODUCTION OF DOCUMENTS**

20 BIMBO BAKERIES USA, INC.,

21            Defendant.

22

23

24         Plaintiff Alex Ang ("Plaintiff"), through his attorneys, responds to the First Set of

25 Requests for Production of Documents (the "Request") from Defendant Bimbo Bakeries USA,

26 Inc. ("Defendant"), as follows:

27

28
                                        -1-

**GENERAL OBJECTIONS**

Plaintiff asserts the following general objections to the Request ("General Objections"):

1.      Plaintiff generally objects to the Request to the extent that it seeks, either directly or indirectly, information and/or documents that are privileged by reason of the attorney-client privilege, work product privilege, or any other applicable privileges or protections, or that are otherwise immune from discovery.

2.      Plaintiff generally objects to the Request to the extent that it seeks, either directly or indirectly, information and/or documents that are trade secrets or are proprietary, confidential or sensitive in nature.

3.      Plaintiff generally objects to the Request to the extent that it seeks information and/or documents not within the possession, custody or control of Plaintiff.

4.      Plaintiff generally objects to the Request to the extent that it seeks information and/or documents that Defendant already possess or that are as equally available to Defendant as they are to Plaintiff.

5.      Plaintiff generally objects to the Request to the extent that it seeks information that requires Plaintiff to conduct investigations or acquire information not presently within their possession.

6.      Plaintiff generally objects to the Request to the extent that it seeks documents and/or information that have already been produced to Defendant by any other party.

7.      Plaintiff generally objects to the Request to the extent it purports to impose duties or obligations which exceed or are different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, Court Order, or other governing authority.

8.      Plaintiff generally objects to the Request to the extent that it attempts to incorporate definitions or rules of construction beyond the scope of what is permissible pursuant to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, Court Order, or other governing authority.

9.      Plaintiff generally objects to the Request to the extent that it subjects Plaintiff to hardship, undue burden, oppression, or embarrassment.

10.      Plaintiff generally objects to the Request to the extent that it calls for the production of documents that are irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence.

11.      Plaintiff generally objects to the Request to the extent that it is vague, ambiguous, insufficiently specific, overly broad, harassing, unintelligible, uses undefined terms capable of more than one interpretation, or requires Plaintiff to speculate as to its meaning or scope.

12.      Plaintiff generally objects to the Request to the extent that it seeks documents created after the filing and/or service of the initial pleadings in the above-captioned action.

13.      Plaintiff generally objects to the Request to the extent that it utilizes words or phrases that:  (1) assume facts not established; (2) constitute, form, imply, require or call for a legal conclusion; or (3) incorporate a characterization based upon a legal conclusion.

14.      Plaintiff generally objects to the Request to the extent that it contains incomplete, inaccurate or misleading descriptions or characterizations of facts, events, issues, laws, or pleadings underlying or relating to this action.

## **TERMS AND CONDITIONS**

Plaintiff imposes the following terms and conditions ("Terms and Conditions"):

1.      Any inadvertent production by Plaintiff of privileged, proprietary or confidential documents, documents that are otherwise immune from discovery, or documents subject to stated or reserved objections, shall not constitute a waiver of any applicable privilege, immunity or objection.

2.      Plaintiff reserves the right to supplement. Modify, and/or amend any and all objections, responses, terms, conditions and statements contained herein.

3.      Plaintiff reserves the right to make any motion, seek a protective order, make further objections, or impose further terms and conditions relating to the Request.

-3-

4.      All objections, responses, terms, conditions, and statements contained herein are based upon documents and/or information presently available to Plaintiff and are given without prejudice to Plaintiff's right to supplement, modify, and/or amend any objection, response, term, condition, or statement contained herein.

5.      Failure to make any particular objection herein shall not be construed as a waiver of such objection.

6.      The fact that Plaintiff, in any way, responds to any particular request for documents within the Request shall not be interpreted as an admission or implication that any documents responsive to such request are in Plaintiff's possession, control, or custody, or otherwise exist.

7.      Nothing herein shall be construed as an admission that any document produced pursuant to this Request is in any way admissible into evidence and Plaintiff reserves the right to object to the admissibility of any such documents and/or information.

8.      Nothing contained herein or provided in response to the Request consists of, or should be construed as, an admission relating to the accuracy, relevance or existence or nonexistence of any alleged facts or legal conclusions implied by or referenced in the Request.

9.      Each of the foregoing General Objections and Terms and Conditions is incorporated into each and every response below.

**SPECIFIC OBJECTIONS AND RESPONSES TO
DOCUMENT REQUESTS MADE IN THE REQUEST**

**REQUEST FOR PRODUCTION NO.1:**

All DOCUMENTS, including purchase receipts, labels and packaging, RELATING TO WHOLE WHEAT BREAD products that YOU, or any member of YOUR family or household, have purchased.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the

-4-

discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents relating to products referenced in the second amended complaint filed in the above-captioned action.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS, including purchase receipts, labels and packaging, RELATING TO WHOLE WHEAT WHITE BREAD products that YOU, or any member of YOUR family or household, have purchased.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents relating to products referenced in the second amended complaint filed in the above-captioned action.

**REQUEST FOR PRODUCTION NO.3:**

All DOCUMENTS, including purchase receipts, labels and packaging, RELATING TO TOASTED BREAD products that YOU, or any member of YOUR family or household, have purchased.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents relating to products referenced in the second amended complaint filed in the above-captioned action.

//

//

-5-

**REQUEST FOR PRODUCTION NO.4:**

All DOCUMENTS, including purchase receipts, labels and packaging, RELATING TO BAGEL products that YOU, or any member of YOUR family or household, have purchased.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents relating to products referenced in the second amended complaint filed in the above-captioned action.

**REQUEST FOR PRODUCTION NO. 5**:

All DOCUMENTS, including purchase receipts, labels and packaging, RELATING TO DONUTS products that YOU, or any member of YOUR family or household, have purchased.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Moreover, the second amended complaint does not allege that Plaintiff purchased any donut product.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS, including purchase receipts, labels and packaging, RELATING TO purchases by YOU or others, including any member of YOUR family or household, of the PURCHASED PRODUCTS.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the

-6-

discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO BBUSA and/or the brands Sara Lee, Bimbo, Thomas' or Entenmann's.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents relating to products referenced in the second amended complaint filed in the above-captioned action.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO any statements on product labels or in advertising RELATING TO BBUSA's products that YOU assert to be incorrect or misleading.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, seeks privileged materials, and calls for legal conclusions.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents relating to products referenced in the second amended complaint filed in the above-captioned action.

**REQUEST FOR PRODUCTION NO. 9:**

All receipts for food purchases made by YOU, or a member of YOUR family or household, at

-7-

or from any retailer, including stores, restaurants, markets, gas stations, delivery, mail order and/or food trucks, during the period from March 18, 2009 through the date of production.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO grocery/supermarket/food store cards, loyalty cards, rewards cards and other similar customer programs that YOU, or any member of YOUR family or household, have held or in which YOU or they participated.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 11:**

A copy of the title page of any book, article or other publication that YOU have read RELATING TO the labeling or advertisement of food or other products.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to all these objections and terms and conditions, without waiving same, Plaintiff has no responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU, or any member of YOUR family or household, and BBUSA or any other food producer or food retailer.
**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged communications with Defendant.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATING TO COMMUNICATIONS RELATING TO BBUSA, including, but not limited to, DOCUMENTS RELATING TO requests made under the Freedom of information Act ("FOIA") and/or DOCUMENTS received pursuant to any such request.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, seeks privileged documents, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS, including, but not limited to, COMMUNICATIONS, RELATING TO any civil lawsuit in which YOU or any member of YOUR family or household have ever been a plaintiff or defendant.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, seeks privileged information, and seeks documents that are not relevant or

-9-

reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 15:**

A copy of YOUR current resume, biography and/or curriculum vitae.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence and asks Plaintiff to create a document not presently in existence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce any recent resume, biography, or *curriculum vitae* in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING TO any advertisements YOU have viewed RELATING TO any BBUSA product.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged package labels relating to products referenced in the second amended complaint filed in the above-captioned action.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO any COMMUNICATIONS YOU have had with Alex Ang.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and seeks communications between Plaintiff and himself.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff has no responsive, non-privileged documents relating to communications with Lynn Streit.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO YOUR decision to file this lawsuit against BBUSA.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, and seeks privileged materials.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents relating to products referenced in the second amended complaint filed in the above-captioned action.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO YOUR understanding of an "excellent" or "good" source of whole grains.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, seeks privileged materials, and calls for legal conclusions.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents relating to products referenced in the second amended complaint filed in the above-captioned action.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS RELATING TO YOUR understanding of an "excellent" or "good" source of fiber.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, seeks privileged materials, and calls for legal conclusions.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents relating to products referenced in the second amended complaint filed in the above-captioned action.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATING TO COMMUNICATIONS with people other than YOU, including YOUR family and members of your household, who have purchased BBUSA products.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS that support YOUR alleged damages in this lawsuit.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks privileged materials and calls for legal conclusions.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATING TO any of the "Substantially Similar Products" listed in YOUR Amended Complaint.

**RESPONSE:**

      Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS RELATING TO YOUR contention that it is illegal in California to use the terms "excellent" or "good" source of whole grains.

**RESPONSE:**

      Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, seeks privileged materials, and calls for legal conclusions.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS identified in YOUR responses to BBUSA's first set of interrogatories served on YOU in this action or on which YOU relied is providing those responses.

**RESPONSE:**

      Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, seeks privileged materials, and calls for legal conclusions.  Subject to all these objections and terms

-13-

and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS RELATING TO the unfair advertising causes of action in YOUR Amended Complaint filed in this lawsuit.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, seeks privileged materials, and calls for legal conclusions.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents.

Dated: December 11, 2013

/s/ Pierce Gore_____
Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*

-14-

1   ANG and STREIT et al v. BIMBO BAKERIES USA, INC.
    Case No. 13 Civ. 1196 (WHO)
2

3                                    **VERIFICATION**

4          I,  ALEX ANG, declare:

5          I am the Plaintiff in this action and am authorized to make this verification for that reason.

6          I have read **PLAINTIFF ALEX ANG'S RESPONSES TO DEFENDANT'S FIRST**

7   **SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS,** and know the contents

8   thereof.  The same are true of my own knowledge, except as to those matters which are therein

9   stated on information or belief, and as to those matters I believe them to be true.

10         I declare under penalty of perjury under the laws of the State of California that the

11  foregoing is true and correct.  Executed this _11th_ day of December, 2013 in San Jose, California.

12

13  _____
                                    ALEX ANG
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          1

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ANG and LYNN STREIT, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>     v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>             Defendant. | Case No. 13 Civ. 1196 (WHO)<br><br>**PLAINTIFF ALEX ANG'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

Plaintiff Alex Ang ("Plaintiff"), through his attorneys, objects and supplementally responds to the First Set of Interrogatories (the "Interrogatories") from Defendant Bimbo Bakeries USA, Inc. ("Defendant"), as follows:

1

## GENERAL OBJECTIONS

Plaintiff asserts the following general objections to the Interrogatories ("General Objections"):

1.     Plaintiff generally objects to the Interrogatories to the extent that they seek, either directly or indirectly, information and/or documents that are privileged by reason of the attorney-client privilege, work product privilege, or any other applicable privileges or protections, or that are otherwise immune from discovery.

2.     Plaintiff generally objects to the Interrogatories to the extent that they seek, either directly or indirectly, information and/or documents that are trade secrets or are proprietary, confidential or sensitive in nature.

3.     Plaintiff generally objects to the Interrogatories to the extent that they seek information and/or documents not within the possession, custody or control of Plaintiff.

4.     Plaintiff generally objects to the Interrogatories to the extent that they seek information and/or documents that Defendant already possess or that are as equally available to Defendant as they are to Plaintiff.

5.     Plaintiff generally objects to the Interrogatories to the extent that they seek information that requires Plaintiff to conduct investigations or acquire information not presently within their possession.

6.     Plaintiff generally objects to the Interrogatories to the extent that they seek documents and/or information that have already been produced to Defendant by any other party.

7.     Plaintiff generally objects to the Interrogatories to the extent they purport to impose duties or obligations which exceed or are different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, Court Order, or other governing authority.

8.     Plaintiff generally objects to the Interrogatories to the extent that they attempt to incorporate definitions or rules of construction beyond the scope of what is permissible pursuant to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, Court Order, or other governing authority.

-2-

9.      Plaintiff generally objects to the Interrogatories to the extent that they subject Plaintiff to hardship, undue burden, oppression, or embarrassment.

10.      Plaintiff generally objects to the Interrogatories to the extent that they call for the production of documents that are irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence.

11.      Plaintiff generally objects to the Interrogatories to the extent that they are vague, ambiguous, insufficiently specific, overly broad, harassing, unintelligible, use undefined terms capable of more than one interpretation, or require Plaintiff to speculate as to its meaning or scope.

12.      Plaintiff generally objects to the Interrogatories to the extent that they seek documents created after the filing and/or service of the initial pleadings in the above-captioned action.

13.      Plaintiff generally objects to the Interrogatories to the extent that they utilize words or phrases that:  (1) assume facts not established; (2) constitute, form, imply, require or call for a legal conclusion; or (3) incorporate a characterization based upon a legal conclusion.

14.      Plaintiff generally objects to the Interrogatories to the extent that they contain incomplete, inaccurate or misleading descriptions or characterizations of facts, events, issues, laws, or pleadings underlying or relating to this action.

## TERMS AND CONDITIONS

Plaintiff imposes the following terms and conditions ("Terms and Conditions"):

1.      Any inadvertent production by Plaintiff of privileged, proprietary or confidential documents, documents that are otherwise immune from discovery, or documents subject to stated or reserved objections, shall not constitute a waiver of any applicable privilege, immunity or objection.

2.      Plaintiff reserves the right to supplement. Modify, and/or amend any and all objections, responses, terms, conditions and statements contained herein.

3.      Plaintiff reserves the right to make any motion, seek a protective order, make further objections, or impose further terms and conditions relating to the Request.

4.      All objections, responses, terms, conditions, and statements contained herein are based upon documents and/or information presently available to Plaintiff and are given without prejudice to Plaintiff's right to supplement, modify, and/or amend any objection, response, term, condition, or statement contained herein.

5.      Failure to make any particular objection herein shall not be construed as a waiver of such objection.

6.      The fact that Plaintiff, in any way, responds to any particular interrogatory within the Interrogatories shall not be interpreted as an admission or implication that any documents responsive to such request are in Plaintiff's possession, control, or custody, or otherwise exist.

7.      Nothing herein shall be construed as an admission that any document reference in any response is in any way admissible into evidence and Plaintiff reserves the right to object to the admissibility of any such documents and/or information.

8.      Nothing contained herein or provided in response to the Interrogatories consists of, or should be construed as, an admission relating to the accuracy, relevance or existence or nonexistence of any alleged facts or legal conclusions implied by or referenced in the Interrogatories.

9.      Each of the foregoing General Objections and Terms and Conditions is incorporated into each and every response below.

**SPECIFIC OBJECTIONS AND RESPONSES TO
<u>THE INTERROGATORIES</u>**

<u>**INTERROGATORY NO.5:**</u>

Please IDENTIFY, in rank order of aggregate dollar amount of combined purchases, all ESTABLISHMENTS from which YOU have purchased food items not the subject of this litigation over the last ten years, starting with the ESTABLISHMENT where YOU purchased the most items.

<u>**OBJECTIONS AND RESPONSE:**</u>

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES
Case No. CV13-01196-WHO

burdensome, and seeks information that is not relevant or reasonably calculated to lead to the

discovery of admissible evidence.  Subject to all these objections and terms and conditions,

without waiving same, Plaintiff states that stores in which he has purchased food items include,

but are not limited to:

Safeway-San Francisco (Noriega, Taravel)

Lucky's/Albertsons-San Jose (Monterey Road), Albany (San Pablo)

Costco-Daley City

Walgreens-San Francisco (Noriega)

Whole Foods-San Francisco (Ocean Avenue)

During the Class Period, Plaintiff did not collect grocery receipts, and he has no receipts

for his purchases of Defendant's products.  Plaintiff is unable to recall the dates on which he

purchased Defendant's products, or the exact prices that he paid for defendant's products.

**INTERROGATORY NO.6:**

Please IDENTIFY, in rank order of aggregate dollar amount of combined purchases, all
ESTABLISHMENTS from which YOU have purchased food items that are the subject of this
litigation over the last ten years, starting with the ESTABLISHMENT where YOU purchased
the most items.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same,

Plaintiff further objects to this request on the grounds that it is overly broad, unduly

burdensome, and seeks information that is not relevant or reasonably calculated to lead to the

discovery of admissible evidence.  Subject to all these objections and terms and conditions,

without waiving same, Plaintiff states that stores in which he has purchased food items include,

but are not limited to:

Safeway-San Francisco (Noriega, Taravel)

Lucky's/Albertsons-San Jose (Monterey Road), Albany (San Pablo)

Walgreens-San Francisco (Noriega)

During the Class Period, Plaintiff did not collect grocery receipts, and he has no receipts for his purchases of Defendant's products.  Plaintiff is unable to recall the dates on which he purchased Defendant's products, or the exact prices that he paid for defendant's products.

**INTERROGATORY NO.7:**

For each PURCHASED PRODUCT, please IDENTIFY the ESTABLISHMENT where each item was purchased, when each item was purchased and how much YOU paid for each item.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff states that, upon information and belief, Sara Lee bread products were purchased at Safeway or Lucky's/Albertsons, and Thomas' Bagel Thins were purchased at Safeway.

During the Class Period, Plaintiff did not collect grocery receipts, and he has no receipts for his purchases of Defendant's products.  Plaintiff is unable to recall the dates on which he purchased Defendant's products, or the exact prices that he paid for defendant's products.

**INTERROGATORY NO.8:**

Please IDENTIFY (by ESTABLISHMENT name, location and account number) any loyalty, rewards, club or similar recurrent customer cards and/or memberships that YOU have held at any point over the last ten years with any ESTABLISHMENT, including the dates during which YOU held each such card and/or membership.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff states that he has used the following cards or memberships:

Safeway Club Card (#408-281-4751)

-6-

1    Costco Membership No. 111781324132 (since 2007)

2    Albertsons Club Card (not used since Albertsons turned into Lucky's)

3    **INTERROGATORY NO.9:**

4
5    Please IDENTIFY any coupon or other food item discount purchase mechanism YOU have used at any point over the last ten years, including where YOU obtained it and the date and ESTABLISHMENT at which YOU redeemed it.

6
7    **OBJECTIONS AND RESPONSE:**

8           Subject to the General Objections and Terms and Conditions, without waiving same,

9    Plaintiff further objects to this request on the grounds that it is overly broad, unduly

10   burdensome, and seeks information that is not relevant or reasonably calculated to lead to the

11   discovery of admissible evidence.  Subject to all these objections and terms and conditions,

12   without waiving same, Plaintiff states that he used the cards or memberships reference above in

13   response to Interrogatory No. 8.

14   Dated: March 11, 2014

15                                        /s/ Pierce Gore_____
                                          Ben F. Pierce Gore (SBN 128515)
16                                        PRATT & ASSOCIATES
                                          1871 The Alameda, Suite 425
17                                        San Jose, CA  95126
                                          Telephone:  (408) 429-6506
18                                        Fax:  (408) 369-0752
19                                        pgore@prattattorneys.com

20                                        Keith M. Fleischman (admitted *pro hac vice*)
21                                        Bradley F. Silverman (admitted *pro hac vice*)
                                          THE FLEISCHMAN LAW FIRM, PLLC
22                                        565 Fifth Avenue, Seventh Floor
                                          New York, New York 10017
23                                        Telephone: (212) 880-9571
                                          Fax:  (917) 591-5245
24                                        keith@fleischmanlawfirm.com
25                                        bsilverman@fleischmanlawfirm.com

26                                        *Attorneys for Plaintiffs*

27

28
                                          -7-

EXHIBIT B – STREIT RESPONSES

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ANG and LYNNE STREIT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>Defendant. | Case No. 13 Civ. 1196 (WHO)<br><br>**PLAINTIFF LYNNE STREIT'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

Plaintiff Lynne Streit ("Plaintiff"), through her attorneys, objects and responds to the

First Set of Interrogatories (the "Interrogatories") from Defendant Bimbo Bakeries USA, Inc.

("Defendant"), as follows:

-1-

1

## GENERAL OBJECTIONS

2    Plaintiff asserts the following general objections to the Interrogatories ("General
3    Objections"):

4    1.    Plaintiff generally objects to the Interrogatories to the extent that they seek,
5    either directly or indirectly, information and/or documents that are privileged by reason of the
6    attorney-client privilege, work product privilege, or any other applicable privileges or
7    protections, or that are otherwise immune from discovery.

8    2.    Plaintiff generally objects to the Interrogatories to the extent that they seek,
9    either directly or indirectly, information and/or documents that are trade secrets or are
10   proprietary, confidential or sensitive in nature.

11   3.    Plaintiff generally objects to the Interrogatories to the extent that they seek
12   information and/or documents not within the possession, custody or control of Plaintiff.

13   4.    Plaintiff generally objects to the Interrogatories to the extent that they seek
14   information and/or documents that Defendant already possess or that are as equally available to
15   Defendant as they are to Plaintiff.

16   5.    Plaintiff generally objects to the Interrogatories to the extent that they seek
17   information that requires Plaintiff to conduct investigations or acquire information not presently
18   within their possession.

19   6.    Plaintiff generally objects to the Interrogatories to the extent that they seek
20   documents and/or information that have already been produced to Defendant by any other party.

21   7.    Plaintiff generally objects to the Interrogatories to the extent they purport to
22   impose duties or obligations which exceed or are different from those imposed by the Federal
23   Rules of Civil Procedure, the Local Rules of the Northern District of California, Court Order, or
24   other governing authority.

25   8.    Plaintiff generally objects to the Interrogatories to the extent that they attempt to
26   incorporate definitions or rules of construction beyond the scope of what is permissible pursuant
27   to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California,
28   Court Order, or other governing authority.

9.    Plaintiff generally objects to the Interrogatories to the extent that they subject Plaintiff to hardship, undue burden, oppression, or embarrassment.

10.    Plaintiff generally objects to the Interrogatories to the extent that they call for the production of documents that are irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence.

11.    Plaintiff generally objects to the Interrogatories to the extent that they are vague, ambiguous, insufficiently specific, overly broad, harassing, unintelligible, use undefined terms capable of more than one interpretation, or require Plaintiff to speculate as to its meaning or scope.

12.    Plaintiff generally objects to the Interrogatories to the extent that they seek documents created after the filing and/or service of the initial pleadings in the above-captioned action.

13.    Plaintiff generally objects to the Interrogatories to the extent that they utilize words or phrases that:  (1) assume facts not established; (2) constitute, form, imply, require or call for a legal conclusion; or (3) incorporate a characterization based upon a legal conclusion.

14.    Plaintiff generally objects to the Interrogatories to the extent that they contain incomplete, inaccurate or misleading descriptions or characterizations of facts, events, issues, laws, or pleadings underlying or relating to this action.

## TERMS AND CONDITIONS

Plaintiff imposes the following terms and conditions ("Terms and Conditions"):

1.    Any inadvertent production by Plaintiff of privileged, proprietary or confidential documents, documents that are otherwise immune from discovery, or documents subject to stated or reserved objections, shall not constitute a waiver of any applicable privilege, immunity or objection.

2.    Plaintiff reserves the right to supplement. Modify, and/or amend any and all objections, responses, terms, conditions and statements contained herein.

3.    Plaintiff reserves the right to make any motion, seek a protective order, make further objections, or impose further terms and conditions relating to the Request.

4.      All objections, responses, terms, conditions, and statements contained herein are based upon documents and/or information presently available to Plaintiff and are given without prejudice to Plaintiff's right to supplement, modify, and/or amend any objection, response, term, condition, or statement contained herein.

5.      Failure to make any particular objection herein shall not be construed as a waiver of such objection.

6.      The fact that Plaintiff, in any way, responds to any particular interrogatory within the Interrogatories shall not be interpreted as an admission or implication that any documents responsive to such request are in Plaintiff's possession, control, or custody, or otherwise exist.

7.      Nothing herein shall be construed as an admission that any document reference in any response is in any way admissible into evidence and Plaintiff reserves the right to object to the admissibility of any such documents and/or information.

8.      Nothing contained herein or provided in response to the Interrogatories consists of, or should be construed as, an admission relating to the accuracy, relevance or existence or nonexistence of any alleged facts or legal conclusions implied by or referenced in the Interrogatories.

9.      Each of the foregoing General Objections and Terms and Conditions is incorporated into each and every response below.

## SPECIFIC OBJECTIONS AND RESPONSES TO
## THE INTERROGATORIES

### INTERROGATORY NO.1:

Please provide YOUR residential address (including street number, street name, city and state) for all periods over the last ten years.

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all

1  these objections and terms and conditions, without waiving same, Plaintiff states that she has

2  lived at the following addresses:

3  July 2004-present:

4  1523 Treviso Avenue

5  San Jose, CA. 95118

6

7  July 1996-July 2004:

8  14076 Sobey Meadows Court

9  Saratoga, CA. 95070

10

11  **INTERROGATORY NO.2:**

12  Please IDENTIFY any names by which YOU have been known over the last ten years,
    including the years during which YOU were known by each name.

13

14  **OBJECTIONS AND RESPONSE:**

15        Subject to the General Objections and Terms and Conditions, without waiving same,

16  Plaintiff states that the only name by which she has been known in the last ten years is Lynne

17  Streit.

18

    **INTERROGATORY NO.3:**

19

20  Please IDENTIFY YOUR employers for all periods during the last ten years, including the
    location of YOUR job and YOUR title and the nature of YOUR duties.

21

22  **OBJECTIONS AND RESPONSE:**

        Subject to the General Objections and Terms and Conditions, without waiving same,

23

24  Plaintiff further objects to this request on the grounds that it seeks information that is not

    relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all

25

26  these objections and terms and conditions, without waiving same, Plaintiff states that he has

    worked for the following employers:

27

    March 2011- present:

28

    Evergreen Enterprises

1  5915 Midlothian Turnpike

2  Richmond, VA. 23225

3  Territory Account Manager

4  Duties- outside sales and service to hundreds of accounts in local geographic territory

5

6  January 2001-March 2011

7  Russ Berrie

8  Regional Account Manager

9  Duties - same as above

10

11  **INTERROGATORY NO.4:**

12  Please IDENTIFY (by name, age and relation to YOU) all PERSONS who have shared a
residence with YOU at any point over the last ten years.

13

14  **OBJECTIONS AND RESPONSE:**

15       Subject to the General Objections and Terms and Conditions, without waiving same,

16  Plaintiff further objects to this request on the grounds that it seeks information that is not

17  relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all

18  these objections and terms and conditions, without waiving same, Plaintiff states that she has

19  shared a residence with the following persons:

    Nicholas Streit, 20, son

20  Samantha Streit, 17, daughter

21  Nick Streit, 58, ex-husband

22

23  **INTERROGATORY NO.5:**

24

25  Please IDENTIFY, in rank order of aggregate dollar amount of combined purchases, all
ESTABLISHMENTS from which YOU have purchased food items not the subject of this

26  litigation over the last ten years, starting with the ESTABLISHMENT where YOU purchased
the most items.

27

28

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff states that stores in which she has purchased food items include, but are not limited to:

Safeway

Costco

Trader Joe's

Target

Raley's/Nob Hill

Albertson's/Lucky's

**INTERROGATORY NO.6:**

Please IDENTIFY, in rank order of aggregate dollar amount of combined purchases, all ESTABLISHMENTS from which YOU have purchased food items that are the subject of this litigation over the last ten years, starting with the ESTABLISHMENT where YOU purchased the most items.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff states that stores in which she has purchased food items referenced in the second amended complaint filed in the above-captioned action include:

Safeway

Costco

Target

Raley's/Nob Hill

Albertson's/Lucky's

**INTERROGATORY NO.7:**

For each PURCHASED PRODUCT, please IDENTIFY the ESTABLISHMENT where each item was purchased, when each item was purchased and how much YOU paid for each item.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff states that, upon information and belief, that she purchased her Bimbo products at the following stores:

Safeway

Costco

Trader Joe's

Target

Raley's/Nob Hill

Albertson's/Lucky's

**INTERROGATORY NO.8:**

Please IDENTIFY (by ESTABLISHMENT name, location and account number) any loyalty, rewards, club or similar recurrent customer cards and/or memberships that YOU have held at any point over the last ten years with any ESTABLISHMENT, including the dates during which YOU held each such card and/or membership.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all

1   these objections and terms and conditions, without waiving same, Plaintiff states that he has

2   used the following cards or memberships:

3   Safeway

4   Costco (on parents' account)

5   Raley's/Nob Hill

6   Abertson's/Lucky's

7   **INTERROGATORY NO.9:**

8
9   Please IDENTIFY any coupon or other food item discount purchase mechanism YOU have
    used at any point over the last ten years, including where YOU obtained it and the date and
10  ESTABLISHMENT at which YOU redeemed it.

11  **OBJECTIONS AND RESPONSE:**

12          Subject to the General Objections and Terms and Conditions, without waiving same,

13  Plaintiff further objects to this request on the grounds that it is overly broad, unduly

14  burdensome, and seeks information that is not relevant or reasonably calculated to lead to the

15  discovery of admissible evidence.  Subject to all these objections and terms and conditions,

16  without waiving same, Plaintiff states that she used the cards or memberships referenced above

17  in response to Interrogatory No. 8, as well as coupons obtained from Sunday newspaper inserts,

18  including those of the San Jose Mercury News.

19
    Dated: December 20, 2013
20
21                                  /s/ Pierce Gore
                                    Ben F. Pierce Gore (SBN 128515)
22                                  PRATT & ASSOCIATES
                                    1871 The Alameda, Suite 425
23                                  San Jose, CA  95126
                                    Telephone:  (408) 429-6506
24                                  Fax:  (408) 369-0752
                                    pgore@prattattorneys.com
25
26
27
28
                                    -9-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES
Case No. CV13-01196-WHO

1    ANG and STREIT et al v. BIMBO BAKERIES USA, INC.
     Case No. 13 Civ. 1196 (WHO)

2

3                            **VERIFICATION**

4         I, LYNNE STREIT, declare:

5         I am the Plaintiff in this action and am authorized to make this verification for that reason.

6    I have read **PLAINTIFF LYNNE STREIT'S RESPONSES TO DEFENDANT'S**

7    **FIRST SET OF INTERROGATORIES**, and know the contents thereof.  The same are true of

8    my own knowledge, except as to those matters which are therein stated on information or belief,

9    and as to those matters I believe them to be true.

10        I declare under penalty of perjury under the laws of the State of California that the

11   foregoing is true and correct.  Executed this 12th day of  December, 2013 in San Jose, California.

12

13                              _Lynne Streit_
                                LYNNE STREIT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    1
                          PLAINTIFF'S VERIFICATION

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ANG and LYNNE STREIT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>Defendant. | Case No. 13 Civ. 1196 (WHO)<br><br>**PLAINTIFF LYNNE STREIT'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

Plaintiff Lynne Streit ("Plaintiff"), through her attorneys, objects and supplementally responds to the First Set of Interrogatories (the "Interrogatories") from Defendant Bimbo Bakeries USA, Inc. ("Defendant"), as follows:

## GENERAL OBJECTIONS

Plaintiff asserts the following general objections to the Interrogatories ("General Objections"):

1.      Plaintiff generally objects to the Interrogatories to the extent that they seek, either directly or indirectly, information and/or documents that are privileged by reason of the attorney-client privilege, work product privilege, or any other applicable privileges or protections, or that are otherwise immune from discovery.

2.      Plaintiff generally objects to the Interrogatories to the extent that they seek, either directly or indirectly, information and/or documents that are trade secrets or are proprietary, confidential or sensitive in nature.

3.      Plaintiff generally objects to the Interrogatories to the extent that they seek information and/or documents not within the possession, custody or control of Plaintiff.

4.      Plaintiff generally objects to the Interrogatories to the extent that they seek information and/or documents that Defendant already possess or that are as equally available to Defendant as they are to Plaintiff.

5.      Plaintiff generally objects to the Interrogatories to the extent that they seek information that requires Plaintiff to conduct investigations or acquire information not presently within their possession.

6.      Plaintiff generally objects to the Interrogatories to the extent that they seek documents and/or information that have already been produced to Defendant by any other party.

7.      Plaintiff generally objects to the Interrogatories to the extent they purport to impose duties or obligations which exceed or are different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, Court Order, or other governing authority.

8.      Plaintiff generally objects to the Interrogatories to the extent that they attempt to incorporate definitions or rules of construction beyond the scope of what is permissible pursuant to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, Court Order, or other governing authority.

9.      Plaintiff generally objects to the Interrogatories to the extent that they subject Plaintiff to hardship, undue burden, oppression, or embarrassment.

10.     Plaintiff generally objects to the Interrogatories to the extent that they call for the production of documents that are irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence.

11.     Plaintiff generally objects to the Interrogatories to the extent that they are vague, ambiguous, insufficiently specific, overly broad, harassing, unintelligible, use undefined terms capable of more than one interpretation, or require Plaintiff to speculate as to its meaning or scope.

12.     Plaintiff generally objects to the Interrogatories to the extent that they seek documents created after the filing and/or service of the initial pleadings in the above-captioned action.

13.     Plaintiff generally objects to the Interrogatories to the extent that they utilize words or phrases that:  (1) assume facts not established; (2) constitute, form, imply, require or call for a legal conclusion; or (3) incorporate a characterization based upon a legal conclusion.

14.     Plaintiff generally objects to the Interrogatories to the extent that they contain incomplete, inaccurate or misleading descriptions or characterizations of facts, events, issues, laws, or pleadings underlying or relating to this action.

## TERMS AND CONDITIONS

Plaintiff imposes the following terms and conditions ("Terms and Conditions"):

1.      Any inadvertent production by Plaintiff of privileged, proprietary or confidential documents, documents that are otherwise immune from discovery, or documents subject to stated or reserved objections, shall not constitute a waiver of any applicable privilege, immunity or objection.

2.      Plaintiff reserves the right to supplement. Modify, and/or amend any and all objections, responses, terms, conditions and statements contained herein.

3.      Plaintiff reserves the right to make any motion, seek a protective order, make further objections, or impose further terms and conditions relating to the Request.

-3-

4.      All objections, responses, terms, conditions, and statements contained herein are based upon documents and/or information presently available to Plaintiff and are given without prejudice to Plaintiff's right to supplement, modify, and/or amend any objection, response, term, condition, or statement contained herein.

5.      Failure to make any particular objection herein shall not be construed as a waiver of such objection.

6.      The fact that Plaintiff, in any way, responds to any particular interrogatory within the Interrogatories shall not be interpreted as an admission or implication that any documents responsive to such request are in Plaintiff's possession, control, or custody, or otherwise exist.

7.      Nothing herein shall be construed as an admission that any document reference in any response is in any way admissible into evidence and Plaintiff reserves the right to object to the admissibility of any such documents and/or information.

8.      Nothing contained herein or provided in response to the Interrogatories consists of, or should be construed as, an admission relating to the accuracy, relevance or existence or nonexistence of any alleged facts or legal conclusions implied by or referenced in the Interrogatories.

9.      Each of the foregoing General Objections and Terms and Conditions is incorporated into each and every response below.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

**INTERROGATORY NO.3:**

Please IDENTIFY YOUR employers for all periods during the last ten years, including the location of YOUR job and YOUR title and the nature of YOUR duties.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all

-4-

1    these objections and terms and conditions, without waiving same, Plaintiff states that she has

2    worked for the following employers:

3    March 2011- present:

4    Evergreen Enterprises

5    5915 Midlothian Turnpike

6    Richmond, VA. 23225

7    Territory Account Manager

8    Duties- outside sales and service to hundreds of accounts in local geographic territory

9

10   January 2001-March 2011

11   Russ Berrie

12   Oakland, NJ

13   Regional Account Manager

14   Duties - same as above

15   Plaintiff has no contact information for this employer, which has gone out of business.

16   **INTERROGATORY NO.5:**

17
18   Please IDENTIFY, in rank order of aggregate dollar amount of combined purchases, all
     ESTABLISHMENTS from which YOU have purchased food items not the subject of this
     litigation over the last ten years, starting with the ESTABLISHMENT where YOU purchased
19   the most items.

20   **OBJECTIONS AND RESPONSE:**

21           Subject to the General Objections and Terms and Conditions, without waiving same,

22   Plaintiff further objects to this request on the grounds that it is overly broad, unduly

23   burdensome, and seeks information that is not relevant or reasonably calculated to lead to the

24   discovery of admissible evidence.  Subject to all these objections and terms and conditions,

25   without waiving same, Plaintiff states that stores in which she has purchased food items include,

26   but are not limited to:

27   Safeway-Branham Lane (San Jose), Union & Almaden Road (San Jose), Pollard Road

28   (Campbell/Los Gatos), and Los Gatos (North Santa Cruz Avenue); Membership No. unknown,

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES
Case No. CV13-01196-WHO

1  Plaintiff makes purchases using her phone number in place of Safeway Club Card, which she

2  lost years ago

3  Costco-Almaden (San Jose), Mountain View, Coleman (San Jose); Membership No.

4  111796398639

5  Trader Joe's-Almaden (San Jose), Los Gatos, Westgate (San Jose)

6  Target-Hillsdale, Westgate, Oakridge (all San Jose)

7  Raley's/Nob Hill-Los Gatos, Kirkwood Plaza (Campbell)

8  Albertson's/Lucky's-Meridian/Almaden (San Jose)

9  Grocery Outlet-Meridian/Foxworthy (San Jose)

10  Plaintiff infrequently purchased groceries at other stores during the Class Period.  During the

11  Class Period, Plaintiff did not retain receipts for her grocery purchases, and has no receipts for

12  her purchases of Defendant's products.

13  **INTERROGATORY NO.6:**

14
15  Please IDENTIFY, in rank order of aggregate dollar amount of combined purchases, all
    ESTABLISHMENTS from which YOU have purchased food items that are the subject of this
    litigation over the last ten years, starting with the ESTABLISHMENT where YOU purchased
16  the most items.

17  **OBJECTIONS AND RESPONSE:**

18          Subject to the General Objections and Terms and Conditions, without waiving same,

19  Plaintiff further objects to this request on the grounds that it is overly broad, unduly

20  burdensome, and seeks information that is not relevant or reasonably calculated to lead to the

21  discovery of admissible evidence.  Subject to all these objections and terms and conditions,

22  without waiving same, Plaintiff states that stores in which she has purchased food items

23  referenced in the second amended complaint filed in the above-captioned action include, but are

24  not limited to:

25  Safeway-Branham Lane (San Jose), Union & Almaden Road (San Jose), Pollard Road

26  (Campbell/Los Gatos), and Los Gatos (North Santa Cruz Avenue); Membership No. unknown,

27  Plaintiff makes purchases using her phone number in place of Safeway Club Card, which she

28  lost years ago

-6-

1   Costco-Almaden (San Jose), Mountain View, Coleman (San Jose); Membership No.

2   111796398639

3   Trader Joe's-Almaden (San Jose), Los Gatos, Westgate (San Jose)

4   Target-Hillsdale, Westgate, Oakridge (all San Jose)

5   Raley's/Nob Hill-Los Gatos, Kirkwood Plaza (Campbell)

6   Albertson's/Lucky's-Meridian/Almaden (San Jose)

7   Grocery Outlet-Meridian/Foxworthy (San Jose)

8   Plaintiff infrequently purchased groceries at other stores during the Class Period.  During the

9   Class Period, Plaintiff did not retain receipts for her grocery purchases, and has no receipts for

10  her purchases of Defendant's products.

11  **INTERROGATORY NO.7:**

12  For each PURCHASED PRODUCT, please IDENTIFY the ESTABLISHMENT where each
13  item was purchased, when each item was purchased and how much YOU paid for each item.

14  **OBJECTIONS AND RESPONSE:**

15          Subject to the General Objections and Terms and Conditions, without waiving same,

16  Plaintiff further objects to this request on the grounds that it is overly broad, unduly

17  burdensome, and seeks information that is not relevant or reasonably calculated to lead to the

18  discovery of admissible evidence.  Subject to all these objections and terms and conditions,

19  without waiving same, Plaintiff states that, upon information and belief, that she purchased her

20  Bimbo products at the following stores, among others:

21  Safeway-Branham Lane (San Jose), Union & Almaden Road (San Jose), Pollard Road

22  (Campbell/Los Gatos), and Los Gatos (North Santa Cruz Avenue); Membership No. unknown,

23  Plaintiff makes purchases using her phone number in place of Safeway Club Card, which she

24  lost years ago

25  Costco-Almaden (San Jose), Mountain View, Coleman (San Jose); Membership No.

26  111796398639

27  Trader Joe's-Almaden (San Jose), Los Gatos, Westgate (San Jose)

28  Target-Hillsdale, Westgate, Oakridge (all San Jose)

-7-

1   Raley's/Nob Hill-Los Gatos, Kirkwood Plaza (Campbell)

2   Albertson's/Lucky's-Meridian/Almaden (San Jose)

3   Grocery Outlet-Meridian/Foxworthy (San Jose)

4   Plaintiff infrequently purchased groceries at other stores during the Class Period.  During the

5   Class Period, Plaintiff did not retain receipts for her grocery purchases, and has no receipts for

6   her purchases of Defendant's products.

7   **INTERROGATORY NO.8:**

8
9   Please IDENTIFY (by ESTABLISHMENT name, location and account number) any loyalty,
    rewards, club or similar recurrent customer cards and/or memberships that YOU have held at
    any point over the last ten years with any ESTABLISHMENT, including the dates during which
10  YOU held each such card and/or membership.

11  **OBJECTIONS AND RESPONSE:**

12          Subject to the General Objections and Terms and Conditions, without waiving same,

13  Plaintiff further objects to this request on the grounds that it seeks information that is not

14  relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all

15  these objections and terms and conditions, without waiving same, Plaintiff states that she has

16  used the following cards or memberships:

17  Safeway-Branham Lane (San Jose), Union & Almaden Road (San Jose), Pollard Road

18  (Campbell/Los Gatos), and Los Gatos (North Santa Cruz Avenue); Membership No. unknown,

19  Plaintiff makes purchases using her phone number in place of Safeway Club Card, which she

20  lost years ago

21  Costco-Almaden (San Jose), Mountain View, Coleman (San Jose); Membership No.

22  111796398639

23  **INTERROGATORY NO.9:**

24
25  Please IDENTIFY any coupon or other food item discount purchase mechanism YOU have
    used at any point over the last ten years, including where YOU obtained it and the date and
26  ESTABLISHMENT at which YOU redeemed it.

27

28

1

2    **OBJECTIONS AND RESPONSE:**

3            Subject to the General Objections and Terms and Conditions, without waiving same,

4    Plaintiff further objects to this request on the grounds that it is overly broad, unduly

5    burdensome, and seeks information that is not relevant or reasonably calculated to lead to the

6    discovery of admissible evidence.  Subject to all these objections and terms and conditions,

7    without waiving same, Plaintiff states that she used the cards or memberships referenced above

8    in response to Interrogatory No. 8, as well as coupons obtained from Sunday newspaper inserts,

9    including those of the San Jose Mercury News.

10

11   Dated: March 10, 2014

12                                          /s/ Pierce Gore
                                            Ben F. Pierce Gore (SBN 128515)
13                                          PRATT & ASSOCIATES
                                            1871 The Alameda, Suite 425
14                                          San Jose, CA  95126
                                            Telephone:  (408) 429-6506
15                                          Fax:  (408) 369-0752
                                            pgore@prattattorneys.com

16

17                                          Keith M. Fleischman (admitted *pro hac vice*)
                                            Bradley F. Silverman (admitted *pro hac vice*)
18                                          THE FLEISCHMAN LAW FIRM, PLLC
                                            565 Fifth Avenue, Seventh Floor
19                                          New York, New York 10017
                                            Telephone: (212) 880-9571
20                                          Fax:  (917) 591-5245
                                            keith@fleischmanlawfirm.com
21                                          bsilverman@fleischmanlawfirm.com

22                                          *Attorneys for Plaintiffs*

23

24

25

26

27

28
                                          -9-

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ANG and LYNNE STREIT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>Defendant. | Case No. 13 Civ. 1196 (WHO)<br><br>**PLAINTIFF LYNNE STREIT'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

Plaintiff Lynne Streit ("Plaintiff"), through her attorneys, objects and supplementally responds to the First Set of Interrogatories (the "Interrogatories") from Defendant Bimbo Bakeries USA, Inc. ("Defendant"), as follows:

-1-

## GENERAL OBJECTIONS

Plaintiff asserts the following general objections to the Interrogatories ("General Objections"):

1.     Plaintiff generally objects to the Interrogatories to the extent that they seek, either directly or indirectly, information and/or documents that are privileged by reason of the attorney-client privilege, work product privilege, or any other applicable privileges or protections, or that are otherwise immune from discovery.

2.     Plaintiff generally objects to the Interrogatories to the extent that they seek, either directly or indirectly, information and/or documents that are trade secrets or are proprietary, confidential or sensitive in nature.

3.     Plaintiff generally objects to the Interrogatories to the extent that they seek information and/or documents not within the possession, custody or control of Plaintiff.

4.     Plaintiff generally objects to the Interrogatories to the extent that they seek information and/or documents that Defendant already possess or that are as equally available to Defendant as they are to Plaintiff.

5.     Plaintiff generally objects to the Interrogatories to the extent that they seek information that requires Plaintiff to conduct investigations or acquire information not presently within their possession.

6.     Plaintiff generally objects to the Interrogatories to the extent that they seek documents and/or information that have already been produced to Defendant by any other party.

7.     Plaintiff generally objects to the Interrogatories to the extent they purport to impose duties or obligations which exceed or are different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, Court Order, or other governing authority.

8.     Plaintiff generally objects to the Interrogatories to the extent that they attempt to incorporate definitions or rules of construction beyond the scope of what is permissible pursuant to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, Court Order, or other governing authority.

-2-

9.     Plaintiff generally objects to the Interrogatories to the extent that they subject Plaintiff to hardship, undue burden, oppression, or embarrassment.

10.     Plaintiff generally objects to the Interrogatories to the extent that they call for the production of documents that are irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence.

11.     Plaintiff generally objects to the Interrogatories to the extent that they are vague, ambiguous, insufficiently specific, overly broad, harassing, unintelligible, use undefined terms capable of more than one interpretation, or require Plaintiff to speculate as to its meaning or scope.

12.     Plaintiff generally objects to the Interrogatories to the extent that they seek documents created after the filing and/or service of the initial pleadings in the above-captioned action.

13.     Plaintiff generally objects to the Interrogatories to the extent that they utilize words or phrases that:  (1) assume facts not established; (2) constitute, form, imply, require or call for a legal conclusion; or (3) incorporate a characterization based upon a legal conclusion.

14.     Plaintiff generally objects to the Interrogatories to the extent that they contain incomplete, inaccurate or misleading descriptions or characterizations of facts, events, issues, laws, or pleadings underlying or relating to this action.

## TERMS AND CONDITIONS

Plaintiff imposes the following terms and conditions ("Terms and Conditions"):

1.     Any inadvertent production by Plaintiff of privileged, proprietary or confidential documents, documents that are otherwise immune from discovery, or documents subject to stated or reserved objections, shall not constitute a waiver of any applicable privilege, immunity or objection.

2.     Plaintiff reserves the right to supplement. Modify, and/or amend any and all objections, responses, terms, conditions and statements contained herein.

3.     Plaintiff reserves the right to make any motion, seek a protective order, make further objections, or impose further terms and conditions relating to the Request.

4.     All objections, responses, terms, conditions, and statements contained herein are based upon documents and/or information presently available to Plaintiff and are given without prejudice to Plaintiff's right to supplement, modify, and/or amend any objection, response, term, condition, or statement contained herein.

5.     Failure to make any particular objection herein shall not be construed as a waiver of such objection.

6.     The fact that Plaintiff, in any way, responds to any particular interrogatory within the Interrogatories shall not be interpreted as an admission or implication that any documents responsive to such request are in Plaintiff's possession, control, or custody, or otherwise exist.

7.     Nothing herein shall be construed as an admission that any document reference in any response is in any way admissible into evidence and Plaintiff reserves the right to object to the admissibility of any such documents and/or information.

8.     Nothing contained herein or provided in response to the Interrogatories consists of, or should be construed as, an admission relating to the accuracy, relevance or existence or nonexistence of any alleged facts or legal conclusions implied by or referenced in the Interrogatories.

9.     Each of the foregoing General Objections and Terms and Conditions is incorporated into each and every response below.

### SPECIFIC OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

**INTERROGATORY NO.3:**

Please IDENTIFY YOUR employers for all periods during the last ten years, including the location of YOUR job and YOUR title and the nature of YOUR duties.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all

1  these objections and terms and conditions, without waiving same, Plaintiff states that she has

2  worked for the following employers:

3  March 2011- present:

4  Evergreen Enterprises

5  5915 Midlothian Turnpike

6  Richmond, VA. 23225

7  Territory Account Manager

8  Duties- outside sales and service to hundreds of accounts in local geographic territory

9

10  January 2001-March 2011

11  Russ Berrie

12  Oakland, NJ

13  Regional Account Manager

14  Duties - same as above

15  Plaintiff has no contact information for this employer, which has gone out of business.

16  **INTERROGATORY NO.5:**

17
18  Please IDENTIFY, in rank order of aggregate dollar amount of combined purchases, all
   ESTABLISHMENTS from which YOU have purchased food items not the subject of this
   litigation over the last ten years, starting with the ESTABLISHMENT where YOU purchased
19  the most items.

20  **OBJECTIONS AND RESPONSE:**

21          Subject to the General Objections and Terms and Conditions, without waiving same,

22  Plaintiff further objects to this request on the grounds that it is overly broad, unduly

23  burdensome, and seeks information that is not relevant or reasonably calculated to lead to the

24  discovery of admissible evidence.  Subject to all these objections and terms and conditions,

25  without waiving same, Plaintiff states that stores in which she has purchased food items include,

26  but are not limited to:

27  Safeway-Branham Lane (San Jose), Union & Almaden Road (San Jose), Pollard Road

28  (Campbell/Los Gatos), and Los Gatos (North Santa Cruz Avenue); Membership No. unknown,

Plaintiff makes purchases using her phone number in place of Safeway Club Card, which she lost years ago

Costco-Almaden (San Jose), Mountain View, Coleman (San Jose); Membership No. 111796398639

Trader Joe's-Almaden (San Jose), Los Gatos, Westgate (San Jose)

Target-Hillsdale, Westgate, Oakridge (all San Jose)

Raley's/Nob Hill-Los Gatos, Kirkwood Plaza (Campbell)

Albertson's/Lucky's-Meridian/Almaden (San Jose)

Grocery Outlet-Meridian/Foxworthy (San Jose)

Plaintiff infrequently purchased groceries at other stores during the Class Period.  During the Class Period, Plaintiff did not retain receipts for her grocery purchases, and has no receipts for her purchases of Defendant's products.

Plaintiff does not recall the exact dates and locations when and where she purchased Defendant's products, nor the exact prices that she paid for Defendant's products.

**INTERROGATORY NO.6:**

Please IDENTIFY, in rank order of aggregate dollar amount of combined purchases, all ESTABLISHMENTS from which YOU have purchased food items that are the subject of this litigation over the last ten years, starting with the ESTABLISHMENT where YOU purchased the most items.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff states that stores in which she has purchased food items referenced in the second amended complaint filed in the above-captioned action include, but are not limited to:

Safeway-Branham Lane (San Jose), Union & Almaden Road (San Jose), Pollard Road (Campbell/Los Gatos), and Los Gatos (North Santa Cruz Avenue); Membership No. unknown,

1  Plaintiff makes purchases using her phone number in place of Safeway Club Card, which she

2  lost years ago

3  Costco-Almaden (San Jose), Mountain View, Coleman (San Jose); Membership No.

4  111796398639

5  Trader Joe's-Almaden (San Jose), Los Gatos, Westgate (San Jose)

6  Target-Hillsdale, Westgate, Oakridge (all San Jose)

7  Raley's/Nob Hill-Los Gatos, Kirkwood Plaza (Campbell)

8  Albertson's/Lucky's-Meridian/Almaden (San Jose)

9  Grocery Outlet-Meridian/Foxworthy (San Jose)

10  Plaintiff infrequently purchased groceries at other stores during the Class Period.  During the

11  Class Period, Plaintiff did not retain receipts for her grocery purchases, and has no receipts for

12  her purchases of Defendant's products.

13      Plaintiff does not recall the exact dates and locations when and where she purchased

14  Defendant's products, nor the exact prices that she paid for Defendant's products.

15  **INTERROGATORY NO.7:**

16
17  For each PURCHASED PRODUCT, please IDENTIFY the ESTABLISHMENT where each
   item was purchased, when each item was purchased and how much YOU paid for each item.

18  **OBJECTIONS AND RESPONSE:**

19      Subject to the General Objections and Terms and Conditions, without waiving same,

20  Plaintiff further objects to this request on the grounds that it is overly broad, unduly

21  burdensome, and seeks information that is not relevant or reasonably calculated to lead to the

22  discovery of admissible evidence.  Subject to all these objections and terms and conditions,

23  without waiving same, Plaintiff states that, upon information and belief, that she purchased her

24  Bimbo products at the following stores, among others:

25  Safeway-Branham Lane (San Jose), Union & Almaden Road (San Jose), Pollard Road

26  (Campbell/Los Gatos), and Los Gatos (North Santa Cruz Avenue); Membership No. unknown,

27  Plaintiff makes purchases using her phone number in place of Safeway Club Card, which she

28  lost years ago

-7-

Costco-Almaden (San Jose), Mountain View, Coleman (San Jose); Membership No.

111796398639

Trader Joe's-Almaden (San Jose), Los Gatos, Westgate (San Jose)

Target-Hillsdale, Westgate, Oakridge (all San Jose)

Raley's/Nob Hill-Los Gatos, Kirkwood Plaza (Campbell)

Albertson's/Lucky's-Meridian/Almaden (San Jose)

Grocery Outlet-Meridian/Foxworthy (San Jose)

Plaintiff infrequently purchased groceries at other stores during the Class Period. During the Class Period, Plaintiff did not retain receipts for her grocery purchases, and has no receipts for her purchases of Defendant's products.

Plaintiff does not recall the exact dates and locations when and where she purchased Defendant's products, nor the exact prices that she paid for Defendant's products.

**INTERROGATORY NO.8:**

Please IDENTIFY (by ESTABLISHMENT name, location and account number) any loyalty, rewards, club or similar recurrent customer cards and/or memberships that YOU have held at any point over the last ten years with any ESTABLISHMENT, including the dates during which YOU held each such card and/or membership.

**OBJECTIONS AND RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to all these objections and terms and conditions, without waiving same, Plaintiff states that she has used the following cards or memberships:

Safeway-Branham Lane (San Jose), Union & Almaden Road (San Jose), Pollard Road (Campbell/Los Gatos), and Los Gatos (North Santa Cruz Avenue); Membership No. unknown, Plaintiff makes purchases using her phone number in place of Safeway Club Card, which she lost years ago

Costco-Almaden (San Jose), Mountain View, Coleman (San Jose); Membership No.

111796398639

1

2   **INTERROGATORY NO. 9:**

3   Please IDENTIFY any coupon or other food item discount purchase mechanism YOU have
    used at any point over the last ten years, including where YOU obtained it and the date and
4   ESTABLISHMENT at which YOU redeemed it.

5

6

7   **OBJECTIONS AND RESPONSE:**

8          Subject to the General Objections and Terms and Conditions, without waiving same,

9   Plaintiff further objects to this request on the grounds that it is overly broad, unduly

10  burdensome, and seeks information that is not relevant or reasonably calculated to lead to the

11  discovery of admissible evidence.  Subject to all these objections and terms and conditions,

12  without waiving same, Plaintiff states that she used the cards or memberships referenced above

13  in response to Interrogatory No. 8, as well as coupons obtained from Sunday newspaper inserts,

14  including those of the San Jose Mercury News.

15

16  Dated: March 11, 2014

17                                    /s/ Pierce Gore_____
                                      Ben F. Pierce Gore (SBN 128515)
18                                    PRATT & ASSOCIATES
                                      1871 The Alameda, Suite 425
19                                    San Jose, CA  95126
                                      Telephone:  (408) 429-6506
20                                    Fax:  (408) 369-0752
21                                    pgore@prattattorneys.com

22
                                      Keith M. Fleischman (admitted *pro hac vice*)
23                                    Bradley F. Silverman (admitted *pro hac vice*)
                                      THE FLEISCHMAN LAW FIRM, PLLC
24                                    565 Fifth Avenue, Seventh Floor
                                      New York, New York 10017
25                                    Telephone: (212) 880-9571
26                                    Fax:  (917) 591-5245
                                      keith@fleischmanlawfirm.com
27                                    bsilverman@fleischmanlawfirm.com

28                                    *Att9rneys for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  Ben F. Pierce Gore (SBN 128515)
2  PRATT & ASSOCIATES
   1871 The Alameda, Suite 425
3  San Jose, CA  95126
   Telephone:  (408) 429-6506
4  Fax:  (408) 369-0752
   pgore@prattattorneys.com
5
6  Keith M. Fleischman (admitted *pro hac vice*)
   Bradley F. Silverman (admitted *pro hac vice*)
7  THE FLEISCHMAN LAW FIRM, PLLC
   565 Fifth Avenue, Seventh Floor
8  New York, New York 10017
   Telephone: (212) 880-9571
9  Fax:  (917) 591-5245
   keith@fleischmanlawfirm.com
10 bsilverman@fleischmanlawfirm.com
11
   *Attorneys for Plaintiffs*
12
13              IN THE UNITED STATES DISTRICT COURT
14            FOR THE NORTHERN DISTRICT OF CALIFORNIA
15                   SAN FRANCISCO DIVISION
16
17 ALEX ANG and LYNNE STREIT,            Case No. 13 Civ. 1196 (WHO)
   individually and on behalf of all others
18 similarly situated,
                                         **PLAINTIFF LYNNE STREIT'S**
19               Plaintiff,              **RESPONSES TO DEFENDANT'S**
                                         **FIRST SET OF REQUESTS FOR**
20        v.                            **PRODUCTION OF DOCUMENTS**

21 BIMBO BAKERIES USA, INC.,
22               Defendant.
23
24
25        Plaintiff Lynne Streit ("Plaintiff"), through her attorneys, responds to the First Set of
26 Requests for Production of Documents (the "Request") from Defendant Bimbo Bakeries USA,
27 Inc., as follows:
28

                                        -1-

### GENERAL OBJECTIONS

Plaintiff asserts the following general objections to the Request ("General Objections"):

1.      Plaintiff generally objects to the Request to the extent that it seeks, either directly or indirectly, information and/or documents that are privileged by reason of the attorney-client privilege, work product privilege, or any other applicable privileges or protections, or that are otherwise immune from discovery.

2.      Plaintiff generally objects to the Request to the extent that it seeks, either directly or indirectly, information and/or documents that are trade secrets or are proprietary, confidential or sensitive in nature.

3.      Plaintiff generally objects to the Request to the extent that it seeks information and/or documents not within the possession, custody or control of Plaintiff.

4.      Plaintiff generally objects to the Request to the extent that it seeks information and/or documents that Defendant already possess or that are as equally available to Defendant as they are to Plaintiff.

5.      Plaintiff generally objects to the Request to the extent that it seeks information that requires Plaintiff to conduct investigations or acquire information not presently within their possession.

6.      Plaintiff generally objects to the Request to the extent that it seeks documents and/or information that have already been produced to Defendant by any other party.

7.      Plaintiff generally objects to the Request to the extent it purports to impose duties or obligations which exceed or are different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, Court Order, or other governing authority.

8.      Plaintiff generally objects to the Request to the extent that it attempts to incorporate definitions or rules of construction beyond the scope of what is permissible pursuant to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, Court Order, or other governing authority.

9.      Plaintiff generally objects to the Request to the extent that it subjects Plaintiff to hardship, undue burden, oppression, or embarrassment.

10.     Plaintiff generally objects to the Request to the extent that it calls for the production of documents that are irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence.

11.     Plaintiff generally objects to the Request to the extent that it is vague, ambiguous, insufficiently specific, overly broad, harassing, unintelligible, uses undefined terms capable of more than one interpretation, or requires Plaintiff to speculate as to its meaning or scope.

12.     Plaintiff generally objects to the Request to the extent that it seeks documents created after the filing and/or service of the initial pleadings in the above-captioned action.

13.     Plaintiff generally objects to the Request to the extent that it utilizes words or phrases that:  (1) assume facts not established; (2) constitute, form, imply, require or call for a legal conclusion; or (3) incorporate a characterization based upon a legal conclusion.

14.     Plaintiff generally objects to the Request to the extent that it contains incomplete, inaccurate or misleading descriptions or characterizations of facts, events, issues, laws, or pleadings underlying or relating to this action.

## TERMS AND CONDITIONS

Plaintiff imposes the following terms and conditions ("Terms and Conditions"):

1.      Any inadvertent production by Plaintiff of privileged, proprietary or confidential documents, documents that are otherwise immune from discovery, or documents subject to stated or reserved objections, shall not constitute a waiver of any applicable privilege, immunity or objection.

2.      Plaintiff reserves the right to supplement. Modify, and/or amend any and all objections, responses, terms, conditions and statements contained herein.

3.      Plaintiff reserves the right to make any motion, seek a protective order, make further objections, or impose further terms and conditions relating to the Request.

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS
Case No. CV13-01196-WHO

4.      All objections, responses, terms, conditions, and statements contained herein are based upon documents and/or information presently available to Plaintiff and are given without prejudice to Plaintiff's right to supplement, modify, and/or amend any objection, response, term, condition, or statement contained herein.

5.      Failure to make any particular objection herein shall not be construed as a waiver of such objection.

6.      The fact that Plaintiff, in any way, responds to any particular request for documents within the Request shall not be interpreted as an admission or implication that any documents responsive to such request are in Plaintiff's possession, control, or custody, or otherwise exist.

7.      Nothing herein shall be construed as an admission that any document produced pursuant to this Request is in any way admissible into evidence and Plaintiff reserves the right to object to the admissibility of any such documents and/or information.

8.      Nothing contained herein or provided in response to the Request consists of, or should be construed as, an admission relating to the accuracy, relevance or existence or nonexistence of any alleged facts or legal conclusions implied by or referenced in the Request.

9.      Each of the foregoing General Objections and Terms and Conditions is incorporated into each and every response below.

**SPECIFIC OBJECTIONS AND RESPONSES TO**
**DOCUMENT REQUESTS MADE IN THE REQUEST**

**REQUEST FOR PRODUCTION NO.1:**

All DOCUMENTS, including purchase receipts, labels and packaging, RELATING TO WHOLE WHEAT BREAD products that YOU, or any member of YOUR family or household, have purchased.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the

-4-

discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents relating to products referenced in the second amended complaint filed in the above-captioned action.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS, including purchase receipts, labels and packaging, RELATING TO WHOLE WHEAT WHITE BREAD products that YOU, or any member of YOUR family or household, have purchased.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Moreover, the second amended complaint does not allege that Plaintiff purchased any whole wheat while bread product.

**REQUEST FOR PRODUCTION NO.3:**

All DOCUMENTS, including purchase receipts, labels and packaging, RELATING TO TOASTED BREAD products that YOU, or any member of YOUR family or household, have purchased.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Moreover, the second amended complaint does not allege that Plaintiff purchased any toasted bread product.

**REQUEST FOR PRODUCTION NO.4:**

All DOCUMENTS, including purchase receipts, labels and packaging, RELATING TO BAGEL products that YOU, or any member of YOUR family or household, have purchased.

1  **RESPONSE:**

2          Subject to the General Objections and Terms and Conditions, without waiving same,

3  Plaintiff further objects to this request on the grounds that it is overly broad, unduly

4  burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the

5  discovery of admissible evidence.  Moreover, the second amended complaint does not allege

6  that Plaintiff purchased any bagel product.

7

8  **REQUEST FOR PRODUCTION NO. 5**:

9  All DOCUMENTS, including purchase receipts, labels and packaging, RELATING TO
   DONUTS products that YOU, or any member of YOUR family or household, have purchased.

10

11 **RESPONSE:**

12         Subject to the General Objections and Terms and Conditions, without waiving same,

13 Plaintiff further objects to this request on the grounds that it is overly broad, unduly

14 burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the

15 discovery of admissible evidence.  Subject to all these objections and terms and conditions,

16 without waiving same, Plaintiff shall produce responsive, non-privileged documents relating to

17 products referenced in the second amended complaint filed in the above-captioned action.

18 **REQUEST FOR PRODUCTION NO. 6:**

19
   All DOCUMENTS, including purchase receipts, labels and packaging, RELATING TO
20 purchases by YOU or others, including any member of YOUR family or household, of the
   PURCHASED PRODUCTS.
21

22 **RESPONSE:**

23         Subject to the General Objections and Terms and Conditions, without waiving same,

24 Plaintiff further objects to this request on the grounds that it is overly broad, unduly

25 burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the

26 discovery of admissible evidence.  Subject to all these objections and terms and conditions,

27 without waiving same, Plaintiff shall produce responsive, non-privileged documents.

28

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO BBUSA and/or the brands Sara Lee, Bimbo, Thomas' or Entenmann's.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents relating to products referenced in the second amended complaint filed in the above-captioned action.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO any statements on product labels or in advertising RELATING TO BBUSA's products that YOU assert to be incorrect or misleading.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, seeks privileged materials, and calls for legal conclusions.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents relating to products referenced in the second amended complaint filed in the above-captioned action.

**REQUEST FOR PRODUCTION NO. 9:**

All receipts for food purchases made by YOU, or a member of YOUR family or household, at or from any retailer, including stores, restaurants, markets, gas stations, delivery, mail order and/or food trucks, during the period from March 18, 2009 through the date of production.

//

//

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO grocery/supermarket/food store cards, loyalty cards, rewards cards and other similar customer programs that YOU, or any member of YOUR family or household, have held or in which YOU or they participated.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 11:**

A copy of the title page of any book, article or other publication that YOU have read RELATING TO the labeling or advertisement of food or other products.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to all these objections and terms and conditions, without waiving same, Plaintiff has no responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU, or any member of YOUR family or household, and BBUSA or any other food producer or food retailer.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged communications with Defendant.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATING TO COMMUNICATIONS RELATING TO BBUSA, including, but not limited to, DOCUMENTS RELATING TO requests made under the Freedom of information Act ("FOIA") and/or DOCUMENTS received pursuant to any such request.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, seeks privileged documents, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS, including, but not limited to, COMMUNICATIONS, RELATING TO any civil lawsuit in which YOU or any member of YOUR family or household have ever been a plaintiff or defendant.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, seeks privileged information, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff has no responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 15:**

A copy of YOUR current resume, biography and/or curriculum vitae.

**RESPONSE:**

       Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence and asks Plaintiff to create a document not presently in existence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce any recent resume, biography, or *curriculum vitae* in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING TO any advertisements YOU have viewed RELATING TO any BBUSA product.

**RESPONSE:**

       Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged package labels relating to products referenced in the second amended complaint filed in the above-captioned action.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO any COMMUNICATIONS YOU have had with Alex Ang.

**RESPONSE:**

       Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and seeks

-10-

privileged information.  Subject to all these objections and terms and conditions, without

waiving same, Plaintiff has no responsive, non-privileged documents.


**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO YOUR decision to file this lawsuit against BBUSA.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same,

Plaintiff further objects to this request on the grounds that it is vague, ambiguous, and seeks

privileged materials.  Subject to all these objections and terms and conditions, without waiving

same, Plaintiff shall produce responsive, non-privileged documents relating to products

referenced in the second amended complaint filed in the above-captioned action.


**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO YOUR understanding of an "excellent" or "good" source
of whole grains.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same,

Plaintiff further objects to this request on the grounds that it is vague, ambiguous, seeks

privileged materials, and calls for legal conclusions.  Subject to all these objections and terms

and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged

documents relating to products referenced in the second amended complaint filed in the above-

captioned action.


**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS RELATING TO YOUR understanding of an "excellent" or "good" source
of fiber.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same,

Plaintiff further objects to this request on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, seeks privileged materials, calls for legal conclusions, and

seeks documents that are not relevant or reasonably calculated to lead to the discovery of

admissible evidence.  Moreover, the second amended complaint does not allege that Plaintiff

purchased any product with a label stating that it is an "excellent" or "good" source of fiber.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATING TO COMMUNICATIONS with people other than YOU,
including YOUR family and members of your household, who have purchased BBUSA
products.

**RESPONSE:**

      Subject to the General Objections and Terms and Conditions, without waiving same,

Plaintiff further objects to this request on the grounds that it is overly broad, unduly

burdensome, and seeks documents that are not relevant or reasonably calculated to lead to the

discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS that support YOUR alleged damages in this lawsuit.

**RESPONSE:**

      Subject to the General Objections and Terms and Conditions, without waiving same,

Plaintiff further objects to this request on the grounds that it seeks privileged materials and calls

for legal conclusions.  Subject to all these objections and terms and conditions, without waiving

same, Plaintiff shall produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATING TO any of the "Substantially Similar Products" listed in
YOUR Amended Complaint.

**RESPONSE:**

      Subject to the General Objections and Terms and Conditions, without waiving same,

Plaintiff further objects to this request on the grounds that it seeks documents that are not

-12-

relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS RELATING TO YOUR contention that it is illegal in California to use the terms "excellent" or "good" source of whole grains.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, seeks privileged materials, and calls for legal conclusions.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS identified in YOUR responses to BBUSA's first set of interrogatories served on YOU in this action or on which YOU relied is providing those responses.

**RESPONSE:**

Subject to the General Objections and Terms and Conditions, without waiving same, Plaintiff further objects to this request on the grounds that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, seeks privileged materials, and calls for legal conclusions.  Subject to all these objections and terms and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS RELATING TO the unfair advertising causes of action in YOUR Amended Complaint filed in this lawsuit.

-13-

1

**RESPONSE:**

2      Subject to the General Objections and Terms and Conditions, without waiving same,

3  Plaintiff further objects to this request on the grounds that it is vague, ambiguous, seeks

4  privileged materials, and calls for legal conclusions.  Subject to all these objections and terms

5  and conditions, without waiving same, Plaintiff shall produce responsive, non-privileged

6  documents.

7

8  Dated: December 20, 2013

9                              /s/ Pierce Gore_____
                               Ben F. Pierce Gore (SBN 128515)
10                             PRATT & ASSOCIATES
                               1871 The Alameda, Suite 425
11                             San Jose, CA  95126
                               Telephone:  (408) 429-6506
12                             Fax:  (408) 369-0752
                               pgore@prattattorneys.com
13

14                             Keith M. Fleischman (admitted *pro hac vice*)
                               Bradley F. Silverman (admitted *pro hac vice*)
15                             THE FLEISCHMAN LAW FIRM, PLLC
                               565 Fifth Avenue, Seventh Floor
16                             New York, New York 10017
                               Telephone: (212) 880-9571
17                             Fax:  (917) 591-5245
                               keith@fleischmanlawfirm.com
18                             bsilverman@fleischmanlawfirm.com

19                             *Attorneys for Plaintiffs*

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS
Case No. CV13-01196-WHO

ANG and STREIT et al v. BIMBO BAKERIES USA, INC.
Case No. 13 Civ. 1196 (WHO)

## VERIFICATION

I, LYNNE STREIT, declare:

I am the Plaintiff in this action and am authorized to make this verification for that reason.

I have read **PLAINTIFF LYNNE STREIT'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**, and know the contents thereof. The same are true of my own knowledge, except as to those matters which are therein stated on information or belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this _12th_ day of December, 2013 in San Jose, California.

_Lynne Streit_
LYNNE STREIT

1