Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ANG and LYNNE STREIT, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br>  v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>     Defendant. | Case No. 13 Civ. 1196 (WHO)<br><br>**PLAINTIFFS' STATEMENT IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**<br><br>**Judge: Hon. William H. Orrick** |

Defendant's present motion is made in bad faith.  It is nothing but a preemptive attempt to blunt the impact of a forthcoming discovery motion from Plaintiffs.  The only reason that motion has not yet been filed is that Defendant is stalling and has effectively refused to meet and confer on its discovery violations.[1]  Among several other things, Defendant refuses to even produce initial disclosures; refuses to produce any sales information that is necessary to determine damages; claims all information relating to retail pricing is privileged; claims all information related to the issue of whether "Toasted Bread" is bread is privileged; and refuses to produce documents relating to the non-purchased products at issue.  Further, Defendant has asserted that it is not the correct party in interest with respect to one or more of Plaintiffs' claims.  *See* Dkt. # 21 at 1n.1.  Yet, it refuses to identify any of the supposed real parties in interest.  Defendant refuses to serve initial disclosures, refuses to file a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16, and refuses to respond to interrogatories seeking this information.

Moreover, this motion is procedurally improper.  Defendant refused to comply with Section 4 of the Court's Standing Order.  Defendant was required to provide a draft joint statement with a section for itself covering about half of the five-page limit and leaving a roughly equal space for Plaintiffs to include a responsive section.  Instead, Defendant provided a full five-page section that was one-sided and self-serving, without providing Plaintiffs with any room within the five-page limit to include a responsive section.  Defendant then unilaterally filed this motion after Plaintiffs refused to acquiesce to its failure to comply with the Court's Standing Order.[2]

With respect to the merits of Defendant's motion, Defendant fails to disclose that, subject to reasonable objections,[3] Plaintiffs have produced all relevant documents in their possession and have provided all available information in response to interrogatories. To the extent Defendant wants further information, it should be sought at Plaintiffs' depositions.

Defendant also claims Plaintiffs have waived objections because discovery responses were

---

[1] Not coincidently, a case management conference is scheduled for March 18, 2014.
[2] Further demonstrating Defendant's bad faith, that five-page "joint" statement was served on a Friday at about 6:00 p.m.  Defendant demanded that Plaintiffs reply by the following Monday.
[3] For example, Plaintiffs properly objected to demands for information pertaining to all food purchases made by Plaintiffs over the past ten years.  *See* Interrogatories ## 5, 6, 8, 9.

PLAINTIFFS' STATEMENT IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL            1
Case No. CV13-01196-WHO

late. Because of Plaintiffs' personal and travel schedules, Mr. Ang's responses were served two days late, and Ms. Streit's responses were served eleven days late. Defendants, however, cannot point to any prejudice they have suffered as a result of those minimal delays. Under such circumstances, objections are not waived. *See Karr v. Napolitano*, 2012 WL 1965855, at *6 (N.D. Cal. 2012) (no waiver for five day delay); *Batts v. County of Santa Clara*, 2010 WL 1027990, at *1 (N.D. Cal. 2010) (no waiver for two week delay); *Valadez v. Aguallo*, 2009 WL 1814239, at *1 (N.D. Cal. 2009) (no waiver for two day delay); *Kanawi v. Bechtel Corp.*, 2008 WL 4642168, at *1 (N.D. Cal. 2008) (no waiver for one day delay).

Defendant also inaccurately implies that Plaintiffs have, in response to numerous interrogatories and document demands, asserted identical "boilerplate" objections that those requests are "'overly broad,' 'unduly burdensome,' 'vague,' [and] 'ambiguous.'" A review of Plaintiffs' responses shows that, in actuality, different, appropriate objections were asserted in response to different discovery requests.[4] Subject to those reasonable objections, Plaintiffs agreed to produce, *inter alia*, all documents relating to any purchased and non-purchased products referenced in the complaint, all loyalty and reward cards used by Plaintiffs, communications with Defendant, and Plaintiffs' work history.

For all these reasons, Plaintiffs respectfully request that the Court deny Defendant's motion in its entirety, and grant such other and further relief as the Court deems just and proper.

Dated:  March 13, 2014                                              Respectfully submitted,

                                                        */s/ Ben F, Pierce Gore*
Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES

---

[4]   *See* Interrogatory Responses ## 6, 8, 9 (objecting to demands for information on all food purchases made over the past ten years); RFP Responses ## 1-5, 7 (objecting to demands for information on all purchases ever made by family members of general categories of food products); RFP Response # 9 (objecting to demand for information on all food purchases by family members over the past five years); RFP Responses ## 18-20 (objecting to demands for documents relating to Plaintiffs' "understanding" of various terms as vague and ambiguous); RFP Response # 21 (objecting to demand for documents regarding all communications have ever had with anyone who has ever purchased any of Defendant's products).
    Significantly, subject to such objections, Plaintiffs agreed to produce responsive documents relevant to this action. Further, it seems contradictory that Defendant would purport to require such extensive discovery when it refuses to even produce initial disclosures.

| | |
|---|---|
| 1 | 1871 The Alameda, Suite 425 |
| | San Jose, CA  95126 |
| 2 | Telephone:  (408) 429-6506 |
| | Fax:  (408) 369-0752 |
| 3 | pgore@prattattorneys.com |
| 4 | |
| | Keith M. Fleischman (*admitted pro hac vice*) |
| 5 | Bradley F. Silverman (*admitted pro hac vice*) |
| | THE FLEISCHMAN LAW FIRM, PLLC |
| 6 | 565 Fifth Avenue, Seventh Floor |
| | New York, New York 10017 |
| 7 | Telephone: (212) 880-9571 |
| | Fax:  (917) 591-5245 |
| 8 | keith@fleischmanlawfirm.com |
| 9 | bsilverman@fleischmanlawfirm.com |
| 10 | *Attorneys for Plaintiffs* |