Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
pgore@prattattorneys.com

Keith M. Fleischman (admitted pro hac vice)
Bradley F. Silverman (admitted pro hac vice)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ANG and LYNNE STREIT, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>      Defendant. | Case No. 13 Civ. 1196 (WHO) (NC)<br><br>**STATEMENT REGARDING DISCOVERY DISPUTES**<br><br>Judge:  Hon. Nathanael M. Cousins<br>Hearing: April 16, 2014 at 2:00 p.m.<br>Courtroom: A, 15th Floor |

  Plaintiffs Alex Ang and Lynne Streit ("Plaintiffs") respectfully submit this statement in accordance with the Court's Order dated March 19, 2014 (Dkt. # 61). Defendant Bimbo Bakeries USA, Inc. ("Defendant"), however, takes the position that the scope of Court's Order does not include disputes relating to Defendant's responses to Plaintiffs' discovery requests. Because the parties have resolved all disputes relating to Plaintiffs' responses to Defendant's discovery requests, Defendant filed a "Notice of Resolution of Discovery Dispute" (Dkt. # 63) purporting to advise the Court that the parties have resolved all disputes subject to the Court's Order. Plaintiffs disagree with Defendant's position.

  Defendant believes that it is not required to submit a joint statement with Plaintiffs in accordance with the Court's Order or the Court's Civil Standing Order. However, in an abundance of caution, Plaintiffs now submit their portion of the joint statement in order to comply with the Court's Order and Civil Standing Order.

This class action alleges that Defendant unlawfully manufactured, distributed, and sold specific misbranded and illegal food products in violation of the Food, Drug, and Cosmetic Act, FDA regulations, and California's Sherman Law.[1]  On January 24, 2014, Plaintiffs served sets of document requests (Exhibit A) and interrogatories (Exhibit B).  Responses to those demands were served on March 7, 2014 (Exhibits C and D).  On March 8, 2014, Plaintiffs sent a detailed letter raising numerous issues regarding those responses, as well as Defendant's refusal to serve initial disclosures.  Defendants did not respond to that letter.  After multiple requests to meet and confer, the parties did so on March 26, 2014.  However, the attorney representing Defendant was not authorized to take any position or bind Defendant with respect to any discovery issue.  Therefore, the parties remain in the same places as they were when Plaintiffs first brought these issues to the Court's attention (Dkt. # 57).

In accordance with the Court's Order dated March 19, 2014 (Dkt. # 61), after the parties met and conferred, on March 31, 2014, Plaintiffs sent their portion of a joint statement to Defendant so that Defendant could draft its portion of the statement. Defendant subsequently advised that it believes it is not required to submit a joint statement at this time.  The following discovery issues remain unresolved.

**Initial disclosures**: Despite its many discovery requests to Plaintiffs, Defendant refuses to make initial disclosures in violation of Rule 26(a).  This is not an optional requirement.

**The proper parties in interest**: Defendant has asserted that it is not the correct party in interest with respect to one or more of Plaintiffs' claims.  *See* Dkt. # 21 at 1n.1.  Yet, it refuses to identify any of the supposed real parties in interest or answer interrogatories seeking the identity of those parties.[2]  Defendant has also failed to file a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16.  It must disclose this information or waive this defense.

---

[1] *See* Second Amended Complaint ("SAC") (Dkt. # 40).  Judge Orrick has twice found the bulk of Plaintiffs' claims to be sufficiently pled.  *See* Dkt. ## 38 and 58.  Of all the products at issue identified in the SAC (Dkt. # 40 at ¶¶ 50-51, 194, 198, 203, 226), only claims relating to certain Entenmann's products (Dkt. # 40 at ¶ 215) have been dismissed.  *See* Dkt # 58 at 17-18.

[2] *See* Interrogatory Responses ("Int. Resp.") ## 5-6 (listing parties in interest as "BBUSA and various [unidentified] co-packers").  Any manufacturers or distributers of the products at issue would be the interested parties.  *See* Cal. Health & Safety Code § 110760 ("It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded.").

**Limits on periods in which documents are created**: In response to many document demands, Defendant will only produce documents created within the four-year class period.[3] Defendant is alleged to have engaged in a fraudulent scheme to deceive consumers as to the quality and healthiness of its products by placing specific prohibited terms, marks, or representations on its products. This scheme began before the class period (which is limited to four years by virtue of applicable limitations periods). Therefore, relevant documents relating to, *inter alia*, Defendant's intent, motive, and knowledge would predate the class period. As examples, pre-class period documents relating to Defendant's engagement in the specific unlawful labeling practices at issue are clearly relevant; as are documents drafted at any time relating to why the product labels at issue contain the unlawful terms, marks, and representations.

**Limiting of production to information relating to some, but not all products at issue**: Judge Orrick has expressly ruled that specific products purchased and not purchased by Plaintiffs remain at issue in this action. Dkt. ## 38, 58. Most document and interrogatory responses, however, limit production to information relating to a subset of those products.[4] That limitation is improper. Further, Defendant now suggests that, as a matter of law, Plaintiffs may not assert surviving claims regarding certain products, however, Judge Orrick has ruled to the contrary. *Id*.

Relatedly, Defendants refuse to produce key relevant documents related to their unlawful labelling practices unless they relate to specific products. For example, the SAC alleges that it is unlawful to label products as "100% Whole Wheat" when they are not. Documents relating to the general use of this phrase on products that are less than 100% whole wheat are relevant and must be produced, even if such documents do not specifically relate to a product at issue.

**Sales information**: In order to both calculate damages of the class, and to demonstrate that Defendant was able to charge higher prices or increase sales when the unlawful terms or marks

---

[3] *See* Document Responses ("Doc. Resp.") ## 3, 4, 6-11, 13-22, 24, 32-39, 50-51, 53-55, 64-69 (all seeking documents not limited to the class period). Defendant also improperly limits the scope of interrogatory responses to information from the class period. *See* Int. Resp. ## 3-5. For example, Defendant will only provide relevant information relating to services provided by marketing or advertising agencies during the class period, but not other periods. Int. Resp. # 3. Moreover, Defendant asserts the same boilerplate objections to almost every document request.
[4] *See* Doc. Resp. ## 4, 6-11, 13, 17-22, 24, 32-39, 50-51, 53-55, 57, 64-69; Int. Resp. ## 1-5.

were added to product labels (*i.e.*, Defendant's motive and intent), Plaintiffs require specific information relating to sales, pricing, and revenue. Defendant refuses to produce any such information, asserting that it is privileged or that these requests are "premature." *See* Doc. Resp. ## 26-31, 73. Similarly, Defendant also claims privilege when refusing to produce documents relating to differences between prices of products containing the specific unlawful terms or marks at issue and prices of products without them. *See* Doc. Resp. ## 58-63. All these categories of information are neither privileged nor "premature." *See Brazil v. Dole Packaged Foods, LLC*, No. C12-01831 LHK (HRL), Slip. Op. at 2 (N.D. Cal. Apr. 1, 2014) (Dkt. #123) (compelling production of the same type of sales information).[5]

**Identification of witnesses, compliance information, and communications with consultants**: In response to interrogatories seeking the identification of persons responsible for Defendant's compliance with labeling requirements or for the text appearing on Defendant's products, Defendant identifies a total of two persons. Int. Resp. ## 1-2. At the largest bread manufacturer in the country, there are likely more than two such persons. Defendant also improperly refuses to produce documents regarding its compliance with labeling requirements specifically relating to the products at issue. Doc. Resp. # 5. Further, Defendant also withholds as privileged, all communications with consultants or specialists relating to the food labeling practices at issue. Doc. Resp. ## 40-46. Such communications are not privileged.[6]

**Documents regarding "Toasted Bread":** In defense of allegations that Bimbo Original Toasted Bread violates FDA regulations relating to the manufacture of bread, Defendant asserts that "Toasted Bread" is not bread, and is therefore not subject to those regulations. Dkt. # 21 at 8-11. Nevertheless, Defendant asserts that all documents relevant to this defense are privileged. Doc. Resp. # 23. Any documents relating to the factual basis for Defendant's position that "Toasted Bread" is not bread are not privileged.

---

[5] To the extent Defendant is concerned about the release of proprietary information, Plaintiffs have offered to enter into a protective order.

[6] Indeed, in interrogatory responses, Defendant identifies some of these consultants and specialists who are not attorneys. *See* Int. Resp. # 3.

STATEMENT REGARDING DISCOVERY DISPUTES                                                  3
Case No. CV13-01196-WHO (NC)

| | | |
|---|---|---|
| 1 | Dated: April 2, 2014 | Respectfully submitted |
| 2 | |   */s/ Ben F. Pierce Gore*   |
| 3 | | Ben F. Pierce Gore (SBN 128515) |
|   | | PRATT & ASSOCIATES |
| 4 | | 1871 The Alameda, Suite 425 |
|   | | San Jose, CA  95126 |
| 5 | | Telephone:  (408) 429-6506 |
|   | | Fax:  (408) 369-0752 |
| 6 | | pgore@prattattorneys.com |
| 7 | | |
|   | | Keith M. Fleischman (*admitted pro hac vice*) |
| 8 | | Bradley F. Silverman (*admitted pro hac vice*) |
|   | | THE FLEISCHMAN LAW FIRM, PLLC |
| 9 | | 565 Fifth Avenue, Seventh Floor |
|   | | New York, New York 10017 |
| 10 | | Telephone: (212) 880-9571 |
|   | | Fax:  (917) 591-5245 |
| 11 | | keith@fleischmanlawfirm.com |
| 12 | | bsilverman@fleischmanlawfirm.com |
| 13 | | *Attorneys for Plaintiffs* |

STATEMENT REGARDING DISCOVERY DISPUTES
Case No. CV13-01196-WHO (NC)

4