Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
Fax: (408) 369-0752
pgore@prattattorneys.com

Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax: (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ANG and LYNNE STREIT, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>　　　　　　　　　Defendant. | Case No. 13 Civ. 1196 (WHO)<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** |

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as supplemented by the Local Rules of the United States District Court for the Northern District of California, plaintiffs, through their undersigned attorneys, hereby demand that, within thirty (30) days, defendant produce for examination, inspection, and copying, the documents described herein (the "Request") at the offices of the Fleischman Law Firm, PLLC, located at 565 Fifth Avenue, 7th Floor, New York, New York 10017.

## I.    DEFINITIONS

A.    As used herein, the term, "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

B.    As used herein, the term "person" is defined as any natural person or any business, legal, governmental, or other type of entity or association.

C.    Unless otherwise indicated, all references herein to any person or entity shall be defined to specifically include, where applicable, all of that person or entity's current and former employees, officers, directors, principals, owners, agents, representatives, accountants, attorneys, subsidiaries, parent entities, predecessors, and successors.

D.    As used herein, the terms "communication" and "communications" are defined as the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

E.    When referring to a person, as used herein, the term "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

F.    When referring to documents, as used herein, the term "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

G. As used herein, the term "Third Party" or "Third Parties" shall refer to any natural person or any business, legal, governmental, or other type of entity or association, other than the parties named in the above-captioned action.

H. As used herein, the terms "relate to," "related to," "relating to," "refer to," "referring to," "referred to," and "regarding" shall each mean relating to, referring to, regarding, reflecting, describing, evidencing, constituting, having a relationship to, pertaining to, identifying, containing, pertinent to, comprising, setting forth, showing, disclosing, explaining, summarizing, or to be otherwise factually, legally, or logically connected to the subject matter of the particular request, whether directly or indirectly, and whether in whole or in part.

I. As used herein, the terms "all" and "each" shall be construed as all and each.

J. As used herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

K. As used herein, the use of the singular form of any word includes the plural and *vice versa*.

L. As used herein, the masculine includes the feminine and neuter; the feminine includes the masculine and neuter, and the neuter includes the masculine and feminine.

M. As used herein, the term "including" shall be construed to mean "including, but not limited to."

N. As used herein, the term "Plaintiffs" shall mean plaintiffs Alex Ang and Lynne Streit.

O. As used herein, the term "Bimbo" shall mean defendant Bimbo Bakeries USA, Inc., together with its parent, subsidiary, related, and affiliated entities, and all current and former officers, employees, directors, principals, owners, agents, independent contractors, representatives, accountants, predecessors, and successors of Bimbo Bakeries USA, Inc. and its parent, subsidiary,

related, and affiliated entities.

  P. As used herein, the term "SAC" shall mean the second amended complaint filed in the above-captioned action.

  Q. As used herein, the term "Purchased Products" shall mean Sara Lee Classic 100% Whole Wheat Bread, Sara Lee Soft & Smooth Whole Wheat White Bread, Sara Lee 100% Whole Wheat Bread, Entenmann's Soft'ees, Bimbo Original Toasted Bread, and Thomas' Plain Bagel Thins.

  R. As used herein, the term "Substantially Similar Products" shall mean all products identified in paragraphs 194, 198, 203, 215 and 226 of the SAC.

  S. As used herein, the term "Heart Check Mark" shall mean the American Heart Association Heart Check Mark.

  T. As used herein, the term "FDCA" shall mean the Food, Drug, and Cosmetic Act.

  U. As used herein, the term "FDA" shall mean the Food and Drug Administration.

  V. As used herein, the term "Class Period" shall have the same meaning ascribed to it in the SAC.

## II. INSTRUCTIONS

  A. Pursuant to Fed. R. Civ. P. 26(e), this request shall be continuing so as to require further and supplemental production by you in the event you obtain or discover additional documents between the time of initial production and the time of hearing or trial.

  B. Documents shall be produced either in such a manner as to indicate the particular request or requests to which they are responsive, or in the manner in which they are kept in the usual course of business. In either case, all documents are to be produced with any identifying labels, file markings, file jackets, file labels, folders, or similar identifying features.

  C. If there are no documents responsive to any particular category, please so state in writing.

D.  If any part of any documents called for by this Request are withheld under a claim of privilege, please produce the non-privileged portions of such documents and, as to the privileged portions of such documents, please follow the instructions as set forth below.

E.  If any requested document or portion thereof is withheld on any grounds, including, but not limited to, any claim of privilege or work product, provide a written statement, no later than the date of the commencement of the document production, identifying:

1. The grounds for withholding such document;

2. The nature of any privilege (including work product) which is being claimed and, should the privilege be governed by state law or a foreign jurisdiction, indicate the privilege rule of the relevant state or jurisdiction being invoked;

3. The type of document, *e.g.*, letter or memorandum;

4. The general subject matter of the document;

5. The date of the document;

6. The author of the document;

7. The addressees of the document;

8. All other recipients shown in the document;

9. All other persons who ever, received, had access to, or maintained custody or control over the document;

10. The relationships between and among the author, addressees, recipients, and other persons who ever received, had access to, or maintained custody or control over the document;

11. The present custodian of the document; and

12. Such other information as is sufficient to identify the document for a subpoena *duces tecum*.

F.  If any documents or parts of documents called for by this Request have been lost, discarded, or destroyed (in whole or in part), you are to provide a written statement no later than the

date of the commencement of the document production identifying as completely as possible each such document so lost, discarded, or destroyed. Identification of each such document shall include the date of loss, disposal, or destruction, the manner of loss, disposal, or destruction, persons having knowledge of the loss, disposal, or destruction, and the persons responsible for, or who participated in, the loss, disposal, or destruction of the document.

  G. With respect to electronically stored information ("ESI"), produce such ESI in both hard copy form, and in its native electronic format. Also produce all codes, programs, or other information needed to fully translate the ESI from native electronic format into usable form that can be fully viewed, comprehended, and understood. Such ESI includes, but is not limited to, electronic mail, documents created with word processing software such as Microsoft Word, pictures, audio and video recordings, and documents in Portable Document Format ("PDF").

  H. All produced PDFs shall be in searchable form.

  I. All produced spreadsheets shall be produced in Microsoft Excel format.

  J. With respect to each request listed below, identify and produce all documents that are known to you or that can be located or discovered by reasonably diligent efforts, including, without limitation, all such documents requested to be produced that are: in your files (whether personal, business or any other files); in the files of your current or former employees, agents, independent contractors, representatives, accountants, attorneys, officers, directors, partners, members, principals, parent entities, subsidiaries, or affiliates; in the files of persons or entities acting or purporting to act on your behalf; or otherwise in your possession, custody, or control.

  K. This Request is intended to include all documents in your possession, or subject to your custody or control, whether directly or indirectly. A document is deemed to be within your possession, custody, or control if:

    1. It is within your actual possession, custody or control; or

    2. It is within the possession of any other person or entity from which you have

the right or ability to obtain such document, including, but limited to, attorneys, accountants, and other agents.

L.  All demands below seeking documents relating to specific quoted terms, phrases, or words shall be construed broadly to include documents relating to variations on those terms, phrases, or words, including, but not limited to, differences in capitalization (*e.g.,* "Whole Wheat" and "whole wheat"); word order (*e.g.,* "baked fresh" and "fresh baked"); use of numerals (*e.g.,* "100%" and "one hundred percent"); spelling (*e.g.,* "light" and "lite"); and other differences resulting in substantially similar terms, phrases, or words.

M.  **With respect to all demands below seeking sales, revenue, or pricing data, such data, where available, should be provided on a weekly basis during the identified time period and, where available, should be provided in Microsoft Excel format.**

III.  **DOCUMENTS REQUESTED**

Plaintiffs request the following documents, which should include, but not be limited to, all responsive ESI:

1.  All documents relating to the labelling and packaging of the Purchased Products or the Substantially Similar Products.

2.  All documents relating to compliance with food labelling requirements in the FDCA, FDA regulations, or the Sherman Law.

3.  All documents relating to Bimbo policies, guidelines, or protocols relating to compliance with food labelling requirements in the FDCA, FDA regulations, or the Sherman Law.

4.  All communications with the FDA relating to the labelling or packaging of products.

5.  All documents relating to compliance with food labelling requirements in the FDCA, FDA regulations, or the Sherman Law that relate to the Purchased Products or the Substantially Similar Products.

6. All documents relating to Bimbo policies, guidelines, or protocols relating to compliance with food labelling requirements in the FDCA, FDA regulations, or the Sherman Law that relate to the Purchased Products or the Substantially Similar Products.

7. All documents relating to use of the phrase "100% whole wheat" on food labels or packaging.

8. All documents relating to use of the phrase "100% whole wheat" on Sara Lee Classic 100% Whole Wheat Bread, Sara Lee 100% Whole Wheat Bread, or any products listed in paragraph 203 of the SAC.

9. Documents sufficient to show all ingredients in Sara Lee Classic 100% Whole Wheat Bread, Sara Lee 100% Whole Wheat Bread, and all products listed in paragraph 203 of the SAC.

10. All documents relating to the use of the statement on food labels or packaging that a product is a "good source" or "excellent source" of whole grain or whole grains.

11. All documents relating to the use of the statement on Sara Lee Classic 100% Whole Wheat Bread, Sara Lee 100% Whole Wheat Bread, Sara Lee Soft & Smooth Whole Wheat White Bread, and Sara Lee Soft & Smooth Whole Wheat Bread that they are either a "good source" or "excellent source" of whole grain or whole grains.

12. All documents relating to the use of the statement on Thomas' Plain Bagel Thins that it is an "excellent source" of fiber.

13. All documents relating to the use of the Heart-Check Mark on food labels or packaging.

14. All documents relating to the use of the Heart-Check Mark on Thomas' Plain Bagel Thins or any products listed in paragraph 226 of the SAC.

15. All documents relating to the Heart-Check Mark program, including all communications with the American Heart Association.

16. All documents relating to the Heart-Check Mark certification process, including costs of certification.

17. All documents relating to the Heart-Check Mark certification of Thomas' Plain Bagel Thins or any products listed in paragraph 226 of the SAC, including costs of certification.

18. All documents relating to the use of paid endorsements on the labelling or packaging of food products.

19. All documents relating to the use of statements on food products that they are "fresh," "baked daily," or "baked fresh daily."

20. All documents relating to the use of statements in Entenmanns Soft'ees or any products listed in paragraph 215 of the SAC that they are "fresh," "baked daily," or "baked fresh daily."

21. All documents related to the use of added coloring in bread products.

22. All documents related to the use of added coloring in Bimbo Original Toasted Bread or any products listed in paragraph 198 of the SAC.

23. All documents pertaining to the issue of whether Bimbo Original Toasted Bread is bread.

24. Documents sufficient to show all labeling or packaging and all changes or variations in the labeling or packaging of the Purchased Products and the Substantially Similar Products over the past six years.

25. Documents sufficient to show all differences between the labels and packaging of Purchased Products or the Substantially Similar Products sold in California and labels and packaging of Purchased Products sold in other states since the beginning of the Class Period.

26. Documents sufficient to show the total sales of, revenues from, and profits from sales of each Purchased Product and Substantially Similar Product in California during the Class Period.

27. Documents sufficient to show the total sales of, revenues from, and profits from sales of each Purchased Product and Substantially Similar Product in the United States during the Class Period.

28. Documents sufficient to show the wholesale prices in California of each Purchased Product and Substantially Similar Product during the Class Period.

29. Documents sufficient to show the wholesale prices in the United States of each Purchased Product and Substantially Similar Product during the Class Period.

30. Documents sufficient to show the retail prices and suggested retail prices in California of each Purchased Product and Substantially Similar Product during the Class Period.

31. Documents sufficient to show the retailed prices and suggested retail prices in the United States of each Purchased Product and Substantially Similar Product during the Class Period.

32. All consumer and marketing surveys, research, or analysis pertaining to any of the Purchased Products or the Substantially Similar Products (whether or not created by Bimbo or a Third Party).

33. All consumer and marketing surveys, research, or analysis pertaining to the use of the phrase "100% Whole Wheat" on products (whether or not created by Bimbo or a Third Party).

34. All consumer and marketing surveys, research, or analysis pertaining to statements that a product is a "good source" or "excellent source" of whole grain or whole grains (whether or not created by Bimbo or a Third Party).

35. All consumer and marketing surveys, research, or analysis on the use of the Heart Check Mark on products (whether or not created by Bimbo or a Third Party).

36. All consumer and marketing surveys, research, or analysis pertaining to statements that a product is "fresh," "baked daily," or "baked fresh daily" (whether or not created by Bimbo or a Third Party).

37. All consumer and marketing surveys, research, or analysis pertaining to statements that a product is an "excellent source" of fiber (whether or not created by Bimbo or a Third Party).

38. All consumer and marketing surveys, research, or analysis pertaining to the sale of food products to health-conscious consumers (whether or not created by Bimbo or a Third Party).

39. All documents relating to the compliance or non-compliance of Purchased Products or Substantially Similar Products with labelling requirements of the FDCA, FDA regulations, or the Sherman Law.

40. All communications to and from consultants, experts, or specialists in the area of food labelling requirements (whether or not employed by Bimbo).

41. All communications to and from consultants, experts, or specialists in the area of food labelling requirements (whether or not employed by Bimbo) that pertain to the Purchased Products or the Substantially Similar Products.

42. All communications to and from consultants, experts, or specialists in the area of food labelling requirements (whether or not employed by Bimbo) that pertain to the use of the Heart Check Mark.

43. All communications to and from consultants, experts, or specialists in the area of food labelling requirements (whether or not employed by Bimbo) that pertain to the use of the phrase "100% Whole Wheat" on products.

44. All communications to and from consultants, experts, or specialists in the area of food labelling requirements (whether or not employed by Bimbo) that pertain to the use of statements that a product is a "good source" or "excellent source" of whole grain or whole grains.

45. All communications to and from consultants, experts, or specialists in the area of food labelling requirements (whether or not employed by Bimbo) that pertain to the use of the phrases "fresh," "baked daily," or "baked fresh daily" on food products.

46. All communications to and from consultants, experts, or specialists in the area of food labelling requirements (whether or not employed by Bimbo) that pertain to the use of statements that a product is an "excellent source" of fiber.

47. All insurance agreements applicable to the claims asserted in the above-captioned action.

48. All joint-defense agreements with one or more other food manufacturers relating to litigation of claims pertaining to the labeling or misbranding of food products.

49. All other agreements with one or more other food manufacturers relating to litigation of claims pertaining to the labeling or misbranding of food products.

50. Documents sufficient to show when the phrase "100% whole wheat" was added to or removed from labels or packages of Sara Lee Classic 100% Whole Wheat Bread, Sara Lee 100% Whole Wheat Bread, and all products listed in paragraph 203 of the SAC.

51. Documents sufficient to show when the statements on Sara Lee Classic 100% Whole Wheat Bread, Sara Lee 100% Whole Wheat Bread, Sara Lee Soft & Smooth Whole Wheat White Bread, and Sara Lee Soft & Smooth Whole Wheat Bread that they are either a "good source" or "excellent source" of whole grain or whole grains was either added to or removed from the labels or packages of these products.

52. Documents sufficient to show when the statement on Thomas' Plain Bagel Thins that it is an "excellent source" of fiber was either added to or removed from the labels or packages of that product.

53. Documents sufficient to show when the Heart Check Mark was either added to or removed from labels or packages of Thomas' Plain Bagel Thins or any products listed in paragraph 226 of the SAC.

54. Documents sufficient to show when the statement that they are "fresh," "baked daily," or "baked fresh daily" was either added to or removed from labels or packages of Entenmanns Soft'ees or any products listed in paragraph 215 of the SAC.

55. Documents sufficient to show when added coloring was either added to or removed from the recipe for Bimbo Original Toasted Bread or any products listed in paragraph 198 of the SAC.

56. All sales, revenue, or pricing data for the Class Period relating to the Purchased Products or Substantially Similar Documents that were provided to Nielsen, Information Resources Inc., or other subscription services specializing in collecting such data.

57. Documents sufficient to show all SKU numbers of the Purchased Products and the Substantially Similar Products during the Class Period.

58. All documents relating to the actual, potential, estimated, or expected differences between the prices of products that contain the Heart Check Mark and the prices of products that do not contain the Heart Check Mark.

59. All documents relating to the actual, potential, estimated, or expected differences between the prices of products that contain the statement "100% whole wheat" and the prices of products that do not contain such a statement.

60. All documents relating to the actual, potential, estimated, or expected differences between the prices of products that contain the statement that they are either a "good source" or "excellent source" of whole grain or whole grains and the prices of products that do not contain such a statement.

61. All documents relating to the actual, potential, estimated, or expected differences between the prices of products that contain the statement that they are "fresh," "baked daily," or "baked fresh daily" and the prices of products that do not contain such a statement.

62. All documents relating to the actual, potential, estimated, or expected differences between the prices of Bimbo Original Toasted Bread, the products listed in paragraph 198 of the SAC or similar products if they contain added coloring and the prices of those products if they do not contain added coloring.

63. All documents relating to the actual, potential, estimated, or expected differences between the prices of products that contain the statement that they are an "excellent source of fiber" or and the prices of products that contain the statement that they are a "good source of fiber."

64. All documents relating to the actual, potential, estimated, or expected differences between consumer interest in or purchases of products that contain the Heart Check Mark and consumer interest in or purchases of products that do not contain the Heart Check Mark.

65. All documents relating to the actual, potential, estimated, or expected differences between consumer interest in or purchases of products that contain the statement "100% whole wheat" and consumer interest in or purchases of products that do not contain such a statement.

66. All documents relating to the actual, potential, estimated, or expected differences between consumer interest in or purchases of products that contain the statement that they are either a "good source" or "excellent source" of whole grain or whole grains and consumer interest in or purchases of products that do not contain such a statement.

67. All documents relating to the actual, potential, estimated, or expected differences between consumer interest in or purchases of products that contain the statement that they are "fresh," "baked daily," or "baked fresh daily" and consumer interest in or purchases of products that do not contain such a statement.

68. All documents relating to the actual, potential, estimated, or expected differences between consumer interest in or purchases of Bimbo Original Toasted Bread, the products listed in paragraph 198 of the SAC or similar products if they contain added coloring and consumer interest in or purchases of those products if they do not contain added coloring.

69. All documents relating to the actual, potential, estimated, or expected differences between consumer interest in or purchases of products that contain the statement that they are an "excellent source of fiber" or and consumer interest in or purchases of products that contain the statement that they are a "good source of fiber."

70. Documents sufficient to show the total sales and retail prices of each Purchased Product and Substantially Similar Product at each supermarket chain and non-supermarket retailer chain with large grocery sections (*e.g.*, Walmart, Target) in California during the Class Period.

71. Documents sufficient to show the total sales and retail prices of each Purchased Product and Substantially Similar Product at each supermarket chain and non-supermarket retailer chain with large grocery sections (*e.g.*, Walmart, Target) in the United States during the Class Period.

72. Documents sufficient to identify all Bimbo officers, employees, agents, and contractors responsible for compliance with food labelling requirements of the FDCA, FDA regulations, and the Sherman Law.

73. All documents relating to the difference in pricing between each Purchased Product and Substantially Similar Product and competing products during the Class Period.

74. All documents that relate to, support, or refute any defenses Bimbo may have.

75. Any other documents that relate to the issues, facts, claims, or defenses raised in the above-captioned action.

Dated: January 24, 2013

Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax: (917) 591-5245

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

*Attorneys for Plaintiffs*