1   HOGAN LOVELLS US LLP
    Mark C. Goodman (Bar No. 154692)
2   Ethan A. Miller (Bar No. 155965)
    3 Embarcadero Center, Suite 1500
3   San Francisco, California  94111
    Telephone:     (415) 374-2300
4   Facsimile:     (415) 374-2499
    mark.goodman@hoganlovells.com
5   ethan.miller@hoganlovells.com

6   *Attorneys for Defendant*
    BIMBO BAKERIES USA, INC.
7

8

9                     IN THE UNITED STATES DISTRICT COURT

10                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                          SAN FRANCISCO DIVISION

12   ALEX  ANG  and  LYNN  STREIT, individually )   Case No. 13 Civ. 1196 (WHO)
     and on behalf of all others similarly situated, )
13                                                 )   RESPONSE OF DEFENDANT BIMBO
                                                   )   BAKERIES USA, INC. TO PLAINTIFFS'
14                  Plaintiffs,                    )   FIRST SET OF REQUESTS FOR
                                                   )   PRODUCTION OF DOCUMENTS
15            v.                                    )
                                                   )
16   BIMBO BAKERIES USA, INC.,                     )
                                                   )
17                  Defendant.                     )
                                                   )
18                                                 )
                                                   )
19                                                 )
                                                   )
20   _____ )

21

22

23

24

25

26

27

28

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | PLAINTIFFS ALEX ANG and LYNN STREIT |
| 2 | RESPONDING PARTY: | DEFENDANT BIMBO BAKERIES USA, INC. |
| 3 | SET NO.: | ONE |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Bimbo Bakeries USA, Inc. ("BBUSA") hereby serves these responses and objections to the plaintiffs' requests for production of documents.

## GENERAL OBJECTIONS

1.     BBUSA objects to the definitions and instructions in the plaintiffs' requests for production of documents to the extent that they exceed the requirements of the Federal Rules of Civil Procedure.

2.     BBUSA objects to each of the plaintiffs' discovery requests to the extent that it purports to seek information or documents protected from discovery or disclosure by the attorney-client privilege, the attorney work product doctrine, the settlement or mediation privilege, the joint defense or common interest doctrines or by any other applicable privilege, immunity or protective doctrine.  BBUSA intends to and does invoke these privileges and immunities with respect to all covered information and documents.  Should BBUSA provide any privileged or protected information or documents during the course of this litigation, unless expressly stated otherwise, such disclosure is inadvertent and shall not constitute a waiver of any applicable privilege or immunity, or of any other ground for objecting, or of BBUSA's right to object during this litigation or otherwise to the use of such information or documents.

3.     BBUSA objects to each of the plaintiffs' discovery requests to the extent that it seeks information or documents that, if disclosed, would violate third-party privacy rights or third-party confidentiality rights (contractual, common law, statutory or otherwise) or any rights that prohibit BBUSA from disclosing third-party information or documents without consent.

4.     BBUSA objects to each of the plaintiffs' discovery requests to the extent that it purports to require BBUSA to disclose information that is commercially sensitive, confidential, proprietary and/or reflective of trade secrets, including, but not limited to, BBUSA's

-1-

1   commercially sensitive, confidential and proprietary information and information that is

2   prohibited from disclosure by contract, agreement, understanding, custom, trade usage, statute,

3   regulation, privacy law and/or any other provision of law.

4       5.      BBUSA objects to each of the plaintiffs' discovery requests to the extent that it is

5   overbroad, unduly burdensome or seeks the disclosure of information or documents neither

6   relevant to the subject matter of the pending action nor reasonably calculated to lead to the

7   discovery of admissible evidence in this action.

8       6.      BBUSA objects to each request on the basis that the plaintiffs have failed to satisfy

9   their obligation to meet and confer with BBUSA about the discovery required and sought in this

10  litigation prior to propounding discovery on BBUSA, as required by Federal Rule of Civil

11  Procedure 26.

12      7.      Discovery in this litigation is ongoing and BBUSA's responses are made only on

13  the basis of the information that is currently known or reasonably available to it. These responses

14  are made without prejudice to BBUSA's right to introduce additional evidence at the time of trial

15  or to supplement its responses, as appropriate, as discovery proceeds and after discovery has been

16  completed. BBUSA also reserves the right to make any use of, or to introduce in any hearing or

17  at trial, documents or information subsequently produced or disclosed in this action.

18      8.      The disclosure of any documents or information by BBUSA in response to this

19  discovery is made subject to all objections as to competence, relevance, materiality, admissibility

20  and any other objections on any grounds that would require exclusion of the documents or

21  information, or any portion thereof, if such documents or information were offered into evidence.

22  BBUSA expressly reserves all such objections and grounds.

23              **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

24      Subject to and without waiving the above General Objections, BBUSA hereby responds to

25  each request for production as follows:

26  **REQUEST NO. 1:**

27      All documents relating to the labelling and packaging of the Purchased Products or the

28  Substantially Similar Products.

-2-

1  **RESPONSE TO REQUEST NO. 1:**

2         BBUSA hereby incorporates the above General Objections as if stated herein in full.

3  BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

4  and seeks documents that are neither relevant to the subject matter of the pending litigation nor

5  reasonably calculated to lead to the discovery of admissible evidence in this action because the

6  documents that it seeks are not limited in scope or time.  BBUSA also objects to this Request on

7  the grounds that it seeks confidential, proprietary and/or privileged documents protected from

8  disclosure by various privileges, including the attorney-client and attorney work product

9  privileges.  BBUSA will not produce such privileged documents.  Subject to and without waiving

10 the foregoing objections, BBUSA responds that it will produce all unprivileged documents

11 responsive to this request that relate to the products during the Class Period allegedly purchased

12 by the plaintiffs that are still at issue in this litigation.

13 **REQUEST NO. 2:**

14        All documents relating to compliance with food labelling requirements in the FDCA, FDA

15 regulations, or the Sherman Law.

16 **RESPONSE TO REQUEST NO. 2:**

17        BBUSA hereby incorporates the above General Objections as if stated herein in full.

18 BBUSA further objects that this Request is vague, ambiguous, overbroad, unintelligible and

19 unduly burdensome and seeks documents that are neither relevant to the subject matter of the

20 pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this

21 action because the documents that it seeks are not limited in scope or time.  Since BBUSA

22 complies with food labeling requirements, this Request could literally require production of every

23 document in BBUSA's possession.  If that is not what the Request is seeking, then it is unclear

24 what the Request means by "compliance with food labeling requirements."  BBUSA also objects

25 to this Request on the grounds that it seeks confidential, proprietary and/or privileged documents

26 protected from disclosure by various privileges, including the attorney-client and attorney work

27 product privileges.  BBUSA will not produce such privileged documents.

28

-3-

1    **REQUEST NO. 3:**

2        All documents relating to Bimbo policies, guidelines, or protocols relating to compliance

3    with food labelling requirements in the FDCA, FDA regulations, or the Sherman Law.

4    **RESPONSE TO REQUEST NO. 3:**

5        BBUSA hereby incorporates the above General Objections as if stated herein in full.

6    BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

7    and seeks documents that are neither relevant to the subject matter of the pending litigation nor

8    reasonably calculated to lead to the discovery of admissible evidence in this action because the

9    documents that it seeks are not limited in scope or time.  BBUSA also objects to this Request on

10    the grounds that it seeks confidential, proprietary and/or privileged documents protected from

11    disclosure by various privileges, including the attorney-client and attorney work product

12    privileges.  BBUSA will not produce such privileged documents.  Subject to and without waiving

13    any of the foregoing objections, BBUSA responds that it will produce all unprivileged policy

14    documents from the Class Period in its possession, custody or control, if any such documents

15    exist, which relate to the provisions of the FDCA, FDA regulations, and the Sherman law that are

16    at issue in this lawsuit.

17    **REQUEST NO. 4:**

18        All communications with the FDA relating to the labelling or packaging of products.

19    **RESPONSE TO REQUEST NO. 4:**

20        BBUSA hereby incorporates the above General Objections as if stated herein in full.

21    BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

22    and seeks documents that are neither relevant to the subject matter of the pending litigation nor

23    reasonably calculated to lead to the discovery of admissible evidence in this action because the

24    documents that it seeks are not limited in scope or time.  BBUSA also objects to this Request on

25    the grounds that it seeks confidential, proprietary and/or privileged documents protected from

26    disclosure by various privileges, including the attorney-client and attorney work product

27    privileges.  BBUSA will not produce such privileged documents.  Subject to and without waiving

28    the foregoing objections, BBUSA responds that it will produce all unprivileged documents

-4-

1  responsive to this request that relate to the products during the Class Period allegedly purchased

2  by the plaintiffs that are still at issue in this litigation, if any such documents exist.

3  **REQUEST NO. 5:**

4      All documents relating to compliance with food labelling requirements in the FDCA, FDA

5  regulations, or the Sherman Law that relate to the Purchased Products or the Substantially Similar

6  Products.

7  **RESPONSE TO REQUEST NO. 5:**

8      BBUSA hereby incorporates the above General Objections as if stated herein in full.

9  BBUSA further objects that this Request is vague, ambiguous, unintelligible, overbroad and

10  unduly burdensome and seeks documents that are neither relevant to the subject matter of the

11  pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this

12  action because the documents that it seeks are not limited in scope or time.  Since BBUSA

13  complies with food labeling requirements, this Request could literally require production of every

14  document in BBUSA's possession.  If that is not what the Request is seeking, then it is unclear

15  what the Request means by "compliance with food labeling requirements."  BBUSA also objects

16  to this Request on the grounds that it seeks confidential, proprietary and/or privileged documents

17  protected from disclosure by various privileges, including the attorney-client and attorney work

18  product privileges.  BBUSA will not produce such privileged documents.  In addition, BBUSA

19  objects that this Request is duplicative of Request No. 2.

20  **REQUEST NO. 6:**

21      All documents relating to Bimbo policies, guidelines, or protocols relating to compliance

22  with food labelling requirements in the FDCA, FDA regulations, or the Sherman Law that relate

23  to the Purchased Products or the Substantially Similar Products.

24  **RESPONSE TO REQUEST NO. 6:**

25      BBUSA hereby incorporates the above General Objections as if stated herein in full.

26  BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

27  and seeks documents that are neither relevant to the subject matter of the pending litigation nor

28  reasonably calculated to lead to the discovery of admissible evidence in this action because the

-5-

1  documents that it seeks are not limited in scope or time.  BBUSA also objects to this Request on

2  the grounds that it seeks confidential, proprietary and/or privileged documents protected from

3  disclosure by various privileges, including the attorney-client and attorney work product

4  privileges.  BBUSA will not produce such privileged documents.  In addition, BBUSA objects

5  that this Request is duplicative of Request No. 3.  Subject to and without waiving the foregoing

6  objections, BBUSA responds that it will produce all unprivileged documents responsive to this

7  request that relate to the products during the Class Period allegedly purchased by the plaintiffs

8  that are still at issue in this litigation.

9  **REQUEST NO. 7:**

10       All documents relating to use of the phrase "100% whole wheat" on food labels or

11  packaging.

12  **RESPONSE TO REQUEST NO. 7:**

13       BBUSA hereby incorporates the above General Objections as if stated herein in full.

14  BBUSA further objects that this Request is vague, ambiguous, unintelligible, overbroad and

15  unduly burdensome and seeks documents that are neither relevant to the subject matter of the

16  pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this

17  action because it is not limited in scope or time.  BBUSA also objects to this Request on the

18  grounds that it seeks confidential, proprietary and/or privileged documents protected from

19  disclosure by various privileges, including the attorney-client and attorney work product

20  privileges.  BBUSA will not produce such privileged documents.  Subject to and without waiving

21  the foregoing objections, BBUSA responds that it will produce all unprivileged documents

22  responsive to this request that relate to the products during the Class Period allegedly purchased

23  by the plaintiffs that are still at issue in this litigation, if any such documents exist.

24  **REQUEST NO. 8:**

25       All documents relating to use of the phrase "100% whole wheat" on Sara Lee Classic

26  100% Whole Wheat Bread, Sara Lee 100% Whole Wheat Bread, or any products listed in

27  paragraph 203 of the SAC.

28

-6-

1   **RESPONSE TO REQUEST NO. 8:**

2       BBUSA hereby incorporates the above General Objections as if stated herein in full.

3   BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

4   and seeks documents that are neither relevant to the subject matter of the pending litigation nor

5   reasonably calculated to lead to the discovery of admissible evidence in this action because it is

6   not limited in scope or time.  BBUSA also objects to this Request on the grounds that it seeks

7   confidential, proprietary and/or privileged documents protected from disclosure by various

8   privileges, including the attorney-client and attorney work product privileges.  BBUSA will not

9   produce such privileged documents.  Subject to and without waiving the foregoing objections,

10   BBUSA responds that it will produce all unprivileged documents from the Class Period

11   responsive to this request relating to the products purchased by the plaintiffs, if any such

12   documents exist.

13   **REQUEST NO. 9:**

14       Documents sufficient to show all ingredients in Sara Lee Classic 100% Whole Wheat

15   Bread, Sara Lee 100% Whole Wheat Bread, and all products listed in paragraph 203 of the SAC.

16   **RESPONSE TO REQUEST NO. 9:**

17       BBUSA hereby incorporates the above General Objections as if stated herein in full.

18   BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

19   and seeks documents that are neither relevant to the subject matter of the pending litigation nor

20   reasonably calculated to lead to the discovery of admissible evidence in this action because it is

21   not limited in scope or time.  Subject to and without waiving the foregoing objections, BBUSA

22   responds that it will produce all unprivileged documents responsive to this request that relate to

23   the products during the Class Period allegedly purchased by the plaintiffs that are still at issue in

24   this litigation.

25   **REQUEST NO. 10:**

26       All documents relating to the use of the statement on food labels or packaging that a

27   product is a "good source" or "excellent source" of whole grain or whole grains.

28

-7-

1   **RESPONSE TO REQUEST NO. 10:**

2        BBUSA hereby incorporates the above General Objections as if stated herein in full.

3   BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

4   and seeks documents that are neither relevant to the subject matter of the pending litigation nor

5   reasonably calculated to lead to the discovery of admissible evidence in this action because it is

6   not limited in scope or time.  BBUSA also objects to this Request on the grounds that it seeks

7   confidential, proprietary and/or privileged documents protected from disclosure by various

8   privileges, including the attorney-client and attorney work product privileges.  BBUSA will not

9   produce such privileged documents.  Subject to and without waiving the foregoing objections,

10  BBUSA responds that it will produce all unprivileged documents responsive to this request that

11  relate to the products during the Class Period allegedly purchased by the plaintiffs that are still at

12  issue in this litigation, if any such documents exist.

13  **REQUEST NO. 11:**

14       All documents relating to the use of the statement on Sara Lee Classic 100% Whole

15  Wheat Bread, Sara Lee 100% Whole Wheat Bread, Sara Lee Soft & Smooth Whole Wheat White

16  Bread, and Sara Lee Soft & Smooth Whole Wheat Bread that they are either a "good source" or

17  "excellent source" of whole grain or whole grains.

18  **RESPONSE TO REQUEST NO. 11:**

19       BBUSA hereby incorporates the above General Objections as if stated herein in full.

20  BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

21  and seeks documents that are neither relevant to the subject matter of the pending litigation nor

22  reasonably calculated to lead to the discovery of admissible evidence in this action because it is

23  not limited in scope or time.  BBUSA also objects to this Request on the grounds that it seeks

24  confidential, proprietary and/or privileged documents protected from disclosure by various

25  privileges, including the attorney-client and attorney work product privileges.  BBUSA will not

26  produce such privileged documents.  Subject to and without waiving the foregoing objections,

27  BBUSA responds that it will produce all unprivileged documents responsive to this request that

28  relate to the products during the Class Period allegedly purchased by the plaintiffs that are still at

1   issue in this litigation, if any such documents exist.

2   **REQUEST NO. 12:**

3       All documents relating to the use of the statement on Thomas' Plain Bagel Thins that it is

4   an "excellent source" of fiber.

5   **RESPONSE TO REQUEST NO. 12:**

6       BBUSA hereby incorporates the above General Objections as if stated herein in full.

7   BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

8   and seeks documents that are neither relevant to the subject matter of the pending litigation nor

9   reasonably calculated to lead to the discovery of admissible evidence in this action.  BBUSA also

10  objects to this Request on the grounds that it seeks confidential, proprietary and/or privileged

11  documents protected from disclosure by various privileges, including the attorney-client and

12  attorney work product privileges.  BBUSA will not produce such privileged documents.  Subject

13  to and without waiving the foregoing objections, BBUSA responds that it will produce all

14  unprivileged documents in its possession, custody or control that are responsive to this Request, if

15  any such documents exist.

16  **REQUEST NO. 13:**

17      All documents relating to the use of the Heart-Check Mark on food labels or packaging.

18  **RESPONSE TO REQUEST NO. 13:**

19      BBUSA hereby incorporates the above General Objections as if stated herein in full.

20  BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

21  and seeks documents that are neither relevant to the subject matter of the pending litigation nor

22  reasonably calculated to lead to the discovery of admissible evidence in this action because it is

23  not limited in scope or time.  This Request literally seeks the production of all documents in any

24  way relating to a Heart-Check Mark.  BBUSA also objects to this Request on the grounds that it

25  seeks confidential, proprietary and/or privileged documents protected from disclosure by various

26  privileges, including the attorney-client and attorney work product privileges.  BBUSA will not

27  produce such privileged documents.  Subject to and without waiving the foregoing objections,

28  BBUSA responds that it will produce all unprivileged documents responsive to this request that

1    relate to the products during the Class Period allegedly purchased by the plaintiffs that are still at

2    issue in this litigation, if any such documents exist.

3    **REQUEST NO. 14:**

4         All documents relating to the use of the Heart-Check Mark on Thomas' Plain Bagel Thins

5    or any products listed in paragraph 226 of the SAC.

6    **RESPONSE TO REQUEST NO. 14:**

7         BBUSA hereby incorporates the above General Objections as if stated herein in full.

8    BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

9    and seeks documents that are neither relevant to the subject matter of the pending litigation nor

10   reasonably calculated to lead to the discovery of admissible evidence in this action because it is

11   not limited in scope or time.  BBUSA also objects to this Request on the grounds that it seeks

12   confidential, proprietary and/or privileged documents protected from disclosure by various

13   privileges, including the attorney-client and attorney work product privileges.  BBUSA will not

14   produce such privileged documents.  Subject to and without waiving the foregoing objections,

15   BBUSA responds that it will produce all unprivileged documents from the Class Period in its

16   possession, custody or control that are responsive to this Request, if any such documents exist.

17   **REQUEST NO. 15:**

18        All documents relating to the Heart-Check Mark program, including all communications

19   with the American Heart Association.

20   **RESPONSE TO REQUEST NO. 15:**

21        BBUSA hereby incorporates the above General Objections as if stated herein in full.

22   BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

23   and seeks documents that are neither relevant to the subject matter of the pending litigation nor

24   reasonably calculated to lead to the discovery of admissible evidence in this action because it

25   does not define the "Heart-Check Mark program" and is not limited in scope or time.  In addition,

26   BBUSA objects that this Request is duplicative of Request No. 13 and seeks documents that are

27   publicly available and/or equally available to the plaintiffs.  BBUSA also objects to this Request

28   on the grounds that it seeks confidential, proprietary and/or privileged documents protected from

1   disclosure by various privileges, including the attorney-client and attorney work product

2   privileges.  BBUSA will not produce such privileged documents.  Subject to and without waiving

3   the foregoing objections, BBUSA responds that it will produce all unprivileged documents from

4   the Class Period relating to the products still at issue in this litigation in its possession, custody or

5   control that are responsive to this Request, if any such documents exist.

6   **REQUEST NO. 16:**

7         All documents relating to the Heart-Check Mark certification process, including costs of

8   certification.

9   **RESPONSE TO REQUEST NO. 16:**

10        BBUSA hereby incorporates the above General Objections as if stated herein in full.

11  BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

12  and seeks documents that are neither relevant to the subject matter of the pending litigation nor

13  reasonably calculated to lead to the discovery of admissible evidence in this action.  In addition,

14  BBUSA objects that this Request is duplicative of Request No. 15 and seeks documents that are

15  publicly available and/or equally available to the plaintiffs.  BBUSA also objects to this Request

16  on the grounds that it seeks confidential, proprietary and/or privileged documents protected from

17  disclosure by various privileges, including the attorney-client and attorney work product

18  privileges.  BBUSA will not produce such privileged documents.  Subject to and without waiving

19  the foregoing objections, BBUSA responds that it will produce all unprivileged documents from

20  the Class Period relating to the products still at issue in this litigation in its possession, custody or

21  control that are responsive to this Request, if any such documents exist.

22  **REQUEST NO. 17:**

23        All documents relating to the Heart-Check Mark certification of Thomas' Plain Bagel

24  Thins or any products listed in paragraph 226 of the SAC, including costs of certification.

25  **RESPONSE TO REQUEST NO. 17:**

26        BBUSA hereby incorporates the above General Objections as if stated herein in full.

27  BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

28  and seeks documents that are neither relevant to the subject matter of the pending litigation nor

-11-

1   reasonably calculated to lead to the discovery of admissible evidence in this action.  In addition,

2   BBUSA objects that this Request is duplicative of Requests No. 13, No. 15 and No. 16 and seeks

3   documents that are publicly available and/or equally available to the plaintiffs.  BBUSA also

4   objects to this Request on the grounds that it seeks confidential, proprietary and/or privileged

5   documents protected from disclosure by various privileges, including the attorney-client and

6   attorney work product privileges.  BBUSA will not produce such privileged documents.  Subject

7   to and without waiving the foregoing objections, BBUSA responds that it will produce all

8   unprivileged responsive documents in its possession, custody or control that relate to products

9   during the Class Period allegedly purchased by the plaintiffs that are still at issue in this litigation,

10  if any such documents exist.

11  **REQUEST NO. 18:**

12      All documents relating to the use of paid endorsements on the labelling or packaging of

13  food products.

14  **RESPONSE TO REQUEST NO. 18:**

15      BBUSA hereby incorporates the above General Objections as if stated herein in full.

16  BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

17  and seeks documents that are neither relevant to the subject matter of the pending litigation nor

18  reasonably calculated to lead to the discovery of admissible evidence in this action, as it is not

19  limited in time or scope and does not define "paid endorsements."  BBUSA also objects to this

20  Request on the grounds that it seeks confidential, proprietary and/or privileged documents

21  protected from disclosure by various privileges, including the attorney-client and attorney work

22  product privileges.  BBUSA will not produce such privileged documents.  Subject to and without

23  waiving the foregoing objections, BBUSA responds that it will produce all unprivileged

24  documents in its possession, custody or control that are responsive to this Request and that relate

25  to the products during the Class Period allegedly purchased by the plaintiffs that are still at issue

26  in this litigation, if any such documents exist.

27  **REQUEST NO. 19:**

28      All documents relating to the use of statements on food products that they are "fresh,"

-12-

1    "baked daily," or "baked fresh daily."

2  **RESPONSE TO REQUEST NO. 19:**

3       BBUSA hereby incorporates the above General Objections as if stated herein in full.

4  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

5  burdensome and seeks documents that are neither relevant to the subject matter of the pending

6  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

7  This Request seeks the production of documents relating to any and all "food products," which

8  are undefined, at any time and seeks documents relating to statements that are not at issue in this

9  litigation.  BBUSA also objects to this Request on the grounds that it seeks confidential,

10  proprietary and/or privileged documents protected from disclosure by various privileges,

11  including the attorney-client and attorney work product privileges.  BBUSA will not produce such

12  privileged documents.  Subject to and without waiving the foregoing objections, BBUSA

13  responds that it will produce all unprivileged documents responsive to this request that relate to

14  the products during the Class Period allegedly purchased by the plaintiffs that are still at issue in

15  this litigation.

16  **REQUEST NO. 20:**

17       All documents relating to the use of statements in Entenmann's Soft'ees or any products

18  listed in paragraph 215 of the SAC that they are "fresh," "baked daily," or "baked fresh daily."

19  **RESPONSE TO REQUEST NO. 20:**

20       BBUSA hereby incorporates the above General Objections as if stated herein in full.

21  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

22  burdensome and seeks documents that are neither relevant to the subject matter of the pending

23  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

24  BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or

25  privileged documents protected from disclosure by various privileges, including the attorney-

26  client and attorney work product privileges.  BBUSA will not produce such privileged documents.

27  Subject to and without waiving the foregoing objections, BBUSA responds that it will produce all

28  unprivileged documents responsive to this request that relate to the products during the Class

-13-

1  Period allegedly purchased by the plaintiffs that are still at issue in this litigation, if any such

2  documents exist.

3  **REQUEST NO. 21:**

4      All documents related to the use of added coloring in bread products.

5  **RESPONSE TO REQUEST NO. 21:**

6      BBUSA hereby incorporates the above General Objections as if stated herein in full.

7  BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

8  and seeks documents that are neither relevant to the subject matter of the pending litigation nor

9  reasonably calculated to lead to the discovery of admissible evidence in this action because this

10 request is not limited in scope or time.  BBUSA also objects to this Request on the grounds that it

11 seeks confidential, proprietary and/or privileged documents protected from disclosure by various

12 privileges, including the attorney-client and attorney work product privileges.  BBUSA will not

13 produce such privileged documents.  Subject to and without waiving the foregoing objections,

14 BBUSA responds that it will produce all unprivileged documents responsive to this request that

15 relate to the products during the Class Period allegedly purchased by the plaintiffs that are still at

16 issue in this litigation.

17 **REQUEST NO. 22:**

18      All documents related to the use of added coloring in Bimbo Original Toasted Bread or

19 any products listed in paragraph 198 of the SAC.

20 **RESPONSE TO REQUEST NO. 22:**

21      BBUSA hereby incorporates the above General Objections as if stated herein in full.

22 BBUSA further objects that this Request is vague, ambiguous, overbroad and unduly burdensome

23 and seeks documents that are neither relevant to the subject matter of the pending litigation nor

24 reasonably calculated to lead to the discovery of admissible evidence in this action because it is

25 not limited in scope or time.  BBUSA also objects to this Request on the grounds that it seeks

26 confidential, proprietary and/or privileged documents protected from disclosure by various

27 privileges, including the attorney-client and attorney work product privileges.  BBUSA will not

28 produce such privileged documents.  Subject to and without waiving the foregoing objections,

1    BBUSA responds that it will produce all unprivileged documents responsive to this request that

2    relate to the products during the Class Period allegedly purchased by the plaintiffs that are still at

3    issue in this litigation.

4    **REQUEST NO. 23:**

5         All documents pertaining to the issue of whether Bimbo Original Toasted Bread is bread.

6    **RESPONSE TO REQUEST NO. 23:**

7         BBUSA hereby incorporates the above General Objections as if stated herein in full.

8    BBUSA further objects that this Request is vague, ambiguous, unintelligible, overbroad and

9    unduly burdensome and seeks documents that are neither relevant to the subject matter of the

10   pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this

11   action.  The Request does not define "bread" and is unlimited in scope and time.  BBUSA also

12   objects to this Request on the grounds that it seeks confidential, proprietary and/or privileged

13   documents protected from disclosure by various privileges, including the attorney-client and

14   attorney work product privileges.  Subject to and without waiving the foregoing objections,

15   BBUSA responds that there are no unprivileged documents in its possession, custody or control

16   that are responsive to this Request.

17   **REQUEST NO. 24:**

18        Documents sufficient to show all labeling or packaging and all changes or variations in the

19   labeling or packaging of the Purchased Products and the Substantially Similar Products over the

20   past six years.

21   **RESPONSE TO REQUEST NO. 24:**

22        BBUSA hereby incorporates the above General Objections as if stated herein in full.

23   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

24   burdensome and seeks documents that are neither relevant to the subject matter of the pending

25   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

26   because it is not sufficiently limited in scope and the phrase "all changes or variations in the

27   labeling or packaging" is not defined.  BBUSA also objects to this Request on the grounds that it

28   seeks confidential, proprietary and/or privileged documents protected from disclosure by various

-15-

1   privileges, including the attorney-client and attorney work product privileges.  BBUSA will not

2   produce such privileged documents.  Subject to and without waiving the foregoing objections,

3   BBUSA responds that it will produce the labels responsive to this request that relate to the

4   products during the Class Period allegedly purchased by the plaintiffs that are still at issue in this

5   litigation.

6   **REQUEST NO. 25:**

7        Documents sufficient to show all differences between the labels and packaging of

8   Purchased Products or the Substantially Similar Products sold in California and labels and

9   packaging of Purchased Products sold in other states since the beginning of the Class Period.

10  **RESPONSE TO REQUEST NO. 25:**

11       BBUSA hereby incorporates the above General Objections as if stated herein in full.

12  BBUSA further objects that this Request is vague, ambiguous and unintelligible.  Because the

13  Request instructs that "and" means "or" and "or" means "and," it is unclear which products the

14  plaintiffs seek to compare.  In addition, this Request seeks information that is not relevant nor

15  reasonably calculated to lead to the discovery of admissible evidence.

16  **REQUEST NO. 26:**

17       Documents sufficient to show the total sales of, revenues from, and profits from sales of

18  each Purchased Product and Substantially Similar Product in California during the Class Period.

19  **RESPONSE TO REQUEST NO. 26:**

20       BBUSA hereby incorporates the above General Objections as if stated herein in full.

21  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

22  burdensome and seeks documents that are neither relevant to the subject matter of the pending

23  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

24  because this Request is not limited in scope of time.  BBUSA also objects to this Request on the

25  grounds that it seeks confidential, proprietary and/or privileged documents protected from

26  disclosure by various privileges, including the attorney-client and attorney work product

27  privileges.  BBUSA will not produce such privileged documents.  Finally, BBUSA objects to this

28  Request on the grounds that it is premature.

-16-

**REQUEST NO. 27:**

Documents sufficient to show the total sales of, revenues from, and profits from sales of each Purchased Product and Substantially Similar Product in the United States during the Class Period.

**RESPONSE TO REQUEST NO. 27:**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly burdensome and seeks documents that are neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action. BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or privileged documents protected from disclosure by various privileges, including the attorney-client and attorney work product privileges.  BBUSA will not produce such privileged documents. Finally, BBUSA objects to this Request on the grounds that it is premature.

**REQUEST NO. 28:**

Documents sufficient to show the wholesale prices in California of each Purchased Product and Substantially Similar Product during the Class Period.

**RESPONSE TO REQUEST NO. 28:**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly burdensome and seeks documents that are neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action. BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or privileged documents protected from disclosure by various privileges, including the attorney-client and attorney work product privileges.  BBUSA will not produce such privileged documents.

**REQUEST NO. 29:**

Documents sufficient to show the wholesale prices in the United States of each Purchased Product and Substantially Similar Product during the Class Period.

1  **RESPONSE TO REQUEST NO. 29:**

2       BBUSA hereby incorporates the above General Objections as if stated herein in full.

3  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

4  burdensome and seeks documents that are neither relevant to the subject matter of the pending

5  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

6  BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or

7  privileged documents protected from disclosure by various privileges, including the attorney-

8  client and attorney work product privileges.  BBUSA will not produce such privileged documents.

9  **REQUEST NO. 30:**

10       Documents sufficient to show the retail prices and suggested retail prices in California of

11  each Purchased Product and Substantially Similar Product during the Class Period.

12  **RESPONSE TO REQUEST NO. 30:**

13       BBUSA hereby incorporates the above General Objections as if stated herein in full.

14  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

15  burdensome and seeks documents that are neither relevant to the subject matter of the pending

16  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

17  BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or

18  privileged documents protected from disclosure by various privileges, including the attorney-

19  client and attorney work product privileges.  BBUSA will not produce such privileged documents.

20  Finally, BBUSA objects that the documents sought be this Request are as readily available to

21  plaintiffs as they are to BBUSA.  Subject to and without waiving the foregoing objections,

22  BBUSA responds that there are no unprivileged documents in its possession, custody or control

23  that are responsive to this Request.

24  **REQUEST NO. 31:**

25       Documents sufficient to show the retail prices and suggested retail prices in the United

26  States of each Purchased Product and Substantially Similar Product during the Class Period.

27  **RESPONSE TO REQUEST NO. 31:**

28       BBUSA hereby incorporates the above General Objections as if stated herein in full.

-18-

1    BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

2    burdensome and seeks documents that are neither relevant to the subject matter of the pending

3    litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

4    BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or

5    privileged documents protected from disclosure by various privileges, including the attorney-

6    client and attorney work product privileges.  BBUSA will not produce such privileged documents.

7    Finally, BBUSA objects that the documents sought be this Request are as readily available to

8    plaintiffs as they are to BBUSA.  Subject to and without waiving the foregoing objections,

9    BBUSA responds that there are no unprivileged documents in its possession, custody or control

10   that are responsive to this Request.

11   **REQUEST NO. 32:**

12        All consumer and marketing surveys, research, or analysis pertaining to any of the

13   Purchased Products or the Substantially Similar Products (whether or not created by Bimbo or a

14   Third Party).

15   **RESPONSE TO REQUEST NO. 32:**

16        BBUSA hereby incorporates the above General Objections as if stated herein in full.

17   BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

18   overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

19   matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

20   evidence in this action.  This Request is not limited in scope or time and it is unclear what is

21   meant by "whether or not created by Bimbo or a third party."  BBUSA also objects to this

22   Request on the grounds that it seeks confidential, proprietary and/or privileged documents

23   protected from disclosure by various privileges, including the attorney-client and attorney work

24   product privileges.  BBUSA will not produce such privileged documents.  Subject to and without

25   waiving the foregoing objections, BBUSA responds that it will produce all unprivileged

26   documents responsive to this Request that relate to the products during the Class Period allegedly

27   purchased by the plaintiffs that are still at issue in this litigation, if any such documents exist.

28

-19-

1  **REQUEST NO. 33:**

2      All consumer and marketing surveys, research, or analysis pertaining to the use of the

3  phrase "100% Whole Wheat" on products (whether or not created by Bimbo or a Third Party).

4  **RESPONSE TO REQUEST NO. 33:**

5      BBUSA hereby incorporates the above General Objections as if stated herein in full.

6  BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

7  overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

8  matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

9  evidence in this action.  This Request is not limited in scope or time and it is unclear what is

10  meant by "whether or not created by Bimbo or a third party."  BBUSA also objects to this

11  Request on the grounds that it seeks confidential, proprietary and/or privileged documents

12  protected from disclosure by various privileges, including the attorney-client and attorney work

13  product privileges.  BBUSA will not produce such privileged documents.  Subject to and without

14  waiving the foregoing objections, BBUSA responds that it will produce all unprivileged

15  documents responsive to this Request that relate to the products during the Class Period allegedly

16  purchased by the plaintiffs that are still at issue in this litigation, if any such documents exist.

17  **REQUEST NO. 34:**

18      All consumer and marketing surveys, research, or analysis pertaining to statements that a

19  product is a "good source" or "excellent source" of whole grain or whole grains (whether or not

20  created by Bimbo or a Third Party).

21  **RESPONSE TO REQUEST NO. 34:**

22      BBUSA hereby incorporates the above General Objections as if stated herein in full.

23  BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

24  overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

25  matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

26  evidence in this action.  This Request is not limited in scope or time and it is unclear what is

27  meant by "whether or not created by Bimbo or a third party."  BBUSA also objects to this

28  Request on the grounds that it seeks confidential, proprietary and/or privileged documents

-20-

1    protected from disclosure by various privileges, including the attorney-client and attorney work

2    product privileges.  BBUSA will not produce such privileged documents.  Subject to and without

3    waiving the foregoing objections, BBUSA responds that it will produce all unprivileged

4    documents responsive to this Request that relate to the products during the Class Period allegedly

5    purchased by the plaintiffs that are still at issue in this litigation, if any such documents exist.

6    **REQUEST NO. 35:**

7         All consumer and marketing surveys, research, or analysis on the use of the Heart Check

8    Mark on products (whether or not created by Bimbo or a Third Party).

9    **RESPONSE TO REQUEST NO. 35:**

10        BBUSA hereby incorporates the above General Objections as if stated herein in full.

11   BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

12   overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

13   matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

14   evidence in this action.  This Request is not limited in scope or time and it is unclear what is

15   meant by "whether or not created by Bimbo or a third party."  BBUSA also objects to this

16   Request on the grounds that it seeks confidential, proprietary and/or privileged documents

17   protected from disclosure by various privileges, including the attorney-client and attorney work

18   product privileges.  BBUSA will not produce such privileged documents.  Subject to and without

19   waiving the foregoing objections, BBUSA responds that it will produce all unprivileged

20   documents responsive to this Request that relate to the products during the Class Period allegedly

21   purchased by the plaintiffs that are still at issue in this litigation, if any such documents exist.

22   **REQUEST NO. 36:**

23        All consumer and marketing surveys, research, or analysis pertaining to statements that a

24   product is "fresh," "baked daily," or "baked fresh daily" (whether or not created by Bimbo or a

25   Third Party).

26   **RESPONSE TO REQUEST NO. 36:**

27        BBUSA hereby incorporates the above General Objections as if stated herein in full.

28   BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

-21-

1    overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

2    matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

3    evidence in this action.  This Request is not limited in scope or time and it is unclear what is

4    meant by "whether or not created by Bimbo or a third party."  BBUSA also objects to this

5    Request on the grounds that it seeks confidential, proprietary and/or privileged documents

6    protected from disclosure by various privileges, including the attorney-client and attorney work

7    product privileges.  BBUSA will not produce such privileged documents.  Subject to and without

8    waiving the foregoing objections, BBUSA responds that it will produce all unprivileged

9    documents responsive to this Request that relate to the products during the Class Period allegedly

10   purchased by the plaintiffs that are still at issue in this litigation, if any such documents exist.

11   **REQUEST NO. 37:**

12          All consumer and marketing surveys, research, or analysis pertaining to statements that a

13   product is an "excellent source" of fiber (whether or not created by Bimbo or a Third Party).

14   **RESPONSE TO REQUEST NO. 37:**

15          BBUSA hereby incorporates the above General Objections as if stated herein in full.

16   BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

17   overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

18   matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

19   evidence in this action.  This Request is not limited in scope or time and it is unclear what is

20   meant by "whether or not created by Bimbo or a third party."  BBUSA also objects to this

21   Request on the grounds that it seeks confidential, proprietary and/or privileged documents

22   protected from disclosure by various privileges, including the attorney-client and attorney work

23   product privileges.  BBUSA will not produce such privileged documents.  Subject to and without

24   waiving the foregoing objections, BBUSA responds that it will produce all unprivileged

25   documents responsive to this Request that relate to the products during the Class Period allegedly

26   purchased by the plaintiffs that are still at issue in this litigation, if any such documents exist.

27   **REQUEST NO. 38:**

28          All consumer and marketing surveys, research, or analysis pertaining to the sale of food

-22-

1   products to health-conscious consumers (whether or not created by Bimbo or a Third Party).

2   **RESPONSE TO REQUEST NO. 38:**

3       BBUSA hereby incorporates the above General Objections as if stated herein in full.

4   BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

5   overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

6   matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

7   evidence in this action.  This Request is not limited in scope or time and it is unclear what is

8   meant by "whether or not created by Bimbo or a third party."  BBUSA also objects to this

9   Request on the grounds that it seeks confidential, proprietary and/or privileged documents

10   protected from disclosure by various privileges, including the attorney-client and attorney work

11   product privileges.  BBUSA will not produce such privileged documents.  Subject to and without

12   waiving the foregoing objections, BBUSA responds that it will produce all unprivileged

13   documents responsive to this Request that relate to the products during the Class Period allegedly

14   purchased by the plaintiffs that are still at issue in this litigation, if any such documents exist.

15   **REQUEST NO. 39:**

16       All documents relating to the compliance or non-compliance of Purchased Products or

17   Substantially Similar Products with labelling requirements of the FDCA, FDA regulations, or the

18   Sherman Law.

19   **RESPONSE TO REQUEST NO. 39:**

20       BBUSA hereby incorporates the above General Objections as if stated herein in full.

21   BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

22   overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

23   matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

24   evidence in this action because this Request is not limited in scope or time.  This Request is also

25   duplicative of Requests No. 4 and No. 5.  BBUSA also objects to this Request on the grounds that

26   it seeks confidential, proprietary and/or privileged documents protected from disclosure by

27   various privileges, including the attorney-client and attorney work product privileges.  BBUSA

28   will not produce such privileged documents.  Subject to and without waiving the foregoing

-23-

1  objections, BBUSA responds that it will produce all unprivileged documents responsive to this

2  Request that relate to the products during the Class Period allegedly purchased by the plaintiffs

3  that are still at issue in this litigation, if any such documents exist.

4  **REQUEST NO. 40:**

5       All communications to and from consultants, experts, or specialists in the area of food

6  labelling requirements (whether or not employed by Bimbo).

7  **RESPONSE TO REQUEST NO. 40:**

8       BBUSA hereby incorporates the above General Objections as if stated herein in full.

9  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

10 burdensome and seeks documents that are neither relevant to the subject matter of the pending

11 litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

12 This Request is not limited in scope or time and does not define "consultants, experts or

13 specialists". BBUSA also objects to this Request on the grounds that it seeks confidential,

14 proprietary and/or privileged documents protected from disclosure by various privileges,

15 including the attorney-client and attorney work product privileges. BBUSA will not produce such

16 privileged documents.

17 **REQUEST NO. 41:**

18      All communications to and from consultants, experts, or specialists in the area of food

19 labelling requirements (whether or not employed by Bimbo) that pertain to the Purchased

20 Products or the Substantially Similar Products.

21 **RESPONSE TO REQUEST NO. 41:**

22      BBUSA hereby incorporates the above General Objections as if stated herein in full.

23 BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

24 burdensome and seeks documents that are neither relevant to the subject matter of the pending

25 litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

26 This Request is not limited in scope or time and does not define "consultants, experts or

27 specialists". BBUSA also objects to this Request on the grounds that it seeks confidential,

28 proprietary and/or privileged documents protected from disclosure by various privileges,

1   including the attorney-client and attorney work product privileges.  BBUSA will not produce such

2   privileged documents.

3   **REQUEST NO. 42:**

4          All communications to and from consultants, experts, or specialists in the area of food

5   labelling requirements (whether or not employed by Bimbo) that pertain to the use of the Heart

6   Check Mark.

7   **RESPONSE TO REQUEST NO. 42:**

8          BBUSA hereby incorporates the above General Objections as if stated herein in full.

9   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

10  burdensome and seeks documents that are neither relevant to the subject matter of the pending

11  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

12  This Request is not limited in scope or time and does not define "consultants, experts or

13  specialists".  BBUSA also objects to this Request on the grounds that it seeks confidential,

14  proprietary and/or privileged documents protected from disclosure by various privileges,

15  including the attorney-client and attorney work product privileges.  BBUSA will not produce such

16  privileged documents.

17  **REQUEST NO. 43:**

18         All communications to and from consultants, experts, or specialists in the area of food

19  labelling requirements (whether or not employed by Bimbo) that pertain to the use of the phrase

20  "100% Whole Wheat" on products.

21  **RESPONSE TO REQUEST NO. 43:**

22         BBUSA hereby incorporates the above General Objections as if stated herein in full.

23  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

24  burdensome and seeks documents that are neither relevant to the subject matter of the pending

25  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

26  This Request is not limited in scope or time and does not define "consultants, experts or

27  specialists".  BBUSA also objects to this Request on the grounds that it seeks confidential,

28  proprietary and/or privileged documents protected from disclosure by various privileges,

1  including the attorney-client and attorney work product privileges.  BBUSA will not produce such

2  privileged documents.

3  **REQUEST NO. 44:**

4      All communications to and from consultants, experts, or specialists in the area of food

5  labelling requirements (whether or not employed by Bimbo) that pertain to the use of statements

6  that a product is a "good source" or "excellent source" of whole grain or whole grains.

7  **RESPONSE TO REQUEST NO. 44:**

8      BBUSA hereby incorporates the above General Objections as if stated herein in full.

9  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

10  burdensome and seeks documents that are neither relevant to the subject matter of the pending

11  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

12  This Request is not limited in scope or time and does not define "consultants, experts or

13  specialists".  BBUSA also objects to this Request on the grounds that it seeks confidential,

14  proprietary and/or privileged documents protected from disclosure by various privileges,

15  including the attorney-client and attorney work product privileges.  BBUSA will not produce such

16  privileged documents.

17  **REQUEST NO. 45:**

18      All communications to and from consultants, experts, or specialists in the area of food

19  labelling requirements (whether or not employed by Bimbo) that pertain to the use of the phrases

20  "fresh," "baked daily," or "baked fresh daily" on food products.

21  **RESPONSE TO REQUEST NO. 45:**

22      BBUSA hereby incorporates the above General Objections as if stated herein in full.

23  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

24  burdensome and seeks documents that are neither relevant to the subject matter of the pending

25  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

26  This Request is not limited in scope or time and does not define "consultants, experts or

27  specialists".  BBUSA also objects to this Request on the grounds that it seeks confidential,

28  proprietary and/or privileged documents protected from disclosure by various privileges,

-26-

1    including the attorney-client and attorney work product privileges.  BBUSA will not produce such

2    privileged documents.

3    **REQUEST NO. 46:**

4           All communications to and from consultants, experts, or specialists in the area of food

5    labelling requirements (whether or not employed by Bimbo) that pertain to the use of statements

6    that a product is an "excellent source" of fiber.

7    **RESPONSE TO REQUEST NO. 46:**

8           BBUSA hereby incorporates the above General Objections as if stated herein in full.

9    BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

10   burdensome and seeks documents that are neither relevant to the subject matter of the pending

11   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

12   This Request is not limited in scope or time and does not define "consultants, experts or

13   specialists".  BBUSA also objects to this Request on the grounds that it seeks confidential,

14   proprietary and/or privileged documents protected from disclosure by various privileges,

15   including the attorney-client and attorney work product privileges.  BBUSA will not produce such

16   privileged documents.

17   **REQUEST NO. 47:**

18          All insurance agreements applicable to the claims asserted in the above-captioned action.

19   **RESPONSE TO REQUEST NO. 47:**

20          BBUSA hereby incorporates the above General Objections as if stated herein in full.

21   BBUSA further objects that this Request is vague, ambiguous, overbroad and calls for a legal

22   conclusion.  Subject to and without waiving the foregoing objections, BBUSA responds that there

23   are no responsive documents in its possession, custody or control.

24   **REQUEST NO. 48:**

25          All joint-defense agreements with one or more other food manufacturers relating to

26   litigation of claims pertaining to the labeling or misbranding of food products.

27   **RESPONSE TO REQUEST NO. 48:**

28          BBUSA hereby incorporates the above General Objections as if stated herein in full.

1   BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

2   overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

3   matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

4   evidence in this action because it is not limited in scope or time.  BBUSA also objects to this

5   Request on the grounds that it seeks confidential, proprietary and/or privileged documents

6   protected from disclosure by various privileges, including the attorney-client and attorney work

7   product privileges.  BBUSA will not produce such privileged documents.  Subject to and without

8   waiving any of the foregoing objections, BBUSA responds that there are no unprivileged

9   documents in its possession, custody or control that are responsive to this Request.

10   **REQUEST NO. 49:**

11        All other agreements with one or more other food manufacturers relating to litigation of

12   claims pertaining to the labeling or misbranding of food products.

13   **RESPONSE TO REQUEST NO. 49:**

14        BBUSA hereby incorporates the above General Objections as if stated herein in full.

15   BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

16   overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

17   matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

18   evidence in this action because it is not limited in scope or time.  BBUSA also objects to this

19   Request on the grounds that it seeks confidential, proprietary and/or privileged documents

20   protected from disclosure by various privileges, including the attorney-client and attorney work

21   product privileges.  BBUSA will not produce such privileged documents.  Subject to and without

22   waiving any of the foregoing objections, BBUSA responds that there are no unprivileged

23   documents in its possession, custody or control that are responsive to this Request.

24   **REQUEST NO. 50:**

25        Documents sufficient to show when the phrase "100% whole wheat" was added to or

26   removed from labels or packages of Sara Lee Classic 100% Whole Wheat Bread, Sara Lee 100%

27   Whole Wheat Bread, and all products listed in paragraph 203 of the SAC.

28

-28-

1   **RESPONSE TO REQUEST NO. 50:**

2        BBUSA hereby incorporates the above General Objections as if stated herein in full.

3   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

4   burdensome and seeks documents that are neither relevant to the subject matter of the pending

5   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

6   BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or

7   privileged documents protected from disclosure by various privileges, including the attorney-

8   client and attorney work product privileges.  BBUSA will not produce such privileged documents.

9   Subject to and without waiving the foregoing objections, BBUSA responds that it will produce all

10  unprivileged documents responsive to this Request that relate to the products during the Class

11  Period allegedly purchased by the plaintiffs that are still at issue in this litigation, if any such

12  documents exist.

13  **REQUEST NO. 51:**

14       Documents sufficient to show when the statements on Sara Lee Classic 100% Whole

15  Wheat Bread, Sara Lee 100% Whole Wheat Bread, Sara Lee Soft & Smooth Whole Wheat White

16  Bread, and Sara Lee Soft & Smooth Whole Wheat Bread that they are either a "good source" or

17  "excellent source" of whole grain or whole grains was either added to or removed from the labels

18  or packages of these products.

19  **RESPONSE TO REQUEST NO. 51:**

20       BBUSA hereby incorporates the above General Objections as if stated herein in full.

21  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

22  burdensome and seeks documents that are neither relevant to the subject matter of the pending

23  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

24  BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or

25  privileged documents protected from disclosure by various privileges, including the attorney-

26  client and attorney work product privileges.  BBUSA will not produce such privileged documents.

27  Subject to and without waiving the foregoing objections, BBUSA responds that it will produce all

28  unprivileged documents responsive to this Request that relate to the products during the Class

-29-

1 Period allegedly purchased by the plaintiffs that are still at issue in this litigation, if any such

2 documents exist.

3 **REQUEST NO. 52:**

4    Documents sufficient to show when the statement on Thomas' Plain Bagel Thins that it is

5 an "excellent source" of fiber was either added to or removed from the labels or packages of that

6 product.

7 **RESPONSE TO REQUEST NO. 52:**

8    BBUSA hereby incorporates the above General Objections as if stated herein in full.

9 BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

10 burdensome and seeks documents that are neither relevant to the subject matter of the pending

11 litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

12 BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or

13 privileged documents protected from disclosure by various privileges, including the attorney-

14 client and attorney work product privileges.  BBUSA will not produce such privileged documents.

15 Subject to and without waiving the foregoing objections, BBUSA responds that it will produce all

16 unprivileged documents responsive to this Request, if any such documents exist.

17 **REQUEST NO. 53:**

18    Documents sufficient to show when the Heart Check Mark was either added to or

19 removed from labels or packages of Thomas' Plain Bagel Thins or any products listed in

20 paragraph 226 of the SAC.

21 **RESPONSE TO REQUEST NO. 53:**

22    BBUSA hereby incorporates the above General Objections as if stated herein in full.

23 BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

24 burdensome and seeks documents that are neither relevant to the subject matter of the pending

25 litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

26 BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or

27 privileged documents protected from disclosure by various privileges, including the attorney-

28 client and attorney work product privileges.  BBUSA will not produce such privileged documents.

1    Subject to and without waiving the foregoing objections, BBUSA responds that it will produce all

2    unprivileged documents responsive to this Request that relate to the products during the Class

3    Period allegedly purchased by the plaintiffs that are still at issue in this litigation, if any such

4    documents exist.

5    **REQUEST NO. 54:**

6         Documents sufficient to show when the statement that they are "fresh," "baked daily," or

7    "baked fresh daily" was either added to or removed from labels or packages of Entenmanns

8    Soft'ees or any products listed in paragraph 215 of the SAC.

9    **RESPONSE TO REQUEST NO. 54:**

10        BBUSA hereby incorporates the above General Objections as if stated herein in full.

11   BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

12   overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

13   matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

14   evidence in this action.   BBUSA also objects to this Request on the grounds that it seeks

15   confidential, proprietary and/or privileged documents protected from disclosure by various

16   privileges, including the attorney-client and attorney work product privileges.   BBUSA will not

17   produce such privileged documents.   Subject to and without waiving the foregoing objections,

18   BBUSA responds that it will produce all unprivileged documents responsive to this Request that

19   relate to the products during the Class Period allegedly purchased by the plaintiffs that are still at

20   issue in this litigation, if any such documents exist.

21   **REQUEST NO. 55:**

22        Documents sufficient to show when added coloring was either added to or removed from

23   the recipe for Bimbo Original Toasted Bread or any products listed in paragraph 198 of the SAC.

24   **RESPONSE TO REQUEST NO. 55:**

25        BBUSA hereby incorporates the above General Objections as if stated herein in full.

26   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

27   burdensome and seeks documents that are neither relevant to the subject matter of the pending

28   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

-31-

1   BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or

2   privileged documents protected from disclosure by various privileges, including the attorney-

3   client and attorney work product privileges.  BBUSA will not produce such privileged documents.

4   Subject to and without waiving the foregoing objections, BBUSA responds that it will produce all

5   unprivileged documents responsive to this Request that relate to the products during the Class

6   Period allegedly purchased by the plaintiffs that are still at issue in this litigation, if any such

7   documents exist.

8   **REQUEST NO. 56:**

9       All sales, revenue, or pricing data for the Class Period relating to the Purchased Products

10  or Substantially Similar Documents that were provided to Nielsen, Information Resources Inc., or

11  other subscription services specializing in collecting such data.

12  **RESPONSE TO REQUEST NO. 56:**

13      BBUSA hereby incorporates the above General Objections as if stated herein in full.

14  BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

15  overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

16  matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

17  evidence in this action.  BBUSA also objects to this Request on the grounds that it seeks

18  confidential, proprietary and/or privileged documents protected from disclosure by various

19  privileges, including the attorney-client and attorney work product privileges.  BBUSA will not

20  produce such privileged documents.  Subject to and without waiving the foregoing objections,

21  BBUSA responds that there are no documents in its possession, custody or control that are

22  responsive to this Request.

23  **REQUEST NO. 57:**

24      Documents sufficient to show all SKU numbers of the Purchased Products and the

25  Substantially Similar Products during the Class Period.

26  **RESPONSE TO REQUEST NO. 57:**

27      BBUSA hereby incorporates the above General Objections as if stated herein in full.

28  BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

-32-

1  overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

2  matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

3  evidence in this action.  BBUSA also objects to this Request on the grounds that it seeks

4  confidential, proprietary and/or privileged documents protected from disclosure by various

5  privileges, including the attorney-client and attorney work product privileges.  BBUSA will not

6  produce such privileged documents.  Subject to and without waiving the foregoing objections,

7  BBUSA responds that it will produce a chart of SKU numbers for products during the Class

8  Period allegedly purchased by the plaintiffs that are still at issue in this litigation.

9  **REQUEST NO. 58:**

10      All documents relating to the actual, potential, estimated, or expected differences between

11  the prices of products that contain the Heart Check Mark and the prices of products that do not

12  contain the Heart Check Mark.

13  **RESPONSE TO REQUEST NO. 58:**

14      BBUSA hereby incorporates the above General Objections as if stated herein in full.

15  BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

16  overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

17  matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

18  evidence in this action because this Request is not limited in scope or time.  BBUSA also objects

19  to this Request on the grounds that it seeks confidential, proprietary and/or privileged documents

20  protected from disclosure by various privileges, including the attorney-client and attorney work

21  product privileges.  BBUSA will not produce such privileged documents.  Subject to and without

22  waiving the foregoing objections, BBUSA responds that there are no unprivileged documents in

23  its possession, custody or control that are responsive to this Request.

24  **REQUEST NO. 59:**

25      All documents relating to the actual, potential, estimated, or expected differences between

26  the prices of products that contain the statement "100% whole wheat" and the prices of products

27  that do not contain such a statement.

28

-33-

**RESPONSE TO REQUEST NO. 59:**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible, overbroad and unduly burdensome and seeks documents that are neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action because this Request is not limited in scope or time. BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or privileged documents protected from disclosure by various privileges, including the attorney-client and attorney work product privileges. BBUSA will not produce such privileged documents. Subject to and without waiving the foregoing objections, BBUSA responds that there are no unprivileged documents in its possession, custody or control that are responsive to this Request.

**REQUEST NO. 60:**

All documents relating to the actual, potential, estimated, or expected differences between the prices of products that contain the statement that they are either a "good source" or "excellent source" of whole grain or whole grains and the prices of products that do not contain such a statement.

**RESPONSE TO REQUEST NO. 60:**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible, overbroad and unduly burdensome and seeks documents that are neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action because this Request is not limited in scope or time. BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or privileged documents protected from disclosure by various privileges, including the attorney-client and attorney work product privileges. BBUSA will not produce such privileged documents. Subject to and without waiving the foregoing objections, BBUSA responds that there are no unprivileged documents in its possession, custody or control that are responsive to this Request.

**REQUEST NO. 61:**

All documents relating to the actual, potential, estimated, or expected differences between the prices of products that contain the statement that they are "fresh," "baked daily," or "baked fresh daily" and the prices of products that do not contain such a statement.

**RESPONSE TO REQUEST NO. 61:**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible, overbroad and unduly burdensome and seeks documents that are neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action because this Request is not limited in scope or time. BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or privileged documents protected from disclosure by various privileges, including the attorney-client and attorney work product privileges. BBUSA will not produce such privileged documents. Subject to and without waiving the foregoing objections, BBUSA responds that there are no unprivileged documents in its possession, custody or control that are responsive to this Request.

**REQUEST NO. 62:**

All documents relating to the actual, potential, estimated, or expected differences between the prices of Bimbo Original Toasted Bread, the products listed in paragraph 198 of the SAC or similar products if they contain added coloring and the prices of those products if they do not contain added coloring.

**RESPONSE TO REQUEST NO. 62:**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible, overbroad and unduly burdensome and seeks documents that are neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action because this Request is not limited in scope or time. BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or privileged documents protected from disclosure by various privileges, including the attorney-client and attorney work

-35-

1  product privileges. BBUSA will not produce such privileged documents. Subject to and without

2  waiving the foregoing objections, BBUSA responds that there are no unprivileged documents in

3  its possession, custody or control that are responsive to this Request.

4  **REQUEST NO. 63:**

5    All documents relating to the actual, potential, estimated, or expected differences between

6  the prices of products that contain the statement that they are an "excellent source of fiber" or and

7  the prices of products that contain the statement that they are a "good source of fiber."

8  **RESPONSE TO REQUEST NO. 63:**

9    BBUSA hereby incorporates the above General Objections as if stated herein in full.

10  BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

11  overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

12  matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

13  evidence in this action because this Request is not limited in scope or time. BBUSA also objects

14  to this Request on the grounds that it seeks confidential, proprietary and/or privileged documents

15  protected from disclosure by various privileges, including the attorney-client and attorney work

16  product privileges. BBUSA will not produce such privileged documents. Subject to and without

17  waiving the foregoing objections, BBUSA responds that there are no unprivileged documents in

18  its possession, custody or control that are responsive to this Request.

19  **REQUEST NO. 64:**

20    All documents relating to the actual, potential, estimated, or expected differences between

21  consumer interest in or purchases of products that contain the Heart Check Mark and consumer

22  interest in or purchases of products that do not contain the Heart Check Mark.

23  **RESPONSE TO REQUEST NO. 64:**

24    BBUSA hereby incorporates the above General Objections as if stated herein in full.

25  BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

26  overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

27  matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

28  evidence in this action. This Request is not limited in scope or time and does not define

-36-

1  "differences between consumer interest in or purchases or products". BBUSA also objects to this

2  Request on the grounds that it seeks confidential, proprietary and/or privileged documents

3  protected from disclosure by various privileges, including the attorney-client and attorney work

4  product privileges. BBUSA will not produce such privileged documents. Subject to and without

5  waiving the foregoing objections, BBUSA responds that it will produce all unprivileged

6  documents responsive to this Request that relate to the products during the Class Period allegedly

7  purchased by the plaintiffs that are still at issue in this litigation, if any such documents exist.

8  **REQUEST NO. 65:**

9       All documents relating to the actual, potential, estimated, or expected differences between

10  consumer interest in or purchases of products that contain the statement "100% whole wheat" and

11  consumer interest in or purchases of products that do not contain such a statement.

12  **RESPONSE TO REQUEST NO. 65:**

13       BBUSA hereby incorporates the above General Objections as if stated herein in full.

14  BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

15  overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

16  matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

17  evidence in this action. This Request is not limited in scope or time and does not define

18  "differences between consumer interest in or purchases or products". BBUSA also objects to this

19  Request on the grounds that it seeks confidential, proprietary and/or privileged documents

20  protected from disclosure by various privileges, including the attorney-client and attorney work

21  product privileges. BBUSA will not produce such privileged documents. Subject to and without

22  waiving the foregoing objections, BBUSA responds that it will produce all unprivileged

23  documents responsive to this Request that relate to the products during the Class Period allegedly

24  purchased by the plaintiffs that are still at issue in this litigation, if any such documents exist.

25  **REQUEST NO. 66:**

26       All documents relating to the actual, potential, estimated, or expected differences between

27  consumer interest in or purchases of products that contain the statement that they are either a

28  "good source" or "excellent source" of whole grain or whole grains and consumer interest in or

1    purchases of products that do not contain such a statement.

2    **RESPONSE TO REQUEST NO. 66:**

3       BBUSA hereby incorporates the above General Objections as if stated herein in full.

4    BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

5    overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

6    matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

7    evidence in this action.  This Request is not limited in scope or time and does not define

8    "differences between consumer interest in or purchases or products".  BBUSA also objects to this

9    Request on the grounds that it seeks confidential, proprietary and/or privileged documents

10   protected from disclosure by various privileges, including the attorney-client and attorney work

11   product privileges.  BBUSA will not produce such privileged documents.  Subject to and without

12   waiving the foregoing objections, BBUSA responds that it will produce all unprivileged

13   documents responsive to this Request that relate to the products during the Class Period allegedly

14   purchased by the plaintiffs that are still at issue in this litigation, if any such documents exist.

15   **REQUEST NO. 67:**

16      All documents relating to the actual, potential, estimated, or expected differences between

17   consumer interest in or purchases of products that contain the statement that they are "fresh,"

18   "baked daily," or "baked fresh daily" and consumer interest in or purchases of products that do

19   not contain such a statement.

20   **RESPONSE TO REQUEST NO. 67:**

21      BBUSA hereby incorporates the above General Objections as if stated herein in full.

22   BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

23   overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

24   matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

25   evidence in this action.  This Request is not limited in scope or time and does not define

26   "differences between consumer interest in or purchases or products".  BBUSA also objects to this

27   Request on the grounds that it seeks confidential, proprietary and/or privileged documents

28   protected from disclosure by various privileges, including the attorney-client and attorney work

-38-

1     product privileges.  BBUSA will not produce such privileged documents.  Subject to and without

2     waiving the foregoing objections, BBUSA responds that it will produce all unprivileged

3     documents responsive to this Request that relate to the products during the Class Period allegedly

4     purchased by the plaintiffs that are still at issue in this litigation, if any such documents exist.

5     **REQUEST NO. 68:**

6         All documents relating to the actual, potential, estimated, or expected differences between

7     consumer interest in or purchases of Bimbo Original Toasted Bread, the products listed in

8     paragraph 198 of the SAC or similar products if they contain added coloring and consumer

9     interest in or purchases of those products if they do not contain added coloring.

10     **RESPONSE TO REQUEST NO. 68:**

11         BBUSA hereby incorporates the above General Objections as if stated herein in full.

12     BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

13     overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

14     matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

15     evidence in this action.  This Request is not limited in scope or time and does not define

16     "differences between consumer interest in or purchases or products".  BBUSA also objects to this

17     Request on the grounds that it seeks confidential, proprietary and/or privileged documents

18     protected from disclosure by various privileges, including the attorney-client and attorney work

19     product privileges.  BBUSA will not produce such privileged documents.  Subject to and without

20     waiving the foregoing objections, BBUSA responds that it will produce all unprivileged

21     documents responsive to this Request that relate to the products during the Class Period allegedly

22     purchased by the plaintiffs that are still at issue in this litigation, if any such documents exist.

23     **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 69**

24         All documents relating to the actual, potential, estimated, or expected differences between

25     consumer interest in or purchases of products that contain the statement that they are an "excellent

26     source of fiber" or and consumer interest in or purchases of products that contain the statement

27     that they are a "good source of fiber."

28

-39-

**RESPONSE TO REQUEST NO. 69:**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible, overbroad and unduly burdensome and seeks documents that are neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action. This Request is not limited in scope or time and does not define "differences between consumer interest in or purchases or products". BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or privileged documents protected from disclosure by various privileges, including the attorney-client and attorney work product privileges. BBUSA will not produce such privileged documents. Subject to and without waiving the foregoing objections, BBUSA responds that it will produce all unprivileged documents responsive to this Request that relate to the products during the Class Period allegedly purchased by the plaintiffs that are still at issue in this litigation, if any such documents exist.

**REQUEST NO. 70:**

Documents sufficient to show the total sales and retail prices of each Purchased Product and Substantially Similar Product at each supermarket chain and non-supermarket retailer chain with large grocery sections (e.g., Walmart, Target) in California during the Class Period.

**RESPONSE TO REQUEST NO. 70:**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this Request is duplicative of Requests Nos. 26, 28 and 30, and refers to BBUSA's objections and responses to those Requests, which are fully incorporated herein by this reference. Subject to and without waiving these objections, BBUSA responds that there are no documents in its possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 71**

Documents sufficient to show the total sales and retail prices of each Purchased Product and Substantially Similar Product at each supermarket chain and non-supermarket retailer chain with large grocery sections (e.g., Walmart, Target) in the United States during the Class Period.

-40-

1   **RESPONSE TO REQUEST NO. 71**

2        BBUSA hereby incorporates the above General Objections as if stated herein in full.

3   BBUSA further objects that this Request is duplicative of Requests Nos. 26, 28 and 30, and refers

4   to BBUSA's objections and responses to those Requests, which are fully incorporated herein by

5   this reference.  Subject to and without waiving these objections, BBUSA responds that there are

6   no documents in its possession, custody or control responsive to this Request.

7   **REQUEST NO. 72:**

8        Documents sufficient to identify all Bimbo officers, employees, agents, and contractors

9   responsible for compliance with food labelling requirements of the FDCA, FDA regulations, and

10  the Sherman Law.

11  **RESPONSE TO REQUEST NO. 72:**

12       BBUSA hereby incorporates the above General Objections as if stated herein in full.

13  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

14  burdensome and seeks documents that are neither relevant to the subject matter of the pending

15  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

16  BBUSA also objects to this Request on the grounds that it seeks confidential, proprietary and/or

17  privileged documents protected from disclosure by various privileges, including the attorney-

18  client and attorney work product privileges.  Subject to and without waiving the foregoing

19  objections, BBUSA responds that it will provide an organizational chart.

20  **REQUEST NO. 73:**

21       All documents relating to the difference in pricing between each Purchased Product and

22  Substantially Similar Product and competing products during the Class Period.

23  **RESPONSE TO REQUEST NO. 73:**

24       BBUSA hereby incorporates the above General Objections as if stated herein in full.

25  BBUSA further objects that this Request is vague, ambiguous, compound, unintelligible,

26  overbroad and unduly burdensome and seeks documents that are neither relevant to the subject

27  matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible

28  evidence in this action.  This Request is not limited in scope and time and would require the

-41-

1   productions of virtually every document in BBUSA's possession.  BBUSA also objects to this

2   Request on the grounds that it seeks confidential, proprietary and/or privileged documents

3   protected from disclosure by various privileges, including the attorney-client and attorney work

4   product privileges.  BBUSA will not produce such privileged documents.

5   **REQUEST NO. 74:**

6         All documents that relate to, support, or refute any defenses Bimbo may have.

7   **RESPONSE TO REQUEST NO. 74:**

8         BBUSA hereby incorporates the above General Objections as if stated herein in full.

9   BBUSA further objects that this Request seeks confidential, proprietary and/or privileged

10  documents protected from disclosure by various privileges, including the attorney-client and work

11  product privileges.  In addition, BBUSA objects that this Request is premature, as BBUSA has not

12  yet asserted any defenses in this litigation, and fails to describe the documents it seeks with

13  reasonable particularity and, for that reason, this Request is fatally vague and ambiguous.

14  **REQUEST NO. 75:**

15        Any other documents that relate to the issues, facts, claims, or defenses raised in the

16  above-captioned action.

17  **RESPONSE TO REQUEST NO. 75:**

18        BBUSA hereby incorporates the above General Objections as if stated herein in full.

19  BBUSA further objects that this Request seeks confidential, proprietary and/or privileged

20  documents protected from disclosure by various privileges, including the attorney-client and work

21  product privileges.  In addition, BBUSA objects that this Request fails to describe the documents

22  it seeks with reasonable particularity and, for that reason, this Request is fatally vague, ambiguous

23  and overbroad.

24  Dated:  March 7, 2014                         HOGAN LOVELLS US LLP

25

26                                                By: /s/ Mark C. Goodman
                                                      Mark C. Goodman
27                                                    Attorneys for Defendant
                                                      Bimbo Bakeries USA, Inc.
28

                                           -42-

PROOF OF SERVICE

STATE OF CALIFORNIA      )
                               ) ss.
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to this action. My business address is Hogan Lovells US LLP, 1999 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067.

On March 7, 2014, I caused the foregoing document described as: RESPONSE OF DEFENDANT BIMBO BAKERIES USA, INC. TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS to be served on the interested parties in this action as follows:

Ananda N. Chaudhuri                   Ben F. Pierce Gore
Keith M. Fleischman                    Pratt & Associates
Bradley F. Silverman                   1871 The Alameda, Suite 425
Fleischman Law Firm                   San Jose, CA 95126
565 Fifth Avenue, 7th Floor           T: 408-369-0800
New York, NY 10017                    pgore@prattattorneys.com
T: 212-880-9567
achaudhuri@fleischmanlawfirm.com
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

**[X]**    **BY U.S. MAIL.** I sealed said envelope and placed it for collection and mailing following ordinary business practices. by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above.

**[X]**    **BY E-MAIL.** I served such document(s) in PDF format to the e-mail address(es) indicated above following ordinary business practices.

**[ ]**    **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the individuals listed below

**[ ]**    **BY OVERNIGHT SERVICE.** I caused such document to be delivered by overnight mail to the offices listed below by placing it for collection by UPS / Federal Express following ordinary business practices by my firm, to wit, that packages will either be picked up from my firm by UPS / Federal Express and/or delivered by my firm to the UPS / Federal Express office:

**[ ]**    **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on _____ at Los Angeles, California.

**[X]**    **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on March 7, 2014, at Los Angeles, California.

_____Gwendolyn Santini_____          _____
Print Name                                   Signature

1