HOGAN LOVELLS US LLP
Mark C. Goodman (Bar No. 154692)
Ethan A. Miller (Bar No. 155965)
3 Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone:    (415) 374-2300
Facsimile:    (415) 374-2499
mark.goodman@hoganlovells.com
ethan.miller@hoganlovells.com

*Attorneys for Defendant*
BIMBO BAKERIES USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ANG and LYNN STREIT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>Defendant. | Case No. 13 Civ. 1196 (WHO)<br><br>DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES |

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFFS ALEX ANG and LYNN STREIT |
| RESPONDING PARTY: | DEFENDANT BIMBO BAKERIES USA, INC. |
| SET NO.: | ONE |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Bimbo Bakeries USA, Inc. ("BBUSA") hereby serves these responses and objections to the plaintiffs' interrogatories.

## GENERAL OBJECTIONS

1. BBUSA objects to the definitions and instructions in the plaintiffs' interrogatories to the extent that they exceed the requirements of the Federal Rules of Civil Procedure.

2. BBUSA objects to each of the interrogatories to the extent that it purports to seek information or documents protected from discovery or disclosure by the attorney-client privilege, the attorney work product doctrine, the settlement or mediation privilege, the joint defense or common interest doctrines or by any other applicable privilege, immunity or protective doctrine. BBUSA intends to and does invoke these privileges and immunities with respect to all covered information and documents. Should BBUSA provide any privileged or protected information or documents during the course of this litigation, unless expressly stated otherwise, such disclosure is inadvertent and shall not constitute a waiver of any applicable privilege or immunity, or of any other ground for objecting, or of BBUSA's right to object during this litigation or otherwise to the use of such information or documents.

3. BBUSA objects to each of the interrogatories to the extent that it seeks information or documents that, if disclosed, would violate third-party privacy rights or third-party confidentiality rights (contractual, common law, statutory or otherwise) or any rights that prohibit BBUSA from disclosing third-party information or documents without consent.

4. BBUSA objects to each of the interrogatories to the extent that it purports to require BBUSA to disclose information that is commercially sensitive, confidential, proprietary and/or reflective of trade secrets, including, but not limited to, BBUSA's commercially sensitive, confidential and proprietary information and information that is prohibited from disclosure by

contract, agreement, understanding, custom, trade usage, statute, regulation, privacy law and/or any other provision of law.

5. BBUSA objects to each of the interrogatories to the extent that it is overbroad, unduly burdensome or seeks the disclosure of information or documents neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence in this action.

6. BBUSA objects to each interrogatory on the basis that the plaintiffs have failed to satisfy their obligation to meet and confer with BBUSA about the discovery required and sought in this litigation prior to propounding discovery on BBUSA, as required by Federal Rule of Civil Procedure 26.

7. Discovery in this litigation is ongoing and BBUSA's responses are made only on the basis of the information that is currently known or reasonably available to it. These responses are made without prejudice to BBUSA's right to introduce additional evidence at the time of trial or to supplement its responses, as appropriate, as discovery proceeds and after discovery has been completed. BBUSA also reserves the right to make any use of, or to introduce in any hearing or at trial, documents or information subsequently produced or disclosed in this action. The disclosure of any documents or information by BBUSA in response to these interrogatories is made subject to all objections as to competence, relevance, materiality, admissibility and any other objections on any grounds that would require exclusion of the documents or information, or any portion thereof, if such documents or information were offered into evidence. BBUSA expressly reserves all such objections and grounds.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all officers, employees, independent contractors, and agents of Bimbo who have been responsible for compliance with labelling requirements of the FDCA, FDA, and Sherman Law over the past ten years, including the titles or job descriptions of all such persons. To the extent any such persons are not presently employed by Bimbo, provide the most recent information regarding their whereabouts, including current addresses and phone numbers.

**RESPONSE TO INTERROGATORY NO. 1:**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this interrogatory is vague, ambiguous, compound, overbroad, unduly burdensome and seeks information that is neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action. BBUSA also objects to this interrogatory to the extent that it seeks disclosure of information protected by the attorney-client and/or work product privileges.

Subject to and without waiving any of the foregoing objections, BBUSA responds that the following individuals have knowledge of and responsibility for labels for the products allegedly purchased by the plaintiffs in this litigation:

- BBUSA's counsel;
- Lisa Accardo, Regulatory Compliance Manager, Bimbo Bakeries USA, Inc., c/o counsel for BBUSA.

**INTERROGATORY NO. 2:**

Identify all officers, employees, independent contractors, and agents of Bimbo who have been responsible for the text appearing on food labelling or packaging over the past ten years, including the titles or job descriptions of all such persons. To the extent any such persons are not presently employed by Bimbo, provide the most recent information regarding their whereabouts, including current addresses and phone numbers.

**RESPONSE TO INTERROGATORY NO. 2:**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this interrogatory is vague, ambiguous, compound, overbroad, unduly burdensome and seeks information that is neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action. BBUSA also objects to this interrogatory to the extent that it seeks disclosure of information protected by the attorney-client and/or work product privileges.

Subject to and without waiving any of the foregoing objections, BBUSA responds that the following individuals have knowledge of and responsibility for labels for the products allegedly purchased by the plaintiffs in this litigation:

- Ken Gerhart, Director, Packaging Graphics, Bimbo Bakeries USA, Inc., c/o counsel for BBUSA;
- Lisa Accardo, Regulatory Compliance Manager, Bimbo Bakeries USA, Inc., c/o counsel for BBUSA.

**INTERROGATORY NO. 3:**

Identify all outside marketing, advertising, or promoting consultants, agencies, experts, or professionals that provided services to Bimbo within the past ten years relating to the marketing, advertising, promoting, labelling, or packaging of food products, including a description of the type of services provided and the most recent information regarding whereabouts, including current addresses and phone numbers.

**RESPONSE TO INTERROGATORY NO. 3:**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this interrogatory is vague, ambiguous, compound, overbroad, unduly burdensome and seeks information that is neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action. BBUSA also objects to this interrogatory on the grounds that it seeks confidential, proprietary and private information that is protected from disclosure and information protected by the attorney-client and/or work product privileges.

Subject to and without waiving any of the foregoing objections, BBUSA responds that the following third-party marketing entities have consulted with BBUSA regarding the products during the Class Period purchased by the plaintiffs that are still at issue in this action:

- Ogilvy (advertising);
- Integer (advertising);
- TPN (advertising);
- Circle One Marketing (advertising);
- JWT Action (media);

- Harmelin Media (media);
- Integer (media);
- GRP (media);
- Launch PKG (packaging);
- Polan Waski (packaging);
- Zunda Group (packaging);
- DePersico (packaging);
- Kevin McMahon of Valentine Design (packaging);
- Vault Communiations (public relations);
- Marina Maher (public relations);
- O'Malley Hansen (public relations);
- ET Insights (marketing);
- Vision Marketing (marketing).

**INTERROGATORY NO. 4:**

Identify all changes or variations in the labelling or packaging of the Purchased Products and Substantially Similar Products over the past six years, and specify where a change or variation was only made regionally or on less than all labelling or packaging of a product, including the identification of the region or individual product sub-group at issue.

**RESPONSE TO INTERROGATORY NO. 4:**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this interrogatory is vague, ambiguous, compound, overbroad, unduly burdensome and seeks information that is neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action.

Subject to and without waiving any of the foregoing objections, BBUSA responds as follows: In lieu of providing a compilation or summary of BBUSA's voluminous business records in response to this interrogatory, which would be unduly burdensome, BBUSA will produce the labeling and packaging in its possession, custody or control relating to the products during the Class Period purchased by the plaintiffs that remain at issue in this litigation.

**INTERROGATORY NO. 5**

Identify the manufacturer of each of the Purchased Products and Substantially Similar Products, including the manufacturer's relationship to Bimbo Bakeries USA Inc.

**RESPONSE TO INTERROGATORY NO. 5**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this interrogatory is vague, ambiguous, overbroad and unduly burdensome. The terms "manufacturer" and "manufacturer's relationship" are undefined and susceptible to multiple meanings and interpretations.

Subject to and without waiving any of the foregoing objections, BBUSA responds as follows with respect to the products during the Class Period purchased by the plaintiffs that remain at issue in the litigation: BBUSA and various co-packers.

**INTERROGATORY NO. 6**

Identify the party responsible for the initial sale of each of the Purchased Products and Substantially Similar Products after they are manufactured, including that party's relationship to Bimbo Bakeries USA Inc.

**RESPONSE TO INTERROGATORY NO. 6**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this interrogatory is vague, ambiguous, unintelligible, overbroad, unduly burdensome and seeks information that is neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action. It is impossible to discern from this interrogatory what the term "initial sale" means and what it means for a party to be "responsible for the initial sale" of the products at issue in this case after they are manufactured.

Dated: March 7, 2014                                HOGAN LOVELLS US LLP


                                                    By: /s/ Mark C. Goodman
                                                        Mark C. Goodman
                                                        Attorneys for Defendant
                                                        Bimbo Bakeries USA, Inc.

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to this action. My business address is Hogan Lovells US LLP, 1999 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067.

On March 7, 2014, I caused the foregoing document described as: DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES to be served on the interested parties in this action as follows:

| | |
|---|---|
| Ananda N. Chaudhuri<br>Keith M. Fleischman<br>Bradley F. Silverman<br>Fleischman Law Firm<br>565 Fifth Avenue, 7th Floor<br>New York, NY 10017<br>T: 212-880-9567<br>achaudhuri@fleischmanlawfirm.com<br>keith@fleischmanlawfirm.com<br>bsilverman@fleischmanlawfirm.com | Ben F. Pierce Gore<br>Pratt & Associates<br>1871 The Alameda, Suite 425<br>San Jose, CA 95126<br>T: 408-369-0800<br>pgore@prattattorneys.com |

[X]  **BY U.S. MAIL.** I sealed said envelope and placed it for collection and mailing following ordinary business practices. by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above.

[X]  **BY E-MAIL.** I served such document(s) in PDF format to the e-mail address(es) indicated above following ordinary business practices.

[ ]  **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the individuals listed below

[ ]  **BY OVERNIGHT SERVICE.** I caused such document to be delivered by overnight mail to the offices listed below by placing it for collection by UPS / Federal Express following ordinary business practices by my firm, to wit, that packages will either be picked up from my firm by UPS / Federal Express and/or delivered by my firm to the UPS / Federal Express office:

[ ]  **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on _____ at Los Angeles, California.

[X]  **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on March 7, 2014, at Los Angeles, California.

____Gwendolyn Santini_____      _____
Print Name                                    Signature

\\LA - 099724/000052 - 1051573 v1

1