Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
pgore@prattattorneys.com

Keith M. Fleischman (admitted pro hac vice)
Bradley F. Silverman (admitted pro hac vice)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ANG and LYNNE STREIT, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>　　　　　　　　Defendant. | Case No. 13 Civ. 1196 (WHO) (NC)<br><br>**[PROPOSED] ORDER**<br><br>Judge:　　Hon. Nathanael M. Cousins<br>Hearing:　April 16, 2014 at 2:00 p.m.<br>Courtroom: A, 15th Floor |

1  On March 12, 2014, defendant filed a separate statement presenting a dispute regarding
2  plaintiffs' responses to defendant's interrogatories and document requests.  Dkt. No. 56.  One
3  day later, plaintiffs filed a statement opposing defendant's request for relief and raising
4  additional issues regarding defendant's responses to plaintiffs' interrogatories and document
5  requests, as well as defendant's failure to comply with other discovery obligations, including the
6  service of initial disclosures.  Dkt. No. 57.  By Order dated March 19, 2014, the Court directed
7  that, on or before April 2, 2014, the parties meet and confer regarding these issues and submit a
8  joint statement setting forth any remaining discovery disputes.  Dkt. No. 61.

9  The parties have resolved all disputes relating to plaintiffs' responses to defendant's
10 discovery requests, however, multiple disputes remain regarding defendant's responses to
11 plaintiffs' discovery requests and defendant's other discovery obligations.  To begin, defendants
12 are obligated to serve initial disclosures in accordance with Fed. R. Civ. P. 26(a).  This
13 obligation is not optional.  Defendant must serve them.

14 Defendant has also asserted that it is not the correct party in interest with respect to one or
15 more of plaintiffs' claims.  *See* Dkt. # 21 at 1n.1.  Yet, defendant has not identified any such
16 supposed correct parties in interest.  This information is sought in interrogatories, but not
17 provided in defendant's responses.  *See* Interrogatories Nos. 5-6.  Nor has defendant filed a
18 Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16.  Defendant must
19 disclose all parties it claims to be correct parties in interest with respect to any claims asserted by
20 plaintiffs.  If not, any defense relating to defendant's alleged status as an incorrect party in
21 interest is waived.

22 With respect to certain document requests and interrogatories, defendant will only agree to
23 produce documents and information created in the four-year class period alleged in the second
24 amended complaint.  However, many documents and pieces of information relevant to plaintiffs'
25 claims will likely predate the class period.  Many such documents, *inter alia*, pertain to
26 defendant's intent, motive, and knowledge.  They are relevant and must be produced.  Such
27 documents include, but are not limited to, documents pertaining to the specific allegedly
28 unlawful labeling practices at issue and documents relating to why defendant placed the

allegedly unlawful product labels at issue on its products.

Nor may defendant limit production to just documents and information that specifically relate to certain products at issue. Many documents relevant to plaintiffs' claim will not necessarily specifically pertain to any of those products. Such documents include, but are not limited to, documents discussing, in general, the allegedly unlawful labeling practices at issue, even if the documents do not specifically relate to products at issue. Moreover, defendant may not refuse to produce relevant responsive documents and information relating to any products on which Judge Orrick has permitted claims to proceed in his prior Orders. *See* Dkt. Nos. 38 and 58.

Defendant also refuses to produce requested information relating to sales, pricing, or revenue. Such documents are needed to both calculate damages of the class, and to demonstrate plaintiffs' contention that defendant was able to charge higher prices or increase sales when the unlawful terms or marks at issue were added to product labels. Such documents are not privileged and requests for such documents are not premature. *See Brazil v. Dole Packaged Foods, LLC*, No. C12-01831 LHK (HRL), Slip. Op. at 2 (N.D. Cal. Apr. 1, 2014) (Dkt. #123) (compelling production of similar information).

Further, to the extent defendant has not done so, it must identify all persons responsible for defendant's compliance with labeling requirements or for the text appearing on defendant's products, as requested in Interrogatories Nos. 1-2. It must also produce all requested compliance documents and communications with labeling and marketing consultants and specialists, unless such documents are specifically covered by the attorney-client privilege or work product doctrine.

Finally, as a defense to allegations that Bimbo Original Toasted Bread violates FDA regulations pertaining to the manufacture of bread, defendant has asserted that "Toasted Bread" is not bread, and is therefore not subject to those regulations. Any documents relating to the factual basis for defendant's position that "Toasted Bread" is not bread must be produced.

**IT IS HEREBY HELD THAT**, for reasons set forth herein:

1. Defendant shall produce full and complete initial disclosures on or before

1     _____, 2014;

2     2.   Defendant shall file a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16 on or before _____, 2014, and if not, any defense premised on defendant's alleged status as an incorrect party in interest is waived;

    3.   Defendant shall serve amended responses to interrogatories on or before _____, 2014 that shall:

        a.   list all persons, the identities of which are requested to be disclosed in response to Interrogatories Nos. 1 and 2;

        b.   list all potential parties in interest, the identities of which are requested to be disclosed in response to Interrogatories Nos. 5 and 6 (if not, any defense premised on defendant's alleged status as an incorrect party in interest is waived);

        c.   except as set forth in specific interrogatories, responses shall not be limited in scope to information from the class period; and

        d.   except as set forth in specific interrogatories, responses shall not be limited in scope to information that specifically relates to certain products;

    4.   Defendant shall serve amended responses to document requests on or before _____, 2014 and shall:

        a.   produce all requested documents pertaining to sales, pricing and revenue;

        b.   produce all requested documents pertaining to compliance with applicable federal and state laws that are not specifically covered by the attorney-client privilege or work product doctrine;

        c.   produce all requested documents pertaining to communications with consultants or specialists that are not specifically covered by the attorney-client privilege or work product doctrine;

        d.   produce all requested documents pertaining to the factual basis for defendant's position that "Toasted Bread" is not bread;

        e.   except as set forth in specific document requests, production shall not be limited to just those documents created during the class period; and

   f. except as set forth in specific document requests, production shall not be limited to just those documents that relate to specific products;

 5. All documents responsive to plaintiffs' first set of document requests shall be served on or before _____, 2014, together with detailed privilege logs of all documents withheld on the grounds of privilege.

 Accordingly, on this ____ day of _____, 2014, it is hereby **ORDERED** that the foregoing relief is **GRANTED**.

_____
Hon. Nathanael M. Cousins
United States Magistrate Judge