1  Ben F. Pierce Gore (SBN 128515)
   PRATT & ASSOCIATES
2  1871 The Alameda, Suite 425
   San Jose, CA 95126
3  Telephone: (408) 429-6506
4  pgore@prattattorneys.com

5  Keith M. Fleischman (admitted *pro hac vice*)
   Bradley F. Silverman (admitted *pro hac vice*)
6  THE FLEISCHMAN LAW FIRM, PLLC
   565 Fifth Avenue, Seventh Floor
7  New York, New York 10017
   Telephone: (212) 880-9571
8  keith@fleischmanlawfirm.com
9  bsilverman@fleischmanlawfirm.com
   *Attorneys for Plaintiffs*
10

11 Mark C. Goodman (Bar No. 154692)
   Ethan A. Miller (Bar No. 155965)
12 HOGAN LOVELLS US LLP
   3 Embarcadero Center, Suite 1500
13 San Francisco, California 94111
   Telephone: + 1 (415) 374-2300
14 mark.goodman@hoganlovells.com
   ethan.miller@hoganlovells.com
15 *Attorneys for Defendant*

16                    IN THE UNITED STATES DISTRICT COURT

17                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

18 

| ALEX ANG and LYNNE STREIT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>Defendant. | Case No. 13 Civ. 1196 (WHO) (NC)<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISPUTES**<br><br>Judge:     Hon. Nathanael M. Cousins<br>Hearing:   April 16, 2014 at 2:00 p.m.<br>Courtroom: A, 15th Floor |
|---|---|

   Plaintiffs Alex Ang and Lynne Streit (collectively, "Plaintiffs") and defendant Bimbo Bakeries USA, Inc. ("Defendant") respectfully submit this joint statement.

**PLAINTIFFS' POSITIONS**

This class action alleges that Defendant engaged in a fraudulent scheme to deceive consumers as to the quality and healthiness of food products by placing specific prohibited terms, marks, and representations on labels.[1] These misbranded and illegal products were manufactured, distributed, and sold in violation of the Food, Drug and Cosmetic Act, FDA regulations, and California's Sherman Law. The following discovery issues remain unresolved:

**Pre-class period discovery**: Defendant will only produce documents created within the four-year class period, and will only provide information relating to matters that occured within that period.[2] Defendant's alleged fraudulent scheme began before the class period (which is limited to four years by virtue of applicable limitations periods). Therefore, relevant documents relating to, *inter alia*, Defendant's intent, motive, and knowledge would predate the class period.[3] "It is also beyond dispute that discovery is not limited to the class period." *In re Toyota Motor Corp. Sec. Litig.*, 2012 WL 3791716, at *4 (C.D. Cal. 2012) ("facts predating the class period are relevant to establish that statements made during the class period were materially false"). As held in a similar food misbranding case, "[t]he applicable limitations period restricts the time period for consumers to bring claims for their purchases—it does not limit the time to bring claims for [Defendant's] marketing decisions. That the decisions may have occurred outside of the limitations period does not change [Defendant's] potential liability for selling allegedly falsely labeled products within the statute of limitations." *Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620, 628 (N.D. Cal. 2013) (permitting pre-class period discovery because "[i]nformation about how [defendant] decided to add the labels onto the products would either be relevant to [plaintiff's] claims or could lead to admissible evidence supporting her claims"). *See also In re Seagate Tech. II Sec. Litig.*, 1993 WL 293008, at *2 (N.D. Cal. 1993) ("Although the class period

---

[1] *See* Second Amended Complaint ("SAC") (Dkt. # 40).
[2] *See*, *e.g.*, Requests ## 3-24, 32-46, 50-55, 58-69 (all seeking documents not limited to the class period); Interrogatories ## 1-6. These discovery requests seek documents and information pertaining to, *inter alia*: the specific unlawful labelling practices alleged in the SAC; when those practices began; and relevant consumer surveys, research, and analysis.
[3] Judge Orrick has only implied that Plaintiffs' UCL "unlawful prong" claim does not require intent. Dkt. # 38 at 13 (typographical errors on labels may not be a defense to unlawful prong claims). The Court reviewed the pleading of Plaintiffs' claims under Rule 9(b). *Id* at 3-6.

here is short and definite, it does not determine the period of relevancy for discovery purposes."); *Zamora v. D'Arrigo Bros. Co. of Cal.*, 2006 WL 931728, at *1 (N.D. Cal. 2006).[4]

**Sales information**:  In order to both calculate damages of the class, and to demonstrate that Defendant was able to charge higher prices or increase total sales when the unlawful terms or marks were added to product labels (*i.e.*, Defendant's motive and intent), Plaintiffs require specific information relating to sales, pricing, and revenue.[5]  Defendant refuses to produce any such information, asserting that it is privileged, or that these requests are "premature" or unduly burdensome.[6]  *See* Doc. Resp. ## 26-31, 73.  Such information is clearly relevant and is neither privileged, nor "premature." It should be produced.  *See Brazil v. Dole Packaged Foods, LLC*, No. C12-01831 LHK (HRL), Slip. Op. at 2 (N.D. Cal. Apr. 1, 2014) (Dkt. #123) (compelling production of same type of sales information in similar food misbranding case).[7]

**Limiting discovery to matters relating to some, but not all, products at issue**: Judge Orrick has expressly ruled that specific products purchased by Plaintiffs and not purchased by Plaintiffs remain at issue in this action.  Dkt. ## 38, 58.  All products listed in paragraphs 50-51, 194, 198, 203, and 226 of the SAC remain at issue.[8]  Dkt. # 58.  Nevertheless, Defendant refuses to produce documents relating to some of the products at issue.  Defendant now asserts that claims relating to those products are barred because those products supposedly were not sold in California.  This argument was not raised in either of Defendant's two motions to dismiss and is contrary to the express holding by Judge Orrick that such claims remain in the case.[9]  Dkt. # 58.

---

[4]   Tellingly, Defendant claims that it has no documents created during the class period pertaining to: relevant consumer surveys, research, and analysis (Requests ## 32-38); communications with consultants or specialists relating to the food labeling practices at issue (Requests ## 40-46); the use of third-party endorsements on products (Request # 18); and differences between prices of products containing the specific unlawful terms or marks at issue and prices of products without them (Requests ## 58-63).  However, Defendant does not dispute the existence of such documents created prior to the class period.

[5]   Plaintiffs only seek such sales information for the class period. *See* Doc. Resp. ## 26-31, 73.

[6]   Significantly, Defendant does not assert it can or will produce some sales information.  Rather, it asserts that it will not produce *any* sales information.

[7]   To the extent Defendant is concerned about the release of proprietary information, Plaintiffs have offered to enter into a protective order.

[8]   Only claims relating to certain Entenmanns products were dismissed. Dkt. # 58 at 17-18.

[9]   Defendant has provided no evidence of the scope of sales of those products.  Plaintiffs also allege a national class action. Thus, whether those products are sold in California is irrelevant.

1  **Initial disclosures**: Defendant refuses to serve initial disclosures in violation of Rule 26(a). Defendant previously represented to the Court that it would serve initial disclosures after a ruling on its second motion to dismiss. Dkt. # 51 at ¶ 7. Now that Judge Orrick has ruled, Defendant asserts that it does not have to serve initial disclosures because a formal Rule 26(f) conference was never held.[10] Yet, at the same time, Defendant believes it may serve discovery requests, which would violate Rule 26(d)(1) for the same reason. Defendant cannot have it both ways.

**The proper parties in interest**: Defendant previously asserted that it is not the correct party in interest with respect to one or more claims (Dkt. # 21 at 1n.1), but failed to identify any correct parties in interest.[11] On April 9, 2014, for the first time, Defendant stated that it would not assert such defenses. To avoid any future change of position on this issue, Plaintiffs request that the Court formally deem those defenses, and any others raised in footnote 1 of Dkt. #21, waived.

## DEFENDANT'S POSITIONS

The plaintiffs' request for the Court's intervention is badly premature. While the plaintiffs took months to finally provide responses to BBUSA's discovery after many, many meet and confer efforts, BBUSA's responses were just provided on March 7 and the meet and confer efforts on those responses have just begun. To date, BBUSA has agreed to supplement many of its discovery responses. In addition, many of the 59 requests that the plaintiffs have put at issue were vague and overbroad but have been clarified and narrowed during the meet and confer process and BBUSA is still investigating whether, and to what extent, it can supplement its responses to those requests. BBUSA should be afforded sufficient time to determine its supplemental responses, just as the plaintiffs were.[12]

---

[10] The parties have submitted two joint case management statements which cover much of the issues listed in Rule 26(f). Dkt. ## 26 and 51.

[11] *See* Int. Resp. ## 5-6 (listing parties in interest as "BBUSA and various co-packers"); Dkt. # 66 (certification of interested entities or persons not listing the supposedly interested parties).

[12] BBUSA does not understand the plaintiffs' eagerness to involve the Court at this juncture. BBUSA served its discovery responses on March 7 and received the plaintiffs' meet and confer letter the next day, a Saturday. The following business day, BBUSA indicated that it would meet and confer. Apparently, the plaintiffs could not wait for that meet and confer because, *just three days later* (and *just six days after receiving BBUSA's discovery responses*), they sought the Court's intervention. [Dkt. No. 57.] After the parties had an opportunity to meet and confer, BBUSA indicated that it would serve supplemental responses. Shortly after receiving that message, the plaintiffs filed the separate statement that prompted this additional briefing (*see* Dkt.

Notwithstanding the unripeness of the plaintiffs' alleged discovery dispute, the parties further met and conferred pursuant to the Court's order [Dkt. No. 67] and BBUSA addresses the issues to the extent that it can do so at this time, within the applicable page limitation.

- **Interested Parties:** Although BBUSA did not directly manufacture or sell many of the products at issue (the manufacturers are indicated on the labels), it has assumed any possible liability of those entities arising from the claims at issue here. Also, BBUSA filed a Certificate of Interested Entities disclosing its parent corporation and the two shareholders thereof. There are no other entities with an interest in the outcome of this case.

- **Products at Issue:** BBUSA will supplement its responses to include information and documents regarding the Substantially Similar Products that remain at issue, to the extent those products were sold in California. Plaintiffs' alleged state law claims do not and cannot apply to sales outside of California. *See, e.g., Wilson v. Frito-Lay N. Am., Inc.*, 961 F.Supp.2d 1134, 1147-48 (N.D. Cal. 2013) (Conti, J.) (dismissing food mislabeling claims brought under the UCL, FAL, and CLRA, that were based upon sales outside California). To the extent that products named in the Second Amended Complaint were never sold in California (there are at least 17 such products), claims based on those products must be withdrawn.[13]

- **Initial Disclosures:** BBUSA has indicated several times that it is willing to participate in the required Rule 26(f) conference to facilitate initial disclosures and it remains willing to do so. The plaintiffs have never scheduled such a conference.

BBUSA disagrees with the plaintiffs on at least the following issues:

- **Relevant Time Frame:** Information dating back ten years, purportedly relating to BBUSA's "intent, motive, and knowledge," is irrelevant and overly burdensome because, as the plaintiffs repeatedly told the Court on BBUSA's first motion to dismiss, scienter is not a required element of any of the plaintiffs' claims. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010) (under the fraudulent prong of the UCL, "[t]he deception need not be intended"). *See*

---

No. 65), rather than waiting for BBUSA's supplemental responses.

[13] BBUSA's counsel has provided the plaintiffs' counsel with a list of the products named in the Second Amended Complaint that were never sold in California. If the plaintiffs do not immediately withdraw their claims with respect to those products -- which have no factual basis whatsoever -- those allegations will be subject to Rule 11 sanctions.

*also Elias v. Hewlett-Packard Co.*, 903 F.Supp.2d 843, 854 (N.D. Cal. 2012) (claims under FAL, CLRA, and fraudulent prong of UCL require only that "members of the public are likely to be deceived").[14] If nothing else, the plaintiffs are judicially estopped from arguing now that BBUSA's intent is relevant, having previously successfully argued that "the Sherman Law and FDCA," which constitute the predicate acts under the UCL, FAL, and CLRA, are "strict liability crimes that do not require any fraudulent intent on the part of Defendant." (*See* Dkt. No. 27 at 1.)

The only possible relevance of BBUSA's intent is to try to establish willfulness for punitive damages under the CLRA (punitive damages are unavailable under the UCL and FAL) but, since liability is far from established, such discovery at this stage would be unduly prejudicial. *See Brooks v. Motsenbocker Advanced Developments, Inc.*, 2008 WL 2446205 at *5 (S.D. Cal. June 13, 2008) (postponing punitive damages discovery until after ruling on motion for summary judgment, where plaintiffs "did not need the information at [that] time to prepare the heart of their case"). For those reasons, BBUSA's responses and intended supplemental responses are limited to the Class Period (3/18/2009 to 3/18/2013).

- **Price Data:** Information relating to the prices of BBUSA's products, and the revenues and profits generated from sales of those products, can be relevant only after liability has been established. Unlike *Brazil v. Dole Packaged Foods, LLC,* No. 5:12-cv-1831, Slip Op. at 2 (N.D. Cal. Apr. 1, 2014) (Dkt. 123), where the defendant was ordered to produce such information, this case is nowhere near class certification or expert discovery and the plaintiffs have not "demonstrated the need for this information sooner rather than later."

For the foregoing reasons, BBUSA respectfully requests that the Court deny the relief that the plaintiffs seek or, at a minimum, continue the hearing on this matter until BBUSA has had a reasonable opportunity to complete its investigation and supplement its responses. In the event that the Court is inclined to grant the plaintiffs' motion as to pre-Class Period discovery or pricing and sales data, BBUSA respectfully requests the opportunity to fully brief those issues.

---

[14] *See also Garcia v. Sony Computer Enter. Am., LLC*, 859 F.Supp.2d 1056, 1062 (N.D. Cal. 2012) ("Unlike ordinary fraud, which requires plaintiff to plead a deception that is actually false, known to be false by the perpetrator, and reasonably relied upon by the victim, thereby incurring damages, none of these elements is required to state a claim for equitable relief under the UCL").

Dated: April 9, 2014                                       Respectfully submitted,


*/s/ Ben F. Pierce Gore*                                   */s/ Mark C. Goodman*
Ben F. Pierce Gore (SBN 128515)                            Mark C. Goodman (Bar No. 154692)
PRATT & ASSOCIATES                                         Ethan A. Miller (Bar No. 155965)
1871 The Alameda, Suite 425                                HOGAN LOVELLS US LLP
San Jose, CA  95126                                        3 Embarcadero Center, Suite 1500
Telephone:  (408) 429-6506                                 San Francisco, California 94111
Fax:  (408) 369-0752                                       Telephone: + 1 (415) 374-2300
pgore@prattattorneys.com                                   Facsimile: + 1 (415) 374-2499
                                                           mark.goodman@hoganlovells.com
Keith M. Fleischman (admitted *pro hac vice*)              ethan.miller@hoganlovells.com
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC                              *Attorneys for Defendant*
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*