1  HOGAN LOVELLS US LLP
   Mark C. Goodman (Bar No. 154692)
2  Ethan A. Miller (Bar No. 155965)
   3 Embarcadero Center, Suite 1500
3  San Francisco, California  94111
   Telephone:      (415) 374-2300
4  Facsimile:      (415) 374-2499
   mark.goodman@hoganlovells.com
5  ethan.miller@hoganlovells.com

6  *Attorneys for Defendant*
   BIMBO BAKERIES USA, INC.
7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN FRANCISCO DIVISION
11

12
   | ALEX ANG and LYNNE STREIT, individually and on behalf of all others similarly situated, | Case No. 13 Civ. 1196 WHO (NC) |
   |---|---|
   | Plaintiffs, | **[PROPOSED] ORDER** |
   | v. | Date:  April 16, 2013 |
   | BIMBO BAKERIES USA, INC., | Time:  2:00 p.m. |
   | Defendant. | Place: Courtroom A (15th Floor) |
   | | Judge: Hon. Nathanael M. Cousins |

1    A discovery dispute in the above-captioned matter came on regularly for hearing on April
2    16, 2014, at 2:00 p.m., before the Honorable Nathanael M. Cousins in Courtroom A, 15th Floor,
3    of the U.S. District Court located at 450 Golden Gate Avenue, San Francisco, California.
4    Appearances were as stated on the record.
5    After full consideration of the joint brief submitted on behalf of both parties, the discovery
6    requests and responses attached thereto, and oral argument, the Court hereby ORDERS:
7    1.   Counsel for both parties must confer, no later than April 30, 2014, to discuss all
8    issues required by Rule 26(f) of the Federal Rules of Civil Procedure and, thereafter, serve and
9    file such documents as are required by Rules 26(a) and 26(f), within the time limits set forth in
10   those sections.
11   2.   Defendant Bimbo Bakeries USA, Inc.'s ("BBUSA") discovery responses may be
12   limited to information and documents from the Class Period alleged by the plaintiffs (March 18,
13   2009 to March 18, 2013) and BBUSA is not required to produce information and documents that
14   pre-date the Class Period.  Plaintiffs' purported reason for seeking such evidence is to determine
15   BBUSA's intent, motive and knowledge with respect to the products and allegedly false labels at
16   issue but BBUSA's state of mind is not relevant to the plaintiffs' claims under Business and
17   Professions Code § 17200 *et seq.* (the "UCL"), Business and Professions Code § 17500 *et seq.*
18   (the "FAL") or Civil Code § 1750 *et seq.* (the "CLRA").  *Rubio v. Capital One Bank*, 613 F.3d
19   1195, 1204 (9th Cir. 2010) (under the fraudulent prong of the UCL, "[t]he deception need not be
20   intended").  *See also Elias v. Hewlett-Packard Co.*, 903 F.Supp.2d 843, 854 (N.D. Cal. 2012)
21   (claims under FAL, CLRA, and fraudulent prong of UCL require only that "members of the
22   public are likely to be deceived"); *Garcia v. Sony Computer Enter. Am., LLC*, 859 F.Supp.2d
23   1056, 1062 (N.D. Cal. 2012) ("Unlike ordinary fraud, which requires plaintiff to plead a
24   deception that is actually false, known to be false by the perpetrator, and reasonably relied upon
25   by the victim, thereby incurring damages, none of these elements is required to state a claim for
26   equitable relief under the UCL."). Plaintiffs' counsel conceded this point when they previously
27   argued to the Court that "the Sherman Law and FDCA," which constitute the predicate acts for
28   the plaintiffs' claims under the UCL, FAL and CLRA, are "strict liability crimes that do not

1  require any fraudulent intent on the part of Defendant." (*See* Dkt. No. 27 at 1:19-22 (Plfs' Opp.
2  to Mtn. to Dismiss First Am. Cplt.).)

3      3.     BBUSA is not required to produce information and documents regarding any
4  products named in the Second Amended Complaint that were never sold in California. The
5  putative nationwide class alleged by the plaintiffs (*see* Dkt. No. 40 at 28:22-25) necessarily
6  encompasses non-California residents who purchased products outside of California. *See, e.g.,*
7  *Koehler v. Litehouse, Inc.*, 2012 WL 6217635 at *7 (N.D. Cal. Dec. 13, 2012) (case brought "on
8  behalf of a class defined as all United States persons who have purchased the Product" would
9  "necessarily include purchases outside of California made by non-California residents").
10 However, the plaintiffs' claims under the UCL, FAL and CLRA do not apply to sales of BBUSA
11 products outside of California to non-California residents. *See, e.g., Wilson v. Frito-Lay N. Am.,*
12 *Inc.*, 961 F.Supp.2d 1134, 1147-48 (N.D. Cal. 2013) (Conti, J.) (dismissing food mislabeling
13 claims brought under the UCL, FAL, and CLRA, that were based upon sales outside California);
14 *Koehler*, 2012 WL 6217635 at *7 (Nonresidents who purchased products outside California
15 "[did] not have the requisite contacts with California" to justify the extraterritorial application of
16 the UCL, FAL, and CLRA); *Norwest Mortgage, Inc. v. The Superior Court of San Diego Cty.*, 72
17 Cal.App.4th 214 (1999) ("we conclude application of the UCL to the claims of Class III members
18 [non-California residents/non-California conduct] would be arbitrary and unfair and transgress
19 due process limitations"); *In re Toyota Motor Corp.*, 785 F.Supp.2d 883, 918 (C.D. Cal. 2011)
20 ("The Court sees no reason to extend the protection of the FAL beyond the plain meaning of the
21 statute to cover statements that are not made 'before the public of this state' and are not
22 sufficiently alleged to be 'from this state'"); *Churchill Vill., LLC v. Gen. Elec. Co.*, 169
23 F.Supp.2d 1119, 1126-27 (N.D. Cal. 2000) (Patel, C.J.) ("With respect to the UCL specifically,
24 section 17200 does not support claims by non-California residents where none of the alleged
25 misconduct or injuries occurred in California"). Accordingly, information and documents
26 regarding BBUSA products that were never sold in California are not discoverable.
27     4.     For the reasons set forth in Paragraph 3 of this Order, BBUSA is not required to
28 produce (i) documents reflecting the labels and packaging of products sold outside California (*see*

Document Demand No. 25), (ii) documents showing sales, revenues and profits from sales of products outside California (*see* Document Demand No. 27), (iii) documents showing wholesale and retail prices of products outside California (*see* Document Demand Nos. 29 and 31) and/or (iv) documents showing sales and pricing data from supermarkets outside California (*see* Document Demand No. 71).

5. Requests seeking wholesale prices, retail prices, suggested retail prices, revenues and profits from sales of BBUSA products in California (*see* Document Demand Nos. 26, 28 and 30) would impose a substantial burden on BBUSA in comparison to the plaintiffs' need for such information at this time, when class certification and expert discovery are still several months away. Unlike in *Brazil v. Dole Packaged Foods, LLC,* No. 5:12-cv-1831, Slip Op. at 2 (N.D. Cal. Apr. 1, 2014) (Dkt. 123), a case previously cited by the plaintiffs, the plaintiffs have not "demonstrated the need for this information sooner rather than later." Accordingly, to promote efficiency and minimize unnecessary costs, and because the plaintiffs' will suffer no prejudice if BBUSA were granted an extension to respond to the foregoing Document Demands, BBUSA is not required to produce documents responsive to Document Demand Nos. 26, 28 and 30 until the Court has ruled on the plaintiffs' motion for class certification.

6. To the extent it has not already done so, BBUSA must serve supplemental responses to the plaintiffs' first sets of Interrogatories and Document Demands, consistent with the foregoing Paragraphs of this Order, no later than May 12, 2014.

**IT IS SO ORDERED.**

Dated: _____, 2014          By: _____
                                                                  HON. NATHANAEL M. COUSINS
                                                                  U.S. MAGISTRATE JUDGE