1  Ben F. Pierce Gore (SBN 128515)
   PRATT & ASSOCIATES
2  1871 The Alameda, Suite 425
3  San Jose, CA 95126
   Telephone: (408) 429-6506
4  pgore@prattattorneys.com

5  Keith M. Fleischman (admitted pro hac vice)
   Bradley F. Silverman (admitted pro hac vice)
6  THE FLEISCHMAN LAW FIRM, PLLC
7  565 Fifth Avenue, Seventh Floor
   New York, New York 10017
8  Telephone: (212) 880-9571
   keith@fleischmanlawfirm.com
9  bsilverman@fleischmanlawfirm.com
   *Attorneys for Plaintiffs*
10

IN THE UNITED STATES DISTRICT COURT

11

FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  ALEX ANG and LYNNE STREIT,
    individually and on behalf of all others          Case No. 13 Civ. 1196 (WHO) (NC)
14  similarly situated,
                       Plaintiffs,                     **[PROPOSED] ORDER**
15                v.
                                                       Judge:        Hon. Nathanael M. Cousins
16  BIMBO BAKERIES USA, INC.,                          Hearing:      April 16, 2014 at 2:00 p.m.
                                                       Courtroom:    A, 15th Floor
17                       Defendant.

18

19

20

21

22

23

24

25

26

27

28

On March 12, 2014, defendant filed a separate statement presenting a dispute regarding plaintiffs' responses to defendant's interrogatories and document requests.  Dkt. No. 56.  One day later, plaintiffs filed a statement opposing defendant's request for relief and raising additional issues regarding defendant's responses to plaintiffs' interrogatories and document requests, as well as defendant's failure to comply with other discovery obligations, including the service of initial disclosures.  Dkt. No. 57.  By Order dated March 19, 2014, the Court directed that, on or before April 2, 2014, the parties meet and confer regarding those issues and submit a joint statement setting forth any remaining discovery disputes.  Dkt. No. 61.

On April 2, 2014, defendant filed a notice informing the Court that the discovery dispute regarding plaintiffs' written responses to interrogatories and document demands has been resolved, and thus it was "no longer necessary to submit joint or separate statements to the Court on April 2, 2014," and requesting that the Court take the April 16 hearing of calendar.  Dkt. No. 63. That same day, plaintiffs filed a separate statement of remaining unresolved discovery disputes.  Dkt. No. 65.

By Order dated April 3, 2014, the Court directed that, on or before April 9, 2014, the parties meet and confer regarding all unresolved discovery issues and submit a joint statement setting forth any remaining discovery disputes.  Dkt. No. 67.   On April 9, 2014, the parties submitted a joint statement in accordance with that Order.

To begin, defendant refuses to serve initial disclosures.  It is obligated to do so in accordance with Fed. R. Civ. P. 26(a).  This obligation is not optional.  Defendant must serve them.

Defendant only agrees to produce documents and information created in the four-year class period alleged in the second amended complaint.  However, many documents and pieces of information relevant to plaintiffs' claims will likely predate the class period.  Many such documents would, *inter alia*, pertain to defendant's intent, motive, and knowledge.  They are relevant and must be produced.  *See Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620, 628 (N.D. Cal. 2013) (permitting pre-class period discovery because "[i]nformation about how [defendant] decided to add the labels onto the products would either be relevant to [plaintiff's]

claims or could lead to admissible evidence supporting her claims"); *In re Seagate Tech. II Sec. Litig.*, 1993 WL 293008, at *2 (N.D. Cal. 1993) ("Although the class period here is short and definite, it does not determine the period of relevancy for discovery purposes."); *Zamora v. D'Arrigo Bros. Co. of Cal.*, 2006 WL 931728, at *1 (N.D. Cal. 2006) (permitting pre-class period discovery).

Defendant also refuses to produce requested information relating to sales, pricing, and revenue. Such documents are needed to both calculate damages of the class, and to demonstrate plaintiffs' contention that defendant was able to charge higher prices or increase sales after defendant added certain unlawful terms or marks to product labels. Such documents are relevant. They are also not privileged and requests for such documents are not premature. This information should be produced. *See Brazil v. Dole Packaged Foods, LLC*, No. C12-01831 LHK (HRL), Slip. Op. at 2 (N.D. Cal. Apr. 1, 2014) (Dkt. #123) (compelling production of similar information).

Defendant also only agrees to produce documents relating to some, but not all, products at issue in this case. Judge Orrick has expressly ruled that all products listed in paragraphs 50-51, 194, 198, 203, and 226 of the SAC remain at issue. Dkt. # 58. Defendant may not now refuse to produce documents relating to some of those products based on the unsupported factual assertion that those products supposedly were not sold in California. This argument was not raised in either of defendant's motions to dismiss and is contrary to the express holding by Judge Orrick that such claims remain in the case.

Previously, defendant asserted that it is not the correct party in interest with respect to one or more of plaintiffs' claims. *See* Dkt. No. 21 at 1n.1. In response to discovery requests, however, defendant did not identify any of the supposed correct parties in interest. Rather than make such disclosures, defendant now states that it will not assert any defense relating to it not being a correct party in interest with respect to any claim asserted by plaintiffs. Going forward, defendant may not continue to change positions on this point. All such defenses and any other defenses raised in footnote 1 of defendant's memorandum of law in support of its motion to dismiss (Dkt. No. 21) are waived and may not be asserted by defendants.

**IT IS HEREBY HELD THAT**, for reasons set forth herein:

1.   Defendant shall produce full and complete initial disclosures on or before _____, 2014;

2.   Defendant shall serve amended responses to all interrogatories on or before _____, 2014, and:

   a.   except as set forth in specific interrogatories, responses shall not be limited in scope to information from the class period; and

   b.   except as set forth in specific interrogatories, responses shall not be limited in scope to information pertaining to only certain, but not all, products at issue;

3.   Defendant shall serve amended responses to document requests on or before _____, 2014, and:

   a.   except as set forth in specific document requests, production shall not be limited to just those documents created during the class period;

   b.   except as set forth in specific document requests, production shall not be limited in scope to documents pertaining to only certain, but not all, products at issue; and

   c.   defendant's production shall include all requested documents pertaining to sales, pricing and revenue;

4.   All documents responsive to plaintiffs' first set of document requests shall be served on or before _____, 2014, together with detailed privilege logs of all documents withheld on the grounds of privilege;

5.   All defenses by defendant premised on it not being a correct party in interest with respect to any claim alleged by plaintiffs, and any other defenses raised in footnote 1 of defendant's memorandum of law in support of its motion to dismiss (Dkt. No. 21) is hereby waived and may not be asserted by defendant.

Accordingly, on this ____ day of _____, 2014, it is hereby **ORDERED** that the foregoing relief is **GRANTED**.

_____
Hon. Nathanael M. Cousins
United States Magistrate Judge