Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
pgore@prattattorneys.com

Keith M. Fleischman (admitted pro hac vice)
Bradley F. Silverman (admitted pro hac vice)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ANG and LYNNE STREIT, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>　　　　　　Defendant. | Case No. 13 Civ. 1196 (WHO) (NC)<br><br>**[PROPOSED] ORDER**<br><br>Judge:　　Hon. Nathanael M. Cousins |

On March 12, 2014, defendant filed a separate statement presenting a dispute regarding plaintiffs' responses to defendant's interrogatories and document requests. Dkt. No. 56. One day later, plaintiffs filed a statement opposing defendant's request for relief and raising additional issues regarding defendant's responses to plaintiffs' interrogatories and document requests, as well as defendant's failure to comply with other discovery obligations, including the service of initial disclosures. Dkt. No. 57. By Order dated March 19, 2014, the Court directed that, on or before April 2, 2014, the parties meet and confer regarding those issues and submit a joint statement setting forth any remaining discovery disputes. Dkt. No. 61.

On April 2, 2014, defendant filed a notice informing the Court that the discovery dispute regarding plaintiffs' written responses to interrogatories and document demands had been resolved, and thus it was "no longer necessary to submit joint or separate statements to the Court on April 2, 2014," and requesting that the Court take the April 16 hearing off the calendar. Dkt. No. 63. That same day, plaintiffs filed a separate statement of remaining unresolved discovery disputes. Dkt. No. 65.

By Order dated April 3, 2014, the Court directed that, on or before April 9, 2014, the parties meet and confer regarding all unresolved discovery issues and submit a joint statement setting forth any remaining discovery disputes. Dkt. No. 67. On April 9, 2014, the parties submitted a joint statement in accordance with that Order. Dkt. No. 68. On April 16, 2014, a hearing was held before the Court on these issues. On April 21, 2014, the Court issues certain tentative rulings and directed the parties to further meet and confer and submit an additional joint statement by April 30, 2014. Dkt. No. 72.

Defendant only agrees to produce documents and information created in the four-year class period alleged in the second amended complaint ("SAC"). However, many documents and pieces of information relevant to plaintiffs' claims will likely predate the class period. Many such documents would, *inter alia*, pertain to defendant's intent, motive, and knowledge. They are relevant and must be produced. *See Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620, 628 (N.D. Cal. 2013) (permitting pre-class period discovery because "[i]nformation about how [defendant] decided to add the labels onto the products would either be relevant to [plaintiff's]

1  claims or could lead to admissible evidence supporting her claims"); *In re Seagate Tech. II Sec.*
2  *Litig.*, 1993 WL 293008, at *2 (N.D. Cal. 1993) ("Although the class period here is short and
3  definite, it does not determine the period of relevancy for discovery purposes."); *Zamora v.*
4  *D'Arrigo Bros. Co. of Cal.*, 2006 WL 931728, at *1 (N.D. Cal. 2006) (permitting pre-class period
5  discovery).

6      The relevant discovery period would begin shortly before the initial decisions by defendant
7  to engage in the specific unlawful labeling practices alleged in the SAC. The timing of those
8  decisions, however, is presently unknown and that information is in the sole possession of
9  defendant. For that reason, initially, the Court shall set a discovery period going back eight years.
10 That discovery period will be adjusted as further information comes to light regarding the timing
11 of defendant's decisions to engage in the labeling practices at issue.

12     Defendant also refuses to produce requested information relating to sales, pricing, and
13 revenue. Such documents are needed to both calculate damages of the class, and to demonstrate
14 plaintiffs' contention that defendant was able to charge higher prices or increase sales after
15 defendant added certain unlawful terms or marks to product labels. Such documents are
16 relevant. This information should be produced. *See Brazil v. Dole Packaged Foods, LLC*, No.
17 C12-01831 LHK (HRL), Slip. Op. at 2 (N.D. Cal. Apr. 1, 2014) (Dkt. #123) (compelling
18 production of similar information).

19     Defendant also only agrees to produce documents relating to some, but not all, products at
20 issue in this case. Judge Orrick has expressly ruled that all products listed in paragraphs 50-51,
21 194, 198, 203, and 226 of the Second Amended Complaint remain at issue. Dkt. # 58.
22 Defendant may not now refuse to produce documents relating to some of those products based
23 on the unsupported factual assertion that those products supposedly were not sold in California.
24 This argument was not raised in either of defendant's two motions to dismiss and is contrary to
25 the express holding by Judge Orrick that such claims remain in the case. Even if plaintiffs could
26 not assert claims pertaining to these products, information relating to them is still relevant.
27 These products contain the exact same marks and representations as the products defendant
28 agrees were sold in California. When and why these marks and representations came to appear of

their labels is relevant.

**IT IS HEREBY HELD THAT**, for reasons set forth herein:

1. Defendant shall serve amended responses to all interrogatories on or before _____, 2014, and:

    a. Responses to interrogatories ## 1-6 shall not be limited in scope to information from the class period and shall include any responsive information from the prior eight years; and

    b. Responses to interrogatories (including interrogatories ## 4-6) shall not be limited in scope to information pertaining to products defendant alleges were sold in California;

2. Defendant shall serve amended responses to document requests on or before _____, 2014, and:

    a. In response to document requests ## 3-24, 32-46, 50-55, and 57-69, production shall not be limited to just those documents created during the class period and shall include any responsive documents from the prior eight years;

    b. Defendant's production of documents in response to plaintiffs' documents requests (including document requests ## 3-19, 21-24, 26-46, 50-51, 53, 55, 57-71 and 73) shall include responsive documents pertaining to products defendant alleges were not sold in California; and

    c. In response to document requests ## 26-31, 70-71, and 73, production shall include all requested documents pertaining to sales, pricing, and revenue;

3. All documents responsive to plaintiffs' first set of document requests (as modified by this Order) shall be served on or before _____, 2014, together with detailed privilege logs of all documents withheld on the grounds of privilege;

Accordingly, on this \_\_\_\_ day of _____, 2014, it is hereby **ORDERED** that the foregoing relief is **GRANTED**.

_____
Hon. Nathanael M. Cousins
United States Magistrate Judge