1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

14

15

16

17

18

19

20

ALEX ANG and LYNNE STREIT,
individually and on behalf of all others
similarly situated,

                Plaintiffs,

v.

BIMBO BAKERIES USA, INC.,

                Defendant.

Case No.  13-CV-1196 (WHO) (NC)

**[PROPOSED] ORDER RE DISCOVERY
DISPUTES**

Judge:      Hon. Nathanael M. Cousins

21

22

23

24

25

26

27

28

       Pursuant to the Court's Order dated April 21, 2014 (Dkt. No. 72) (the "Order"), the parties

to the above-referenced action submitted a Joint Statement on April 30, 2014, addressing their

respective positions on three disputed discovery issues.  After full consideration of the Joint

Statement, the plaintiffs' discovery requests and Bimbo Bakeries USA, Inc.'s ("BBUSA")

responses thereto, the Court hereby ORDERS:

       1.      The UCL, FAL, and CLRA do not apply to conduct and injuries that occur outside

of California.  *See, e.g., Wilson v. Frito-Lay N. Am., Inc.*, 961 F.Supp.2d 1134, 1147 (N.D. Cal.

1  2013) (Conti, J.) ("[w]ith regard to the UCL, FAL, and CLRA, non-California residents' claims

2  are not supported where none of the alleged misconduct or injuries occurred in California.")

3  (internal quotation omitted) (dismissal with prejudice); *Koehler v. Litehouse, Inc.*, 2012 WL

4  6217635 at *7 (N.D. Cal. Dec. 13, 2012) (Illston, J.) (nonresidents who purchased products

5  outside California "[did] not have the requisite contacts with California" to justify the

6  extraterritorial application of the UCL, FAL or CLRA).  Therefore, the UCL, FAL, and CLRA do

7  not govern non-California residents' purchases of BBUSA products outside California, and any

8  BBUSA products that were never sold in California are irrelevant.  Accordingly, BBUSA's

9  responses to the following discovery requests shall be limited to information and documents

10  regarding products at issue that were sold in California during the Class Period:

11         a.  Interrogatory Nos. 3, 4; and

12         b.  Request for Production of Documents Nos. 1, 4, 6, 7, 8, 9, 10, 11, 13, 14,

13             15, 16, 17, 18, 19, 20, 21, 22, 24, 32, 33, 34, 35, 36, 37, 38, 39, 50, 51, 53,

14             54, 55, 57, 64, 65, 66, 67, 68, 69

15         2.      Each of the plaintiffs' causes of action turns on whether certain BBUSA product

16  labels, as they existed during the Class Period (a four-year period defined in the Second Amended

17  Complaint), violated California Business & Professions Code § 17200 *et seq*. (the "UCL"), §

18  17500 *et seq*. (the "FAL"), and California Civil Code § 1750 *et seq*. (the "CLRA").  The labels

19  themselves are the evidence that will be used to support or refute those claims.  Pursuant to Rule

20  26(b)(2)(C) of the Federal Rules of Civil Procedure, the Court finds that evidence which pre-dates

21  the Class Period, and which may suggest why the labels contain certain information, are of

22  minimal relevance to the plaintiffs' claims, and the search for such evidence would impose a

23  substantial burden and expense on BBUSA.  Accordingly, BBUSA's responses to the following

24  discovery requests shall be limited to information and documents from the Class Period, as

25  defined in the Second Amended Complaint:

26         a.  Interrogatory Nos. 1, 2, 3, 4; and

27         b.  Request for Production of Documents Nos. 1, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13,

28

- 2 -

[PROPOSED] ORDER RE DISCOVERY
DISPUTES 13-CV-1196 (WHO) (NC)

1          14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 32, 33, 34, 35, 36, 37, 38, 39, 50, 51,

2          52, 53, 54, 55, 57, 64, 65, 66, 67, 68, 69, 72

3        3.      Disgorgement of profits is not an available remedy under the UCL, FAL, and

4  CLRA.  Therefore, any revenues or profits that BBUSA realized from the sales of its products at

5  the wholesale level are irrelevant.  Accordingly, BBUSA is not required to respond to the

6  following discovery requests:  Request for Production of Documents Nos. 26, 27, 28, 29, 73.

7        4.      It is undisputed that BBUSA is not a retail seller of any of the products at issue.

8  Nevertheless, even if BBUSA possessed documents regarding the suggested retail prices of its

9  products, those documents necessarily would not reflect the actual amounts the plaintiffs paid for

10  BBUSA products, because the actual cost would vary by retail outlet and location, and could

11  further depend on whether the plaintiffs used coupons or took advantage of discounted or

12  promotional pricing offered by the various retailers.  In light of those considerations, the Court

13  finds that retail pricing and sales statistics are irrelevant, and BBUSA is not required to respond to

14  the following discovery requests:  Request for Production of Documents Nos. 26, 27, 30, 31, 70,

15  71, 73.

16

17  **IT IS SO ORDERED.**

18

19  Dated: _____, 2014

20                                         _____
                                         HON. NATHANAEL M. COUSINS
                                         U.S. MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

[PROPOSED] ORDER RE DISCOVERY
DISPUTES 13-CV-1196 (WHO) (NC)