# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ANG and LYNN STREIT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>Defendant. | Case No. 13-cv-01196 WHO (NC)<br><br>**ORDER RE: DISCOVERY DISPUTES**<br><br>Re: Dkt. No. 76 |

In this putative class action, plaintiffs claim that Bimbo Bakeries sold misbranded and misleading baked products in violation of state and federal law. The current deadline to file a motion for class certification is January 28, 2015, with an anticipated trial date of November 9, 2015. Dkt. No. 75. This case was referred for all discovery purposes to the undersigned Magistrate Judge. Dkt. No. 60.

On April 9, 2014, the parties submitted a joint letter brief seeking resolution of several discovery issues related to Bimbo Bakeries' responses to document requests and interrogatories propounded by plaintiffs. Dkt. No. 68. After holding a hearing, the Court issued tentative rulings on some of the matters raised and directed the parties to further meet and confer and submit an updated joint letter brief and proposed orders. Dkt. No. 72.

Having considered the parties' written submissions and arguments made at the hearing, as well as the record in this case, the Court GRANTS the relief sought by plaintiffs as set forth below.

## I. LEGAL STANDARD

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Furthermore, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Information is relevant for discovery purposes if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, even when the information sought by the parties in a civil lawsuit is relevant, the Court must limit the scope of discovery if it determines that (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (3) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). In other words, the Court seeks to "strike[] the proper balance between permitting relevant discovery and limiting the scope and burdens of the discovery to what is proportional to the case." *Kaiser v. BMW of N. Am., LLC*, No. 12-cv-01311 DMR, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013).

## II. DISCUSSION

The parties' updated joint letter brief, Dkt. No. 76, raises three outstanding discovery issues, which the Court addresses in turn.

### 1. **Pre-Class Period Discovery**

First, the parties dispute whether Bimbo Bakeries' responses to plaintiffs' discovery requests should be limited to the class period alleged in the second amended complaint (four years prior to the filing of the original complaint). Many of the interrogatories and

document requests propounded by plaintiffs are not limited in time. *See* Dkt. Nos. 65-3; 65-4.

Plaintiffs contend that information pertaining to Bimbo Bakeries' intent, motive, and knowledge will likely predate the class period and that the relevant discovery period begins shortly before the initial decisions by Bimbo Bakeries to incorporate the alleged unlawful marks and representations on its products. Dkt. Nos. 68 at 2; 76 at 2. Plaintiffs assert that, because the timing of those decisions is presently unknown as that information is in the sole possession of Bimbo Bakeries, the Court should set a discovery period going back eight years, subject to adjustment as further information comes to light. Dkt. No. 76 at 2. Plaintiffs also assert that similar pre-class period discovery has been allowed, citing to *Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620, 627-28 (N.D. Cal. 2013) (permitting discovery regarding defendant's marketing and labeling decisions dating back to four years before the statute of limitations, but finding that "information such as sales numbers, advertising expenditures, profits, costs, or other information not tied to the marketing decisions is not relevant beyond the limitations period"). The Court agrees with the Court's holding in *Ogden* that information about defendant's marketing and labeling decisions concerning the products in this food misbranding case would either be relevant to plaintiffs' claims or could lead to admissible evidence supporting their claims. 292 F.R.D. at 628.[1]

Bimbo Bakeries asks the Court to limit discovery on the basis that the burden or expense of the pre-class period discovery outweighs its likely benefit. Dkt. No. 76 at 4-5. Bimbo Bakeries argues that "aside from evidence of actual purchases of the products, the product labels during the Class Period are the key pieces of evidence necessary to establish or refute Plaintiffs' claims" and that discovery outside the class period is "unnecessary" and of "minimal relevance." *Id.*; Dkt. No. 77 at 2. Bimbo Bakeries further argues that, while evidence of its intent could be relevant to willfulness for punitive damages under the

---

[1] Bimbo Bakeries' argument that intent is not a *required* element of plaintiffs' claims, Dkt. No. 68 at 5-6, does not establish that evidence of intent is not relevant or could lead to admissible evidence.

CLRA, such evidence is premature. Dkt. No. 68 at 6.

The Court previously indicated that it was inclined to order Bimbo Bakeries to provide pre-class period discovery, but directed the parties to meet and confer first about the appropriate time limitation as to each discovery request in light of the anticipated burden and benefit. Dkt. No. 72. In response, Bimbo Bakeries makes the blanket assertions that no such discovery is appropriate because it would impose an "extreme" and "immense" burden and require it "to comb records of myriad custodians." Dkt. No. 76 at 5. Bimbo Bakeries has failed to propose any way to limit the scope of the requested discovery to minimize its burden. The Court finds that Bimbo Bakeries' unsubstantiated assertions of burden do not demonstrate that the burden or expense of the proposed pre-class period discovery outweighs its likely benefit.

Accordingly, by May 28, 2014, Bimbo Bakeries must serve plaintiffs with amended responses to interrogatories Nos. 1-6 and document requests Nos. 3-24, 32-46, 50-55, and 58-69.[2] The amended responses and document production must not be limited in scope to information from the class period and must include any responsive information dating back to eight years prior to the filing of the original complaint.

### 2. **Financial Information**

Second, plaintiffs seek to compel Bimbo Bakeries to provide sales, pricing, and revenue information. Plaintiffs contend that such information is needed to calculate damages of the class, and to demonstrate that Bimbo Bakeries was able to charge higher prices or increase total sales when the unlawful representations or marks were added to product labels (thus bearing on Bimbo Bakeries' motive and intent) and should be produced. Dkt. Nos. 68 at 3; 76 at 3; *see Brazil v. Dole Food Company, Inc.*, No. 12-cv-01831 LHK (HRL) (N.D. Cal. Apr. 1, 2014) (Dkt. No. 123) (compelling production of

---

[2] Plaintiffs' proposed order on this issue also includes document request No. 57 which seeks "[d]ocuments sufficient to show all SKU numbers of the Purchased Products and the Substantially Similar Products during the Class Period." Dkt. Nos. 65-3 at 33; 76-1 at 4:12. This document request does not relate to marketing or labeling decisions and, therefore, there is no basis to expand its scope outside the class period.

financial information, such as sales and revenue data, as relevant to the issue of damages in food misbranding case).

Initially, Bimbo Bakeries opposed the production of such information on the basis that it "can be relevant only after liability has been established." Dkt. No. 68 at 6. At the hearing held on this matter, however, Bimbo Bakeries argued that it has no documents related to retail pricing and that wholesale pricing is not relevant. The Court indicated that it is inclined to order Bimbo Bakeries to provide sales information but directed the parties to further meet and confer about the retail versus wholesale issue and the possibility of prioritizing and producing the information in stages. Dkt. No. 72.

In the updated joint letter brief, Bimbo Bakeries argues that because plaintiffs are not entitled to a disgorgement of profits on their claims, any revenues or profits that Bimbo Bakeries realized from the sales of its products at the wholesale level are irrelevant. Dkt. No. 76 at 6. Bimbo Bakeries further asserts that even if it "possessed documents regarding the suggested retail prices of its products, those documents necessarily would not reflect the actual amounts the plaintiffs paid . . . , because the actual cost would vary by retail outlet and location, and could further depend on whether the plaintiffs used coupons or took advantage of discounted or promotional pricing offered by the various retailers." Dkt. Nos. No. 76 at 6; 77 at 3. Plaintiffs respond that wholesale pricing is relevant because it could be used as an indirect means of calculating total sales to the class and as a "floor" for calculating class damages. Dkt. No. 76 at 3-4.

The issue before the Court at this stage is not the proper measure of damages, but whether the requested financial information is discoverable. Bimbo Bakeries' assertion that the proposed discovery will not show what the individual class members *actually* paid for the products does not establish that the discovery is not relevant, or could not lead to admissible evidence supporting plaintiffs' claims of damages or motive and intent. Moreover, Bimbo Bakeries has not made any showing that the burden or expense of the proposed discovery outweighs its likely benefit. As with the pre-class period discovery, Bimbo Bakeries has failed to propose any compromise that would limit the scope of the

discovery, contending instead that all of the disputed discovery is irrelevant. Accordingly, the Court orders Bimbo Bakeries to serve amended responses to document requests Nos. 26-31, 70-71, and 73 and produce any responsive, non-privileged documents by May 28, 2014.

### 3. Products Not Sold in California

Finally, the parties dispute whether Bimbo Bakeries' discovery responses should be limited to information and documents regarding products at issue that were sold in California. Bimbo Bakeries contends that California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"), California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"), and California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA") do not govern non-California residents' purchases of products outside California, and thus any Bimbo Bakeries' products that were never sold in California are irrelevant. Dkt. No. 76 at 5.

Plaintiffs argue that such a limitation is not appropriate because (1) the "factual assertion that those products supposedly were not sold in California" is unsupported; (2) the argument that claims relating to certain products may not be asserted because they were not sold in California was not raised in either of Bimbo Bakeries' two motions to dismiss and, as a result, such claims remain in the case; and (3) even if plaintiffs could not assert claims pertaining to these products, information relating to them is still relevant because they contain "the exact same marks and representations as the products defendant agrees were sold in California." Dkt. Nos. 76 at 4; 76-1 at 3. The Court agrees that Bimbo Bakeries' proposed limitation on discovery is not appropriate.

While, "[a]s a general rule, California statutes do not have force beyond the boundaries of California . . . [California] statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California." *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012) (internal quotation marks and citations omitted); *see also Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1147-48 (N.D. Cal. 2013) ("With regard to the UCL, FAL, and CLRA, non-California

residents' claims are not supported where none of the alleged misconduct or injuries occurred in California." (internal quotation marks and citations omitted)). "In determining whether California's consumer protection statutes apply to non-California residents, courts consider where the defendant does business, whether the defendant's principal offices are located in California, where class members are located, and the location from which advertising and other promotional literature decisions were made." *In re Clorox*, 894 F. Supp. 2d at 1237-38 (internal quotation marks and citations omitted).

The operative complaint in this case asserts claims on behalf of a putative nationwide class. Dkt. No. 40 ¶ 228. The issue of whether the alleged unlawful conduct originated in or had strong connections to California should be addressed on the merits in the District Court and cannot be resolved by the undersigned Magistrate Judge because it exceeds the scope of the discovery referral. Despite previously moving to dismiss the complaint, Bimbo Bakeries did not challenge the class allegations as to products not sold in California. Therefore, such products currently remain in the case. The Court agrees with plaintiffs that Bimbo Bakeries is now seeking a discovery ruling that would effectively dismiss claims relating to these products, which is illustrated by the authorities cited by Bimbo Bakeries. *See, e.g.*, *Wilson*, 961 F. Supp. 2d at 1147-48 (dismissing UCL, FAL, and CLRA claims of nationwide putative class of consumers based on activity occurring in other states "because nothing in Plaintiffs' complaint alleges that any of the out-of-state purchases were directed from California or had anything to do with California"); *Koehler v. Litehouse, Inc.*, No. 12-cv-04055 SI, 2012 WL 6217635, at \*7 (N.D. Cal. Dec. 13, 2012) (dismissing with leave to amend UCL, FAL, and CLRA claims as to purchases outside of California made by non-California residents brought as part of a nationwide class action where the complaint did not allege the requisite contacts with California to support the extraterritorial application of California laws).

Accordingly, the Court denies the relief sought by Bimbo Bakeries on this issue. The Court orders Bimbo Bakeries to serve amended responses to plaintiffs' interrogatories and document requests that do not exclude products Bimbo Bakeries alleges were not sold in

1  California and produce any responsive, non-privileged documents by May 28, 2014.

2  Any party may object to this non-dispositive discovery order within 14 days under
3  Federal Rule of Civil Procedure 72(a).

4  IT IS SO ORDERED.

5  Date: May 14, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 13-cv-01196 WHO (NC)
ORDER RE: DISCOVERY DISPUTES     8