PAGES 1 - 24

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEX ANG, ET AL.,           )
                            )
                            )
          PLAINTIFF,        )       NO. C-13-01196 WHO (NC)
                            )
  VS.                       )       WEDNESDAY, APRIL 16, 2014
                            )
BIMBO BAKERIES, USA, INC.,  )       OAKLAND, CALIFORNIA
                            )
          DEFENDANT.        )       HEARING RE DISCOVERY LETTERS
_____)

**BEFORE THE HONORABLE NATHANAEL M. COUSINS, MAGISTRATE JUDGE**

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
RECORDING**

**APPEARANCES:**

**FOR PLAINTIFF:**          PRATT & ASSOCIATES
**(TELEPHONICALLY)**        1871 THE ALAMEDA, SUITE 425
                            SAN JOSE, CALIFORNIA 95126
                     BY:    BEN F. PIERCE GORE, ESQUIRE

**TELEPHONICALLY:**         THE FLEISCHMAN LAW FIRM, PLLC
                            565 FIFTH AVENUE, SEVENTH FLOOR
                            NEW YORK, NEW YORK 10017
                     BY:    BRADLEY F. SILVERMAN, ESQUIRE


**FOR DEFENDANT:**          HOGAN LOVELLS US LLP
                            3 EMBARCADERO CENTER, SUITE 1500
                            SAN FRANCISCO, CALIFORNIA 94111
                     BY:    MARK C. GOODMAN, ESQUIRE


**TRANSCRIBED BY:**         DIANE E. SKILLMAN, TRANSCRIBER
                            510-451-2930

| | |
|---|---|
| 1 | WEDNESDAY, APRIL 16, 2014                          3:21 P.M. |
| 2 | P R O C E E D I N G S |
| 3 | **THE COURT:** COUNSEL, PLEASE. |
| 4 | **MR. SILVERMAN:** THIS IS BRADLEY SILVERMAN OF THE |
| 5 | FLEISCHMAN LAW FIRM REPRESENTING PLAINTIFFS. |
| 6 | **THE COURT:** GOOD AFTERNOON. |
| 7 | **MR. SILVERMAN:** GOOD AFTERNOON, YOUR HONOR. |
| 8 | **MR. GOODMAN:** GOOD AFTERNOON, YOUR HONOR, IT'S MARK |
| 9 | GOODMAN FROM HOGAN LOVELLS FOR DEFENDANT BIMBO BAKERIES, |
| 10 | U.S.A. |
| 11 | **THE COURT:** GOOD AFTERNOON. |
| 12 | **MR. GORE:** GOOD AFTERNOON, YOUR HONOR. PIERCE GORE |
| 13 | FOR PLAINTIFFS. |
| 14 | **THE COURT:** GOOD AFTERNOON. |
| 15 | ALL RIGHT. I THINK THAT'S EVERYONE ON THE PHONE. IS |
| 16 | THERE ANYONE ELSE ON THE PHONE WHO HAS NOT SPOKEN? |
| 17 | (NO RESPONSE.) |
| 18 | OKAY. HEARING NONE, AND WE ARE BEFORE THE COURT. THERE |
| 19 | ARE SOME OTHER ATTORNEYS HERE, COURT STAFF. THERE IS A |
| 20 | RECORDING BEING MADE OF THE TRANSCRIPTS, BUT NOT A TRANSCRIPT |
| 21 | BEING MADE IMMEDIATELY, SO IF EACH COUNSEL CAN REMEMBER TO |
| 22 | IDENTIFY THEMSELVES BEFORE SPEAKING THAT WILL AID IN ANY LATER |
| 23 | LISTENING TO WHAT WE DO HERE TODAY. |
| 24 | WE ARE HERE ON A DISCOVERY MATTER. A REPORT FROM THE |
| 25 | DISTRICT COURT, JUDGE ORRICK, AND ANY PARTY CAN OBJECT TO |

1    WHATEVER RULINGS I MAKE IN THIS PROCESS WITHIN 14 DAYS TO HIM.

2    AND SO THAT'S SOMETHING YOU SHOULD BE AWARE OF FROM A

3    PROCEDURAL PROCESS.

4        SO MY FIRST QUESTION OF THE PARTIES IS IF THERE'S BEEN ANY

5    FURTHER CONFERRING AND RESOLVING THESE ISSUES BEFORE THE

6    HEARING TODAY?

7            **MR. GOODMAN:**  NO, I DON'T BELIEVE SO, YOUR HONOR.

8            **THE COURT:**  LET ME GIVE YOU SOME TENTATIVE THOUGHTS

9    AND YOU CAN TELL ME MORE ABOUT HOW WE SHOULD GO.

10       THE DEFENSE HAS REQUESTED FURTHER BRIEFING AND MAYBE MORE

11   TIME TO ADDRESS THE DISCOVERY ISSUES.  AND I WILL TELL YOU MY

12   INITIAL REACTION.

13       THIS CASE HAS GONE -- YOU'VE HAD A FEW MOTIONS TO DISMISS,

14   IT'S BEEN PENDING FOR MORE THAN A YEAR, BUT YET YOU HAVEN'T

15   HAD INITIAL DISCLOSURES MADE.  AND IF YOU HAVEN'T USED YOUR

16   FIRST YEAR IN THE CASE TO GET EVEN TO THAT STAGE, I'M NOT SURE

17   WHY I -- I WOULD BE INCLINED TO GIVE MORE TIME TO DO WHAT

18   SHOULD BE HAPPENING AUTOMATICALLY WITHOUT THE COURT BEING

19   INVOLVED.

20       SO, LET ME HEAR FROM THE DEFENSE FIRST ABOUT THAT REQUEST

21   FOR MORE TIME AND MORE CONFERRING AND MORE BRIEFING BECAUSE

22   I'M NOT -- I'M NOT -- MY INITIAL READ OF THIS CASE IS THAT THE

23   TIME YOU'VE HAD SO FAR HAS NOT LED TO VOLUNTARY DISCOVERY

24   WITHOUT NEED FOR COURT INTERVENTION.

25       MR. GOODMAN.

4

1          **MR. GOODMAN:**  THANK YOU, YOUR HONOR.  IT'S MARK

2     GOODMAN FOR BIMBO BAKERIES.

3          YOUR HONOR, THE REASON WE MADE THAT REQUEST IS THAT WHILE

4     YOUR HONOR IS CORRECT THIS CASE HAS BEEN PENDING FOR A YEAR,

5     DISCOVERY HAS NOT BEEN CONDUCTED OVER THAT TIME PERIOD.

6          IN FACT, OUR RESPONSES TO THE PLAINTIFFS' DISCOVERY WERE

7     JUST MADE IN -- WERE SERVED ON MARCH 7TH, AND THE REASON THAT

8     WE WERE ASKING FOR MORE TIME, YOUR HONOR, WAS SIMPLY TO

9     CONTINUE THE MEET AND CONFER PROCESS.  WE ARE MEETING AND

10    CONFERRING WITH THE PLAINTIFFS ON THEIR DISCOVERY AND OUR

11    RESPONSES TO THEIR DISCOVERY.  WE ARE TALKING TO OUR CLIENT

12    AND WORKING WITH OUR CLIENT ABOUT ADDITIONAL INFORMATION THAT

13    IT MAY BE ABLE TO AGREE TO PROVIDE TO THE PLAINTIFFS.

14         AND THAT WAS THE REASON FOR OUR STATEMENT IN THE

15    SUBMISSION TO YOUR HONOR THAT WE THOUGHT MORE TIME WOULD BE

16    REQUIRED AS FAR AS THE DISCOVERY THAT WE DID NOT BELIEVE THAT

17    WE WOULD BE ABLE TO REACH AGREEMENT ON, YOUR HONOR.  THE

18    REASON WE ASKED FOR MORE BRIEFING ON THOSE ISSUES WAS JUST FOR

19    FURTHER EXPLANATION AS TO WHATEVER BASIS WE HAVE TO -- WE

20    BELIEVE TO EITHER NOT PROVIDE THE RESPONSE -- THE INFORMATION

21    THAT THE PLAINTIFFS ARE SEEKING OR TO EXPLAIN WHY WE HAVE

22    PRODUCED THE INFORMATION THAT'S AVAILABLE.

23         AND THEN LASTLY, YOUR HONOR, WITH RESPECT TO THE STATEMENT

24    WITH RESPECT TO THE INITIAL DISCLOSURES, AS WE SAID IN OUR

25    SUBMISSION, WE'RE -- WE'RE GOING TO MAKE OUR INITIAL

1    DISCLOSURES.  WE WERE WAITING FOR A RULE 26(F) CONFERENCE.  WE

2    THOUGHT IT WOULD BE MORE PRODUCTIVE TO HAVE THAT CONFERENCE

3    BEFORE MAKING THE INITIAL DISCLOSURES, BUT WE'LL MAKE OUR

4    INITIAL DISCLOSURES IF THE PLAINTIFFS DON'T WANT TO HAVE SUCH

5    A CONFERENCE.

6            **THE COURT:**  WELL, THAT CONFERENCE USUALLY OCCURS

7    BEFORE YOUR COMING INTO COURT WITH A DISCOVERY DISPUTE BECAUSE

8    THE IDEA IS THAT THE PARTIES HAVE A FIRST OPPORTUNITY TO WORK

9    IT OUT THEMSELVES AND TO DEFINE THE ISSUES.  AND THE FACT THAT

10   THE PARTIES, AND I MEAN THE PARTIES COLLECTIVELY HAVEN'T HAD

11   THAT CONFERENCE PRESENTS THE IDEA THAT MAYBE THESE ISSUES HAVE

12   NOT HAD A FULL INTERNAL DISCUSSION BEFORE GETTING TO ME.

13       SO, MR. GOODMAN, WHAT SORT OF SUPPLEMENTAL DISCOVERY -- IS

14   THERE SOME SUPPLEMENTAL DISCOVERY THAT AS OF THIS MOMENT THAT

15   BIMBO BAKERIES HAS COMMITTED TO MAKING?  WHAT -- WHAT, GIVEN

16   MORE TIME, WHAT IS IT THAT YOU THINK YOU'D BE PRODUCING TO THE

17   PLAINTIFFS?

18           **MR. GOODMAN:**  WELL, YES, YOUR HONOR.

19       WITH RESPECT -- WHEN WE SERVED OUR RESPONSES, YOUR HONOR,

20   TO THE DISCOVERY, THE ISSUE OF WHAT OTHER PRODUCTS, THE

21   NONPURCHASE PRODUCTS WOULD BE AT ISSUE HADN'T BEEN RESOLVED BY

22   JUDGE ORRICK.  THAT ISSUE HAS NOW BEEN RESOLVED, AND WE WILL

23   BE PROVIDING FURTHER INFORMATION RELATING TO THE NONPURCHASE

24   PRODUCTS THAT JUDGE ORRICK HAS DETERMINED TO REMAIN IN THE

25   CASE TO THE EXTENT THAT WE HAVE INFORMATION RELATING TO THOSE

1    PRODUCTS.

2         AND I BELIEVE, YOUR HONOR, THAT THERE'S ALSO SOME FURTHER

3    INFOR -- SOME RESPONSES THAT WE CAN PROVIDE TO THE PLAINTIFFS

4    WITH RESPECT TO SOME OF THE DISCOVERY THAT THEY SERVED ON US

5    BUT WE THOUGHT WAS -- FRANKLY DIDN'T UNDERSTAND BECAUSE THEY

6    WERE -- VARIOUS REQUESTS WERE VAGUE AND AMBIGUOUS AND DIDN'T

7    MAKE SENSE TO US.  AND WE HAVE DONE -- WE MET AND CONFERRED

8    WITH THEM ABOUT WHAT THEY WERE LOOKING FOR WITH RESPECT TO

9    THOSE REQUESTS, AND WE ARE GOING TO BE PROVIDING FURTHER

10   INFORMATION REGARDING SOME OF THOSE REQUESTS, YOUR HONOR.

11        **THE COURT:**  THESE ARE DOCUMENT REQUESTS?

12   INTERROGATORIES?  WHAT TYPE OF DISCOVERY?

13        **MR. GOODMAN:**  WELL, IT'S MOSTLY DOCUMENT REQUESTS,

14   YOUR HONOR.  I BELIEVE THEY PROPOUNDED 75 DOCUMENT REQUESTS ON

15   US AND THEY ALSO PROPOUNDED SIX INTERROGATORIES.  SO IT'S

16   MOSTLY DOCUMENT REQUESTS.

17        **THE COURT:**  ALL RIGHT.  ANYTHING YOU SPECIFY NOW OR

18   DO YOU WANT TO PUT IT IN WRITING WHICH ARE THE REQUESTS THAT

19   YOU'RE GOING TO SUPPLEMENT?

20        **MR. GOODMAN:**  I BELIEVE THAT MY ASSOCIATE HAS HAD

21   THOSE DISCUSSIONS WITH MR. SILVERMAN AND MR. GORE.  I DON'T

22   HAVE IN FRONT OF ME, YOUR HONOR, I APOLOGIZE FOR NOT HAVING IT

23   IN FRONT OF ME, THE EXACT RESPONSES THAT WE WOULD BE

24   SUPPLEMENTING, BUT I CAN CERTAINLY PUT THAT IN WRITING.

25        **THE COURT:**  SOMEBODY HAS THAT INFORMATION AND CAN

1      SUBMIT IT SO THAT IT'S CLEAR?

2              **MR. GOODMAN:**  YES, SIR.

3              **THE COURT:**  ALL RIGHT.  SO, OUT OF THE BOX, WITHIN

4      THE NEXT 14 DAYS, THE PARTIES ARE GOING TO HAVE THEIR RULE 26

5      CONFERENCE AND THEY ARE GOING TO MAKE THE INITIAL DISCLOSURES.

6          AND TO THE EXTENT EITHER NOW OR WITHIN THAT TIME PERIOD,

7      BIMBO BAKERIES IS AGREEING TO SUPPLEMENT ITS PRIOR RESPONSES

8      WITH ADDITIONAL INFORMATION, SUCH AS NONPURCHASE PRODUCTS OR

9      SOMETHING ELSE, I'LL ASK YOU TO SUBMIT TO THE COURT AN UPDATE

10     AS TO THOSE AREAS THE PARTIES HAVE AGREED THAT THERE SHOULD BE

11     A FURTHER CORRECTION OF INFORMATION OR DOCUMENTS.

12             **MR. GOODMAN:**  UNDERSTOOD.

13             **THE COURT:**  THAT WILL CLARIFY THE RECORD AS TO WHERE

14     BIMBO BAKERIES HAS VOLUNTARILY AGREED TO PRODUCE ADDITIONAL

15     INFORMATION.

16         AND YOU WILL ALSO, WITHIN 14 DAYS, JUST PUT IT IN WRITING

17     AND CONFIRM THAT THE RULE 26 CONFERENCE HAS OCCURRED AND THAT

18     THE INITIAL DISCLOSURES HAVE BEEN MADE SO THAT WE KNOW THAT'S

19     TAKEN PLACE.

20         ALL RIGHT.

21             **MR. GOODMAN:**  OKAY.

22             **THE COURT:**  THEN LET'S KIND OF GO THROUGH SOME OF

23     THESE DIFFERENT CATEGORIES OF DISCOVERY AND TALK ABOUT THEM.

24             **MR. GORE:**  I HAVE A QUESTION, YOUR HONOR.

25             **THE COURT:**  YES.

1          **MR. GORE:**  ARE WE TO UNDERSTAND THAT DEFENDANT WILL

2     PRODUCE NOT ONLY SUPPLEMENTAL RESPONSES WITHIN 14 DAYS, BUT

3     ALSO THE RESPONSIVE DOCUMENTS?  IS THAT WHAT THE COURT IS

4     ORDERING?

5          **THE COURT:**  YES.  IF THERE ARE DOCUMENTS THAT THEY

6     ARE AGREEING TO PRODUCE AND THEY ARE NOT IN DISPUTE, THOSE

7     DOCUMENTS SHOULD BE PRODUCED WITHIN 14 DAYS.

8          **MR. GORE:**  THANK YOU.

9          **THE COURT:**  NOT JUST WRITING THEY WILL PRODUCE IT,

10    BUT THEY WILL ACTUALLY PROVIDE THEM TO YOU.  WITH THE THOUGHT

11    THAT THAT WILL BE AKIN TO INITIAL DISCLOSURES OF UNDISPUTEDLY

12    RELEVANT DOCUMENTS THAT THEY ARE AGREEING TO PRODUCE.

13        ALL RIGHT.  THE PRE-CLASS PERIOD DISCOVERY.  IT'S TRUE

14    THAT A LOT OF CASE LAW SAYS THAT AS A MATTER OF LAW THAT JUST

15    BECAUSE SOMETHING IS OUTSIDE A TIME PERIOD THAT MIGHT BE IN

16    DISPUTE, THAT IT MIGHT STILL BE DISCOVERABLE.  ON THE OTHER

17    HAND, IT DOESN'T CREATE AN ABSOLUTE IMMUNITIES OR SOME OTHER

18    TIME FRAME, AND MY FOCUS HERE IS, ALL RIGHT, EVEN IF I AGREE,

19    AND I TENTATIVELY AGREE THAT THERE MIGHT BE DISCOVERY AS TO A

20    PRE-CLASS PERIOD, HOW FAR BACK SHOULD THAT GO BACK?  SHOULD IT

21    GO BACK TEN YEARS?  SHOULD IT BE SET TO SOME DIFFERENT TIME

22    PERIOD?  I WANT TO MAKE SURE THERE'S CLARITY.

23        AND AS I READ THE DOCUMENT AND DISCOVERY REQUESTS, FOR

24    SOME OF THEM I DON'T SEE THAT THERE IS A TIME LIMIT ON THEM

25    AND I WOULD BE INTERESTED IN HAVING A TIME PERIOD THAT WOULD

1   IT WOULD APPLY TO EVERYTHING.

2       SO LET ME START WITH THE PLAINTIFFS AS TO WHAT PLAINTIFF

3   THINKS WOULD BE A REASONABLE TIME PERIOD.

4           **MR. GORE:**  WE HAVE -- YOUR HONOR, WE HAVE, OUR GROUP

5   HAS 55 OF THESE CASES PENDING IN THE NORTHERN DISTRICT.  AND

6   WHAT OUR DEFENDANTS HAVE CUSTOMARILY AGREED TO -- THESE

7   LABELS, THESE CASES OBVIOUSLY CONCERN LABELS.  AND THEY DIDN'T

8   SPRING ON TO THE PACKAGES AT THE BEGINNING OF THE CLASS

9   PERIOD, WHICH WAS AN OPTION SOLELY OF THE STATUTE OF

10  LIMITATIONS.

11      AND SO WHAT OUR DEFENDANTS HAVE AGREED TO IN SOME CASES IS

12  GOING BACK EIGHT YEARS, FOUR YEARS PRIOR TO THE COMMENCEMENT

13  OF THE CLASS PERIOD.

14      JUDGE GREWAL, WHO HAS EXTENSIVE EXPERIENCE WITH THIS

15  ISSUE, RULED IN OGDEN VERSUS BUMBLE BEE FOODS, WHICH I BELIEVE

16  I CITED, 292 F.R.D. 620, THAT THE -- THAT WE CAN GO BACK TO

17  BEFORE THE START OF THE CLASS PERIOD.  AND WE WOULD THINK

18  BEFORE LOOKING AT ANY OF THE DOCUMENTS AND KNOWING HOW THE

19  DEFENDANT OPERATED IN THIS INSTANCE, WE WOULD BE COMFORTABLE

20  WITH THE STARTING POINT OF EIGHT YEARS PRIOR TO THE FILING OF

21  THE COMPLAINT.

22          **THE COURT:**  SO YOUR PROPOSAL IS EIGHT YEARS BEFORE

23  THE FILING OF THE COMPLAINT WOULD BE THE TIME PERIOD THAT YOU

24  WOULD SET AS A DEFAULT FOR RELEVANT DISCOVERY?

25          **MR. GORE:**  YES.  ADJUSTED -- AS WE MOVE THROUGH

1    DISCOVERY AND FIND OUT WHAT HAPPENED AND WHEN, WE WOULD ADJUST

2    IT AS APPROPRIATE AND WORK WITH THE DEFENDANTS ON DOING THAT.

3            **THE COURT:**  ALL RIGHT.

4        MR. GOODMAN, WHY NOT, ONE, WHY LIMIT THE DISCOVERY PERIOD

5    TO THE CLASS PERIOD, AND IF I DON'T RUN INTO THAT PERIOD

6    PRESUMPTIVELY, IN A DISPARATE EIGHT YEARS, WHAT TIME PERIOD

7    SHOULD I SET?

8            **MR. GOODMAN:**  THANK YOU, YOUR HONOR.

9        YOUR HONOR, IN THIS CASE UNLIKE THE TOYOTA CASE THE

10   PLAINTIFFS CITED IN THE SUBMISSION TO YOU, THIS IS A CASE THAT

11   INVOLVES PURELY ALLEGED ILLEGAL STATEMENTS MADE ON THE LABELS

12   DURING THE CLASS PERIOD.

13       THERE'S A SIGNIFICANT QUESTION AS TO THE RELEVANCE OF ANY

14   PRE-CLASS PERIOD DECISIONS REGARDING THE LABELING.  THE ISSUE

15   IS WHERE THE LABELS PUT ON THE PACKAGES THAT WERE ALLEGEDLY

16   BOUGHT BY THE PLAINTIFFS AND THE PUTATIVE CLASS ILLEGALLY

17   LABELED.  AND IF NOT, THE PLAINTIFFS DON'T HAVE A CLAIM.  AND

18   IF SO, THEN MAYBE THEY DO HAVE A CLAIM.

19       BUT THERE'S NO RELEVANCE, YOUR HONOR, TO WHAT THE

20   LABELS -- THE DECISIONS WENT INTO BEFORE THE CLASS PERIOD

21   PUTTING THOSE LABELS ON THE PRODUCTS AT ISSUE OR NOT.  AND IF

22   THE PLAINTIFFS ARE SAYING THAT THE RELEVANCE IS THE MOTIVE AND

23   INTENT WHICH GOES TO FRAUD, THEN, YOUR HONOR, WE HAVE AN ISSUE

24   WITH THAT BECAUSE THE PLAINTIFF SAID IN A MOTION TO DISMISS IN

25   THIS CASE THAT THEY WEREN'T BRINGING A FRAUD CLAIM; THAT THEY

1    WERE BRINGING A -- AN ILLEGAL STATEMENT CLAIM, AND THAT MOTIVE

2    AND INTENT WERE IRRELEVANT.

3        SO IF THEY ARE GOING TO BE CHANGING THEIR POSITION, I

4    THINK THAT'S -- FIRST OF ALL, I DON'T THINK THEY SHOULD BE

5    ABLE TO DO THAT AND, SECONDLY, THAT IS SOMETHING THAT WE

6    SHOULD BRING TO THE ATTENTION OF THE COURT BECAUSE WE MIGHT

7    HAVE SOME POSITION TO DISMISS THEIR ALLEGATIONS IN THEIR

8    COMPLAINT WHICH ARE WOEFULLY INADEQUATE WITH RESPECT TO FRAUD.

9        **THE COURT:**  WHAT IS THE RELEVANCE OF THE PRE-CLASS

10   PERIOD DISCOVERY?

11       **MR. SILVERMAN:**  YOUR HONOR, THIS IS BRADLEY

12   SILVERMAN.

13       YOUR HONOR, IT DOES GO TO INTENT AND TO MOTIVE AND TO

14   KNOWLEDGE REGARDING THE FRAUDULENT AND DECEPTIVE CONDUCT

15   THAT'S ALLEGED.

16       AND JUST TO BE CLEAR, PREVIOUSLY JUDGE ORRICK HAD APPLIED

17   RULE 9(B) TO ALL OF OUR CLAIMS AND ONLY IMPLIED THAT PERHAPS

18   OUR CLAIM UNDER THE UNLAWFUL PRONG OF THE UCL MAY NOT HAVE

19   INTENT REQUIREMENT.

20       AND TO BE CLEAR, AT NO TIME IN ANY OF OUR PAPERS DID WE

21   EVER ARGUE THAT OUR -- ALL OUR CLAIMS DO NOT REQUIRE INTENT.

22   WE SOLELY ARGUED THAT WE BELIEVE THAT THERE IS NO INTENT OR

23   RELIANCE ELEMENT WITH RESPECT TO OUR UNLAWFUL PRONG CLAIM

24   UNDER THE UCL.  WE MADE NO SUCH ARGUMENT WITH RESPECT TO ANY

25   OTHER CLAIM.

1          **THE COURT:**  ALL RIGHT.  AND WHY DOES MOTIVE MATTER?

2    WHAT DOES IT MATTER THAT MOTIVE (UNINTELLIGIBLE).

3          **MR. GORE:**  WE HAVE A CLAIM FOR PUTATIVE DAMAGES,

4    AMONG OTHER THINGS.

5       AND AS MR. SILVERMAN MENTIONED, SOME OF OUR CAUSES OF

6    ACTION INCLUDED AN INTENT REQUIREMENT AND SOME DON'T.  AND

7    THERE IS -- WE HAVE NEVER CHANGED OUR POSITION.  WE HAVE

8    ALWAYS BELIEVED THAT OUR CAUSE OF ACTION UNDER THE UNLAWFUL

9    PRONG UNDER THE UCL DOES NOT REQUIRE ALLEGATIONS OF DECEPTION

10   OR RELIANCE.  IT'S A STRICT -- THE SHERMAN LAW IS STRICT

11   LIABILITY.

12      BUT INTENT IS RELEVANT TO DEFENDANT'S DECISIONS TO PUT

13   THESE LABELS ON THERE BECAUSE IT GOES TO THEIR PROFIT

14   MOTIVATION AND TO THE ISSUE OF PUNITIVE DAMAGES.  SO IT IS

15   COMPLETELY RELEVANT.

16         **THE COURT:**  NOW WE'RE FAR IN THE CASE FROM AN AWARD

17   OF PUNITIVE DAMAGES, SO WHY HAVE THAT DISCOVERY DURING THE

18   CURRENT PHASE AND NOT LATER IF WE GET CLOSER TO A POINT OF THE

19   COURT DECIDING THAT THOSE MIGHT BE APPLICABLE?

20         **MR. GORE:**  WELL, WE HAVE A CASE MANAGEMENT ORDER, AND

21   THE PARTIES HAVE HAD THE OPPORTUNITY TO DISCUSS AND RAISE WITH

22   JUDGE ORRICK WHETHER OR NOT TO BIFURCATE DISCOVERY.  HE HAS

23   NEVER ORDERED DISCOVERY BIFURCATED.  IN FACT, DISCOVERY HASN'T

24   BEEN BIFURCATED IN ANY OF OUR 55 FOOD LABELING CASES.  THIS IS

25   THE FIRST TIME A DEFENDANT HAS REQUESTED IT.

1    AND SO WE SEE SUCH A SUBSTANTIAL OVERLAP.  WHEN WE GET

2    THESE DOCUMENT PRODUCTIONS, THEY AREN'T -- THEY AREN'T BROKEN

3    OUT ACCORDING TO DOCUMENTS THAT EVIDENCE INTENT; IT JUST -- IT

4    JUST DOESN'T WORK THAT WAY DURING DISCOVERY.  WE DON'T SEE THE

5    REASON -- WE DON'T SEE HOW IT WOULD BE PRODUCTIVE FOR

6    DISCOVERY, TO START DRAWING LINES NOW WITH RESPECT TO TRYING

7    TO SEGREGATE OUT THOSE DOCUMENTS BEFORE WE HAVE DONE ANY

8    DISCOVERY.

9         **THE COURT:**  MR. GOODMAN, JUST TO GO BACK TO YOU ON

10   THE ISSUE FROM A MOMENT AGO, THE EIGHT-YEAR TIME PERIOD, I

11   KNOW YOUR POSITION IS THAT THE CLASS PERIOD IS RELEVANT, ANY

12   DIFFERENT AUTHORITY OR REASON TO PICK A DIFFERENT TIME PERIOD

13   THAN EIGHT YEARS AS HAS BEEN SUGGESTED BY THE PLAINTIFF?

14        **MR. GOODMAN:**  YOUR HONOR, YES.  AND THAT GOES

15   DIRECTLY TO WHAT I WOULD HAVE RESPONDED TO, I BELIEVE THAT WAS

16   MR. GORE SPEAKING, WITH RESPECT TO HOW THE PLAINTIFFS ARE

17   ENTITLED TO DISCOVERY BECAUSE IT'S -- IT'S -- IT DOESN'T

18   REALLY MATTER WHETHER IT'S FOUR YEARS OR EIGHT YEARS, BUT IT

19   DOES, OF COURSE, YOUR HONOR.  IT'S TWICE AS MANY DOCUMENTS,

20   IT'S TWICE THE TIME PERIOD.  AND THOSE DOCUMENTS AREN'T

21   RELEVANT TO ANYTHING AT ISSUE IN THIS CASE EXCEPT PERHAPS

22   PUNITIVE DAMAGES, WHICH SHOULDN'T BE AN ISSUE AT THIS POINT

23   BECAUSE AS YOUR HONOR JUST NOTED, WE ARE A LONG WAY AWAY FROM

24   THAT.

25        AND JUDGE ORRICK HAS ABSOLUTELY NOT INDICATED THAT

1   PUNITIVE DAMAGES DISCOVERY WOULD BE APPROPRIATE TO GO FORWARD.

2   THE ISSUE OF BIFURCATING DISCOVERY HAS NOT BEEN RAISED BECAUSE

3   IT HASN'T BEEN AN ISSUE PRIOR TO THE RESPONSES TO THESE

4   DISCOVERY REQUESTS.

5       SO, WE WOULD ABSOLUTELY TAKE THE POSITION THAT PUNITIVE

6   DAMAGES DISCOVERY IS BADLY PREMATURE RIGHT NOW, AND THAT EIGHT

7   YEARS OF DOCUMENTS RELATING TO ISSUES THAT REALLY JUST GO TO

8   THE LABELS THAT ARE ISSUED DURING A TIME PERIOD THAT THE

9   PLAINTIFFS COULD HAVE PURCHASED THESE PRODUCTS AND COULD HAVE

10  BEEN AN ISSUE IN THIS CASE, WHICH IS FOUR YEARS, IS A VERY,

11  VERY DIFFERENT BURDEN AND SCOPE OF DISCOVERY THAN FOUR YEARS.

12       **MR. SILVERMAN:**  YOUR HONOR, IF I MAY.  THIS IS

13  BRADLEY SILVERMAN.

14       AS WE MENTION IN FOOTNOTE 4 OF THE JOINT STATEMENT.

15  DEFENDANT HAS ALREADY TOLD US THAT THERE ARE LARGE SWATHS OF

16  OUR DISCOVERY REQUESTS FOR WHICH THEY HAVE NO RESPONSIVE

17  DOCUMENTS FROM THE FOUR-YEAR CLASS PERIOD.  THESE INCLUDE

18  CONSUMER SURVEYS AND RESEARCH AND ANALYSIS.  THERE WERE

19  CONSULTANTS IN THIS AREA.  DOCUMENTS RELATING TO THE DIFFERENT

20  SETS -- DIFFERENCES IN PRICES THAT THEY CAN CHARGE FOR

21  PRODUCTS THAT HAVE THESE FRAUDULENT TERMS AND (UNINTELLIGIBLE)

22  ON THEM VERSUS THE PRICE OF THE PRODUCTS THAT WOULDN'T.

23       THEY SAY THEY DON'T HAVE THESE DOCUMENTS FOR THE FOUR-YEAR

24  PERIOD, BUT THEY DON'T DISPUTE THEY HAVE THE DOCUMENTS THAT

25  PREDATE THAT CLASS PERIOD.  THIS IS ANOTHER REASON WHY

1    PRE-CLASS PERIOD DISCOVERY IS SO KEY IN THIS SPECIFIC CASE.

2            **THE COURT:**  ALL RIGHT.  I THINK I HAVE EXHAUSTED THAT

3    TOPIC SO I'M GOING TO MOVE TO THE NEXT.

4        MOVE TO SALES INFORMATION.  AGAIN, THE QUESTION HERE MIGHT

5    BE ONE OF, NOT OF RELEVANCE BUT OF TIMING AS TO WHETHER SALES

6    INFORMATION MIGHT BE DISCOVERABLE NOW OR LATER IN THE CASE

7    POST CLASS CERTIFICATION OR UNTIL YOU AT LEAST HAVE SOME MORE

8    OF A LEGAL DEFINITION OF WHAT'S IN THE CASE AND WHAT'S NOT.

9        SO GETTING BACK TO THE PLAINTIFFS, WHY HAVE DISCOVERY ON

10   SALES INFORMATION NOW?

11           **MR. GORE:**  WE ARE ENCOUNTERING THE WORLD OF CLASS

12   CERTIFICATION HAS CHANGED IN THE PAST SEVERAL YEARS, AND

13   PLAINTIFFS NOW ARE LARGELY REQUIRED TO PUT ON THEIR ENTIRE

14   CASE ESPECIALLY WITH RESPECT TO DAMAGES AT THE CLASS

15   CERTIFICATION STAGE.

16       CLEARLY BIMBO IS THE WORLD'S LARGEST BREAD COMPANY.  THEIR

17   SALES -- WE NEED THAT INFORMATION, AND WE ARE ONLY ASKING FOR

18   SALES INFORMATION FOR THE CLASS PERIOD.  JUST FOR THAT

19   FOUR-YEAR SPAN, AND THAT IS CLEARLY RELEVANT TO DAMAGES.

20       THIS ISSUE HAS ALREADY BEEN RULED UPON BY JUDGE LLOYD IN

21   BRAZIL VERSUS DOLE PACKAGED FOODS.  I THINK WE HAVE CITED THIS

22   ALREADY, BUT IN THE EVENT THAT WE HAVEN'T, IT IS A RULING

23   DATED APRIL 1, 2014.  IT'S DOCKET NUMBER 123 IN BRAZIL V. DOLE

24   PENDING BEFORE JUDGE KOH, AND JUDGE LLOYD ORDERED PRODUCTION

25   OF THE SAME TYPE OF SALES INFORMATION THAT WE ARE ASKING FOR

1    IN THIS CASE IN THE DOLE CASE.

2              **THE COURT:**  ALL RIGHT.  AND, MR. GOODMAN, WHAT DO YOU

3    THINK ABOUT THAT?

4              **MR. GOODMAN:**  WELL, YOUR HONOR, FOR A LARGE -- I

5    DON'T BELIEVE YOU HAVE THESE DISCOVERY REQUESTS AND RESPONSES

6    IN FRONT OF YOU.  BUT FOR A GREAT NUMBER OF THE SALES

7    INFORMATION REQUESTS THAT THEY ACTUALLY PROPOUNDED WHICH ARE

8    DOCUMENT REQUESTS, AND THEY ASK FOR INFORMATION THAT WE DON'T

9    HAVE, SUCH AS RETAIL SALES BY THE RETAILERS OF OUR PRODUCTS.

10   WE DON'T SET THE RETAIL PRICES.  WE DON'T KNOW WHAT THE

11   RETAIL OUTLETS AND THE VARIOUS, YOU KNOW, CITIES THROUGHOUT

12   CALIFORNIA AND EVEN PUTS IN A CITY IN CALIFORNIA WOULD CHARGE

13   FOR A LOAF OF SARA LEE BREAD IN THEIR STORES.  WE DON'T TRACK

14   THAT INFORMATION, WE ARE NOT PRIVY TO IT, WE DON'T HAVE IT.

15   THAT'S WHY WE SAID IN OUR RESPONSES WE DON'T HAVE ANY

16   RESPONSIVE DOCUMENTS.

17   THEY DIDN'T ASK US FOR ANY SALES INFORMATION THAT WOULD BE

18   RELEVANT, YOUR HONOR, THAT WE SAID WE HAD RESPONSIVE DOCUMENTS

19   FOR.  THE ONLY THING THAT WE -- THE ONLY TOPIC THAT ASKED FOR

20   THAT WE WOULD HAVE RESPONSIVE INFORMATION WOULD -- WOULD

21   PERTAIN TO WHOLESALE PRICES; THAT WOULD HAVE NOTHING TO DO

22   WITH DAMAGE OR CLASS CERTIFICATION IN THIS CASE BECAUSE THE

23   PLAINTIFFS HAVEN'T ALLEGED THAT THEY PURCHASED WHOLESALE

24   PRODUCTS.

25   SO, I'M NOT REALLY SURE WHAT THE PLAINTIFFS SAID IN THEIR

1    SUBMISSION TO YOUR HONOR THAT WE HAVE REFUSED TO PRODUCE TO

2    THEM ANY SALES INFORMATION.  THAT'S NOT ACCURATE.  WE HAVE

3    TOLD THEM THAT WE DON'T HAVE THE PARTICULAR INFORMATION THAT

4    THEY HAVE REQUESTED.

5              THE COURT:  ALL RIGHT.

6                   (SIMULTANEOUS COLLOQUY.)

7              MR. GORE:  WE WANT THE WHOLESALE SALES INFORMATION.

8    WE WANT ANY RELEVANT RESPONSIVE NONPRIVILEGED INFORMATION THAT

9    BIMBO HAS.

10       MONETARY RECOVERY IN CLASS ACTIONS, AS THE COURT KNOWS, IS

11   MEASURED NOT JUST BY RETAIL PRICES PAID, BUT UNDER A

12   RESTITUTIONARY RECOVERY IT CAN BE MEASURED BY THE INCOME THAT

13   A DEFENDANT RECEIVED FROM SALES EVEN BY THE WHOLESALE ROUTE OF

14   AN ILLEGAL PRODUCT.  WE ARE ENTITLED TO THAT INFORMATION.

15             THE COURT:  ALL RIGHT.  GO AHEAD.

16             MR. GOODMAN:  WHOLESALE PRICES FOR A CONSUMER CLASS

17   ARE NOT RELEVANT UNLESS IT CAN BE SHOWN IT'S CONSUMER

18   PURCHASED THE WHOLESALE PRODUCT.  THIS IS NOT ASKING FOR

19   DISGORGEMENT, YOUR HONOR, THEY ARE ASKING FOR RESTITUTION.

20             THE COURT:  ALL RIGHT.  NEXT TOPIC IS PRODUCTS SOLD

21   OUTSIDE OF CALIFORNIA.

22       WHAT'S THE RELEVANCE OF PRODUCTS SOLD OUTSIDE OF

23   CALIFORNIA?

24             MR. GORE:  FIRST -- FIRST OF ALL, WE SEEK A NATIONAL

25   CLASS.  THIS IS NOT A CALIFORNIA CLASS CASE.  AS JUDGE GREWAL

HAS POINTED OUT, THE SCOPE OF DISCOVERY IS DEFINED BY THE

SCOPE OF THE PLEADINGS.  WE HAVE AN INTERNATIONAL CLASS.

THAT'S THE SIMPLE ANSWER.

ALSO THERE'S NO EVIDENCE IN THE RECORD THAT INDICATES THAT

BIMBO HAS A CALIFORNIA LABEL FOR PRODUCTS SOLD IN CALIFORNIA

AND A 49 STATES' LABEL ON OTHER PRODUCTS.  IT IS, AS I

MENTIONED EARLIER, THE WORLD'S LARGEST BREAD COMPANY.  THE

PRODUCTS ARE SOLD SARA LEE BREAD, MR. GOODMAN POINTS OUT,

THAT'S SOLD NATIONALLY.  THESE PRODUCTS WERE DEVELOPED AS PART

OF A NATIONAL MARKETING CAMPAIGN.

RELEVANCE DOESN'T STOP AT THE STATE LINE.  UNDER OUR

NATIONAL CLASS -- THAT -- THAT ALONE SHOULD ANSWER THE

QUESTION, BUT WE ARE GOING AFTER A MARKETING PROGRAM THAT WAS

DESIGNED TO PROMOTE SALES NATIONALLY.

UNLESS THE COURT HAS QUESTIONS, THAT'S OUR ANSWER.

**THE COURT:**  LET'S ASK MR. GOODMAN ON THAT.

**MR. GOODMAN:**  THANK YOU, YOUR HONOR.

THE PLAINTIFFS' COMPLAINT IN THIS ACTION, THEY HAVE

ALLEGED CAUSES OF ACTION UNDER CALIFORNIA BUSINESS AND

PROFESSIONS CODE 17200, 17500, AND I BELIEVE IT'S CALIFORNIA

CIVIL CODE SECTION 1750.

UNDER EACH ONE OF THOSE STATUTES, YOUR HONOR, THE -- THERE

HAS TO BE -- THE RELIEF IS ONLY AVAILABLE TO CALIFORNIA

CITIZENS TO PURCHASES MADE IN CALIFORNIA.

AND AS MR. GORE SAID, THERE IS NO DIFFERENCE BETWEEN THE

1    PRODUCTS IN CALIFORNIA VERSUS THE PRODUCTS THAT AREN'T IN

2    CALIFORNIA AS FAR AS THE LOCALS ARE CONCERNED, THEN THEY ARE

3    GOING TO GET THAT INFORMATION.  WE ARE NOT REFUSING TO PROVIDE

4    INFORMATION THAT DOESN'T RELATE TO PRODUCTS THAT AREN'T SOLD

5    IN CALIFORNIA.

6        THE ONLY THING THAT WE'RE SAYING THAT WE WOULD NOT PRODUCE

7    IS INFORMATION RELATING SOLELY TO PRODUCTS THAT ARE NOT SOLD

8    IN CALIFORNIA.

9        THOSE PRODUCTS AND THOSE LABELS CANNOT BE RELEVANT TO THE

10   CLAIMS THAT HAVE BEEN ALLEGED IN THIS CASE.

11           **MR. GORE:**  JUDGE ORRICK HAS ALREADY RULED ON TWO

12   MOTIONS TO DISMISS IN THIS CASE, AND DETERMINED IN RULING ON

13   EACH OF THOSE MOTIONS WHICH PRODUCTS ARE IN AND WHICH PRODUCTS

14   ARE OUT.

15       ALL WE ARE ASKING FOR IS DISCOVERY, ALL OF IT AS TO THE

16   PRODUCTS THAT JUDGE ORRICK HAS RULED ARE IN THE CASE.  THAT'S

17   ALL.

18               (SIMULTANEOUS COLLOQUY.)

19           **THE COURT:**  MR. GOODMAN, IF THE ORDER SAID THAT

20   DISCOVERY IS LIMITED TO THE PRODUCTS IDENTIFIED IN JUDGE

21   ORRICK'S RULINGS, WHAT WOULD BE PROBLEMATIC WITH THAT

22   APPROACH?

23           **MR. GOODMAN:**  THE PROBLEM WITH THAT APPROACH, YOUR

24   HONOR, IS THE ISSUE THAT MR. GORE HAS REFERRED TO HAS NOT BEEN

25   RAISED BEFORE JUDGE ORRICK.  THERE'S BEEN NO -- JUDGE ORRICK

1    HAS NOT SAID THAT DISCOVERY CAN BE CONDUCTED WITH RESPECT TO

2    PRODUCTS THAT WERE NOT SOLD IN CALIFORNIA.  AND THERE ARE

3    PRODUCTS THAT ARE IN THE CASE, THERE'S SOME OF THE NONPURCHASE

4    SUBSTANTIALLY SIMILAR PRODUCTS THAT HAVE NEVER BEEN SOLD IN

5    CALIFORNIA.

6              MR. SILVERMAN:  YOUR HONOR?

7              MR. GOODMAN:  THE PROBLEM WITH PROVIDING DISCOVERY ON

8    THOSE PRODUCTS IS THAT IT CANNOT BE REASONABLY CALCULATED TO

9    LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE.

10             MR. SILVERMAN:  YOUR HONOR, THIS IS BRADLEY

11   SILVERMAN.

12             THE COURT:  GO AHEAD.

13             MR. SILVERMAN:  WE FILED AN AMENDED COMPLAINT ON

14   MAY 20TH, 2013 LISTING ALL OF THESE PRODUCTS AT ISSUE.

15       SUBSEQUENTLY, DEFENDANTS FILED TWO SPECIFIC MOTIONS TO

16   DISMISS AND TRIED TO WHITTLE DOWN THIS LIST OF PRODUCTS AT

17   ISSUE.

18       JUDGE ORRICK HAS GIVEN TWO VERY DETAILED DECISIONS ON

19   THOSE MOTIONS TO DISMISS AS TO WHAT SPECIFIC PRODUCTS ARE IN

20   AND WHAT SPECIFIC PRODUCTS ARE OUT.

21       AT NO TIME UP UNTIL A WEEK OR SO AGO DOES THE DEFENDANT

22   EVER RAISE THIS ISSUE ABOUT PRODUCTS NOT BEING SOLD IN

23   CALIFORNIA.  HE'S -- DEFENDANT IS NOW ESSENTIALLY ASKING YOUR

24   HONOR TO DISMISS ALL CLAIMS RELATING TO PRODUCTS NOT SOLD IN

25   CALIFORNIA, DESPITE THE FACT THAT JUDGE ORRICK HAS ORDERED

1     THAT THESE PRODUCTS ARE IN THE CASE.

2                 **THE COURT:**  ALL RIGHT.

3                 **MR. GOODMAN:**  JUDGE ORRICK NEVER ISSUED AN ORDER ON

4     THAT ISSUE.  THERE IS NO ORDER BY THE COURT SAYING THAT

5     PRODUCTS THAT ARE NOT SOLD IN CALIFORNIA CAN HAVE ANY

6     RELEVANCE TO THIS CASE OR CAN FORM THE BASIS OF ANY CLAIM MADE

7     BY THE PLAINTIFFS.

8         SO, IT'S JUST A MATTER OF THESE PLAINTIFFS ASKING FOR

9     DISCOVERY ON PRODUCTS THAT CAN HAVE NO RELEVANCE TO THE CLAIMS

10    THAT THEY HAVE ACTUALLY ASSERTED IN THE CASE.

11        WE ARE NOT ASKING YOUR HONOR TO DO ANYTHING DIFFERENT THAN

12    WHAT JUDGE ORRICK HAS DONE.  WE'RE JUST SAYING THAT THERE'S NO

13    BASIS ON WHICH YOU CAN CONDUCT DISCOVERY OF A PRODUCT THAT IS

14    NOT SOLD IN CALIFORNIA WHEN YOU'RE ALLEGING CLAIMS UNDER

15    CALIFORNIA STATUTES.

16                **THE COURT:**  WELL, THIS IS AN EXAMPLE OF AN ISSUE THAT

17    PERHAPS IN A RULE 26 CONFERENCE IN DEFINING WHAT PRODUCTS ARE

18    IN THE CASE, WHERE THEY ARE SOLD, AND WHAT DISCOVERY RELATES

19    TO THEM, YOU CAN WORK OUT.

20        SO ON THIS PARTICULAR ISSUE, I THINK IT SOUNDS LIKE IT'S A

21    SUBSTANTIAL ONE AS FAR AS THE SCOPE OF DISCOVERY GOES.  I'M

22    GOING TO GIVE YOU A CHANCE TO CONFER FURTHER ABOUT IT AND TO

23    REPORT BACK TO ME WHAT YOU RESOLVED.  BECAUSE IT SOUNDS TO ME,

24    HAVING READ WHAT YOU'VE SUBMITTED IN WRITING AND HAVING HEARD

25    THIS ARGUMENT, THAT YOU MIGHT BENEFIT FROM A FURTHER

1    DEFINITION.

2        BECAUSE IT COULD BE, FOR EXAMPLE, THAT YOU AGREE THAT

3    THERE MIGHT BE, YOU KNOW, CERTAIN TYPE -- FIVE PRODUCTS SOLD

4    OUTSIDE OF CALIFORNIA THAT ARE -- WOULD BE ILLUSTRATIVE IN

5    DISCOVERY WITHOUT HAVING DISCOVERY ON EVERY PRODUCT SOLD

6    OUTSIDE OF CALIFORNIA.  OR YOU MIGHT CARVE IT A DIFFERENT WAY,

7    EITHER SOME DIFFERENT TIME PERIOD OR CERTAIN GEOGRAPHIC AREAS

8    OUTSIDE OF CALIFORNIA.

9        I'M NOT PROVIDING A REAL ANSWER BECAUSE I DON'T KNOW BIMBO

10   BAKERIES PRODUCTS WELL ENOUGH TO PROPOSE A SOLUTION TO YOU,

11   BUT I THINK CONFERRING FURTHER -- AND I AM AWARE OF JUDGE

12   CONTI'S DECISION IN THE WILSON VERSUS FRITO LAY CASE, BUT THAT

13   WAS NOT THE SCOPE OF DISCOVERY, THAT WAS THE SCOPE OF THE

14   CLAIMS PERIOD THAT HE WAS RULING ON.

15       HERE JUDGE ORRICK HAS NOT EXCLUDED CLAIMS OUTSIDE OF

16   CALIFORNIA, SO MY TENTATIVE WOULD BE TO ALLOW DISCOVERY AS TO

17   PRODUCTS OUTSIDE OF CALIFORNIA, BUT I THINK YOU HAVEN'T

18   CONFERRED FULLY WITH EACH OTHER YET AS TO HOW THAT DISCOVERY

19   MIGHT BE LIMITED.  I'M GOING TO GIVE YOU A CHANCE IN THE NEXT

20   14 DAYS TO HAVE THAT DISCUSSION AND TO SEE IF YOU CAN COME TO

21   SOME AGREEMENT.

22           MR. GOODMAN:  THANK YOU, YOUR HONOR.

23           THE COURT:  THAT'S, I THINK, ALL THE MAJOR ISSUES

24   PRESENTED IN YOUR DISCOVERY BRIEF, BUT I WANT TO SEE -- GIVE

25   EACH PARTY A CHANCE TO SEE IF I MISSED ANYTHING.

1      SO LET ME START WITH PLAINTIFF, SEE IF THERE'S ANY OTHER

2   ISSUES YOU WOULD LIKE ME TO ADDRESS TODAY.

3         **MR. GORE:**  I THINK WE HAVE COVERED THE MAJOR ISSUES.

4      AS WE UNDERSTAND THE COURT'S ORDER, THE PARTIES ARE TO

5   JOINTLY FILE A REPORT 14 DAYS FROM TODAY LETTING YOU KNOW

6   WHERE WE ARE AFTER FURTHER MEETING AND CONFERRING, AND THEN WE

7   WOULD ANTICIPATE AN ORDER FROM THE COURT.

8         **THE COURT:**  I'M GOING TO GIVE YOU AN ORDER BEFORE

9   THEN ON SOME OF THESE ISSUES.

10        **MR. GORE:**  THANK YOU.

11        **THE COURT:**  BUT THAT'S -- YOU SHOULD START THE

12  MEET-AND-CONFER PROCESS RIGHT AWAY AND COMPLETE IT IN THE NEXT

13  14 DAYS AND MAKE THE INITIAL DISCLOSURES.

14     THERE'S NOTHING THAT I'M GOING TO SAY THAT'S GOING TO SAY

15  DON'T DO INITIAL DISCLOSURES AND DON'T MOVE AHEAD WITH THE

16  THINGS YOU'VE ALREADY AGREED UPON.

17     THE ONE ISSUE I'M HIGHLIGHTING FOR YOU THAT I'M NOT GOING

18  TO RESOLVE IS THIS QUESTION OF OUTSIDE OF CALIFORNIA DISCOVERY

19  BECAUSE THAT'S ONE WHERE I HAVE YOU MEET AND CONFER FURTHER.

20        **MR. GORE:**  MIGHT I ASK, YOUR HONOR, AS TO ANYTHING

21  THAT THE COURT ORDERS THE PARTIES TO DO, COULD THE COURT

22  PLEASE AFFIRM THAT ON, AS YOU CAN SEE STRUGGLED WITH THUS FAR.

23        **THE COURT:**  YES.  AND, MR. GOODMAN, DO YOU HAVE ANY

24  ADDITIONAL ISSUES THAT YOU WOULD LIKE TO ADDRESS?

25        **MR. GOODMAN:**  NO, YOUR HONOR, I DON'T BELIEVE SO.  I

1    APPRECIATE YOUR HONOR'S PATIENCE TODAY.

2              **THE COURT:**  VERY GOOD.

3         ALL RIGHT.  SO I MAY, ONCE I SEE YOUR REPORT -- OF COURSE

4    IF YOU COME UPON ANY OTHER DISCOVERY DISPUTES, YOU MAY PRESENT

5    THEM AT ANY TIME.  BUT IF YOU, IN 14 DAYS, HAVE ADDITIONAL

6    ISSUES THAT YOU IDENTIFY AND PUT THEM IN WRITING TO ME, I MAY

7    SCHEDULE A FURTHER HEARING UPON SEEING THAT.  BUT IF THERE ARE

8    NO DISPUTED ISSUES THAT COME UP THEN, THEN I WILL PROBABLY NOT

9    SEE YOU AGAIN UNLESS I HEAR FROM YOU.

10             **MR. GOODMAN:**  THANK YOU, YOUR HONOR.

11             **THE COURT:**  THANK YOU VERY MUCH FOR YOUR TIME.  AND I

12   WILL HAVE AN ORDER ADDRESSING SOME OF THESE ISSUES, BUT

13   PROBABLY NOT ALL OF THEM COMING SOON.

14             **MR. GORE:**  VERY GOOD.  THANK YOU.

15             **MR. SILVERMAN:**  THANK YOU, YOUR HONOR.

16             **MR. GOODMAN:**  THANK YOU.

17             **THE COURT:**  WE ARE IN RECESS.

18

19             (PROCEEDINGS CONCLUDED AT 3:53 P.M.)

20

21

22

23

24

25

1

2

3                    **CERTIFICATE OF TRANSCRIBER**

4

5        I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

6    TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF

7    THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE

8    U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE

9    PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN

10   THE ABOVE MATTER.

11       I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED

12   TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH

13   THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT

14   FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE

15   ACTION.

16

17   _____

18        DIANE E. SKILLMAN, TRANSCRIBER

19              WEDNESDAY, MAY 7, 2014

20

21

22

23

24

25