1   HOGAN LOVELLS US LLP
    Mark C. Goodman (Bar No. 154692)
2   Ethan A. Miller (Bar No. 155965)
    David W. Skaar (Bar No. 265377)
3   3 Embarcadero Center, Suite 1500
    San Francisco, California  94111
4   Telephone:      (415) 374-2300
    Facsimile:      (415) 374-2499
5   mark.goodman@hoganlovells.com
    ethan.miller@hoganlovells.com
6   david.skaar@hoganlovells.com

7   Attorneys for Defendant
    BIMBO BAKERIES USA, INC.

8

9                   UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13   ALEX ANG and LYNN STREIT,              Case No. 13-CV-1196 (WHO) (NC)
     individually and on behalf of all others
14   similarly situated,                    **DEFENDANT'S MOTION FOR RELIEF
                                             FROM NON-DISPOSITIVE PRETRIAL
15                  Plaintiffs,              ORDER OF MAGISTRATE JUDGE;
                                             DECLARATIONS OF ETHAN A. MILLER
16          v.                               AND GREGORY L. MORENO**

17   BIMBO BAKERIES USA, INC.,               Judge:  Hon. William H. Orrick

18                  Defendant.               [Filed concurrently with: [Proposed] Order]

19

20

21

22

23

24

25

26

27

28

1     Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 72-2,

2     Defendant Bimbo Bakeries USA, Inc. ("BBUSA") submits this Objection to the deadline set by

3     the Magistrate Judge to comply with the discovery order issued on May 14, 2014 (Dkt. 80) (the

4     "Order"), and respectfully requests that this Court grant an appropriate extension.

5     **I.    <u>INTRODUCTION</u>**

6         BBUSA is diligently attempting to comply with every aspect of the Magistrate Judge's

7     Order but simply needs more time to do so, for two reasons: Almost every request at issue is

8     subject to e-discovery (which has just begun) and BBUSA must either generate or obtain from a

9     third-party vendor the sales and pricing information that the plaintiffs seek.[1]  There is no

10    prejudice to the plaintiffs in a modest extension, particularly since just last month the plaintiffs

11    obtained a six-month continuance of the trial in this action (now set for ***November, 2015***).

12        E-discovery issues were not addressed in the briefing or oral argument before the

13    Magistrate, because the parties were focused on the discoverability of the information, not the

14    timing of the production.  Indeed, at no point did the plaintiffs request any particular deadline,

15    and certainly not a 14-day deadline, for the production of the information. Nevertheless, the

16    Magistrate *sua sponte* set May 28, 2014 (just 14 days after the Order) as BBUSA's deadline to

17    produce all responsive documents.  This deadline is impossible to meet.  Now that the Magistrate

18    has resolved the discovery disputes, the parties can move forward with e-discovery, but there is

19    still much to be done, including finalizing the e-discovery protocol and search terms and engaging

20    a vendor to apply the agreed search parameters to the computers of BBUSA's numerous

21    custodians and likely to its central servers and any back-up tapes. BBUSA then must review the

22    data for responsiveness and privilege before processing and producing it.   BBUSA will complete

23    this process diligently and in strict compliance with the Order, but it needs substantially more

24    than 14 days to do so, particularly as the requests require BBUSA to review records from an 8-

25    year period.

26

27    ———————————
[1]    Indeed, BBUSA is attempting to comply with the non-e-discovery portions of the Order, including the production of pricing and sales information, by the deadline of today, but will not be able to gather the information in time.  As of now, the information is both incomplete and over-inclusive.

28
Hogan Lovells US LLP
Attorneys At Law
San Francisco

- 1 -

MOTION FOR RELIEF FROM
DISCOVERY ORDER
13-CV-1196 (WHO)

1    In addition, most of the sales and pricing information sought by the plaintiffs is either

2    (i) available to BBUSA but does not exist in a form that would be responsive to the requests; or

3    (ii) not in BBUSA's possession, custody or control, and subject to a third-party vendor's ability to

4    provide it (to the extent the information exists). BBUSA simply needs a short extension to enable

5    it to obtain the information the plaintiffs seek.

6    As such, BBUSA requests an additional 21 days (to June 18, 2014) to produce documents

7    responsive to the requests for sales and pricing information, and an additional 90 days to produce

8    documents in response to all other requests that are subject to e-discovery.[2]

9    **II.     BRIEF STATEMENT OF FACTS**

10   On January 24, 2014, the plaintiffs served BBUSA with a set of interrogatories and a set

11   of document requests (together, the "Requests"). Declaration of Ethan A. Miller ("Miller Decl."),

12   ¶ 2. BBUSA served its original objections and responses on March 7, 2014. *Id.* at ¶ 3.[3]

13   BBUSA's main objections, which became the subject of a lengthy meet and confer process and

14   motion practice before the Magistrate, were as follows: (1) pre-Class Period discovery is

15   irrelevant and unduly burdensome; (2) the profit, sales and pricing information sought by the

16   plaintiffs is irrelevant to their damages calculation (as this is not a disgorgement case) and is

17   premature to the extent it is relevant for punitive damages; and (3) purchases of BBUSA products

18   outside California by non-California residents are irrelevant because they have no connection to

19   California and cannot be subject to California's consumer protection laws. *See* Dkt. 76. In the

20   Order, the Magistrate ruled in favor of the plaintiffs on these issues. *See* Dkt. 80. Further, the

21   Order directed BBUSA to serve supplemental responses to the Requests and produce all

22   responsive documents by May 28, 2014. *See id.* The Order provides notice of BBUSA's right to

23   object within 14 days, pursuant to Rule 72(a). *Id.*

24   **III.    STANDARD OF REVIEW**

25   A court reviews a Magistrate Judge's order under the "clearly erroneous" or "contrary to

26

27   _____
[2] BBUSA sought the plaintiffs' agreement to a 60-day extension of its compliance deadline, and the plaintiffs agreed to one week.
[3] BBUSA supplemented its responses on May 14, 2014, but that supplementation is immaterial to this Motion.

28

Hogan Lovells US LLP
Attorneys At Law
San Francisco

MOTION FOR RELIEF FROM
DISCOVERY ORDER
13-CV-1196 (WHO)

law" standard. Fed. R. Civ. P. 72(a). The "clearly erroneous" standard requires that "factual findings and discretionary decisions" of a Magistrate Judge be overturned if the district court has a "definite and firm conviction" that a mistake has been made. *F.D.I.C. v. Fidelity & Deposit Co. or Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). Since the compliance deadline is clearly not a legal determination subject to the "contrary to law" test, BBUSA discusses the deadline in the context of the "clearly erroneous" standard.

## IV.   THE 14-DAY DEADLINE FOR PRODUCING ALL RESPONSIVE DOCUMENTS IS CLEARLY ERRONEOUS

### A.   BBUSA Requests a 90-Day Extension to Complete E-Discovery

BBUSA objects to just one aspect of the Order – the 14-day deadline to produce all responsive documents. *See* Order, 4:12; 6:1-4; 7:26-8:1. The 14-day deadline is simply not workable. Most of the plaintiffs' 75 document requests, which now cover an 8-year period, are subject to e-discovery pursuant to Rule 26(b).[4] However, e-discovery issues were not addressed in the parties' briefs or oral arguments before the Magistrate, because they were focused solely on the discoverability of the information. Miller Decl., ¶¶ 5-6. Nevertheless, the Magistrate imposed a 14-day deadline *sua sponte*.

It is impossible for BBUSA to comply with this deadline because the e-discovery process has just begun. *Id.* at ¶¶ 7-9. The subject of e-discovery was first raised by BBUSA during the meet and confer process approximately one month ago regarding the Requests, during which BBUSA offered to draft an e-discovery protocol and proposed search terms. *Id.* at ¶ 9. Of course, it made no sense to actually negotiate the search terms while the discovery disputes were pending before the Magistrate, and the plaintiffs did not pursue such negotiation and have expressed little or no urgency regarding e-discovery.[5] *Id.* at ¶ 9. However, now that the Magistrate has ruled on the discovery disputes, the parties can finalize their e-discovery

---

[4] Plaintiffs broadly seek, for example, "all documents relating to the labeling or packaging" of the products at issue (RFP No. 1), "all documents relating to food labeling requirements" that relate to the products at issue (RFP No. 5), and "all documents relating to the difference in pricing" between the products at issue and competing products (RFP No. 73). Miller Decl., ¶ 8. Even after this Court dismissed from the litigation certain categories of products, this case still involves no less than 34 products sold throughout the nation.

[5] Thus, any argument that an extension is not warranted because BBUSA should have drafted the e-discovery protocol earlier ought to be rejected.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION FOR RELIEF FROM DISCOVERY ORDER
13-CV-1196 (WHO)

1    agreement. *Id.* at ¶ 10.  BBUSA intends to offer its proposal in the next seven days.

2        Even after the agreement is finalized, BBUSA will likely need to engage a vendor to

3    apply the agreement and search terms to BBUSA's electronic systems and perform quality control

4    on the resulting data set – BBUSA has identified over a dozen custodians and various company

5    servers, drives and data backup locations. *Id.* at ¶ 11.  The data must then be processed into a

6    form that can be reviewed by outside counsel. *Id.* at ¶ 12.  Given the scope of the requests and

7    the varied likely sources of responsive information, the initial gathering and processing of the

8    data alone may take 6 to 8 weeks. *Id.* at ¶ 11.  Thereafter, counsel's review of the documents for

9    privilege and responsiveness is anticipated to take another 30 days. *Id.* at ¶ 12.

10       Based on the foregoing, the 14-day deadline imposed *sua sponte* by the Magistrate is

11   unrealistic with respect to the Requests that are subject to e-discovery.  BBUSA respectfully

12   requests that the Court modify this portion of the Order, and extend the compliance deadline by

13   90 days, to August 28, 2014.  Such an extension will not prejudice the plaintiffs, who recently

14   requested and obtained a 6-month continuance of the trial date to November 9, 2015.

15           **B.   BBUSA Requests a 14-Day Extension to Obtain and Provide Sales,**

16                  **Pricing, and Profits Information**

17       With respect to several other Requests that seek sales and pricing information and will not

18   be subject to the e-discovery protocol, BBUSA needs just a brief 21-day extension. Request Nos.

19   26 through 31 seek documents sufficient to show the total sales, profits, wholesale prices, retail

20   prices, and suggested retail prices in California and nationwide for the products that remain at

21   issue in the case, during the 4-year Class Period.  Miller Decl., ¶ 8.  Request Nos. 70 and 71 seek

22   total sales and retail prices of the products at each chain retailer in California and nationwide. *Id.*

23   at ¶ 8.  And Request No. 73 seeks a price comparison between BBUSA's products and similar

24   products offered by competitors. *Id.* at ¶ 8.  Despite BBUSA's diligence, it is unable to meet the

25   May 28th deadline.  With respect to sales, profits and wholesale pricing, the information does not

26   exist in BBUSA's possession in any native format that would provide the information that the

27   plaintiffs seek.  Declaration of Gregory Moreno ("Moreno Decl."), ¶ 5.  Nevertheless, in an effort

28   to comply with the Order, BBUSA has attempted to generate reports that are responsive to these

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 4 -

MOTION FOR RELIEF FROM
DISCOVERY ORDER
13-CV-1196 (WHO)

1  requests.  For example, to address the requests for wholesale pricing and sales in California,

2  BBUSA has been through two iterations of its search in order to provide responsive information.

3  *Id.* at ¶¶ 5-7.  Still, BBUSA must analyze the reports, consult the various brands, and tailor the

4  reports to ensure that they cover all products at issue in the case.  *Id.* at ¶ 7.  This is no simple

5  task, and it will require a substantial amount of time, if only because the Second Amended

6  Complaint is vague in its description of several of the products.  *Id.* at ¶ 7.

7         Furthermore, BBUSA does not possess any documents that would reflect actual or

8  suggested retail pricing.  *Id.* at ¶ 8.  However, BBUSA has initiated the process of obtaining

9  responsive information, to the extent it exists, from a third-party vendor.  *Id.* at ¶ 8.  In an attempt

10 to provide information related to the entire Class Period, the vendor will need to run custom

11 reports that may show some of the information the plaintiffs have requested, but that information

12 will likely need to be further tailored to be responsive and understandable.  *Id.* at ¶ 9.  Although

13 BBUSA cannot control when it will receive the reports from its vendor, BBUSA anticipates that

14 it will take at least 14 days, to the extent such reports are available.  Accordingly, BBUSA

15 respectfully requests a 21-day extension to June 18, 2014, for the production of sales and pricing

16 information in response to Request Nos. 26 through 31, 70, 71, and 73.

17         **V.    CONCLUSION**

18        For the foregoing reasons, BBUSA submits that the Court should sustain this Objection on

19 the grounds that the May 28, 2014 deadline imposed by the Order is clearly erroneous, and grant

20 the following relief from the Order:

21        1.  The May 28, 2014 deadline to comply with Parts 1 and 3 of the Order – regarding

22            "Pre-Class Period Discovery" and "Products Not Sold In California," respectively – is

23            extended to August 28, 2014; and

24        2.  The May 28, 2014 deadline to comply with Part 2 of the Order – regarding "Financial

25            Information" is extended to June 18, 2014.

26

27

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

MOTION FOR RELIEF FROM
DISCOVERY ORDER
13-CV-1196 (WHO)

1    Dated:  May 28, 2014                          HOGAN LOVELLS US LLP

2

3                                                  By:  /S/ Ethan A. Miller
                                                        ETHAN A. MILLER
4
                                                   Attorneys for Defendant
5                                                  BIMBO BAKERIES USA, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

MOTION FOR RELIEF FROM
DISCOVERY ORDER
13-CV-1196 (WHO)

**DECLARATION OF ETHAN A. MILLER**

1.       I, Ethan A. Miller, am an attorney duly licensed to practice in all of the courts in the State of California and am a partner of Hogan Lovells US LLP, counsel of record for Bimbo Bakeries USA, Inc., the defendant in this matter.  The matters set forth herein are based on my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of those matters.

2.       On January 24, 2014, the plaintiffs in this matter served BBUSA with a set of interrogatories and a set of document requests (the "Requests").

3.       BBUSA served its original objections and responses to the Requests on March 7, 2014.

4.       Shortly after BBUSA served its responses, the plaintiffs initiated a meet and confer concerning BBUSA's objections, which became the subject of motion practice before the Magistrate assigned to this case for discovery purposes.

5.       Throughout the meet and confer process, as well as the briefs and oral arguments before the Magistrate, the parties were focused on the discoverability of the information at issue.

6.       The parties never proposed a timeline for the production of documents in the event that the Magistrate ruled in the plaintiffs' favor on BBUSA's objections.

7.       The May 28, 2014 deadline imposed by the Magistrate's Order, which was just issued on May 14, 2014, is unworkable for several reasons.

8.       Most of the Requests that are subject to the Order require e-discovery before BBUSA can provide a complete response.  Plaintiffs broadly seek, for example, "all documents relating to the labeling or packaging" of the products at issue (RFP No. 1), "all documents relating to food labeling requirements" that relate to the products at issue (RFP No. 5), and "all documents relating to the difference in pricing" between the products at issue and competing products (RFP No. 73).  Other requests subject to the Order seek documents sufficient to show the total sales, profits, wholesale prices, retail prices, and suggested retail prices in California and nationwide for the products that remain at issue in the case, during the 4-year Class Period (RFP

///

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF ETHAN A. MILLER

\\LA - 064999/000013 - 1094190 v3

Nos. 26-31), and total sales and retail prices of the products at each chain retailer in California and nationwide (RFP Nos. 70 & 71).

9.     The subject of e-discovery was first raised proactively by me during the meet and confer process approximately one month ago, during which I offered to draft an e-discovery protocol and proposed search terms.  It was understood all along that the parties would meet and confer about the protocol and search terms in an effort to reach an agreement.  However, it made no sense to do so while the parties were still meeting and conferring about the discoverability of the information and subsequently seeking relief from the Magistrate.  Furthermore, since the time that BBUSA first broached the topic of e-discovery, the plaintiffs have  expressed little or no urgency regarding obtaining the electronic data.

10.     Now that the Magistrate has ruled on the discoverability of the information sought in the Requests, it makes sense for the parties to come to an agreement on the e-discovery protocol and search terms.  At my direction, BBUSA is drafting  a protocol and intends to provide it to the plaintiffs next week.  The protocol will identify, among other things, the specific parameters for searching key words in various files, likely including from computers of various custodians.  BBUSA is still in the process of identifying which employees' computers and potentially what company servers (and back-up tapes) must be searched.

11.     After the parties finalize the e-discovery protocol, BBUSA will likely need to engage a vendor to apply the agreement and search terms to BBUSA's electronic systems.  That process typically entails some subsequent quality control measures on the part of the vendor to, for instance, reduce search results for duplication (a "de-dupe" process) and otherwise ensure the accuracy of the results.  Given the fact that an 8-year period is at issue, and BBUSA has identified over one dozen custodians and a number of companywide data sources that are likely to contain responsive information, the data gathering process is likely to take a substantial amount of time. In my experience in many matters involving similar e-discovery issues, it is not unusual for this process to take between 6 and 8 weeks.

///

///

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

DECLARATION OF ETHAN A. MILLER

\\LA - 064999/000013 - 1094190 v3

1          12.      Once the data is captured by the vendor, it must be processed into a form that can

2    be reviewed by outside counsel for privilege and responsiveness. Based on my experience, we

3    would likely need approximately 30 days to complete our review of the data.

4          I declare under penalty of perjury under the laws of the State of California that the

5    foregoing is true and correct.

6          Executed this 28th day of May 2014 at San Francisco, California.

7

8                                                            /S/ Ethan A. Miller

9                                                       Ethan A. Miller

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

DECLARATION OF ETHAN A. MILLER

\\LA - 064999/000013 - 1094190 v3

### DECLARATION OF GREGORY MORENO

1.      I, Gregory Moreno, am the Director of Marketing for Buns and Rolls at Bimbo Bakeries USA, Inc. ("BBUSA"), the defendant in this matter. I know the matters set forth herein to be true based on my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of those matters.

2.      In connection with BBUSA's responses to the plaintiffs' First Set of Requests for Production of Documents (the "Requests") propounded on BBUSA in this matter, I have been asked to gather documents sufficient to show the sales and pricing information requested in Request Nos. 26, 27, 28, 29, 30, 31, 70, 71, and 73.

3.      Over the past three weeks, I have had several discussions with in-house and outside counsel regarding whether such responsive information exists, and if so, how the information can be gathered most efficiently and comprehensively. My findings are as follows.

4.      To the extent that the Requests seek information related to sales, profits, and wholesale pricing, such information is accessible only in part to BBUSA, and does not exist in any native format that would provide the information that the plaintiffs seek.

5.      For example, Request Nos. 26, 28, and 70 seek sales and pricing data for sales in California specifically. To address those Requests, I attempted to run reports to isolate total sales in California for the products that remain at issue in the case over the 4-year Class Period. I discovered that any such report would reflect sales to any entity that lists a California corporate address in BBUSA's system. Therefore, the report would reflect, among other things, sales made outside California to California-based retailers. Based on my reading of the Requests, as well as my communications with counsel, it is my understanding that sales made outside California are not within the scope of Request Nos. 26, 28, and 70.

6.      To respond to Request Nos. 26, 28, and 70 more accurately, I have attempted to run a report to reflect sales in each sales "route" in California in which BBUSA delivers its products. Such a report should reflect only the sales actually made in California.

7.      However, because the description of the products in the Second Amended Complaint lacks precision, I need to consult with personnel at the various brands, as well as

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

\\LA - 064999/000013 - 1094190 v3

1   outside counsel, to determine which products in the report coincide with the products at issue in

2   this matter. Given the number of products at issue and the volume of the sales and pricing data

3   generated in my reports, I anticipate that this review will take a substantial amount of time.

4        8.     Furthermore, with respect to Request Nos. 30, 31, 70, 71, and 73, which seek

5   actual and suggested retail pricing, BBUSA does not possess any documents that would reflect

6   such information. However, in an effort to comply with the discovery that has been ordered in

7   this matter, I have been asked to attempt to obtain responsive information from a third-party

8   vendor that may track such information and may make it available to BBUSA.

9        9.     The information sought in Request Nos. 30, 31, 70, 71, and 73 would not be

10  reflected in any of the standard reports offered by the third-party vendor. In addition, the

11  vendor's standard reports may not reflect information prior to 2011. However, at BBUSA's

12  request, the vendor may be able to run custom reports that may show some of the information

13  requested by the plaintiffs, for the 4-year Class Period, but that information will likely need to be

14  further tailored to be responsive to the Requests. It is my understanding that it will take at least

15  14 days to generate these reports in a form that is suitable for production.

16        I declare under penalty of perjury under the laws of the State of California that the

17  foregoing is true and correct.

18        Executed this 28th day of May 2014 at Villas, New Jersey.

19

20                                              _____

21                                              GREGORY L. MORENO

22

23

24

25

26

27

28                                    - 2 -

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

\\LA - 064999/000013 - 1094190 v3