Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
Fax: (408) 369-0752
pgore@prattattorneys.com

Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax: (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ANG and LYNNE STREIT, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>　　　　　　　　　Defendant. | Case No. CV13-01196-WHO (NC)<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 25, 2013 ORDER DISMISSING PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT**<br><br>**Judge:   Hon. William H. Orrick**<br>**No Hearing Date Set Pursuant to L.R. 7-9(d)** |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiffs move this Court, pursuant to Local Rule 7-9, for leave to file a motion for reconsideration of the Court's September 25, 2013 Order dismissing Plaintiffs' claim for unjust enrichment (Dkt. # 38).  A subsequent change in the law now recognizes the existence of such an independent cause of action under California law.

Pursuant to Local Rule 7-9(d), no response to this motion need be filed and no hearing will be held unless ordered by the Court.  Accordingly, no notice of a hearing date is given.

Dated: January 6, 2015                           Respectfully submitted,

                                                     */s/ Bradley F. Silverman*
Keith M. Fleischman (*admitted pro hac vice*)
Bradley F. Silverman (*admitted pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION         i
Case No. CV13-01196-WHO (NC)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

STATEMENT OF ISSUES .................................................................................................... v

PRELIMINARY STATEMENT ............................................................................................ 1

RELEVANT FACTS AND PROCEDURAL HISTORY ...................................................... 1

ARGUMENT .......................................................................................................................... 3

    I.    THERE IS AN INDEPENDENT CAUSE OF ACTION FOR
          UNJUST ENRICHMENT UNDER CALIFORNIA LAW ................................. 3

    II.    UNDER AN UNJUST ENRICHMENT THEORY, PLAINTIFFS
          WOULD BE ENTITLED TO RELIEF BEYOND THAT PERMITTED
          UNDER CALIFORNIA'S CONSUMER PROTECTION STATUTES ............ 4

CONCLUSION ....................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*American Master Lease LLC v. Idanta Partners, Ltd.*,
   225 Cal. App. 4th 1451 (Cal. App. 2 Dist. May 5, 2014) ................................................. 4, 6

*Balla v. Idaho State Bd. of Corr.*,
   869 F.2d 461 (9th Cir. 1989) ...................................................................................................... 3

*Berger v. Home Depot USA, Inc.*,
   741 F.3d 1061 (9th Cir. 2014) .................................................................................... vi, 2, 3, 4

*Bruton v. Gerber Products Co.*,
   2013 WL 4833413 (N.D. Cal. Sept. 6, 2013) ...................................................................... 2

*County of San Bernardino v. Walsh*,
   158 Cal. App. 4th 533 (2007) ...................................................................................................... 5

*Henderson v. Gruma*,
   2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ...................................................................... 4

*Hill v. Roll Internat. Corp.*,
   195 Cal. App. 4th 1295 (Cal. App. 2011) .............................................................................. 2

*Imber-Gluck v. Google, Inc.*,
   2014 WL 3600506 (N.D. Cal. July 21, 2014) ...................................................................... 4

*Meister v. Mensinger*,
   230 Cal. App. 4th 381 (Cal. App. 6 Dist. Oct. 6, 2014) ................................................. 4, 5

*U.S. v. Gonzalez-Alvarez*,
   277 F.3d 73 (1st Cir. 2002) ......................................................................................................... 5

*Uzyel v. Kadisha*,
   188 Cal. App. 4th 866 (2010) ...................................................................................................... 6

*Waldrup v. Countrywide Financial Corp.*,
   2014 WL 1463881 (C.D. Cal. Apr. 14, 2014) ................................................................. 4, 6

**Statutes**

21 U.S.C. § 331 ................................................................................................................................... 5

Cal. Bus. & Prof. Code § 17200 .................................................................................................. 2

Cal. Bus. & Prof. Code § 17500 .................................................................................................. 2

Cal. Civ. Code § 1750. ..................................................................................................................... 2

**Regulations**

21 C.F.R. § 101.95 ......................................................................................................... 2

## **STATEMENT OF ISSUES**

1. Should the Court grant leave to file a motion for reconsideration of the dismissal of Plaintiffs' claim for unjust enrichment where a subsequent change in the law now permits such a claim?

**PRELIMINARY STATEMENT**

Plaintiffs Alex Ang and Lynne Streit (collectively, "Plaintiffs") respectfully submit this memorandum of law in support of their application, pursuant to Local Rule 7-9, for leave to file a motion seeking reconsideration of the dismissal of Plaintiffs' claim for unjust enrichment. By Order dated September 25, 2013 (Dkt. # 38) (the "Order"), the Court dismissed the claim, holding that there is no distinct cause of action for unjust enrichment in California.

Subsequently, a change in the law occurred. In *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9th Cir. 2014), the Ninth Circuit found that, under California law, there is, in fact, a cause of action for unjust enrichment. Further, recent California state appellate court decisions have made clear that damages available for unjust enrichment are distinct from the relief available under the Unfair Competition Law, False Advertising Law, and California Legal Remedies Act. Therefore, a claim for unjust enrichment would not be redundant of the claims asserted by Plaintiffs under those statutes. Indeed, the relief available for unjust enrichment can be significantly broader than the relief otherwise available under California's consumer protection statutes.

For these reasons, Plaintiffs respectfully request that the Court grant leave to Plaintiffs to file a motion for reconsideration and, upon reconsideration, vacate the dismissal of the unjust enrichment claim.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

Defendant Bimbo Bakeries USA ("Defendant") is the largest bakery company in the United States.[1] Plaintiffs allege that Defendant manufactures and sells illegal food products that are misbranded in violation of the Food, Drug and Cosmetic Act, regulations promulgated by the Food and Drug Administration, and California's Sherman Law. Plaintiffs, together with members of a putative class, have been harmed as a result of their purchase of Defendants' misbranded products.

On May 20, 2013, Plaintiffs filed their first amended complaint (Dkt. # 20) ("FAC").

---

[1] *See* Plaintiffs' second amended complaint (Dkt. # 40) ("SAC") at ¶ 1.

Therein, Plaintiffs alleged separate causes of action against Defendant under the "fraudulent," "unlawful," and "unfair" prongs of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); separate causes of action under the "misleading" and "untrue" prongs of the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"); and a cause of action under the California Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA"). The FAC also alleged a common law claim for unjust enrichment.

On June 19, 2013, Defendant filed a motion to dismiss the FAC in its entirety. *See* Dkt. ## 21-22. On July 19, 2013, Plaintiffs filed papers in opposition to that motion. *See* Dkt. ## 27-28. On August 2, 2013, Defendant filed reply papers. *See* Dkt. ## 29-30. Oral argument was held on September 11, 2013. *See* Dkt. # 36. On September 25, 2013, the Court issued its Order, granting the motion in part and denying the motion in part.

Specifically, the Court dismissed, with prejudice, Plaintiffs' claim for unjust enrichment, as well as Plaintiffs' claim relating to the Entenmann's "BAKED FRESH DAILY" label to the extent it was premised on 21 C.F.R. § 101.95. Order at 20. The Court also dismissed, without prejudice, Plaintiffs' claim under CLRA as it related to certain products that had not been listed in Plaintiffs' CLRA notice to Defendant. *Id*. In all other respects, the Court denied the motion to dismiss. *Id*.

With respect to the unjust enrichment claim, the Court noted some disagreement in the case law regarding the existence of an independent cause of action for unjust enrichment under California Law. *Id* at 17-18. Despite some lower court decisions to the contrary, the Court held as follows:

> However, this Court finds the more persuasive approach is that "restitution based on unjust enrichment/quasi contract" does not state an independent cause of action that can stand on its own. *See e.g., Hill v. Roll Internat. Corp.*, 195 Cal. App. 4th 1295, 1307 (Cal. App. 2011) ("Unjust enrichment is not a cause of action, just a restitution claim."); *see also Bruton v. Gerber Products Co.*, 12-CV-02412-LHK, 2013 WL 4833413 (N.D. Cal. Sept. 6, 2013) ("there is no distinct cause of action for unjust enrichment under California law.").

*Id* at 18.

In accordance with the Order, on November 4, 2013, Plaintiffs filed and served the SAC.

The allegations in the SAC are almost identical to those of the FAC.  One of the few differences was that the unjust enrichment claim was removed.  Subsequently, Defendant brought a motion to dismiss the SAC to the extent it alleges claims on behalf of class members relating to products that were not purchased by Plaintiffs.  By Order dated March 13, 2014 (Dkt. # 58), that motion was granted in part and denied in part.

## ARGUMENT

Reconsideration of an interlocutory order may be made upon "[t]he emergence of new material facts or a change of law occurring after the time of such order."  Local Rule 7-9(b)(2).  Moreover, "[c]ourts have inherent power to modify their interlocutory orders before entering a final judgment." *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989).

### I. THERE IS AN INDEPENDENT CAUSE OF ACTION FOR UNJUST ENRICHMENT UNDER CALIFORNIA LAW

Previously, this Court found no independent cause of action for unjust enrichment under California law.  Order at 18.  At that time, as the Court noted, there were some lower court decisions that came to contrary determinations.  *Id*.  However, there was no controlling authority demonstrating the existence of such a cause of action.[2]  In the absence of such controlling authority, the Court found the majority of decisions holding that there is no such independent cause of action to be "more persuasive."  *Id*.

The law has now conclusively changed.  In *Berger v. Home Depot USA, Inc*., 741 F.3d 1061, 1070 (9th Cir. 2014), the Ninth Circuit found that, under California law, there is, in fact, a cause of action for unjust enrichment.  *Berger* held that "[t]he elements of unjust enrichment are 'receipt of a benefit and unjust retention of the benefit at the expense of another' [and that] "[t]his equitable test does not turn merely on the transfer of money or other benefits from one party to another—it requires injustice." 741 F.3d at 1070 (internal citations omitted).

---

[2]   Indeed, at that time, Defendant felt the law was so clear that it expressly threatened to seek Rule 11 sanctions against Plaintiffs for even alleging a claim for unjust enrichment.  *See* Dkt. # 22-5, Ex. 24 (letter stating that, "if Bimbo Bakeries is forced to file a motion to dismiss, we will seek sanctions for having to do so.").

Recent district court decisions acknowledge that *Berger* compels a finding of the existence of an independent cause of action for unjust enrichment. *See, e.g., Imber-Gluck v. Google, Inc.*, 2014 WL 3600506, at *7 (N.D. Cal. July 21, 2014) ("The most recent Ninth Circuit decision on the subject [*Berger*] incorporates unjust enrichment as an independent claim."); *Waldrup v. Countrywide Financial Corp.*, 2014 WL 1463881, at *8 (C.D. Cal. Apr. 14, 2014) ("defendants argue that California law does not recognize a separate cause of action for unjust enrichment. This argument is squarely controverted by recent Ninth Circuit precedent [in *Berger*].").

Based on the foregoing, it is clear that a change in the law has occurred. In light of this change of law, reconsideration of the Court's prior decision is appropriate.

### II. UNDER AN UNJUST ENRICHMENT THEORY, PLAINTIFFS WOULD BE ENTITLED TO RELIEF BEYOND THAT PERMITTED UNDER CALIFORNIA'S CONSUMER PROTECTION STATUTES

An unjust enrichment claim would be significantly different from Plaintiffs' claims under the UCL, FAL, and CLRA. It would not be merely redundant of Plaintiffs' current claims under those statutes. An unjust enrichment theory would allow for relief that is distinct from and broader than the relief available under the consumer protection statutes. Also, the elements of an unjust enrichment claim would be different. So would the evidentiary burdens of both Plaintiffs and Defendant.

Two recent California state appeal court decisions set forth these differences that necessitate the present motion. *Meister v. Mensinger*, 230 Cal. App. 4th 381, 398-99 (Cal. App. 6 Dist. Oct. 6, 2014) and *American Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1482 (Cal. App. 2 Dist. May 5, 2014) make clear that, under an unjust enrichment theory, Plaintiffs would be entitled to non-restitutionary damages, including the disgorgement of Defendant's profits. Such non-restitutionary damages are not available under the UCL, FAL, or CLRA. *See Henderson v. Gruma*, 2011 WL 1362188, at *8 (C.D. Cal. Apr. 11, 2011).

"Disgorgement as a remedy is broader than restitution or restoration of what the plaintiff lost." *Meister*, 230 Cal. App. 4th at 398. "There are two types of disgorgement: restitutionary disgorgement, which focuses on the plaintiff's loss, and nonrestitutionary disgorgement, which

focuses on the defendant's unjust enrichment." *Id*. There are "'[m]any instances of liability based on unjust enrichment ... [that] do not involve the restoration of anything the claimant previously possessed ... includ[ing] cases involving the disgorgement of profits ... wrongfully obtained.'" *Id* (quoting *County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 542 (2007)).

Unlike California's consumer protection statutes, under an unjust enrichment theory:

> The emphasis is on the wrongdoer's enrichment, not the victim's loss. In particular, a person acting in conscious disregard of the rights of another should be required to disgorge all profit because disgorgement both benefits the injured parties and deters the perpetrator from committing the same unlawful actions again. Disgorgement may include a restitutionary element, but it '"may compel a defendant to surrender all money obtained through an unfair business practice ... regardless of whether those profits represent money taken directly from persons who were victims of the unfair practice."' Without this result, there would be an insufficient deterrent to improper conduct that is more profitable than lawful conduct."

*Meister*, 230 Cal. App. 4th at 398-99 (internal citations omitted).

In the context of the present case, under Plaintiffs' statutory claims, they would be limited to restitutionary damages. They would have to prove their actual losses - - the difference in value between what they paid and what they received. Such a calculation may or may not require complex mathematical analysis and expert testimony.[3] On the hand, the required proof and calculation for an award of non-restitutionary disgorgement would be very different. That analysis would turn on Defendant's profits from the illegal products at issue. That analysis would also require different types of evidence.

Moreover, the evidentiary burdens of the parties would be different when proving non-restitutionary disgorgement damages. "In measuring the amount of the defendant's unjust enrichment, the plaintiff may present evidence of the total or gross amount of the benefit, or a reasonable approximation thereof, and then the defendant may present evidence of costs,

---

[3] To be clear, it remains Plaintiffs' position that, because the products at issue were illegal to manufacture, sell, or resell, as a matter of law, these products were worth zero, and the damage to Plaintiffs and the class are the actual out-of-pocket costs for the purchase of the products. *See, e.g., U.S. v. Gonzalez-Alvarez*, 277 F.3d 73, 78 (1st Cir. 2002) (food products that violate 21 U.S.C. § 331 are worth zero). Defendants are likely to take a different position that would require a different and more complex mathematical calculation to determine restitutionary damages.

expenses, and other deductions to show the actual or net benefit the defendant received." *American Master*, 225 Cal. App. 4th at 1487. "'The party seeking disgorgement "has the burden of producing evidence permitting at least a reasonable approximation of the amount of the wrongful gain," and the "[r]esidual risk of uncertainty in calculating net profit is assigned to the wrongdoer."'" *Id* (quoting *Uzyel v. Kadisha*, 188 Cal. App. 4th 866, 894 (2010)).

Additionally, unlike Plaintiffs' claims under the UCL, FAL, and CLRA, a claim for unjust enrichment would not be subject to the requirements of Rule 9(b).[4] *See Waldrup*, 2014 WL 1463881, at *8 ("Unlike plaintiff's claims for fraud and for violations of RICO, plaintiff's claim for unjust enrichment turns solely on her allegation that she paid fees for a worthless appraisal. To prevail on this claim, plaintiff need not show that plaintiff made any particular representations upon which she relied in purchasing the appraisal. Accordingly, Rule 9(b) does not apply, and the claim may be pled generally under the normal Rule 8 pleading standard.").

Based on the foregoing, if Plaintiffs are precluded from asserting a claim for unjust enrichment, they will be denied the opportunity to pursue potentially greater damages that would be subject to a lesser evidentiary burden. Plaintiffs, in good faith, attempted to prosecute an unjust enrichment claim since the commencement of this action. The Ninth Circuit has recently held that Plaintiffs were correct in doing so. In light of this new controlling authority, it would be inequitable to bar such a claim. Accordingly, Plaintiffs should be granted leave to move for reconsideration and they should ultimately be permitted to pursue a claim for unjust enrichment.

---

[4] It remains Plaintiffs' position that their claims under the "unlawful" prong of the UCL are not subject to the requirements of Rule 9(b). The Court previously found that, regardless, Plaintiffs' pleadings satisfied Rule 9(b) and, therefore, did not reach the issue of the pleading requirements for the "unlawful" prong claims. *See* Order at 3-6.

## **CONCLUSION**

For all the aforementioned reasons, Plaintiffs respectfully request that the Court: grant leave to Plaintiffs to file a motion for reconsideration; upon reconsideration, vacate the dismissal of the unjust enrichment claim; and grant such other and further relief as the Court deems just and proper.

Dated: January 6, 2015            Respectfully submitted,

   /s/ Bradley F. Silverman
Keith M. Fleischman (*admitted pro hac vice*)
Bradley F. Silverman (*admitted pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

*Attorneys for Plaintiffs*