Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
Fax: (408) 369-0752
pgore@prattattorneys.com

Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax: (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ALEX ANG and LYNN STREIT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

BIMBO BAKERIES USA, INC.,

Defendant.

Case No. 13 Civ. 1196 (WHO)

**MEMORANDUM IN REPLY TO OPPOSITION TO JAY NELKIN'S APPLICATION FOR PRO HAC VICE**

**Judge: Hon. William H. Orrick**

Ignoring binding Ninth Circuit authority fatal to its Opposition, Defendant premises its Opposition to Jay Nelkin's Application for Admission Pro Hac Vice on a single inapposite decision by a Magistrate Judge whose holding Defendant misrepresents. Based on the facts at hand and Ninth Circuit precedent, Mr. Nelkin clearly meets the criteria for *pro hac vice* admission in this District and has not taken any actions that would disqualify him from *pro hac vice* admission in this District. His Application for Admission Pro Hac Vice should be granted for the following reasons:

## I. Statement of Facts and Procedural History

On January 8, 2015, Jay Nelkin applied for admission to this Court *pro hac vice*. Dkt. No. 96. That same day, Defendant filed an opposition to Mr. Nelkin's *pro hac vice* application. Dkt. No. 98. Mr. Nelkin does not reside in California. Mr. Nelkin does not have an office in California. Mr. Nelkin is not a member of a firm with an office in California. Mr. Nelkin has never taken or attended a deposition in connection with any California case. Mr. Nelkin has never physically appeared in person in a California court room. Mr. Nelkin has never met a client in California in the last 3 years. Mr. Nelkin has not physically entered California in the past 3 years other than a single isolated instance when he caught a connecting flight at the Los Angeles Airport and did not leave the airport. Nelkin Decl. ¶2 attached hereto as Exhibit A.

Mr. Nelkin was not the sole or primary counsel and never filed an appearance or applied to appear *pro hac vice* in *Jones v. ConAgra Foods, Inc.*, (3:12-cv-01633-CRB); *Bankamerica Corp. v. Bank of New York, et al* (3:96-cv-03684-SC); *Kosta v. Del Monte Corporation*, (4:12-cv-01722-YGR); *Maxwell v. Unilever United States, Inc. et al*, (5:12-cv-01736-EJD); *Avoy v. Sunsweet Growers, Inc.*, (5:12-cv-01769-RMW); *Ogden v. Bumble Bee Foods, LLC*, (5:12-cv-01828-LHK); *Brazil v. Dole Food Company, Inc. et al*, (5:12-cv-01831-LHK); *Gustavson v. Wrigley Sales Company et al*, (5:12-cv-01861-LHK); *Khasin v. The Hershey Company*, (5:12-cv-01862-EJD); *Samet v. Proctor and Gamble Company*, (5:12-cv-01891-PSG); *United States of America et al v. Coca-Cola Company* (3:13-cv-02551-JCS) and *Trazo v. Nestle USA, Inc et al*, (5:12-cv-02272-PSG). To the extent Mr. Nelkin's name was on listed on any pleadings it was as part of a group listing of attorneys and firms in which other firms and lawyers besides Mr. Nelkin

were responsible for representing the clients. Such a listing did not reflect Mr. Nelkin's "appearance" in the case but was merely to reflect that Mr. Nelkin was providing supporting services to the in-state attorney and any other attorneys admitted in the case. With the exception of *United States of America et al v. Coca-Cola Company* (3:13-cv-02551-JCS). Mr. Nelkin never met, spoke with or communicated with the clients in these cases nor did he have any contact with opposing counsel in any of these cases. Mr. Nelkin never met, spoke with or communicated with opposing counsel in *United States of America et al v. Coca-Cola Company* (3:13-cv-02551-JCS) and only met the client in that case outside of California after it was dismissed. Nelkin Decl. ¶3.

Given their sporadic nature and Mr. Nelkin's subordinate, out of state role, Defendant's efforts to rely on a case like *Bankamerica Corp. v. Bank of New York, et al,* (3:96-cv-03684-SC) that terminated nearly 18 years ago in 1997 when Mr. Nelkin was an associate at Sullivan & Cromwell or cases such as the *Lazaroff v. Ferrellgas, L.P. et al.,* (2:09-cv-04274-PSG-SS) or *Yunis et al v. Ferrellgas, L.P. et al*., (3:09-cv-03093-THE) that were transferred out of California in 2009 are unavailing to establish that Mr. Nelkin regularly practices law in California. Nelkin Decl. ¶4.

In the last 3 years Mr. Nelkin has not argued before a Court in any California case or filed an appearance form or an application to be admitted *pro hac vice* in any case in California. In the last 3 years Mr. Nelkin has always filtered his work in any case filed in California through an in-state attorney. Over the past 3 years, Mr. Nelkin's activities in connection with any California cases have been limited to activities conducted outside the borders of California such as reviewing pleadings, researching relevant law, and advising co-counsel. Nelkin Decl. ¶5. Mr. Nelkin does not reside in the State of California. Mr. Nelkin has not officially registered to take the California State Bar exam and is not awaiting the results from the California State Bar exam. Mr. Nelkin has not regularly engaged in the practice of law in California in the last 3 years. Mr. Nelkin did not sign briefs, did not argue cases, and always filtered any work in California through an in-state attorney. Nelkin Decl. ¶8.

Mr. Nelkin sought *pro hac vice* status in this case out of an abundance of caution to ensure that Mr. Nelkin, who would be working outside of California, could review and assess the

voluminous documents produced in this case by Defendant pursuant to a Protective Order Nelkin Decl. ¶6. The Defendant's Opposition to Mr. Nelkin's *pro hac vice* application represents a bad faith effort by the Defendant to prevent Mr. Nelkin from assisting in the assessment of the over 1.2 million pages of documents produced by Defendant in a classic dump of documents the Defendant admits it never bothered to review for relevance. Dkt. No. 97.

**Argument**

**I. Mr. Nelkin Meets All Criteria For Admission *Pro Hac Vice.***

> The Northern District allows lawyers to be admitted pro hac vice if (1) they are active members in good standing of another bar (2) they "agree to abide by the Standards of Professional Conduct"; and (3) a member of the bar of this court is designated as co-counsel. Civ. L.R. 11-3(a).

*Santiago v. Equable Ascent Fin.*, 2013 U.S. Dist. LEXIS 97762 at *13 n.3. (N.D. Cal. July 12, 2013).

Mr. Nelkin is a member of good standing of the New York Bar. Nelkin Decl.¶1; Dkt. No. 96. Mr. Nelkin filed his application to appear *pro hac vice* on January 8, 2015, indicating he agreed to abide by the rules of this Court. Ben F. Pierce Gore, a member of the Bar of this Court, was designated as Mr. Nelkin's co-counsel in Mr. Nelkin's *pro hac vice* application. Nelkin Decl.¶7; Dkt. No. 96. Mr. Nelkin thus meets all the criteria for *pro hac vice* admission identified by this Court in *Santiago*. *Id.*

Pursuant to Civil Local Rule 11-3(a), an attorney is eligible to appear *pro hac vice* in a particular action in this district by submitting to the Clerk, together with the written application, a true and correct copy of a certificate of good standing or other similar official document issued by the appropriate authority governing attorney admissions for the relevant Bar dated no more than one year prior to the date of application for admission. Civil Local Rule 11-3. The applicant must also submit an oath certifying the following:

> **(1)** That he or she is an active member in good standing of the bar of a United States Court or of the highest court of another State or the District of Columbia, specifying such bar;
>
> **(2)** That he or she agrees to abide by the Standards of Professional Conduct set forth in Civil L.R. 11-4, and to become familiar with the Local Rules and Alternative Dispute

> Resolution Programs of this Court and, where applicable, with the Bankruptcy Local Rules;
> **(3)** That an attorney, identified by name and office address, who is a member of the bar of this Court in good standing and who maintains an office within the State of California, is designated as co-counsel.

It is undisputed that that on January 8, 2015, Mr. Nelkin completed and submitted to the clerk of this district's Court this district's official form Application for Admission of Attorney Pro Hac Vice and a true and correct copy of a certificate of good standing dated no more than one year prior to the date of application for admission. It is further undisputed that Mr. Nelkin's pro hac vice application contained all the information and certifications under oath required by this district's local rules and Application for Admission of Attorney Pro Hac Vice. Dkt. No. 96. There is no allegation that Mr. Nelkin's form was incomplete or false in any manner. It is thus clear that Mr. Nelkin, absent grounds for disqualification, met this district's criteria for *pro hac vice* admission.

## II. Mr. Nelkin Is Not Disqualified From Appearing *Pro Hac Vice.*

Civil Local Rule 11-3(b) list this district's grounds for disqualification from being able to appear pro hac vice. Civil Local Rule 11-3(b) states:

> **(b) Disqualification from Pro Hac Vice Appearance.** Unless authorized by an Act of Congress or by an order of the assigned judge, an applicant is not eligible for permission to practice *pro hac vice* if the applicant:
>
> **(1)** Resides in the State of California; or
>
> **(2)** Is regularly engaged in the practice of law in the State of California. This disqualification shall not be applicable if the *pro hac vice* applicant (i) has been a resident of California for less than one year; (ii) has registered with, and completed all required applications for admission to, the State Bar of California; and
>
> **(3)** Has officially registered to take or is awaiting his or her results from the California State Bar exam.

As it is undisputed that Mr. Nelkin 1) does not reside in the State of California; 2) has not officially registered to take the California State Bar exam; and 3) is not awaiting his results from the California State Bar exam (Nelkin Decl. ¶8). Defendant bases its opposition to Mr. Nelkin's

pro hac vice application solely on the ground that Mr. Nelkin is purportedly "'regularly engaged in the practice of law' in California" due to the fact that Mr. Nelkin purportedly "appeared or sought to appear in 12 cases in this Court over the last 3 years." Defendant's Opposition at p. 2.

**III. Binding Ninth Circuit Law Confirms That Mr. Nelkin Did Not "Appear" In A California Case Or Practice Law In California In The Past 3 Years.**

Because, as discussed below, it is absolutely clear based on binding Ninth Circuit authority not cited by Defendant that Mr. Nelkin 1) did not "appear" or "seek to appear" in any case in this court in the past 3 years (other than in this case) and 2) is not regularly practicing law in California, Defendant's Opposition should be disregarded and Mr. Nelkin's *pro hac vice* application should be approved.

As recognized by the Ninth Circuit in *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815 (9th Cir. 2009):

> Admissions rules and procedure for federal court are independent of those that govern admission to practice in state courts. *In re Poole*, 222 F. 3d 618, 620-22 (9th Cir. 2000) ("[A]s nearly a century of Supreme Court precedent makes clear, practice before federal courts is not governed by state court rules."); *see also Birbrower*, 17 Cal. 4th at 130 ("The [State Bar] Act does not regulate practice before United States courts."). This is true even "when admission to a federal court is predicated upon admission to the bar of the state court of last resort." *In re Poole*, 222 F.3d at 620.

*Id.* at 820. The California Courts concur with the Ninth Circuit's holding that the State Bar Act and other California statutes enacted for the purpose of regulating the practice of law in California are only applicable to California state courts.

> The State Bar Act of California does not purport to regulate the practice of lawyers before the United States Courts, or their referees. *In re McCue, 211 Cal. 57, 66* [293 P. 47], makes clear the fact that: "The State Bar Act and other statutes enacted for the purpose of regulating the practice of law in this state are applicable to our state courts only. The federal courts are governed entirely by federal enactment and their own rules as to admission and professional conduct. This state, should it attempt, and we do not think it has, to regulate the practice of law in the federal courts or to place any restrictions or limitations upon the persons who might appear before the federal courts within this state, would be acting entirely without right and beyond its jurisdiction."

*Cowen v. Calabrese*, 230 Cal. App. 2d 870, 872-73 (Cal. App. 5th Dist. 1964). Thus, it is this Court's local rules and the decisions of this Court and the Ninth Circuit which govern Mr. Nelkin's *pro hac vice* application. These decisions make clear that, contrary to Defendant's assertions, in the past 3 years Mr. Nelkin has not appeared in any case in California or this District nor has Mr. Nelkin engaged in any activities considered to be the practice of law in California by this Court or the Ninth Circuit.

As recognized by this Court, the Ninth Circuit has held in the context of determining whether an attorney was engaging in the unauthorized practice of law in California that a lawyer who did not sign briefs, did not argue cases, and who filtered his work through an in-state attorney had not "appeared" before the court. *Santiago*, 2013 U.S. Dist. LEXIS 97762 at *13-14. (N.D. Cal. July 12, 2013). Similarly, this Court has held that reviewing pleadings, researching relevant law, and advising in-state co-counsel also do not constitute an appearance. *Id.* As stated by this Court in *Santiago*:

> First, Bragg was "eligible" for pro hac vice admission in the Northern District. Indeed, Equable does not contest that Bragg could have been admitted as a matter of course. See Opp'n at 8. Second, Bragg did not "appear" before this Court. Although *Winterrowd* did not define exactly what constitutes an "appearance," it did conclude that a lawyer who did not sign briefs, did not argue cases, and who filtered his work through an in-state attorney had not "appeared" before the court. *Winterrowd*, 556 F.3d at 824. Central to the court's determination of whether an out-of-state lawyer had appeared was whether the lawyer's activities established legal duties between him and the in-state client prior to being admitted to appear pro hac vice. Id. at 821.
>
> The legal tasks that Bragg submitted in his time sheet prior to being admitted were nearly identical to the work that the court in *Winterrowd* held did not constitute an "appearance." Bragg, like the out-of-state lawyer in *Winterrowd*, engaged in reviewing pleadings, researching relevant law, and advising his in-state co-counsel. … He did not bill time for any work that included interactions with his client or opposing counsel.

*Id.* The Ninth Circuit further indicated that in situations where an attorney had minimal, non-exclusive contact with an in-state client, never filed an appearance form, did not communicate with opposing counsel, never physically came into court, never argued in court, and never physically entered the State of California in connection with the prosecution of a case, the

attorney's conduct did not rise to the level of "appearing" in court. As stated by the Ninth Circuit in *Winterrowd*:

> The Winterrowd plaintiffs can still recover fees for Wheatley, Sr.'s work, however, because his conduct did not rise to the level of "appearing" before the district court. This court has permitted fee recovery for the work of paralegals, database managers, legal support, summer associates, and even attorneys who have yet to pass the bar. *Nat'l Res. Def. Council, Inc. v. Winter*, 543 F.3d 1152 (9th Cir. 2008). These participants in the legal process do not "appear" before the district court, as they do not argue cases or sign briefs. They are nevertheless an integral part of the litigation process….
>
> Wheatley, Sr.'s role was similar to such litigation support or consultants, and distinguishable from an "appearance." See *United States v. Wunsch*, 84 F.3d 1110, 1115 (9th Cir. 1996) (holding that an attorney had "appeared" when he identified himself as counsel in the court's appearance form, physically came into court, signed pleadings, and identified himself as counsel to opposing counsel). Wheatley, Sr. never appeared or argued in front of the district court, nor did he sign briefs. He had the role of advising his son and reviewing pleadings, which he did with minimal, nonexclusive contact with the client and no communication with opposing counsel. Moreover, Wheatley, Sr. did not even physically enter the State of California in connection with the prosecution of this case.

*Winterrowd*, 556 F.3d at 823-24.[1]

While completely ignoring the controlling Ninth Circuit precedents cited above, Defendant relies solely upon an earlier decision of a Magistrate Judge in *Guguni v. Chertoff*, 2008 WL 2080788 (N. D. Cal May 14, 2008) and then mischaracterize the facts and holding of that case. In *Guguni*, the court rescinded the grant of *pro hac vice* status upon finding that the attorney "in his application failed to disclose that he resides in California and regularly practices

[1] Ironically, while Defendant asserts opposition to Mr. Nelkin's *pro hac vice* application, its own counsel's firm employs out of state attorneys who actually formally appear in California federal courts *pro hac vice* more frequently than Defendant currently argues constitutes the regular practice of law in California so as to bar such *pro hac vice* admissions. For example, a former Hogan Lovells US LLP associate, Robin Wechkin, sought and obtained permission to appear *pro hac vice* in at least 13 cases in this district since 2006 including at least 4 from 2012-2013 (*Jones v. ConAgra Foods, Inc.* 3:12-cv-01633-CRB); *Toth v. Envivio, Inc.* (4:12-cv-05636-CW); *Cox v. Gruma Corporation* (4:12-cv-06502-YGR); *Hendricks v. Starkist Co.* (4:13-cv-00729-YGR) while also appearing *pro hac vice* in 2012-2013 in other districts in California. *See e.g. Robert Briseno v. Conagra Foods, Inc.* (2:11-cv-05379-MMM-AGR).

law here." *Id.* at *1. In each of the five cases where the court indicated the attorney had "appeared," the attorney had filed an application to appear *pro hac vice* and, in fact, was the sole attorney representing the Plaintiff. Nelkin Decl.¶9. Given the dissimilarity between *Guguni* and the application for *pro hac vice* here, *Guguni* is inapplicable.

Defendant's Opposition also ignores the reality of the modern day profession of law. As stated by the Ninth Circuit in concluding an attorney had not appeared or practiced law in California:

> Judge Friendly observed that we live in an "age of increased specialization and high mobility of the bar." *Spanos v. Skouras*, 364 F.2d 161, 170 (2d Cir. 1966). But in 1966, there were no personal computers, no Internet, no Blackberries, no teleconferencing, no emails, and the only person who had a two-way wrist radio was cartoon character Dick Tracy. Today, largely because of the benefits of modern technology, hundreds of U.S.-based law firms are composed of many hundreds, or even thousands, of lawyers and support personnel contemporaneously doing business in many states and throughout the world. Lawyers throughout the United States regularly participate in teleconferences and group email sessions with other lawyers in other states, and lawyers and paralegals from one or more firms participate in massive discovery projects arising out of a single case concerning papers and data located in several states. In many such instances, only a small fraction of the lawyers involved in a case are members of the bar of the state where the presiding court sits. Current law does not compel us to be judicial Luddites, and we may properly accommodate many of the realities of modern law practice, while still securing to federal courts the ability to control and discipline those who practice before them.

*Winterrowd*, 556 F.3d at 819-20.

**Conclusion**

For the reasons stated above, Mr. Nelkin meets all criteria for admission *pro hac vice* and there are no grounds to disqualify Mr. Nelkin from appearing *pro hac vice*, Defendant's Opposition should be disregarded and Mr. Nelkin's *pro hac vice* application should be approved.

Dated: January 13, 2015

Respectfully submitted,

*/s/ Pierce Gore*________________

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126

Telephone: (408) 429-6506
Fax: (408) 369-0752
pgore@prattattorneys.com

Keith M. Fleischman (*pro hac vice*)
Bradley F. Silverman (*pro hac vice)*
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax: (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

*Attorneys for Plaintiffs*