United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEX ANG, et al.,

Plaintiffs,

v.

BIMBO BAKERIES USA, INC.,

Defendant.

Case No. 13-cv-01196-WHO

**ORDER REGARDING PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF; AND DEFENDANT'S OPPOSITION TO PLAINTIFFS' COUNSEL'S PRO HAC VICE APPLICATION**

Re: Dkt. Nos. 95, 96, 97

This order concerns two motions and one objection filed by the parties in the past week: (i) plaintiffs' Motion for Leave to File a Motion for Reconsideration of the Court's September 25, 2013 Order Dismissing Plaintiffs' Claim for Unjust Enrichment, filed January 6, 2015 (Dkt. No. 95); plaintiffs' Motion for Administrative Relief Adjourning Date by Which Motion for Class Certification Must be Filed, filed January 8, 2015 (Dkt. No. 96); and defendants' Opposition to Jay Nelkin's Application for Admission Pro Hac Vice, filed January 8, 2015 (Dkt. No. 97).

## I. MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; MOTION FOR ADMINISTRATIVE RELIEF

Plaintiffs request leave to file a motion for reconsideration of the September 25, 2013 Order Granting in Part and Denying in Part Motion to Dismiss, in which I dismissed plaintiffs' unjust enrichment claim on the ground that California law does not recognize unjust enrichment as a standalone cause of action. *See* Dkt. No. 38 at 17-18. Under Civil Local Rule 7-9(b)(2), a party may be granted leave to file a motion for reconsideration of an interlocutory order where the party demonstrates both "reasonable diligence in bringing the motion" and "a change of law occurring after the time of such order." Civil L.R. 7-9(b)(2). Plaintiffs assert that reconsideration is

warranted here because the law has "conclusively changed" and now recognizes standalone claims for unjust enrichment. Dkt. No. 95. In the event that I grant leave to file the motion, plaintiffs ask that I adjourn the January 28, 2015 filing date for their class certification motion until the reconsideration issue has been decided. Dkt. No. 97. Alternatively, plaintiffs request that I postpone the deadline for 30 days to give them adequate time to properly review defendants' recent production of approximately 432,000 documents (accounting for more than 1.2 million pages). *Id.* Defendant opposes any change to the schedule.

The motion for leave to file a motion for reconsideration is DENIED. Having reviewed the cases cited by plaintiffs, I do not find that the law has "conclusively changed." The Ninth Circuit decision which plaintiffs primarily rely on, *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061 (9th Cir. 2014), does not directly address the issue of whether unjust enrichment may be brought as its own distinct cause of action. *See id.* at 1070. The district court cases cited by plaintiffs also fail to demonstrate that there has been a material change in the law since their unjust enrichment cause of action was dismissed. At best, those cases indicate that district courts today, just as they did on September 25, 2013, "trea[t] standalone unjust enrichment claims differently." Dkt. No. 38 at 17-18. Meanwhile, the California Court of Appeal has squarely held that "[u]njust enrichment is not a cause of action." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011); *see also, Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust enrichment."). Plaintiffs have not shown that the law has changed in this regard.

Because this disposes of the reconsideration issue, plaintiffs' request to adjourn the filing date for their class certification motion is DENIED. However, I will postpone the deadline by three weeks, to February 18, 2015, in light of the volume of discovery plaintiffs have received. The hearing on the motion currently set for March 4, 2015 is VACATED and reset to March 25, 2015.

## II. OPPOSITION TO APPLICATION FOR ADMISSION PRO HAC VICE

Plaintiffs' counsel Jay Nelkin filed a pro hac vice application on January 8, 2015. Dkt. No. 96. Defendants submitted an opposition the same day. Dkt. No. 98. Under Civil Local Rule 11-

3(b), an attorney may not be admitted pro hac vice if she or he either: (i) resides in California; or (ii) is "regularly engaged in the practice of law" in California. Civil L.R. 11-3(b). Defendants assert that Nelkin "has appeared or sought to appear" in fourteen Northern District cases, twelve of them in the past three years, and that "an attorney who appears in an average of one case per quarter over a three-year period is certainly 'regularly engaged in the practice of law' in California." Dkt. No. 98. Defendants cite to *Guguni v. Chertoff*, No. 08-cv-01850-JL, 2008 WL 2080788, at *1 (N.D. Cal. May 14, 2008), in which the court vacated the pro hac vice admission of an attorney whose residence and law office were located in California, and who had appeared in "at least five other cases" in the Northern District in the preceding three years. *Id.*

The thirteen Northern District cases other than this one in which defendants claim that Nelkin "has appeared or sought to appear" are listed below. The parenthetical following each case citation refers to whether Nelkin actually filed a pro hac vice application in the case, or only had his name listed on the docket.

1. *Bankamerica Corp. v. Bank of New York*, No. 96-cv-03684-SC (name on docket but no record of pro hac vice application)

2. *Yunis v. Ferrellgas, L.P.*, No. 09-cv-03093-TEH (pro hac vice application filed August 10, 2009)

3. *Jones v. ConAgra Foods, Inc.*, No. 12-cv-01633-CRB (name on docket but no record of pro hac vice application)

4. *Kosta v. Del Monte Corporation*, No. 12-cv-01722-YGR (name on docket but no record of pro hac vice application)

5. *Maxwell v. Unilever United States, Inc.*, No. 12-cv-01736-EJD (name on docket but no record of pro hac vice application)

6. *Avoy v. Sunsweet Growers, Inc.*, No. 12-cv-01769-RMW (name on docket but no record of pro hac vice application)

7. *Ogden v. Bumble Bee Foods, LLC*, No. 12-cv-01828-LHK (name on docket but no record of pro hac vice application)

8. *Brazil v. Dole Food Company, Inc.*, No. 12-cv-01831-LHK (name on docket but no record of pro hac vice application)

9. *Gustavson v. Wrigley Sales Company*, No. 12-cv-01861-LHK (name on docket but no record of pro hac vice application)

10. *Khasin v. The Hershey Company*, No. 12-cv-01862-EJD (name on docket but no record of pro hac vice application)

11. *Samet v. Proctor and Gamble Company*, No. 12-cv-01891-PSG (name on docket but no record of pro hac vice application)

12. *Trazo v. Nestle USA, Inc.*, No. 12-cv-02272-PSG (name on docket but no record of pro hac vice application)

13. *United States v. Coca-Cola Company*, No. 13-cv-02551-JCS (name on docket but no record of pro hac vice application)

On January 13, 2015, plaintiffs filed a responsive brief and declaration by Nelkin. Dkt. No. 99. Nelkin states in the declaration that he is a resident of New Jersey. Nelkin Decl. ¶ 2. Neither he nor his law firm maintains an office in California. *Id.* He has never "physically appeared in person" in court in California and has not met with a client in California in the past three years. *Id.* Regarding the thirteen cases listed above, Nelkin asserts that he was not the "sole or primary counsel" and never filed a pro hac vice application in any of the cases except for *Yunis*. *Id.* ¶ 3. To the extent that his name was listed on any of the papers in the other twelve cases, it was listed among a group of attorneys and firms, and other attorneys and firms were responsible for representing the clients. *Id.* Nelkin states: "Such listing did not reflect my 'appearance' in the case but was merely to reflect that I was providing supporting services to the in-state attorney and any other attorneys admitted in the case." *Id.* With the exception of *Coca Cola*, Nelkin did not communicate with the clients in the cases or have any contact with opposing counsel. *Id.* Nelkin met with the client in *Coca Cola*, but the meeting occurred outside of California and after the case had been dismissed. *Id.*

In the past three years, Nelkin has "always filtered [his] work in any case filed in California through an in-state attorney." *Id.* ¶ 5. He has not signed briefs or argued cases. *Id.* ¶ 8. His "activities in connection with any California cases have been limited to activities conducted outside the borders of California," such as legal research and advising co-counsel. *Id.* ¶ 5. Nelkin sought pro hac vice admission in this case "out of an abundance of caution to ensure that [he], although working outside of California, could review and assess the voluminous documents

United States District Court
Northern District of California

produced in this case by defendant pursuant to a protective order." *Id.* ¶ 6.

These facts do not indicate that Nelkin has regularly engaged in the practice of law in California. The Ninth Circuit has held that an out-of-state attorney's conduct "did not rise to the level of 'appearing' before the district court" where the attorney

> never appeared or argued in front of the district court, nor did he sign briefs. He had the role of advising his [co-counsel] and reviewing pleadings, which he did with minimal, nonexclusive contact with the client and no communication with opposing counsel. Moreover, [the attorney] did not even physically enter the State of California in connection with the prosecution of this case.

*Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 824 (9th Cir. 2009); *see also, Santiago v. Equable Ascent Fin.*, No. 11-cv-031580-CRB, 2013 WL 3498079, at *4-5 (N.D. Cal. July 12, 2013) (attorney did not "appear" before court where attorney, "like the out-of-state lawyer in *Winterrowd*, engaged in reviewing pleadings, researching relevant law, and advising his in-state co-counsel"). In light of *Winterrowd*, it is not clear that Nelkin has "appeared" in California court in the past three years, much less that he has regularly engaged in the practice of law in this state. Defendant does not offer evidence or authority to the contrary. The one case that defendant cites, *Guguni*, is plainly distinguishable, as there is no indication here that Nelkin either resides in California or maintains an in-state office. Moreover, the attorney in *Guguni* had filed a pro hac vice application in each of the five Northern District cases listed by the court, and in each case was the sole attorney representing the plaintiff. *See* Nelkin Decl. ¶ 9. That is not the situation here.

Defendant does not dispute that Nelkin otherwise satisfies all criteria for pro hac vice admission. Nor does defendant dispute that Nelkin's January 8, 2015 application complies with Civil Local Rule 11-3. On this record, defendant's objection to Nelkin's pro hac vice application must be OVERRULED. I will grant the pro hac vice application in a separate order.

**IT IS SO ORDERED**.

Dated: January 14, 2015



WILLIAM H. ORRICK
United States District Judge