# Exhibit E

HOGAN LOVELLS US LLP
Mark C. Goodman (Bar No. 154692)
Ethan A. Miller (Bar No. 155965)
David W. Skaar (Bar No. 265377)
3 Embarcadero Center, Suite 1500
San Francisco, California  94111
Telephone:     (415) 374-2300
Facsimile:     (415) 374-2499
mark.goodman@hoganlovells.com
ethan.miller@hoganlovells.com
david.skaar@hoganlovells.com

*Attorneys for Defendant*
BIMBO BAKERIES USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ANG and LYNN STREIT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>Defendant. | Case No. 13-CV-1196-HSG (NC)<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

| | |
|---|---|
| 1 | PROPOUNDING PARTY: | PLAINTIFFS ALEX ANG and LYNN STREIT |
| 2 | RESPONDING PARTY: | DEFENDANT BIMBO BAKERIES USA, INC. |
| 3 | SET NO.: | THREE |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Bimbo Bakeries USA, Inc. ("BBUSA") hereby serves the following response and objection to the plaintiffs' third set of requests for production of documents.

## GENERAL OBJECTIONS

1. BBUSA objects to the definitions and instructions in the plaintiffs' requests for production of documents to the extent that they exceed the requirements of the Federal Rules of Civil Procedure.

2. BBUSA objects to the plaintiffs' requests to the extent that they purport to seek information or documents protected from discovery or disclosure by the attorney-client privilege, the attorney work product doctrine, the settlement or mediation privilege, the joint defense or common interest doctrines or by any other applicable privilege, immunity or protective doctrine. BBUSA intends to and does invoke these privileges and immunities with respect to all covered information and documents and will not produce any information or documents subject to any of them. Should BBUSA provide any privileged or protected information or documents during the course of this litigation, unless expressly stated otherwise, such disclosure is inadvertent and shall not constitute a waiver of any applicable privilege or immunity, or of any other ground for objecting, or of BBUSA's right to object during this litigation or otherwise to the use of such information or documents.

3. BBUSA objects to the plaintiffs' discovery requests to the extent that they seek information or documents that, if disclosed, would violate third-party privacy rights or third-party confidentiality rights (contractual, common law, statutory or otherwise) or any rights that prohibit BBUSA from disclosing third-party information or documents without consent.

4. BBUSA objects to the plaintiffs' discovery requests to the extent that they purport to require BBUSA to disclose information that is commercially sensitive, confidential, proprietary

1   and/or reflective of trade secrets, including, but not limited to, BBUSA's commercially sensitive,

2   confidential and proprietary information and information that is prohibited from disclosure by

3   contract, agreement, understanding, custom, trade usage, statute, regulation, privacy law and/or

4   any other provision of law.

5         5.     BBUSA objects to the plaintiffs' discovery requests to the extent that they are

6   overbroad, unduly burdensome or seek the disclosure of information or documents neither

7   relevant to the subject matter of the pending action nor reasonably calculated to lead to the

8   discovery of admissible evidence in this action.

9         6.     Discovery in this litigation is ongoing and BBUSA's responses are made only on

10   the basis of the information that is currently known or reasonably available to it.  These responses

11   are made without prejudice to BBUSA's right to introduce additional evidence at the time of trial

12   or to supplement its responses, as appropriate, as discovery proceeds and after discovery has been

13   completed.  BBUSA also reserves the right to make any use of, or to introduce in any hearing or

14   at trial, documents or information subsequently produced or disclosed in this action.

15         7.     The disclosure of any documents or information by BBUSA in response to this

16   discovery is made subject to all objections as to competence, relevance, materiality, admissibility

17   and any other objections on any grounds that would require exclusion of the documents or

18   information, or any portion thereof, if such documents or information were offered into evidence.

19   BBUSA expressly reserves all such objections and grounds.

20        **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

21        Subject to and without waiving the above General Objections, BBUSA hereby responds to

22   each request for production as follows:

23   **REQUEST NO. 1:**

24        All documents relating to differences between consumer interests, opinions, or preferences

25   in California and consumer interests, opinions, or preferences in any other part of the United

26   States.

27

28

**RESPONSE TO REQUEST NO. 1:**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly burdensome and seeks documents that are neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action because the documents that it seeks expressly are not limited in scope or time. In addition, because the plaintiffs are seeking to certify a California-only class of consumers, the named plaintiffs are California residents, and all claims are asserted under California law, any documents regarding the "interests, opinions or preferences" of non-California consumers are neither relevant nor reasonably calculated to lead to the discovery of admissible information. BBUSA also objects to this Request on the grounds that it seeks documents protected from disclosure by the attorney-client and/or attorney work product privileges.

Subject to and without waiving the foregoing objections, BBUSA responds as follows:

The plaintiffs' first set of document requests in this matter, which they propounded in January 2014, contained 19 separate requests for documents related to (i) "consumer and marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see* Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the area of food labeling requirements (whether or not employed by Bimbo) concerning all of the products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or expected differences between consumer interest in or purchases of products that contain" and do not contain the labels at issue (*see* Request Nos. 64-69). Pursuant to those requests, the parties entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the application of which was calculated to retrieve documents responsive to all of the foregoing requests. In accordance with those agreements, BBUSA undertook the very time-consuming and expensive task of gathering, processing and producing all responsive documents from its nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not geographically limited). All such documents have either been produced or withheld as privileged.

-3-

1   Because this request is duplicative of the above-referenced requests in the plaintiffs' first

2   set of document requests and the agreed-upon e-discovery search terms already employed by

3   BBUSA would have captured all documents that are responsive to this request, BBUSA has

4   already produced any non-privileged documents responsive to this request.

5   **REQUEST NO. 2:**

6   All documents discussing any differences between consumer interests, opinions, or

7   preferences in California and consumer interests, opinions, or preferences in any other part of the

8   United States.

9   **RESPONSE TO REQUEST NO. 2:**

10   BBUSA hereby incorporates the above General Objections as if stated herein in full.

11   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

12   burdensome and seeks documents that are neither relevant to the subject matter of the pending

13   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

14   because the documents that it seeks expressly are not limited in scope or time.  In addition,

15   because the plaintiffs are seeking to certify a California-only class of consumers, the named

16   plaintiffs are California residents, and all claims are asserted under California law, any documents

17   regarding the "interests, opinions or preferences" of non-California consumers are neither

18   relevant nor reasonably calculated to lead to the discovery of admissible information.  BBUSA

19   also objects to this Request on the grounds that it seeks documents protected from disclosure by

20   the attorney-client and/or attorney work product privileges.

21   Subject to and without waiving the foregoing objections, BBUSA responds as follows:

22   The plaintiffs' first set of document requests in this matter, which they propounded in

23   January 2014, contained 19 separate requests for documents related to (i) "consumer and

24   marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

25   Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

26   area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

27   products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

28   expected differences between consumer interest in or purchases of products that contain" and do

-4-

1    not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

2    entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

3    June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

4    application of which was calculated to retrieve documents responsive to all of the foregoing

5    requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

6    expensive task of gathering, processing and producing all responsive documents from its

7    nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

8    geographically limited).  All such documents have either been produced or withheld as privileged.

9         Because this request is duplicative of the above-referenced requests in the plaintiffs' first

10   set of document requests and the agreed-upon e-discovery search terms already employed by

11   BBUSA would have captured all documents that are responsive to this request, BBUSA has

12   already produced any non-privileged documents responsive to this request.

13   **REQUEST NO. 3:**

14        All documents relating to similarities between consumer interests, opinions, or

15   preferences in California and consumer interests, opinions, or preferences in any other part of the

16   United States.

17   **RESPONSE TO REQUEST NO. 3:**

18        BBUSA hereby incorporates the above General Objections as if stated herein in full.

19   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

20   burdensome and seeks documents that are neither relevant to the subject matter of the pending

21   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

22   because the documents that it seeks expressly are not limited in scope or time.  In addition,

23   because the plaintiffs are seeking to certify a California-only class of consumers, the named

24   plaintiffs are California residents, and all claims are asserted under California law, any documents

25   regarding the "interests, opinions or preferences" of non-California consumers are neither

26   relevant nor reasonably calculated to lead to the discovery of admissible information.  BBUSA

27   also objects to this Request on the grounds that it seeks documents protected from disclosure by

28   the attorney-client and/or attorney work product privileges.

1    Subject to and without waiving the foregoing objections, BBUSA responds as follows:

2    The plaintiffs' first set of document requests in this matter, which they propounded in

3    January 2014, contained 19 separate requests for documents related to (i) "consumer and

4    marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

5    Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

6    area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

7    products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

8    expected differences between consumer interest in or purchases of products that contain" and do

9    not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

10   entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

11   June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

12   application of which was calculated to retrieve documents responsive to all of the foregoing

13   requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

14   expensive task of gathering, processing and producing all responsive documents from its

15   nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

16   geographically limited).  All such documents have either been produced or withheld as privileged.

17   Because this request is duplicative of the above-referenced requests in the plaintiffs' first

18   set of document requests and the agreed-upon e-discovery search terms already employed by

19   BBUSA would have captured all documents that are responsive to this request, BBUSA has

20   already produced any non-privileged documents responsive to this request.

21   **REQUEST NO. 4:**

22   All documents discussing any similarities between consumer interests, opinions, or

23   preferences in California and consumer interests, opinions, or preferences in any other part of the

24   United States.

25   **RESPONSE TO REQUEST NO. 4:**

26   BBUSA hereby incorporates the above General Objections as if stated herein in full.

27   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

28   burdensome and seeks documents that are neither relevant to the subject matter of the pending

-6-

1    litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

2    because the documents that it seeks expressly are not limited in scope or time.  In addition,

3    because the plaintiffs are seeking to certify a California-only class of consumers, the named

4    plaintiffs are California residents, and all claims are asserted under California law, any documents

5    regarding the "interests, opinions or preferences" of non-California consumers are neither

6    relevant nor reasonably calculated to lead to the discovery of admissible information.  BBUSA

7    also objects to this Request on the grounds that it seeks documents protected from disclosure by

8    the attorney-client and/or attorney work product privileges.

9            Subject to and without waiving the foregoing objections, BBUSA responds as follows:

10           The plaintiffs' first set of document requests in this matter, which they propounded in

11   January 2014, contained 19 separate requests for documents related to (i) "consumer and

12   marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

13   Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

14   area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

15   products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

16   expected differences between consumer interest in or purchases of products that contain" and do

17   not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

18   entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

19   June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

20   application of which was calculated to retrieve documents responsive to all of the foregoing

21   requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

22   expensive task of gathering, processing and producing all responsive documents from its

23   nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

24   geographically limited).  All such documents have either been produced or withheld as privileged.

25           Because this request is duplicative of the above-referenced requests in the plaintiffs' first

26   set of document requests and the agreed-upon e-discovery search terms already employed by

27   BBUSA would have captured all documents that are responsive to this request, BBUSA has

28   already produced any non-privileged documents responsive to this request.

1  **REQUEST NO. 5:**

2      All documents specifically relating to consumer interests, opinions, or preferences in

3  California.

4  **RESPONSE TO REQUEST NO. 5:**

5      BBUSA hereby incorporates the above General Objections as if stated herein in full.

6  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

7  burdensome and seeks documents that are neither relevant to the subject matter of the pending

8  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

9  because the documents that it seeks expressly are not limited in scope or time.  BBUSA also

10 objects to this Request on the grounds that it seeks documents protected from disclosure by the

11 attorney-client and/or attorney work product privileges.

12      Subject to and without waiving the foregoing objections, BBUSA responds as follows:

13      The plaintiffs' first set of document requests in this matter, which they propounded in

14 January 2014, contained 19 separate requests for documents related to (i) "consumer and

15 marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

16 Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

17 area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

18 products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

19 expected differences between consumer interest in or purchases of products that contain" and do

20 not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

21 entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

22 June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

23 application of which was calculated to retrieve documents responsive to all of the foregoing

24 requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

25 expensive task of gathering, processing and producing all responsive documents from its

26 nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

27 geographically limited).  All such documents have either been produced or withheld as privileged.

28

-8-

1    Because this request is duplicative of the above-referenced requests in the plaintiffs' first

2    set of document requests and the agreed-upon e-discovery search terms already employed by

3    BBUSA would have captured all documents that are responsive to this request, BBUSA has

4    already produced any non-privileged documents responsive to this request.

5    **REQUEST NO. 6:**

6    All documents pertaining to any efforts by Bimbo to market or advertise products in

7    California in a different manner than in another part of the country.

8    **RESPONSE TO REQUEST NO. 6:**

9    BBUSA hereby incorporates the above General Objections as if stated herein in full.

10   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

11   burdensome and seeks documents that are neither relevant to the subject matter of the pending

12   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

13   because the documents that it seeks expressly are not limited in scope or time.  In addition,

14   because the plaintiffs are seeking to certify a California-only class of consumers, the named

15   plaintiffs are California residents, and all claims are asserted under California law, any documents

16   regarding marketing or advertising outside of California are neither relevant nor reasonably

17   calculated to lead to the discovery of admissible information.  BBUSA also objects to this

18   Request on the grounds that it seeks documents protected from disclosure by the attorney-client

19   and/or attorney work product privileges.

20   Subject to and without waiving the foregoing objections, BBUSA responds as follows:

21   The plaintiffs' first set of document requests in this matter, which they propounded in

22   January 2014, contained 19 separate requests for documents related to (i) "consumer and

23   marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

24   Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

25   area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

26   products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

27   expected differences between consumer interest in or purchases of products that contain" and do

28   not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

-9-

1  entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

2  June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

3  application of which was calculated to retrieve documents responsive to all of the foregoing

4  requests.  Indeed, the search terms were even broader than the foregoing requests, as they

5  included terms such as "advertise," "market," "purchase," "demand," "sales" and every possible

6  iteration thereof.  In accordance with those agreements, BBUSA undertook the very time-

7  consuming and expensive task of gathering, processing and producing all responsive documents

8  from its nationwide electronic databases and the agreed-upon custodians (BBUSA's search was

9  not geographically limited).  All such documents have either been produced or withheld as

10  privileged.

11         Because this request is duplicative of the above-referenced requests in the plaintiffs' first

12  set of document requests and the agreed-upon e-discovery search terms already employed by

13  BBUSA would have captured all documents that are responsive to this request, BBUSA has

14  already produced any non-privileged documents responsive to this request.

15  **REQUEST NO. 7:**

16         All documents relating to differences between consumer interests, opinions, or

17  preferences regarding the Purchased Products and Substantially Similar Products in California

18  and consumer interests, opinions, or preferences regarding the Purchased Products and

19  Substantially Similar Products in any other part of the United States.

20  **RESPONSE TO REQUEST NO. 7:**

21         BBUSA hereby incorporates the above General Objections as if stated herein in full.

22  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

23  burdensome and seeks documents that are neither relevant to the subject matter of the pending

24  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

25  because the documents that it seeks expressly are not limited in scope or time.  In addition,

26  because the plaintiffs are seeking to certify a California-only class of consumers, the named

27  plaintiffs are California residents, and all claims are asserted under California law, any documents

28  regarding the "interests, opinions or preferences" of non-California consumers are neither

-10-

1    relevant nor reasonably calculated to lead to the discovery of admissible information.  BBUSA

2    also objects to this Request on the grounds that it seeks documents protected from disclosure by

3    the attorney-client and/or attorney work product privileges.

4        Subject to and without waiving the foregoing objections, BBUSA responds as follows:

5        The plaintiffs' first set of document requests in this matter, which they propounded in

6    January 2014, contained 19 separate requests for documents related to (i) "consumer and

7    marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

8    Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

9    area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

10   products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

11   expected differences between consumer interest in or purchases of products that contain" and do

12   not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

13   entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

14   June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

15   application of which was calculated to retrieve documents responsive to all of the foregoing

16   requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

17   expensive task of gathering, processing and producing all responsive documents from its

18   nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

19   geographically limited).  All such documents have either been produced or withheld as privileged.

20       Because this request is duplicative of the above-referenced requests in the plaintiffs' first

21   set of document requests and the agreed-upon e-discovery search terms already employed by

22   BBUSA would have captured all documents that are responsive to this request, BBUSA has

23   already produced any non-privileged documents responsive to this request.

24   **REQUEST NO. 8:**

25       All documents discussing any differences between consumer interests, opinions, or

26   preferences regarding the Purchased Products and Substantially Similar Products in California

27   and consumer interests, opinions, or preferences regarding the Purchased Products and

28   Substantially Similar Products in any other part of the United States.

-11-

1   **RESPONSE TO REQUEST NO. 8:**

2         BBUSA hereby incorporates the above General Objections as if stated herein in full.

3   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

4   burdensome and seeks documents that are neither relevant to the subject matter of the pending

5   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

6   because the documents that it seeks expressly are not limited in scope or time.  In addition,

7   because the plaintiffs are seeking to certify a California-only class of consumers, the named

8   plaintiffs are California residents, and all claims are asserted under California law, any documents

9   regarding the "interests, opinions or preferences" of non-California consumers are neither

10  relevant nor reasonably calculated to lead to the discovery of admissible information.  BBUSA

11  also objects to this Request on the grounds that it seeks documents protected from disclosure by

12  the attorney-client and/or attorney work product privileges.

13        Subject to and without waiving the foregoing objections, BBUSA responds as follows:

14        The plaintiffs' first set of document requests in this matter, which they propounded in

15  January 2014, contained 19 separate requests for documents related to (i) "consumer and

16  marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

17  Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

18  area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

19  products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

20  expected differences between consumer interest in or purchases of products that contain" and do

21  not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

22  entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

23  June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

24  application of which was calculated to retrieve documents responsive to all of the foregoing

25  requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

26  expensive task of gathering, processing and producing all responsive documents from its

27  nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

28  geographically limited).  All such documents have either been produced or withheld as privileged.

1    Because this request is duplicative of the above-referenced requests in the plaintiffs' first

2    set of document requests and the agreed-upon e-discovery search terms already employed by

3    BBUSA would have captured all documents that are responsive to this request, BBUSA has

4    already produced any non-privileged documents responsive to this request.

5    **REQUEST NO. 9:**

6    All documents relating to similarities between consumer interests, opinions, or

7    preferences regarding the Purchased Products and Substantially Similar Products in California

8    and consumer interests, opinions, or preferences regarding the Purchased Products and

9    Substantially Similar Products in any other part of the United States.

10   **RESPONSE TO REQUEST NO. 9:**

11   BBUSA hereby incorporates the above General Objections as if stated herein in full.

12   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

13   burdensome and seeks documents that are neither relevant to the subject matter of the pending

14   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

15   because the documents that it seeks expressly are not limited in scope or time.  In addition,

16   because the plaintiffs are seeking to certify a California-only class of consumers, the named

17   plaintiffs are California residents, and all claims are asserted under California law, any documents

18   regarding the "interests, opinions or preferences" of non-California consumers are neither

19   relevant nor reasonably calculated to lead to the discovery of admissible information.  BBUSA

20   also objects to this Request on the grounds that it seeks documents protected from disclosure by

21   the attorney-client and/or attorney work product privileges.

22   Subject to and without waiving the foregoing objections, BBUSA responds as follows:

23   The plaintiffs' first set of document requests in this matter, which they propounded in

24   January 2014, contained 19 separate requests for documents related to (i) "consumer and

25   marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

26   Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

27   area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

28   products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

-13-

1    expected differences between consumer interest in or purchases of products that contain" and do

2    not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

3    entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

4    June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

5    application of which was calculated to retrieve documents responsive to all of the foregoing

6    requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

7    expensive task of gathering, processing and producing all responsive documents from its

8    nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

9    geographically limited).  All such documents have either been produced or withheld as privileged.

10       Because this request is duplicative of the above-referenced requests in the plaintiffs' first

11   set of document requests and the agreed-upon e-discovery search terms already employed by

12   BBUSA would have captured all documents that are responsive to this request, BBUSA has

13   already produced any non-privileged documents responsive to this request.

14   **REQUEST NO. 10:**

15       All documents discussing any similarities between consumer interests, opinions, or

16   preferences regarding the Purchased Products and Substantially Similar Products in California

17   and consumer interests, opinions, or preferences regarding the Purchased Products and

18   Substantially Similar Products in any other part of the United States.

19   **RESPONSE TO REQUEST NO. 10:**

20       BBUSA hereby incorporates the above General Objections as if stated herein in full.

21   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

22   burdensome and seeks documents that are neither relevant to the subject matter of the pending

23   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

24   because the documents that it seeks expressly are not limited in scope or time.  In addition,

25   because the plaintiffs are seeking to certify a California-only class of consumers, the named

26   plaintiffs are California residents, and all claims are asserted under California law, any documents

27   regarding the "interests, opinions or preferences" of non-California consumers are neither

28   relevant nor reasonably calculated to lead to the discovery of admissible information.  BBUSA

-14-

1    also objects to this Request on the grounds that it seeks documents protected from disclosure by

2    the attorney-client and/or attorney work product privileges.

3         Subject to and without waiving the foregoing objections, BBUSA responds as follows:

4         The plaintiffs' first set of document requests in this matter, which they propounded in

5    January 2014, contained 19 separate requests for documents related to (i) "consumer and

6    marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

7    Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

8    area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

9    products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

10   expected differences between consumer interest in or purchases of products that contain" and do

11   not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

12   entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

13   June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

14   application of which was calculated to retrieve documents responsive to all of the foregoing

15   requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

16   expensive task of gathering, processing and producing all responsive documents from its

17   nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

18   geographically limited).  All such documents have either been produced or withheld as privileged.

19        Because this request is duplicative of the above-referenced requests in the plaintiffs' first

20   set of document requests and the agreed-upon e-discovery search terms already employed by

21   BBUSA would have captured all documents that are responsive to this request, BBUSA has

22   already produced any non-privileged documents responsive to this request.

23   **REQUEST NO. 11:**

24        All documents specifically relating to consumer interests, opinions, or preferences

25   regarding the Purchased Products and Substantially Similar Products in California.

26   **RESPONSE TO REQUEST NO. 11:**

27        BBUSA hereby incorporates the above General Objections as if stated herein in full.

28   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

-15-

1    burdensome and seeks documents that are neither relevant to the subject matter of the pending

2    litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

3    because the documents that it seeks expressly are not limited in scope or time.  BBUSA also

4    objects to this Request on the grounds that it seeks documents protected from disclosure by the

5    attorney-client and/or attorney work product privileges.

6           Subject to and without waiving the foregoing objections, BBUSA responds as follows:

7           The plaintiffs' first set of document requests in this matter, which they propounded in

8    January 2014, contained 19 separate requests for documents related to (i) "consumer and

9    marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

10   Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

11   area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

12   products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

13   expected differences between consumer interest in or purchases of products that contain" and do

14   not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

15   entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

16   June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

17   application of which was calculated to retrieve documents responsive to all of the foregoing

18   requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

19   expensive task of gathering, processing and producing all responsive documents from its

20   nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

21   geographically limited).  All such documents have either been produced or withheld as privileged.

22          Because this request is duplicative of the above-referenced requests in the plaintiffs' first

23   set of document requests and the agreed-upon e-discovery search terms already employed by

24   BBUSA would have captured all documents that are responsive to this request, BBUSA has

25   already produced any non-privileged documents responsive to this request.

26   **REQUEST NO. 12:**

27          All documents pertaining to any efforts by Bimbo to market or advertise the Purchased

28   Products and Substantially Similar Products in California in a different manner than in another

-16-

1  | part of the country.

2  | **RESPONSE TO REQUEST NO. 12:**

3  | BBUSA hereby incorporates the above General Objections as if stated herein in full.

4  | BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

5  | burdensome and seeks documents that are neither relevant to the subject matter of the pending

6  | litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

7  | because the documents that it seeks expressly are not limited in scope or time.  In addition,

8  | because the plaintiffs are seeking to certify a California-only class of consumers, the named

9  | plaintiffs are California residents, and all claims are asserted under California law, any documents

10 | regarding marketing or advertising outside of California are neither relevant nor reasonably

11 | calculated to lead to the discovery of admissible information.  BBUSA also objects to this

12 | Request on the grounds that it seeks documents protected from disclosure by the attorney-client

13 | and/or attorney work product privileges.

14 | Subject to and without waiving the foregoing objections, BBUSA responds as follows:

15 | The plaintiffs' first set of document requests in this matter, which they propounded in

16 | January 2014, contained 19 separate requests for documents related to (i) "consumer and

17 | marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

18 | Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

19 | area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

20 | products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

21 | expected differences between consumer interest in or purchases of products that contain" and do

22 | not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

23 | entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

24 | June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

25 | application of which was calculated to retrieve documents responsive to all of the foregoing

26 | requests.  Indeed, the search terms were even broader than the foregoing requests, as they

27 | included terms such as "advertise," "market," "purchase," "demand," "sales" and every possible

28 | iteration thereof.  In accordance with those agreements, BBUSA undertook the very time-

-17-

1   consuming and expensive task of gathering, processing and producing all responsive documents

2   from its nationwide electronic databases and the agreed-upon custodians (BBUSA's search was

3   not geographically limited).  All such documents have either been produced or withheld as

4   privileged.

5       Because this request is duplicative of the above-referenced requests in the plaintiffs' first

6   set of document requests and the agreed-upon e-discovery search terms already employed by

7   BBUSA would have captured all documents that are responsive to this request, BBUSA has

8   already produced any non-privileged documents responsive to this request.

9   **REQUEST NO. 13:**

10      All documents relating to differences between consumer interests, opinions, or

11  preferences regarding the labeling of products with the American Heart Association Heart-Check

12  Mark or the phrases "good source of whole grain," "excellent source of whole grain," or "100%

13  Whole Wheat" in California and consumer interests, opinions, or preferences regarding such

14  labeling in any other part of the United States.

15  **RESPONSE TO REQUEST NO. 13:**

16      BBUSA hereby incorporates the above General Objections as if stated herein in full.

17  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

18  burdensome and seeks documents that are neither relevant to the subject matter of the pending

19  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

20  because the documents that it seeks expressly are not limited in scope or time.  In addition,

21  because the plaintiffs are seeking to certify a California-only class of consumers, the named

22  plaintiffs are California residents, and all claims are asserted under California law, any documents

23  regarding the "interests, opinions or preferences" of non-California consumers are neither

24  relevant nor reasonably calculated to lead to the discovery of admissible information.  BBUSA

25  also objects to this Request on the grounds that it seeks documents protected from disclosure by

26  the attorney-client and/or attorney work product privileges.

27      Subject to and without waiving the foregoing objections, BBUSA responds as follows:

28

-18-

1     The plaintiffs' first set of document requests in this matter, which they propounded in

2    January 2014, contained 19 separate requests for documents related to (i) "consumer and

3    marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

4    Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

5    area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

6    products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

7    expected differences between consumer interest in or purchases of products that contain" and do

8    not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

9    entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

10   June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

11   application of which was calculated to retrieve documents responsive to all of the foregoing

12   requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

13   expensive task of gathering, processing and producing all responsive documents from its

14   nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

15   geographically limited).  All such documents have either been produced or withheld as privileged.

16     Because this request is duplicative of the above-referenced requests in the plaintiffs' first

17   set of document requests and the agreed-upon e-discovery search terms already employed by

18   BBUSA would have captured all documents that are responsive to this request, BBUSA has

19   already produced any non-privileged documents responsive to this request.

20   **REQUEST NO. 14:**

21     All documents discussing any differences between consumer interests, opinions, or

22   preferences regarding the labeling of products with the American Heart Association Heart-Check

23   Mark or the phrases "good source of whole grain," "excellent source of whole grain," or "100%

24   Whole Wheat" in California and consumer interests, opinions, or preferences regarding such

25   labeling in any other part of the United States.

26   **RESPONSE TO REQUEST NO. 14:**

27     BBUSA hereby incorporates the above General Objections as if stated herein in full.

28   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

-19-

1    burdensome and seeks documents that are neither relevant to the subject matter of the pending

2    litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

3    because the documents that it seeks expressly are not limited in scope or time.  In addition,

4    because the plaintiffs are seeking to certify a California-only class of consumers, the named

5    plaintiffs are California residents, and all claims are asserted under California law, any documents

6    regarding the "interests, opinions or preferences" of non-California consumers are neither

7    relevant nor reasonably calculated to lead to the discovery of admissible information.  BBUSA

8    also objects to this Request on the grounds that it seeks documents protected from disclosure by

9    the attorney-client and/or attorney work product privileges.

10         Subject to and without waiving the foregoing objections, BBUSA responds as follows:

11         The plaintiffs' first set of document requests in this matter, which they propounded in

12    January 2014, contained 19 separate requests for documents related to (i) "consumer and

13    marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

14    Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

15    area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

16    products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

17    expected differences between consumer interest in or purchases of products that contain" and do

18    not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

19    entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

20    June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

21    application of which was calculated to retrieve documents responsive to all of the foregoing

22    requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

23    expensive task of gathering, processing and producing all responsive documents from its

24    nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

25    geographically limited).  All such documents have either been produced or withheld as privileged.

26         Because this request is duplicative of the above-referenced requests in the plaintiffs' first

27    set of document requests and the agreed-upon e-discovery search terms already employed by

28

1   BBUSA would have captured all documents that are responsive to this request, BBUSA has

2   already produced any non-privileged documents responsive to this request.

3   **REQUEST NO. 15:**

4        All documents relating to similarities between consumer interests, opinions, or

5   preferences regarding the labeling of products with the American Heart Association Heart-Check

6   Mark or the phrases "good source of whole grain," "excellent source of whole grain," or "100%

7   Whole Wheat" in California and consumer interests, opinions, or preferences regarding such

8   labeling in any other part of the United States.

9   **RESPONSE TO REQUEST NO. 15:**

10       BBUSA hereby incorporates the above General Objections as if stated herein in full.

11   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

12   burdensome and seeks documents that are neither relevant to the subject matter of the pending

13   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

14   because the documents that it seeks expressly are not limited in scope or time.  In addition,

15   because the plaintiffs are seeking to certify a California-only class of consumers, the named

16   plaintiffs are California residents, and all claims are asserted under California law, any documents

17   regarding the "interests, opinions or preferences" of non-California consumers are neither

18   relevant nor reasonably calculated to lead to the discovery of admissible information.  BBUSA

19   also objects to this Request on the grounds that it seeks documents protected from disclosure by

20   the attorney-client and/or attorney work product privileges.

21       Subject to and without waiving the foregoing objections, BBUSA responds as follows:

22       The plaintiffs' first set of document requests in this matter, which they propounded in

23   January 2014, contained 19 separate requests for documents related to (i) "consumer and

24   marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

25   Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

26   area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

27   products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

28   expected differences between consumer interest in or purchases of products that contain" and do

-21-

1    not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

2    entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

3    June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

4    application of which was calculated to retrieve documents responsive to all of the foregoing

5    requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

6    expensive task of gathering, processing and producing all responsive documents from its

7    nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

8    geographically limited).  All such documents have either been produced or withheld as privileged.

9         Because this request is duplicative of the above-referenced requests in the plaintiffs' first

10   set of document requests and the agreed-upon e-discovery search terms already employed by

11   BBUSA would have captured all documents that are responsive to this request, BBUSA has

12   already produced any non-privileged documents responsive to this request.

13   **REQUEST NO. 16:**

14        All documents discussing any similarities between consumer interests, opinions, or

15   preferences regarding the labeling of products with the American Heart Association Heart-Check

16   Mark or the phrases "good source of whole grain," "excellent source of whole grain," or "100%

17   Whole Wheat" in California and consumer interests, opinions, or preferences regarding such

18   labeling in any other part of the United States.

19   **RESPONSE TO REQUEST NO. 16:**

20        BBUSA hereby incorporates the above General Objections as if stated herein in full.

21   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

22   burdensome and seeks documents that are neither relevant to the subject matter of the pending

23   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

24   because the documents that it seeks expressly are not limited in scope or time.  In addition,

25   because the plaintiffs are seeking to certify a California-only class of consumers, the named

26   plaintiffs are California residents, and all claims are asserted under California law, any documents

27   regarding the "interests, opinions or preferences" of non-California consumers are neither

28   relevant nor reasonably calculated to lead to the discovery of admissible information.  BBUSA

-22-

1  also objects to this Request on the grounds that it seeks documents protected from disclosure by

2  the attorney-client and/or attorney work product privileges.

3        Subject to and without waiving the foregoing objections, BBUSA responds as follows:

4        The plaintiffs' first set of document requests in this matter, which they propounded in

5  January 2014, contained 19 separate requests for documents related to (i) "consumer and

6  marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

7  Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

8  area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

9  products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

10  expected differences between consumer interest in or purchases of products that contain" and do

11  not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

12  entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

13  June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

14  application of which was calculated to retrieve documents responsive to all of the foregoing

15  requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

16  expensive task of gathering, processing and producing all responsive documents from its

17  nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

18  geographically limited).  All such documents have either been produced or withheld as privileged.

19        Because this request is duplicative of the above-referenced requests in the plaintiffs' first

20  set of document requests and the agreed-upon e-discovery search terms already employed by

21  BBUSA would have captured all documents that are responsive to this request, BBUSA has

22  already produced any non-privileged documents responsive to this request.

23  **REQUEST NO. 17:**

24        All documents specifically relating to consumer interests, opinions, or preferences

25  regarding the labeling of products with the American Heart Association Heart-Check Mark or the

26  phrases "good source of whole grain," "excellent source of whole grain," or "100% Whole

27  Wheat" in California.

28

-23-

**RESPONSE TO REQUEST NO. 17:**

BBUSA hereby incorporates the above General Objections as if stated herein in full. BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly burdensome and seeks documents that are neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action because the documents that it seeks expressly are not limited in scope or time.  BBUSA also objects to this Request on the grounds that it seeks documents protected from disclosure by the attorney-client and/or attorney work product privileges.

Subject to and without waiving the foregoing objections, BBUSA responds as follows:

The plaintiffs' first set of document requests in this matter, which they propounded in January 2014, contained 19 separate requests for documents related to (i) "consumer and marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see* Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the area of food labeling requirements (whether or not employed by Bimbo) concerning all of the products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or expected differences between consumer interest in or purchases of products that contain" and do not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the application of which was calculated to retrieve documents responsive to all of the foregoing requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and expensive task of gathering, processing and producing all responsive documents from its nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not geographically limited).  All such documents have either been produced or withheld as privileged.

Because this request is duplicative of the above-referenced requests in the plaintiffs' first set of document requests and the agreed-upon e-discovery search terms already employed by BBUSA would have captured all documents that are responsive to this request, BBUSA has already produced any non-privileged documents responsive to this request.

-24-

1    **REQUEST NO. 18:**

2         All documents pertaining to any efforts by Bimbo to market or advertise products labeled

3    with the American Heart Association Heart-Check Mark or the phrases "good source of whole

4    grain," "excellent source of whole grain," or "100% Whole Wheat" in California in a different

5    manner than in another part of the country.

6    **RESPONSE TO REQUEST NO. 18:**

7         BBUSA hereby incorporates the above General Objections as if stated herein in full.

8    BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

9    burdensome and seeks documents that are neither relevant to the subject matter of the pending

10   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

11   because the documents that it seeks expressly are not limited in scope or time.  In addition,

12   because the plaintiffs are seeking to certify a California-only class of consumers, the named

13   plaintiffs are California residents, and all claims are asserted under California law, any documents

14   regarding marketing or advertising outside of California are neither relevant nor reasonably

15   calculated to lead to the discovery of admissible information.  BBUSA also objects to this

16   Request on the grounds that it seeks documents protected from disclosure by the attorney-client

17   and/or attorney work product privileges.

18        Subject to and without waiving the foregoing objections, BBUSA responds as follows:

19        The plaintiffs' first set of document requests in this matter, which they propounded in

20   January 2014, contained 19 separate requests for documents related to (i) "consumer and

21   marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

22   Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

23   area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

24   products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

25   expected differences between consumer interest in or purchases of products that contain" and do

26   not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

27   entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

28   June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

-25-

1  application of which was calculated to retrieve documents responsive to all of the foregoing

2  requests.  Indeed, the search terms were even broader than the foregoing requests, as they

3  included terms such as "advertise," "market," "purchase," "demand," "sales" and every possible

4  iteration thereof.  In accordance with those agreements, BBUSA undertook the very time-

5  consuming and expensive task of gathering, processing and producing all responsive documents

6  from its nationwide electronic databases and the agreed-upon custodians (BBUSA's search was

7  not geographically limited).  All such documents have either been produced or withheld as

8  privileged.

9      Because this request is duplicative of the above-referenced requests in the plaintiffs' first

10  set of document requests and the agreed-upon e-discovery search terms already employed by

11  BBUSA would have captured all documents that are responsive to this request, BBUSA has

12  already produced any non-privileged documents responsive to this request.

13  **REQUEST NO. 19:**

14      All documents relating to differences between consumer interests, opinions, or

15  preferences regarding bread products with added coloring in California and bread products with

16  added coloring in any other part of the United States.

17  **RESPONSE TO REQUEST NO. 19:**

18      BBUSA hereby incorporates the above General Objections as if stated herein in full.

19  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

20  burdensome and seeks documents that are neither relevant to the subject matter of the pending

21  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

22  because the documents that it seeks expressly are not limited in scope or time.  In addition,

23  because the plaintiffs are seeking to certify a California-only class of consumers, the named

24  plaintiffs are California residents, and all claims are asserted under California law, any documents

25  regarding the "interests, opinions or preferences" of non-California consumers are neither

26  relevant nor reasonably calculated to lead to the discovery of admissible information.  BBUSA

27  also objects to this Request on the grounds that it seeks documents protected from disclosure by

28  the attorney-client and/or attorney work product privileges.

-26-

1    Subject to and without waiving the foregoing objections, BBUSA responds as follows:

2    The plaintiffs' first set of document requests in this matter, which they propounded in

3    January 2014, contained 19 separate requests for documents related to (i) "consumer and

4    marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

5    Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

6    area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

7    products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

8    expected differences between consumer interest in or purchases of products that contain" and do

9    not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

10   entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

11   June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

12   application of which was calculated to retrieve documents responsive to all of the foregoing

13   requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

14   expensive task of gathering, processing and producing all responsive documents from its

15   nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

16   geographically limited).  All such documents have either been produced or withheld as privileged.

17   Because this request is duplicative of the above-referenced requests in the plaintiffs' first

18   set of document requests and the agreed-upon e-discovery search terms already employed by

19   BBUSA would have captured all documents that are responsive to this request, BBUSA has

20   already produced any non-privileged documents responsive to this request.

21   **REQUEST NO. 20:**

22   All documents discussing any differences between consumer interests, opinions, or

23   preferences regarding bread products with added coloring in California and bread products with

24   added coloring in any other part of the United States.

25   **RESPONSE TO REQUEST NO. 20:**

26   BBUSA hereby incorporates the above General Objections as if stated herein in full.

27   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

28   burdensome and seeks documents that are neither relevant to the subject matter of the pending

-27-

1   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

2   because the documents that it seeks expressly are not limited in scope or time.  In addition,

3   because the plaintiffs are seeking to certify a California-only class of consumers, the named

4   plaintiffs are California residents, and all claims are asserted under California law, any documents

5   regarding the "interests, opinions or preferences" of non-California consumers are neither

6   relevant nor reasonably calculated to lead to the discovery of admissible information.  BBUSA

7   also objects to this Request on the grounds that it seeks documents protected from disclosure by

8   the attorney-client and/or attorney work product privileges.

9        Subject to and without waiving the foregoing objections, BBUSA responds as follows:

10       The plaintiffs' first set of document requests in this matter, which they propounded in

11   January 2014, contained 19 separate requests for documents related to (i) "consumer and

12   marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

13   Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

14   area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

15   products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

16   expected differences between consumer interest in or purchases of products that contain" and do

17   not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

18   entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

19   June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

20   application of which was calculated to retrieve documents responsive to all of the foregoing

21   requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

22   expensive task of gathering, processing and producing all responsive documents from its

23   nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

24   geographically limited).  All such documents have either been produced or withheld as privileged.

25       Because this request is duplicative of the above-referenced requests in the plaintiffs' first

26   set of document requests and the agreed-upon e-discovery search terms already employed by

27   BBUSA would have captured all documents that are responsive to this request, BBUSA has

28   already produced any non-privileged documents responsive to this request.

-28-

1    **REQUEST NO. 21:**

2      All documents relating to similarities between consumer interests, opinions, or

3 preferences regarding bread products with added coloring in California and bread products with

4 added coloring in any other part of the United States.

5    **RESPONSE TO REQUEST NO. 21:**

6      BBUSA hereby incorporates the above General Objections as if stated herein in full.

7 BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

8 burdensome and seeks documents that are neither relevant to the subject matter of the pending

9 litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

10 because the documents that it seeks expressly are not limited in scope or time. In addition,

11 because the plaintiffs are seeking to certify a California-only class of consumers, the named

12 plaintiffs are California residents, and all claims are asserted under California law, any documents

13 regarding the "interests, opinions or preferences" of non-California consumers are neither

14 relevant nor reasonably calculated to lead to the discovery of admissible information. BBUSA

15 also objects to this Request on the grounds that it seeks documents protected from disclosure by

16 the attorney-client and/or attorney work product privileges.

17      Subject to and without waiving the foregoing objections, BBUSA responds as follows:

18      The plaintiffs' first set of document requests in this matter, which they propounded in

19 January 2014, contained 19 separate requests for documents related to (i) "consumer and

20 marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

21 Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

22 area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

23 products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

24 expected differences between consumer interest in or purchases of products that contain" and do

25 not contain the labels at issue (*see* Request Nos. 64-69). Pursuant to those requests, the parties

26 entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

27 June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

28 application of which was calculated to retrieve documents responsive to all of the foregoing

1    requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

2    expensive task of gathering, processing and producing all responsive documents from its

3    nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

4    geographically limited).  All such documents have either been produced or withheld as privileged.

5            Because this request is duplicative of the above-referenced requests in the plaintiffs' first

6    set of document requests and the agreed-upon e-discovery search terms already employed by

7    BBUSA would have captured all documents that are responsive to this request, BBUSA has

8    already produced any non-privileged documents responsive to this request.

9    **REQUEST NO. 22:**

10           All documents discussing any similarities between consumer interests, opinions, or

11   preferences regarding bread products with added coloring in California and bread products with

12   added coloring in any other part of the United States.

13   **RESPONSE TO REQUEST NO. 22:**

14           BBUSA hereby incorporates the above General Objections as if stated herein in full.

15   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

16   burdensome and seeks documents that are neither relevant to the subject matter of the pending

17   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

18   because the documents that it seeks expressly are not limited in scope or time.  In addition,

19   because the plaintiffs are seeking to certify a California-only class of consumers, the named

20   plaintiffs are California residents, and all claims are asserted under California law, any documents

21   regarding the "interests, opinions or preferences" of non-California consumers are neither

22   relevant nor reasonably calculated to lead to the discovery of admissible information.  BBUSA

23   also objects to this Request on the grounds that it seeks documents protected from disclosure by

24   the attorney-client and/or attorney work product privileges.

25           Subject to and without waiving the foregoing objections, BBUSA responds as follows:

26           The plaintiffs' first set of document requests in this matter, which they propounded in

27   January 2014, contained 19 separate requests for documents related to (i) "consumer and

28   marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

-30-

1   Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

2   area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

3   products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

4   expected differences between consumer interest in or purchases of products that contain" and do

5   not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

6   entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

7   June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

8   application of which was calculated to retrieve documents responsive to all of the foregoing

9   requests.  In accordance with those agreements, BBUSA undertook the very time-consuming and

10   expensive task of gathering, processing and producing all responsive documents from its

11   nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

12   geographically limited).  All such documents have either been produced or withheld as privileged.

13         Because this request is duplicative of the above-referenced requests in the plaintiffs' first

14   set of document requests and the agreed-upon e-discovery search terms already employed by

15   BBUSA would have captured all documents that are responsive to this request, BBUSA has

16   already produced any non-privileged documents responsive to this request.

17   **REQUEST NO. 23:**

18         All documents specifically relating to consumer interests, opinions, or preferences

19   regarding bread products with added coloring in California.

20   **RESPONSE TO REQUEST NO. 23:**

21         BBUSA hereby incorporates the above General Objections as if stated herein in full.

22   BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

23   burdensome and seeks documents that are neither relevant to the subject matter of the pending

24   litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

25   because the documents that it seeks expressly are not limited in scope or time.  BBUSA also

26   objects to this Request on the grounds that it seeks documents protected from disclosure by the

27   attorney-client and/or attorney work product privileges.

28         Subject to and without waiving the foregoing objections, BBUSA responds as follows:

1    The plaintiffs' first set of document requests in this matter, which they propounded in

2  January 2014, contained 19 separate requests for documents related to (i) "consumer and

3  marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

4  Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

5  area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

6  products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

7  expected differences between consumer interest in or purchases of products that contain" and do

8  not contain the labels at issue (*see* Request Nos. 64-69). Pursuant to those requests, the parties

9  entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

10  June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

11  application of which was calculated to retrieve documents responsive to all of the foregoing

12  requests. In accordance with those agreements, BBUSA undertook the very time-consuming and

13  expensive task of gathering, processing and producing all responsive documents from its

14  nationwide electronic databases and the agreed-upon custodians (BBUSA's search was not

15  geographically limited). All such documents have either been produced or withheld as privileged.

16    Because this request is duplicative of the above-referenced requests in the plaintiffs' first

17  set of document requests and the agreed-upon e-discovery search terms already employed by

18  BBUSA would have captured all documents that are responsive to this request, BBUSA has

19  already produced any non-privileged documents responsive to this request.

20  **REQUEST NO. 24:**

21    All documents pertaining to any efforts by Bimbo to market or advertise bread products

22  with added coloring in California in a different manner than in another part of the country.

23  **RESPONSE TO REQUEST NO. 24:**

24    BBUSA hereby incorporates the above General Objections as if stated herein in full.

25  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

26  burdensome and seeks documents that are neither relevant to the subject matter of the pending

27  litigation nor reasonably calculated to lead to the discovery of admissible evidence in this action

28  because the documents that it seeks expressly are not limited in scope or time. In addition,

-32-

1   because the plaintiffs are seeking to certify a California-only class of consumers, the named

2   plaintiffs are California residents, and all claims are asserted under California law, any documents

3   regarding marketing or advertising outside of California are neither relevant nor reasonably

4   calculated to lead to the discovery of admissible information.  BBUSA also objects to this

5   Request on the grounds that it seeks documents protected from disclosure by the attorney-client

6   and/or attorney work product privileges.

7          Subject to and without waiving the foregoing objections, BBUSA responds as follows:

8          The plaintiffs' first set of document requests in this matter, which they propounded in

9   January 2014, contained 19 separate requests for documents related to (i) "consumer and

10  marketing surveys, research, or analysis" concerning all of the products and labels at issue (*see*

11  Request Nos. 32-38), (ii) "communications to and from consultants, experts, or specialists in the

12  area of food labeling requirements (whether or not employed by Bimbo) concerning all of the

13  products and labels at issue (*see* Request Nos. 41-46) and (iii) "actual, potential, estimated, or

14  expected differences between consumer interest in or purchases of products that contain" and do

15  not contain the labels at issue (*see* Request Nos. 64-69).  Pursuant to those requests, the parties

16  entered into a Stipulated Electronic Discovery Protocol, which the Court entered as an order in

17  June 2014 (*see* Dkt. 92), and the parties agreed to a set of search terms and sources, the

18  application of which was calculated to retrieve documents responsive to all of the foregoing

19  requests.  Indeed, the search terms were even broader than the foregoing requests, as they

20  included terms such as "advertise," "market," "purchase," "demand," "sales" and every possible

21  iteration thereof.  In accordance with those agreements, BBUSA undertook the very time-

22  consuming and expensive task of gathering, processing and producing all responsive documents

23  from its nationwide electronic databases and the agreed-upon custodians (BBUSA's search was

24  not geographically limited).  All such documents have either been produced or withheld as

25  privileged.

26         Because this request is duplicative of the above-referenced requests in the plaintiffs' first

27  set of document requests and the agreed-upon e-discovery search terms already employed by

28

1   BBUSA would have captured all documents that are responsive to this request, BBUSA has

2   already produced any non-privileged documents responsive to this request.

3   **REQUEST NO. 25:**

4       All documents on which any of Bimbo's expert witnesses or intended expert witnesses has

5   relied in preparing any report or other document intended to be submitted to the Court.

6   **RESPONSE TO REQUEST NO. 25:**

7       BBUSA hereby incorporates the above General Objections as if stated herein in full.

8   BBUSA further objects to the extent that this Request seeks documents related to consultants who

9   have not been disclosed by BBUSA in this matter, as any such documents are protected from

10  disclosure by the attorney-client and/or attorney work product privileges.

11      Subject to and without waiving the foregoing objections, BBUSA will produce all

12  documents in its possession, custody or control that are responsive to this request, to the extent

13  that such documents have been relied upon by experts that have been disclosed by BBUSA in this

14  matter, and to the extent that such documents have not already been produced.

15  **REQUEST NO. 26:**

16      All documents that were used or relied upon to answer any interrogatories that have ever

17  been served by Plaintiffs on Bimbo.

18  **RESPONSE TO REQUEST NO. 26:**

19      BBUSA hereby incorporates the above General Objections as if stated herein in full.

20  BBUSA further objects that this Request is vague, ambiguous, compound, overbroad and unduly

21  burdensome.  BBUSA also objects to this Request on the grounds that it seeks documents

22  protected from disclosure by the attorney-client and/or attorney work product privileges.

23      Subject to and without waiving the foregoing objections, BBUSA responds as follows:

24  BBUSA has already produced all documents that are responsive to this request, aside from a

25  small subset of documents that BBUSA relied upon to answer the plaintiffs' third set of

26  //

27  //

28

-34-

interrogatories.  A portion of those documents has already been produced, and as indicated in prior correspondence between counsel, the remainder will also be produced.


Dated:  April 13, 2015                                    HOGAN LOVELLS US LLP


                                                   By:    /s/ Mark C. Goodman

                                                          Mark C. Goodman
                                                          Attorneys for Defendant
                                                          Bimbo Bakeries USA, Inc.

-35-

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                            ) ss.
COUNTY OF LOS ANGELES       )

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to this action.  My business address is Hogan Lovells US LLP, 1999 Avenue of the Stars, Suite 1400, Los Angeles, CA  90067.

On April 13, 2015, I caused the foregoing document described as: **DEFENDANT'S RESPONSE TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** to be served on the interested parties in this action as follows:

**\*SEE ATTACHED SERVICE LIST\***

[ ]     **BY MAIL.**  I sealed said envelope and placed it for collection and mailing following ordinary business practices. by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below:

[X]     **BY E-MAIL.**  I served such document(s) in PDF format to the e-mail address(es) indicated following ordinary business practices.

[ ]     **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the individuals listed below

[ ]     **BY OVERNIGHT SERVICE.**  I caused such document to be delivered by overnight mail to the offices listed below by placing it for collection by UPS / Federal Express following ordinary business practices by my firm, to wit, that packages will either be picked up from my firm by UPS / Federal Express and/or delivered by my firm to the UPS / Federal Express office:

[ ]     **(State)**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed                          at Los Angeles, California.

[X]     **(Federal)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on April 13, 2015, at Los Angeles, California.


Mae F. Chester
_____          _____

Print Name                                       Signature

1

\\LA - 064999/000013 - 1093801 v1

1

## SERVICE LIST

| | |
|---|---|
| Ananda N. Chaudhuri, Esq.<br>Keith M. Fleischman, Esq.<br>Bradley F. Silverman, Esq.<br>**Fleischman Law Firm**<br>565 Fifth Avenue, 7th Floor<br>New York, NY 10017<br>achaudhuri@fleischmanlawfirm.com<br>keith@fleischmanlawfirm.com<br>bsilverman@fleischmanlawfirm.com | *Attorneys for Plaintiffs Alex Ang and Lynn Streit* |
| Ben F. Pierce Gore, Esq.<br>**Pratt & Associates**<br>1871 The Alameda, Suite 425<br>San Jose, CA 95126<br>pgore@prattattorneys.com | *Attorneys for Plaintiffs Alex Ang and Lynn Streit* |
| Jay P. Nelkin, Esq. (Pro Hac Vice)<br>**Nelkin & Nelkin, P.C.**<br>5417 Chaucer<br>Houston, TX 77005<br>jnelkin@nelkinpc.com | *Attorney for Plaintiffs Alex Ang and Lynn Streit* |
| Brian Herrington, Esq. (Pro Hac Vice)<br>**Barrett Law Group, P.A.**<br>P.O. Box 927<br>Lexington, MS 39095<br>bherrington@barrettlawgroup.com | *Attorney for Plaintiffs Alex Ang and Lynn Streit* |

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28