HOGAN LOVELLS US LLP
Mark C. Goodman (Bar No. 154692)
Ethan A. Miller (Bar No. 155965)
David W. Skaar (Bar No. 265377)
3 Embarcadero Center, Suite 1500
San Francisco, California  94111
Telephone:      (415) 374-2300
Facsimile:       (415) 374-2499
mark.goodman@hoganlovells.com
ethan.miller@hoganlovells.com
david.skaar@hoganlovells.com

*Attorneys for Defendant*
BIMBO BAKERIES USA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ANG and LYNN STREIT, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br>       v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>                        Defendant. | Case No. 13-CV-1196-HSG (NC)<br><br>**DECLARATION OF DAVID W. SKAAR IN SUPPORT OF DEFENDANT'S MOTION FOR SPOLIATION SANCTIONS**<br><br>Date:         August 20, 2015<br>Time:        2:00 p.m.<br>Courtroom:  15<br>Judge:       Hon. Haywood S. Gilliam |

I, David W. Skaar, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and an associate with the law firm Hogan Lovells US LLP, counsel of record for defendant Bimbo Bakeries USA, Inc. ("BBUSA") in the above-captioned matter. I submit this declaration in support of BBUSA's Notice of Motion and Motion for Spoliation Sanctions. I have personal knowledge of the facts set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.

2. A true and correct copy of excerpts from the Deposition of Alex Ang, dated February 13, 2015, is attached hereto as **Exhibit A.**

3. A true and correct copy of the "Preservation Notice" sent to Plaintiffs' counsel in this litigation on April 5, 2013 is attached hereto as **Exhibit B.**

4. Plaintiffs' counsel never responded to the Preservation Notice that we sent to them.

5. A true and correct copy of BBUSA's First Set of Requests For Production Of Documents To Plaintiff Alex Ang, dated October 23, 2013, is attached hereto as **Exhibit C.**

6. A true and correct copy of Plaintiff Alex Ang's Responses To Defendant's First Set Of Requests For Production Of Documents, dated December 11, 2013, is attached hereto as **Exhibit D.**

7. A true and correct copy of a meet and confer letter from BBUSA's counsel, Mr. Mattew Dolan, to Plaintiffs' counsel, Mr. Brad Silverman, dated December 18, 2013, is attached hereto as **Exhibit E.**

8. A true and correct copy of a meet and confer letter from Plaintiffs' counsel, Mr. Brad Silverman, to BBUSA's counsel, dated December 23, 2013, is attached hereto as **Exhibit F.**

9. A true and correct copy of Plaintiff Alex Ang's Second Supplemental Responses To Defendant's First Set Of Requests For Production Of Documents, dated April 2, 2014, is attached hereto as **Exhibit G.**

10. A true and correct copy of Plaintiff Alex Ang's entire document production, Bates numbered AA 0001 – AA 0003, is attached hereto as **Exhibit H.**

11. Based on Plaintiff Alex Ang's representation in his Second Supplemental Responses To Defendant's First Set Of Requests For Production Of Documents that he had produced all responsive documents in his possession, custody and control, we did not contest the sufficiency of Ang's document production at that time. At the time, BBUSA was unaware that Mr. Ang had been destroying his grocery receipts during the course of this litigation and we never anticipated that such documents would be destroyed.

12. Mr. Ang has not produced any documents since his February 2015 deposition.

13. A true and correct copy of a meet and confer letter from my colleague, Mark Goodman, to Keith Fleischman and Brad Silverman, dated May 7, 2015, is attached hereto as **Exhibit I.**

14. A true and correct copy of the meet and confer e-mails between me and Brian Herrington, dated May 14 to May 21, 2015, is attached hereto as **Exhibit J.**

15. On May 22, 2015, I conferred with Mr. Herrington by telephone in an attempt to informally resolve this dispute. During that call, Mr. Herrington took the positions that (i) Mr. Ang's receipts for food purchases made while this litigation is pending are irrelevant and (ii) BBUSA should have raised this issue when it received the plaintiffs' meet and confer letter in December 2013. Mr. Herrington further confirmed that his clients would not agree to any sanction.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 15th day of June 2015, at Los Angeles, California.

_____
DAVID W. SKAAR