UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ANG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>    Defendant. | Case No. 13-cv-01196-HSG<br><br>**ORDER STAYING CASE PENDING RESOLUTION OF THIRD-PARTY APPEALS**<br><br>Re: Dkt. No. 161 |

On March 25, 2016, the Court ordered the parties to show cause why this case should not be stayed pending the resolution of two pending third-party appeals that address important questions of law at issue in this case. Dkt. No. 161. Those appeals are *Jones v. ConAgra Foods, Inc.*, No. 14-16327 (9th Cir. Nov. 24, 2014), which addresses the issue of ascertainability in low-cost consumer class actions, and *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480 (9th Cir. Dec. 18, 2014), which addresses the proper standard to apply to damages models under *Comcast Corp. v. Behrend*, — U.S. —–, 133 S. Ct. 1426, 1432 (2013). As the Court previously noted, several courts in this district have stayed cases similar to this one in light of those pending appeals. *See, e.g.*, *Koller v. Med. Foods, Inc.*, No. 14-CV-02400 (N.D. Cal. Dec. 14, 2015).

On March 29, 2016, the parties submitted a joint statement in response to the Court's OSC, advising that they met and conferred as directed and that "no party opposes a stay of this action pending the resolution of the third-party appeals listed in the OSC." Dkt. No. 162 at 1.

"A district court has the inherent power to stay its proceedings. This power to stay is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Fuller v. Amerigas Propane, Inc.*, 09-CV-2493, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (internal quotation

1  omitted). In considering whether a stay is appropriate, the court should weigh three factors: "[1]
2  the possible damage which may result from the granting of a stay, [2] the hardship or inequity
3  which a party may suffer in being required to go forward, and [3] the orderly course of justice
4  measured in terms of the simplifying or complicating of issues, proof, and questions of law which
5  could be expected to result from a stay." *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th
6  Cir. 1962) (citing *Landis v. N. Am. Co.*, 99 U.S. 248, 254-55 (1936))).

Applying these factors, the Court finds that a stay is warranted in this case. Under the first two factors, the Court finds that there is no risk of damage or prejudice to either Plaintiffs or Defendant that would flow from staying this matter. Neither party opposes the proposed stay, strongly suggesting that staying the case will not damage them or prejudice their interests. Under the third and final factor, which is dispositive here, the Court finds that it would be an inefficient and imprudent use of judicial resources to rule on the pending motion for class certification when the Ninth Circuit may offer "substantial guidance, if not new law, that will materially impact the Court's discussion in the instant case." *See Gustavson v. Mars, Inc.*, No. 13-CV-04537, 2014 WL 6986421, at \*\*2-4 (N.D. Cal. Dec. 10, 2014). While it is true that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both," *Landis*, 299 U.S. at 255, "[i]n the context of the emerging body of cases involving food product labeling . . . numerous courts in this district have concluded that the circumstances warrant waiting for further circuit guidance prior to proceeding with class certification," *Koller*, No. 14-CV-02400 (N.D. Cal. Dec. 14, 2015) at 2.

Accordingly, the Court hereby **STAYS** this entire action pending decisions by the Ninth Circuit in the *Jones* and *Brazil* appeals. Based on future developments, either party may seek to lift or modify the stay by filing an appropriately noticed motion.

**IT IS SO ORDERED.**

Dated: 3/31/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge