UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ANG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>    Defendant. | Case No. 13-cv-01196-HSG<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 217 |

Pending before the Court is the unopposed motion for preliminary approval of class action settlement filed by Plaintiffs Alex Ang and Lynn Streit. Dkt. No. 217. The parties have reached a settlement regarding Plaintiffs' claims and now seek the required court approval. The Court held a hearing on the motion on February 13, 2020. *See* Dkt. No. 221. For the reasons detailed below, the Court **DENIES** Plaintiffs' motion for preliminary approval of class action settlement.

**I. BACKGROUND**

    **A. Factual Background**

Plaintiffs bring this consumer class action against Defendant Bimbo Bakeries, Inc. alleging that Defendant misbranded its baked goods. *See generally* Dkt. No. 40 ("SAC"). Plaintiffs allege that Defendant owns and has distributed products under various brands, including Arnold, Ball Park, Bimbo, Boboli, Brownberry, Earthgrains, Entenmann's, Francisco, Freihofer's, Marinela, Mrs. Baird's, Oroweat, Sara Lee, Stroehmann, Thomas', and Tia Rosa. *See id.* at ¶ 1. According to the complaint, many of Defendant's products are sold with false, misleading, and deceptive labeling. Specifically, Plaintiffs allege that they purchased food products manufactured and sold by Defendant that improperly: (1) applied the American Heart Association's "Heart-Check Mark" without acknowledging that the mark is a paid endorsement; (2) labeled products as a "good" or

"excellent source of whole grain"; (3) labeled products as "bread," even though they contain added coloring; and (4) labeled products as "100% Whole Wheat," even though they were made with non-whole wheat flour. *See id.* at ¶ 4; *see also* Dkt. No. 58 (Order Granting in Part Motion to Dismiss Amended Complaint, narrowing products at issue).

Based on these allegations, Plaintiffs sought injunctive relief and statutory damages, alleging violations of California's Unfair Competition Law ("UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and the Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750 *et seq. See* SAC at ¶¶ 32–40. Plaintiffs also sought to represent four separate classes corresponding to these violations that include all California consumers who bought the same products (or products substantially similar to the products) that they purchased at any time from March 18, 2009, to the present. *See* Dkt. No. 102.

### B. Procedural History

Plaintiffs initially filed this action on March 18, 2013. *See* Dkt. No. 1. Plaintiffs filed the operative second amended complaint on November 4, 2013. *See* Dkt. No. 40. On March 13, 2014, the Court granted in part Defendant's motion to dismiss the SAC, narrowing the claims for which Plaintiffs could seek relief. *See* Dkt. No. 58. Defendant answered the SAC on April 2, 2014. Dkt. No. 64. On March 31, 2016, the Court stayed this action pending the resolution of third-party appeals involving legal questions at issue in this case. Dkt. No. 164. On January 5, 2018, in response to an order to show cause, Dkt. No. 171, the parties jointly moved to lift the stay, Dkt. No. 172, and the Court granted the request, Dkt. No. 174. Following the stay, on August 31, 2018, the Court granted Plaintiffs' motion for class certification as to all four classes under Federal Rule of Civil Procedure 23(b)(2). *See* Dkt. No. 186 ("Class Certification Order"). However, the Court denied certification of the proposed damages class under Rule 23(b)(3). *Id.* at 18, 28. The Court appointed named Plaintiffs as the Class Representatives and appointed Fleischman Law Firm, PLLC and Barrett Law Group, P.A. as co-lead counsel, and Pratt & Associates as local counsel (collectively, "Class Counsel"). *Id.* at 28–29.

On July 31, 2019, the parties engaged in an all-day mediation before the Hon. Philip M.

Pro (Ret.), former Chief Judge for the United States District Court for the District of Nevada, now a professional mediator with JAMS. *See* Dkt. No. 217 at 4. Through these efforts, the parties reached settlement, formally executing the settlement agreement in December 2019. *Id.*; *see also* Dkt. No. 217-2, Ex. 1. Plaintiffs then filed the unopposed motion for preliminary settlement approval on December 13, 2019. *See* Dkt. No. 217. The settlement agreement provides for injunctive relief altering the product labeling statements and formulations challenged in the SAC. *See* Dkt. No. 217-2. Ex. 1 at § 4.4.

During the hearing on the motion for preliminary settlement approval, the Court raised several concerns about the scope of the proposed release and the lack of notice to absent class members. *See* Dkt. No. 225. Critically, as initially drafted, the release contained claims that the Court did not certify in its Class Certification Order. *See id.* at §§ 1.2, 8.2 (releasing Defendant from all claims, known or unknown, relating to and arising out of "all allegations, demands and assertions in the SAC and any other filings or documents in the Class Action regarding the alleged improper labeling of any of the Products"). Moreover, although absent class members would be giving up significant legal rights under the settlement, the parties argued that notice was not required because of the nature of the injunctive relief. *See* Dkt. No. 217 at 7–8.

In response to the Court's concerns, the parties filed a joint statement in support of the motion for preliminary approval and included a revised settlement agreement. *See* Dkt. No. 222-1, Ex. A. However, the Court still had concerns about the structure of the settlement. Although the parties revised the language of the release, under the revised settlement absent class members would still release "any Claims for injunctive, declaratory or other equitable relief that were certified for class treatment in the Class Certification Order." *See id.* at §§ 1.14, 8, 8.2. And as before, absent class members would not receive any notice of this release and would not have any opportunity to object or opt out of the class if they found the injunctive relief somehow deficient. *See* Dkt. No. 217 at 7–8. The Court accordingly sought supplemental briefing from the parties on this issue. *See* Dkt. No. 223. In response, the parties urged that notice was not required to release equitable claims on a class-wide basis. *See* Dkt. No. 226. The parties reasoned that even if an absent class member objected to the settlement, he or she could not opt out. *See id.* at 2–5.

3

1    The Court then set a case management conference on March 10, 2020, to discuss its
2    concerns about the lack of notice to absent class members. *See* Dkt. No. 227. During the case
3    management conference, the parties discussed the feasibility of notice by publication and agreed to
4    meet and confer and submit a proposed notice plan for the settlement class. *See* Dkt. No. 230.
5    The parties filed their proposed notice plan on March 20, 2020, and have proposed posting notice
6    only on Class Counsel's websites. *See* Dkt. No. 231.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Accordingly, before a district court approves a class action settlement, it must conclude that the settlement is "fundamentally fair, adequate and reasonable." *In re Heritage Bond Litig.*, 546 F.3d 667, 674–75 (9th Cir. 2008).

Courts may preliminarily approve a settlement and notice plan to the class if the proposed settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) does not grant improper preferential treatment to class representatives or other segments of the class; (3) falls within the range of possible approval; and (4) has no obvious deficiencies. *In re Lenovo Adware Litig.*, No. 15-MD-02624-HSG, 2018 WL 6099948, at *7 (N.D. Cal. Nov. 21, 2018). Courts lack the authority, however, to "delete, modify or substitute certain provisions. The settlement must stand or fall in its entirety." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

## III. DISCUSSION

The Court has been open with the parties about its concerns regarding the fairness of the proposed settlement in this action and the need for adequate notice to absent class members. Under Rule 23(c)(2), "any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." *See* Fed. R. Civ. P. 23(a). Additionally, Rule 23(h) requires that notice of any motion for attorneys' fees "*must* be served on all parties and, for motions by class

4

counsel, directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1) (emphasis added).

Here, the parties repeatedly urged that class notice was not required at all because the settlement only provides for injunctive relief. *See* Dkt. Nos. 217, 222, 226. As the Court has explained, however, notice in this case is not about allowing absent class members to opt out of the injunctive relief, but rather is about giving them the opportunity to understand how their rights will be affected by the proposed settlement; object to the settlement if they believe it is insufficient; and weigh in on the anticipated motions for attorneys' fees and incentive awards for the named Plaintiffs. Aware of the parties' effort to reach settlement in this action, the Court provided them with ample opportunity to remedy the identified deficiencies. Yet at each turn the parties have appeared reluctant to provide absent class members with meaningful notice of the terms of the settlement and the nature of the rights they are releasing.

In *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1127 (9th Cir. 2020), the Ninth Circuit recently noted the oddity of parties arguing that class notice is not required, even in settlements involving injunctive relief:

> It does seem odd that the parties repeatedly emphasized the informational value of the settlement while simultaneously arguing that it was unnecessary to provide class members formal notice that this information exists and that, if they had been dissatisfied with the settlement terms, they could have objected.

*Id.* Although the Ninth Circuit in *Campbell* ultimately affirmed the district court's approval of the settlement, critically the district court *did* require notice that was likely to reach absent class members in that case. *Id.* at 1127, & n.15. As the Court explained to the parties during the case management conference in this case, the Court reads *Campbell* as a signal that district courts should be particularly cautious where the parties are loath to provide notice to absent class members. If the class action settlement is "fundamentally fair, adequate and reasonable," as required under Rule 23, the parties should have no fear or hesitation about disclosing its terms to absent class members. *See In re Heritage Bond Litig.*, 546 at 674–75.

In light of Rule 23 and *Campbell*, the Court discussed with the parties the feasibility of

notice by publication on Defendant's websites during the case management conference. But in their proposed notice plan, the parties have only proposed notice by publication on *Class Counsel's* websites. *See* Dkt. No. 231. The Court finds that there is a fundamental disconnect between the need for adequate notice and the parties' proposal: How will an absent class member know to look at Class Counsel's websites for information about the settlement? Only those absent class members who happen to know about the class action already would possibly think to review Class Counsel's website for information about Defendant's products. The parties offer no explanation as to why notice could not be similarly provided on Defendant's own websites or on some other forum likely to be seen by absent class members. In the absence of such notice, the Court finds that the parties' proposal is tantamount to no notice at all and does not adequately account for the rights of absent class members.

## IV. CONCLUSION

The Court **DENIES** the motion for preliminary approval of class action settlement. The Court further **SETS** a telephonic case management conference on April 14, 2020, at 2:00 p.m. All counsel shall use the following dial-in information to access the call:

Dial-In: 888-808-6929

Passcode: 6064255

For call clarity, parties shall not use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. The parties are further advised to ensure that the Court can hear and understand them clearly before speaking at length. The parties are **DIRECTED** to submit a case management conference by April 7, 2020, with a proposal for how this case may move efficiently toward resolution.

**IT IS SO ORDERED.**

Dated: 3/31/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge